ANDREW M. SPURCHISE, Bar No. 245998
aspurchise@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719

ANTHONY G. LY, Bar No. 228883
aly@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California  90067.3107
Telephone:  310.553.0308
Fax No.:    310.553.5583

Attorneys for Defendant
HOMEAGLOW INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JEANETTE GOMES, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>HOMEAGLOW INC., a Delaware corporation; and DOES 1 through 30, Inclusive;,<br><br>                    Defendant. | Case No. 2:22-at-494<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN**
2  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY(S) OF**
3  **RECORD:**

4       Defendant HOMEAGLOW INC. ("Defendant" or "Homeaglow" or "The Company") files this
5  Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

6  **I.      STATEMENT OF JURISDICTION**

7       1.      This Court has original jurisdiction over this action pursuant to the Class Action
8  Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction
9  of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b)
10 in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and
11 (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest
12 and costs. *See* 28 U.S.C. §1332(D).  CAFA authorizes removal of such actions in accordance with
13 United States Code, title 28, section 1446.

14      2.      Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the
15 legal theories upon which they are ostensibly based, and the alleged claims for monetary and other
16 relief that flow therefrom, including but not limited to, Plaintiff's allegation that the alleged claims are
17 appropriate for class treatment. Defendant reserves all defenses to Plaintiff's claims, including the fact
18 that Plaintiff's UCL claim fails because adequate remedies at law exist.  For purposes of removal only,
19 however, and without conceding that Plaintiff or the putative class are entitled to any damages or
20 penalties whatsoever, this case meets all of CAFA's requirements for removal and is timely and
21 properly removed by the filing of this Notice. Specifically, Plaintiff Jeanette Gomes' ("Plaintiff")
22 Complaint ("Complaint") alleges damages in an amount in controversy well over $5,000,000.  A true
23 and correct copy of the Complaint is attached collectively as **Exhibit A** to the Declaration of Anthony
24 Ly In Support of Defendant's Notice of Removal ("Ly Decl."), filed concurrently herewith.

25 **II.     VENUE**

26      2.      This action was filed in the Superior Court of California for the County of San Joaquin.
27 Venue properly lies in the United States District Court for the Eastern District of California pursuant

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

to 28 U.S.C. sections 84(b), 1391, 1441, and 1446. Plaintiff is a California resident. (Complaint, ¶ 1; Declaration of Xiao Wei Chen ["Chen Decl."] ¶ 7.)

## III.   PROCEDURAL HISTORY

3.     On April 12, 2022, Plaintiff filed an unverified Class Action and Private Attorney General Act ("PAGA") Complaint in the Superior Court of the State of California in and for the County of San Joaquin (Case No. STK-CV-UOE-2022-2619).  The Complaint asserts the following causes of action on behalf of Plaintiff, the putative class, and aggrieved employees against Defendant: (1) Unfair Competition (Bus. & Prof. Code §§ 1702, *et. seq*.); (2) Failure to Pay Minimum Wages (Cal. Lab. Code §§1194, 1197, 1197.1); (3) Failure to pay Overtime Wages (Cal. Lab. Code §§510, *et. seq.*); (4) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7 and 512); (5) Failure to Provide Rest Periods (Cal. Labor Code §§226.7, 512); (6) Failure to Provide Accurate Itemized Wage and Hour Statements (Cal. Labor Code §§226); (7) Failure to Reimburse Employees For Required Expenses (Cal. Lab. Code § 2802); (8) Waiting Time Penalties (Cal. Labor Code §§201-203); and (9) Private Attorney General Act (Cal. Labor Code §2698 et seq.).  A true and correct copy of the Complaint and Civil Cover Sheet are attached to the Declaration of Anthony Ly ("Ly Decl.") In Support of Defendant's Notice of Removal as **Exhibits A and B**, respectively.  (Ly Decl. ¶ 4.)

4.     On April 18, 2022, Defendant was served with the Summons, Complaint and Civil Case Cover Sheet.  (Ly Decl. ¶ 6; Chen Decl. ¶ 2.)

5.     On April 12, 2022, the Court filed a Notice of Case Assignment and Notice of Hearing scheduling a case management conference for October 10, 2022. A true and correct copy of the Notice of Case Assignment and Notice of Hearing is attached to the Declaration of Anthony Ly In Support of Defendant's Notice of Removal as **Exhibit C**.  (Ly Decl. ¶ 7.)

6.     On May 16, 2022, Defendant filed its Answer to Plaintiff's Complaint.  A true and correct copy of the Answer is attached to the Declaration of Anthony Ly In Support of Defendant's Notice of Removal as **Exhibit D**.  (Ly Decl. ¶ 8.)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

3

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

7.      To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Joaquin County Superior Court or served by any party other than as described above.  (Ly Decl. ¶¶ 9, 10.)

8.      In addition to naming Defendant, the Complaint names Does 1 through 30, inclusive, as defendants. Plaintiff has not amended the Complaint to specifically name Doe defendants 1 through 30, nor has she filed or served any documents identifying the Doe defendants or giving notice that the Doe defendants have been served.  (Ly Decl. ¶ 11.)

9.      Since the Doe defendants have not been identified, let alone been served with the Summons and the Complaint, they are not required to join or consent to Defendant's Notice of Removal. Named defendants that have not yet been served in state court action need not join a notice of removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988) (citing *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir.1986); *Tri–Cities Newspapers, Inc. v. Tri–Cities P.P. & A Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)).

## IV.     TIMELINESS OF REMOVAL

10.     This Notice of Removal is timely.  Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal "within [thirty] days from the date after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

11.     Defendant was served with a copy of the Summons and Complaint on April 18, 2022. (Ly Dec. ¶ 6; Chen Decl., ¶ 2.)  As such, this Notice of Removal is timely because it was filed within 30 days of service of the initial pleadings.   28 U.S.C. § 1446(b).

## V.     CAFA JURISDICTION

12.     CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDRAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

and costs.  *See* 28 U.S.C. § 1332(D).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

**A.     Plaintiff Filed a Class Action Under State Law.**

13.     Plaintiff filed her action as a class action based on alleged violations of California state law.  (Compl., ¶¶ 9, 12, 17.)

14.     Plaintiff claims she and class members were improperly classified as independent contractors and should have been classified as non-exempt, hourly employees.  (Compl., ¶¶ 1, 12, 14, 15, 16, 17.)

**B.     The Putative Class Contains More Than 100 Members.**

15.     Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

16.     Plaintiff brings this putative class action on behalf of herself and all individuals who worked for Defendant in California as independent contractors, "providing its clients with on-demand home cleaning services" at any over the last four years.  (Compl., ¶¶ 3, 9.)

17.     While Defendant denies that Plaintiff's claims may be tried on a class-wide basis, for purposes of removal only and based on Plaintiff's allegations, a review of Defendant's records, from April 12, 2018 until the present, reveals that approximately 3,998 individuals contracted with Defendant to use its  platform/app ("Platform") to provide services to third parties (*i.e.*, Defendant's alleged "clients") as independent contractors in California. (Chen Decl., ¶ 12.)   Accordingly, Defendant's records establish there are well over 100 putative class members as alleged by Plaintiff in this case.

**C.     Defendant Is Not A Governmental Entity**

18.     Under 28 U.S.C. § 1332(d)(5)(B), the CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

5

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

19.     Defendant is a private business entity, not a state, state official, or other government entity exempt from the CAFA.  (Chen Decl., ¶¶ 4, 5.)

**D.     The Requisite Diversity of Citizenship Exists.**

20.     Under 28 U.S.C. section 1332(d)(2), diversity is shown for purposes of a removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "any member of a class of plaintiffs is […] a citizen or subject of a foreign state and any defendant is a citizen of a State." *See* 28 U.S.C. § 1332(d)(2)(A), (B).

21.     Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

22.     <u>Plaintiff is a Citizen of California</u>. Plaintiff states in the Complaint that she "works as a housekeeper in California for [D]efendant." (Compl., ¶ 1). Moreover, according to Defendant's records, Plaintiff uses a California address as her location of residence. (Chen Decl., ¶ 7.) Defendant is therefore informed and believes that Plaintiff is currently a resident and citizen of California. Defendant has thus established by a preponderance of the evidence that Plaintiff is domiciled in California, and is, thus, a citizen of California. *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile"); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). Plaintiff is therefore a citizen of California.

23.     There are members of Plaintiff's alleged class[1] who are also citizens of California.  As of April 12, 2022, several alleged putative class members, independent contractors providing house

---

[1]  Defined as "individuals who worked for DEFENDANT in California as independent contractors ("CALIFORNIA CLASS") any time during the period beginning four (4) years prior to the filing of this Complaint."  Complaint, ¶ 9.  As stated above, Defendant denies Plaintiff's allegation that the alleged claims are appropriate for class treatment.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

6

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

cleaning services using Defendant's Platform, reside in California. 28 USC 1332(d)(2)(A); 28 U.S.C. §1332(d)(7). (Chen Decl., ¶ 9.) Moreover, the alleged putative class of independent contractors performed work for alleged clients of Defendant in California. (*Id.*, ¶¶ 9, 12; Compl., ¶¶ 3, 9.)

24.     <u>Defendant is not a Citizen of California</u>. For purposes of 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State [] by which it has been incorporated and of the State [] where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant was incorporated and organized under the laws of the State of Delaware in 2015 and it has since remained a Delaware-incorporated corporation at all times. (Chen Decl., ¶ 5.) Thus, Defendant is a citizen of Delaware.

25.     Defendant's principal place of business is in Austin, Texas. (Chen Decl. ¶ 5.) To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The principal place of business is "where the corporation maintains its headquarters." *Id.* at 92–93. At all times since January 2021, including on April 12, 2022, Defendant's principal place of business has been in Austin, Texas, which is where its corporate headquarters are located, where its corporate officers work, and where its corporate officers direct, control and coordinate activities for Homeaglow. (Chen Decl., ¶ 5.) Therefore, Defendant is also citizen of Texas. (*Id.*.)

26.     Defendants Does 1 through 30 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegations against any fictitious defendants. Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

27.     Diversity of citizenship under CAFA therefore exists because at least one member of the proposed class is a citizen of a state (i.e., California) different from Defendant (Texas and Delaware). 28 U.S.C. § 1332(d)(2)(A). *Sabatino v. HMO Mo., Inc. (In re Anthem, Inc. Data Breach*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

7

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

*Litig.*), 129 F. Supp. 3d 887, 893 (N.D. Cal. 2015) ("CAFA's 'minimal diversity' requirement means that 'a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'") (citing *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740, 187 L. Ed. 2d 654 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)).

**E.     The Amount in Controversy Exceeds $5,000,000.[2]**

28.     This Court has jurisdiction under the CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000.  28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount.  28 U.S.C. § 1332(d)(6).

29.     The removal statute requires that a defendant seeking to remove a case to federal court file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction.  *Id*. at 553.

30.     Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom.  For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdiction minimum of $5,000,000.  *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [D]efendant's liability"); *see also Roth*

---

[2]  The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff and the putative class are entitled to any relief whatsoever, and expressly reserves the right to challenge Plaintiff's and putative class members' alleged damages in this case.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

8

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDRAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

1   *v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. Cal. 2013) (a defendant "may

2   remove when it discovers, based on its own investigation, that a case is removable.").

3       31.     For purposes of determining whether a defendant has satisfied the amount in

4   controversy requirement, the Court must presume that the Plaintiff will prevail on her claims. *Kenneth*

5   *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing

6   *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy

7   analysis presumes that "plaintiff prevails on liability."). The ultimate inquiry on removal is what

8   amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe.

9   *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim*

10  *Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded

11  the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount

12  of damages at trial because they are only estimating the amount in controversy).

13      32.     Here, Plaintiff does not allege the amount in controversy in the Complaint.

14      33.     Plaintiff alleges causes of action for a violation of the Unfair Competition Law

15  ("UCL"), Business and Professions Code §§ 17200, *et seq.* (Compl. ¶¶ 58-75.) For purposes of

16  removal only, Plaintiff alleges a UCL violation may extend the statute of limitations for Plaintiff's and

17  the putative class members' unpaid wage claims and meal and rest period claims from three to four

18  years from the filing of the Complaint, which in this case, extends the statute of limitations to

19  December 3, 2017. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products*

20  *Co.*, 23 Cal.4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the

21  UCL).

22      34.     Defendant is a digital application-based company that facilitates "on-demand" home

23  cleaning services provided to third parties. (Compl. ¶1; Chen Decl., ¶ 4.) Individuals who perform

24  cleaning jobs for third parties sign up to be independent contractor cleaners through the Defendant's

25  Platform. (Chen Decl., ¶ 4.)

26      35.     Plaintiff alleges she "works as a housekeeper in California" for Defendant, and that

27  Defendant "violates and continues to violate the California Labor Code protections applicable to

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

California employees" because Defendant misclassified cleaners as independent contractors. (Compl. ¶ 1.)

36.     Plaintiff alleges Defendant "controlled and directed the work" performed by Plaintiff and the putative class members by "scheduling hours of work, providing job site information, and issuing written policies and procedures for the performance of work and conduct in the workplace." (Compl. ¶¶ 1, 18.) Plaintiff further alleges Defendant "heavily controlled both the work performed and the manner and means in which Plaintiff and other workers performed their work." (*Id.* ¶ 20.)

37.     Defendant classifies all cleaners using its Platform as independent contractors. (Chen Decl., ¶ 8.) Independent contractor cleaners set their own per hour rate and availability through the Platform. (*Id.*, ¶ 13.)

38.     Plaintiff alleges she and the putative class members were not compensated any other wages besides the "non-negotiable hourly rate" and that they were not compensated for time worked "outside of the job assignment they were placed at with DEFENDANT's third-party customers." (Compl. ¶ 13.) For example, Plaintiff alleges that "DEFENDANT did not pay PLAINTIFF and other CALIFORNIA CLASS members for the time spent driving to and from jobs . . ." (*Id.*)

39.     Based on Plaintiff's definition of the class, which Defendant disputes is proper, from April 12, 2018 to April 27, 2022, approximately 3,998 independent contractor cleaners performed jobs for third parties using the Homeaglow. (Chen Decl., ¶ 12.)

40.     Based upon the available data and information, the time period Plaintiff has placed at issue, and the number of alleged putative class members at issue, Plaintiff has placed approximately 89,231 cleaning jobs, performed on approximately 77,238 days, in controversy. (Chen Decl., ¶ 12.)

41.     The average hourly rate over the entire alleged class period for the purported class members Plaintiff seeks to represent is approximately $27.79. (Chen Decl., ¶ 14.) This is based upon the average weekly rate for each of the independent contractor cleaners for the period from April 12, 2018 to April 27, 2022. (*Id.*) The average hourly rate of $27.79 takes into account and includes each individual cleaner's respective weekly hourly rate and, if applicable, incentive pay received for each cleaning. (*Id.*)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

10

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

42.   Alleged putative class members report through the Homeaglow Platform the amount of time they spend cleaning for each cleaning job in the Platform in order for the third parties to be billed for the service.   The amount of time cleaners spent cleaning per day varied, but the average was 3.54 per day[3] for the period from April 12, 2018 to April 27, 2022.  (Chen Decl., ¶ 13.)

43.   During the time period from April 12, 2018 and April 22, 2022, independent contractor cleaners were regularly paid on a weekly basis.  (Chen Decl., ¶ 11.)

44.   Plaintiff's allegations combined with the conservative calculations set forth below establish that the amount in controversy for (1) minimum wages/off the clock pay; (2) meal period violations; (3) rest period violations; (4) failure to provide accurate itemized wages statements; (5) failure to reimburse for necessary business expenditures; (6) failure to timely pay wages after termination, and (7) attorneys' fees is at least approximately $10,410,375.

**Amount in Controversy – Off-the-Clock Time**

45.   Plaintiff's Second Cause of Action alleges that Defendant failed to pay Plaintiff and putative class members for all of the time they worked, such as travel time or for time waiting for work to be given.  (Compl., ¶¶ 13, 78.)  With respect to travel time, Plaintiff alleges "DEFENDANT did not pay PLAINTIFF and other CALIFORNIA CLASS members for the time spent driving to and from jobs . . ."  (Compl. ¶ 13.)  Plaintiff seeks to recover all wages earned and due, interest, penalties, expenses and costs of suit pursuant to Cal. Labor Code § 226.7 dating back four years from the filing of the initial Complaint to December 3, 2017. *See* Cal. Bus. & Prof. Code §§ 17200 *et seq*.; Compl. ¶ 103.  Plaintiff has not placed any limits on her off the clock claim, nor has she alleged with any kind of specificity the alleged inaccuracies in her hourly rate.

46.   The putative class performed approximately 89,231 cleanings, performed on approximately 77,238 days, between April 12, 2018 and April 27, 2022.  (Chen Decl., ¶ 12.)

47.   Defendant denies the validity and merit of Plaintiff's off-the-clock work claim, disputes that the claim can be resolved on a class-wide basis, disputes that alleged putative class members or

---

[3] Defendant does not concede that the time reported by the alleged putative class are accurate and is relying on the information for purposes of removal only based on Plaintiff's allegations and legal theories.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

1  some of them, performed work that may possibly fall within Plaintiff's alleged categories of

2  compensable time, and contends that the putative class was properly compensated in accordance with

3  all laws at all times.  However, for purposes of removal only, based on Plaintiff's legal theory and

4  allegations of off-the-clock work, , Defendant has reasonably assumed that Plaintiff and the putative

5  class members will argue they were not compensated 30 minutes for traveling to/from jobs and waiting

6  for additional work on any day when a cleaning job was performed between.  To estimate the potential

7  damages for Plaintiff's off-the-clock claim, one would multiply 77,238 days with at least one cleaning

8  jobs performed by 30 minutes by the average hourly rate of $27.79.  Based upon Defendant's

9  information and data, the amount placed in controversy for this claim is approximately **$1,073,000**.

**Amount in Controversy – Meal Period Claim**

11    48.    Plaintiff's Fourth Cause of Action alleges that Defendant failed to provide all cleaners

12  with required meal periods.  (Compl. ¶ 97). Plaintiff alleges that Plaintiff and other class members

13  could not take meal breaks "[a]s a result of their rigorous work schedules." (*Id.*)

14    49.    Plaintiff seeks to recover all wages earned and due, interest, penalties, expenses and

15  costs of suit pursuant to Cal. Labor Code § 226.7 dating back four years from the filing of the initial

16  Complaint to April 12, 2018. *See* Cal. Bus. & Prof. Code §§ 17200 *et seq.*; Compl. ¶ 58-75.

17    50.    California law permits recovery of one additional hour of pay at the employee's

18  "regular rate" of compensation for each workday a meal period was not provided.  Cal. Labor Code §

19  226.7.  The statutory period for recovery for a California Labor Code section 226.7 claim pursued with

20  a Business & Professions Code claim is four years. *See* Cal. Civ. Proc. Code § 338(A) (setting out a

21  three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of

22  limitations can be extended to four years through the pleading of a companion claim under the UCL).

23    51.    Defendant denies the validity and merit of Plaintiff's meal period claim, disputes that

24  the claim can be resolved on a class-wide basis, and reserves all defenses to the claim.  However, at

25  this juncture, Plaintiff has not placed any limits on her meal break claim. As such, based on Plaintiff's

26  allegations only, she will assert that every day where a putative class member worked more than five

27  hours, a meal period was required and is in controversy. Cal. Labor Code § 512(a).   For purposes of

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

12

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

1    removal only, Plaintiff's allegations places 15,621 cleaning days in controversy that trigger a meal

2    period requirement.  (Chen Decl., ¶ 15.) Assuming only a 20 percent violation rate (one-fifth of the

3    15,621 cleaning days), which places 3,124 cleaning days at issue, and assuming a premium of $27.79

4    based upon the average regular rate of pay, the amount in controversy on this claim alone would be

5    approximately **$86,800**.

6                          **Amount in Controversy – Rest Period Claim**

7           52.    Plaintiff's Fifth Cause of Action alleges that Defendant failed to provide all cleaners

8    with all required meal periods.  (Compl. ¶ 101).  Plaintiff alleges that Plaintiff and other class members

9    could not take rest breaks "[a]s a result of their rigorous work schedules." (*Id.*)

10          53.    Plaintiff seeks to recover all wages earned and due, interest, penalties, expenses and

11   costs of suit pursuant to Cal. Labor Code § 226.7 dating back four years from the filing of the initial

12   Complaint to December 3, 2017. *See* Cal. Bus. & Prof. Code §§ 17200 *et seq.*; Compl. ¶ 103.

13          54.    California law permits recovery of one additional hour of pay at the employee's

14   "regular rate" of compensation for each workday a rest period was not provided.  Cal. Labor Code §

15   226.7.  The statutory period for recovery for a California Labor Code section 226.7 claim pursued with

16   a Business & Professions Code claim is four years.  *See* Cal. Civ. Proc. Code § 338(A) (setting out a

17   three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of

18   limitations can be extended to four years through the pleading of a companion claim under the UCL).

19          55.    Defendant denies the validity and merit of Plaintiff's rest break claim, disputes that the

20   claim can be resolved on a class-wide basis, and reserves all defenses to the claim.  However, at this

21   juncture, Plaintiff has not placed any limits on her rest break claim. As such, based on Plaintiff's

22   allegations, she will assert that every eligible cleaning shift for every putative class member during

23   the putative class period is in controversy.  For purposes of removal only, Plaintiff's allegations places

24   36,200 cleaning shifts during the class period were 3.5 hours or longer in controversy that triggers a

25   rest period.  (Chen Decl., ¶ 16.) Assuming a 20 percent violation rate (7,240 cleaning shifts at issue)

26   with an average regular rate of $27.79, the amount in controversy on this claim is approximately

27   **$201,000**.

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

13

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

**Amount in Controversy – Inaccurate Wage Statements**

56.     Plaintiff's Sixth Cause of Action alleges that because of the Defendant failed to furnish an itemized wage statement showing the required items as set forth in Labor Code § 226.  (Compl. ¶¶ 105,106.)

57.     Pursuant to Labor Code section 226(e), any employer who fails to provide an employee with an accurate wage state statement is subject to a civil penalty of $50 for any initial violation and $100 for subsequent violations, up to $4,000 total per employee.

58.     Plaintiff and class members were regularly paid on a weekly basis.  (Chen Decl., ¶ 11.) Defendant denies the validity and merit of Plaintiff's wage statement claim, disputes that the claim can be resolved on a class-wide basis, and reserves all defenses to the claim.  However, at this juncture, Plaintiff's allegations place every "pay period" in controversy for Plaintiff's wage statement claim. For the purposes of removal only, based on Plaintiff's allegations, she will assert that approximately 17,082 "pay periods" (*i.e.*, weeks where independent contractor cleaners performed cleaning jobs from April 12, 2021 to April 27, 2022) are in controversy and allegedly subject to the wage statement penalty.  (*Id.*, ¶ 17.)  Assuming Plaintiff's alleged penalty in the amount of $50 per pay period per independent contractor cleaner for the initial violation and $100 per pay period per independent contractor cleaner for the subsequent violation (capped at $4,000 total per independent contractor cleaner), the amount in controversy for this claim is approximately **$1,543,500.00.**

**Amount in Controversy – Failure to Reimburse Necessary Business Expenses**

59.     Plaintiff's Seventh Cause of Action alleges that Defendant, "as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically" failed to reimburse Plaintiff and the purported Class for all necessary business expenditures.  (Compl. ¶¶ 32, 111). Plaintiff asserts that she and members of the purported class "notified [of cleaning jobs] via cell phone" and "were required to use their personal vehicles to travel to different locations each work shift and were also required to use their personal cell phones to review, receive and accept job assignments and as such it is mandatory to have a cell phone."  (*Id.*, ¶¶ 13, 33).  Plaintiff further alleges that she and members of the purported class "incurred business expenses which included, but were not limited to,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

14

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDRAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

the costs related to the use of their personal cellular phones, personal equipment, and personal vehicles…" (*Id.*, ¶¶ 33, 111)

60.  Plaintiff does not limit this claim in any fashion, for instance, by specifying the amount of such expenses or the frequency in which putative class members allegedly incurred them.  While Defendant denies the validity and merit of Plaintiff's reimbursement claim, for purposes of removal only, based on Plaintiff's allegations, Defendant is able to provide a reasonable estimate for this claim for mileage for personal vehicle use and use of one's personal cell phone.

61.  Defendant denies the validity and merit of Plaintiff's reimbursement claim disputes that the claim can be resolved on a class-wide basis, and reserves all defenses to the claim.  Defendant does not concede any travel time by the alleged putative class is compensable. Defendant also disputes that alleged putative class members or some of them, incurred any expenses or any reasonable expenses related to travel time or the use of cell phones, and disputes that the IRS mileage rates referred to below are appropriate for estimating or calculating allegedly owed amounts, if any. Further, Defendant disputes that Plaintiff's reimbursement claim may be tried on a class-wide basis.  Based on the distance traveled between the putative class members' homes and third party homes where cleaning services are performed as reflected in Defendant's records, the average distance traveled for a cleaning job is 11.6 miles, or 23.2 miles round trip.  For the purposes of removal only, based on Plaintiff's allegations and the IRS mileage rates between 2018 and 2022 (on which Plaintiff is reasonably expected to rely), and that Plaintiff will assert an average of 23.2 miles round trip per cleaning, the amount in controversy for the reimbursement claim is approximately **$1,176,000**[4] (Request for Judicial Notice; Ly Decl. ¶ [].)

62.  While Defendant disputes that Plaintiff and the alleged putative class were its employees at any time, based on Plaintiff's allegations, Plaintiff will assert that employers are expected to reimburse employees "a reasonable percentage" of the employee's cell phone bill if the employee uses a personal cell phone for work purposes. *Cochran v. Schwan's Home Service, Inc.,*

---

[4] Even assuming the lowest IRS milage rate in effect since 2018 applies, which is $0.545 per mile, Plaintiff's reimbursement claim places approximately over approximately $1,115,000 in controversy (88,231 cleaning jobs x 23.2 miles per clean x $0.545 per mile).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

15

228 Cal. App. 4th 1137, 1114 (2d. Dist. 2014).  Across all 3,998 putative class members, Defendant's records and data show that there are a total number of approximately 14,125 months worked.  (Chen Decl., ¶ 19.)  Reasonably assuming that Plaintiff may argue for a cell phone reimbursement of $15.00 per month, the amount in controversy for the reimbursement of personal cell phone use is approximately **$211,000**.

### Amount in Controversy – Failure to Timely Pay Wages After Termination

63.     Plaintiff's Eighth Cause of Action alleges that Defendant failed to pay Plaintiff and members of the purported class for all hours worked prior to or upon termination or separation from employment.  (Compl. ¶ 119).

64.     Plaintiff seeks waiting time penalties amounting to 30 days wages for Plaintiff and the purported class pursuant to Labor Code section 203. (Compl. ¶ 118).

65.     California Labor Code sections 201, 202, and 203 provide that if an employer willfully fails to pay wages owed at the time of termination, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid for a maximum of thirty (30) days. Cal. Labor Code §§ 201-203.  The statute of limitations for Plaintiff's Labor Code section 203 waiting time penalty claim is three years. *Pineda v. Bank of Am., N.A.,* 50 Cal.4th 1389, 1395 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").

66.     Here, there are 1,367 putative class members in California who have been "terminated" since April 12, 2019.  (Chen Decl., ¶ 21.)  These individual's status on the Platform is "suspended" or "opt out," meaning they cannot currently use the Platform to locate and accept cleaning jobs from third party clients due to Homeaglow's suspension of their account or the independent contractor cleaner's voluntary opting out of his/her agreement with Homeaglow to use the Platform. (*Id.*).  For the purposes of removal, those independent contractor cleaners who either opted out or were suspended from the platform are considered "terminated."  The average rate made by cleaners on an hourly basis over that period is $27.77  (Chen Decl., ¶ 21.)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

16

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDRERAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

67.     Defendant denies the validity and merit of Plaintiff's claim for waiting time penalties, disputes that the claim can be resolved on a class-wide basis, and reserves all defenses to the claim. For the purposes of removal only, and assuming an average day of 3.54 hours worked, multiplied by the average hourly rate of $27.77 for terminated cleaners between April 12, 2019 and the present, multiplied by the 30-day statutory minimum, multiplied by at least 1,367 putative class members who left employment in the last three years, the amount in controversy for the waiting time penalties is approximately **$4,037,000.**

### Amount in Controversy – Attorneys' Fees

68.     Finally, Plaintiff seeks attorneys' fees and costs in her Complaint, which must also be considered in determining whether the jurisdictional limit is met. Compl., Prayer for Relief.  Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

69.     In California, it is not uncommon for an attorneys' fee award to be twenty-five to thirty-three percent of a settlement or judgement.  *See, e.g., McGuigan v. City of San Diego*, 183 Cal.App.4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. Cal.*, 45 Cal.4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 1216–18 (2008) (affirming award of $757,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,500 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *c.f.*, *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F.Supp.2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

17

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

70.    The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent.") (citation omitted); *Lo v. Oxnard Euro. Motors, LLC*, 2012 US. Dist. LEXIS 73983, *8-9 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees award twenty-five percent of the common fund recovery.").

71.    As explained above, based on Plaintiff's allegations and the causes of action asserted, Plaintiff has placed approximately **$8,328,300** in controversy.  Taking into account attorneys' fees at the benchmark percentage of 25% further increases the amount in controversy. The Court should therefore consider attorneys' fees of at least **$2,082,075**, for a total amount in controversy of **$10,410,375**.

### Summary of Amount in Controversy

72.    Plaintiff's allegations, which Defendant disputes, combined with the conservative calculations set forth above places approximately **$10,410,375**[5] in controversy as summarized below:

| Plaintiff's Alleged Claim and Presumptions Based on Plaintiff's Allegations Only (Which Defendant Disputes) | Conservative Estimate of Amount in Controversy Based on Plaintiff's Allegations (Which Defendant Disputes) |
|---|---|
| Off-the-Clock Claim (30 minutes for round trip travel time *and* time waiting for additional work) | $1,073,000 |
| Meal Period Premiums (at a 20% noncompliance rate) | $86,800 |
| Rest Period Premiums (at a 20% noncompliance rate) | $201,000 |
| Wage Statements | $1,543,500.00 |
| Business Reimbursement (23.2 miles round trip and $15.00/month for cell phone based on | $1,387,000 |

---

[5] This amount far exceeds the $5,000,000 CAFA jurisdictional amount and it does not even include all claims, such as Plaintiff's claim for overtime.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

18

| allegations) | |
| --- | --- |
| Failure to Pay at Time of Termination (30 days of pay at an estimated 3.54 hours worked a day) | $4,037,000 |
| Attorneys' Fees (25%) | $2,082,075 |
| **Total Amount in Controversy**: | **$10,410,375** |

73.     Removal of this action is therefore proper as the aggregate value of Plaintiff's class causes of action and attorneys' fees, as alleged, is well in excess of the CAFA jurisdictional requirement of $5 million.  See 28 U.S.C. § 1332(d)(2).

74.     Defendant provides the foregoing calculations only to demonstrate that the amount placed in controversy by Plaintiff's Complaint easily exceeds the amount in controversy requirement of the CAFA.  Defendant makes no admission of any liability or damages with respect to any aspect of this case, nor does it endorse or concede that the proffered methodology for such calculations for purposes of demonstrating that the jurisdictional minimum is met could be used in lieu of individualized inquiries or otherwise.

## VI.   SUPPLEMENTAL JURISDICTION

76.     Because Defendant meets the diversity and amount in controversy requirements under CAFA, the Court has supplemental jurisdiction over Plaintiff's PAGA claim.  A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367.  Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

77.     Federal courts routinely exercise supplemental jurisdiction over PAGA claims where class claims are removed based on jurisdiction under CAFA.  *See, e.g., Wellons v. PNS Stores*, 2019 WL 2099922 at *7 (S.D. Cal. May 14, 2019) (denying a motion to remand a PAGA claim after finding defendant established CAFA jurisdiction over class claims on the grounds that the PAGA claims "are

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

19

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDRAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

based on the same factual and legal theories" as the class claims); *Thompson v. Target Corp.*, 2016 WL 4119937 at *12 (C.D. Cal. Aug. 2, 2016) (supplemental jurisdiction over PAGA claim proper when Plaintiff's PAGA and class claims concern the "same misconduct by Defendant."). The Court should exercise supplemental jurisdiction over Plaintiff's PAGA claim here as well because the allegations asserted in support of Plaintiff's ninth cause of action for PAGA constitute the same alleged "misconduct" by Defendant and are based on the same factual and legal theories.  Plaintiff alleges Defendant misclassified Plaintiff and aggrieved employees who performed cleaning services as independent contractors.  (Compl. ¶ 125; *see* Exhibit 1 to Compl. (allegations for PAGA claim.))  She further alleges Defendant failed to properly record and pay Plaintiff and aggrieved employees for all hours worked, including overtime, failed to provide accurate itemized wage statements, failed to provide mandatory meal and rest breaks, failed to pay meal and rest premiums, and failed to timely pay wages at the correct rate.  (*Id.*)  All of these allegations are based on the same facts and theories alleged to support Plaintiff's individual and class claims.  (*Id.*, 121-125 (incorporating all facts alleged in causes of action numbers 1 through 8 and not alleging independent facts and theories to separately support PAGA claim.)) Accordingly, the Court has supplemental jurisdiction over the PAGA claim as it based on the same factual and legal theories" as the class claims.  *Wellons* 2019 WL 2099922 at *7.

## VII.   NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL

78.   Promptly upon the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Shani O. Zakay, Esq., Jackland K. Horn, Esq., and Julieann Alvarado, Esq., Zakay Law Group, APLC, 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121; and Jean-Claud Lapuyade, Esq., and Eduardo Garcia, Esq., JCL Law Firm, APC, 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121. A copy of the Notice of Removal also will be filed with the Clerk of the Court for the Superior Court of the State of California for San Joaquin County.

## VIII.  CONCLUSION

79.   For the reasons set forth above, the Complaint is removable to this Court pursuant to 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal was filed within thirty (30)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

20

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

1   days of service on any defendant of a paper providing notice that a basis for removal of this action

2   exists. Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it

3   had been originally filed herein.

4   Dated: May 17, 2022

5                                                      LITTLER MENDELSON, P.C.

6

7                                                      /s/ Anthony G. Ly
                                                       Anthony G. Ly
8                                                      Andrew M. Spurchise

9                                                      Attorneys for Defendant
                                                       HOMEAGLOW INC.
10

11   4892-0490-6270.11 / 114736-1002

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDREAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446