1   ANDREW M. SPURCHISE, Bar No. 245998
    aspurchise@littler.com
2   LITTLER MENDELSON, P.C.
    900 Third Avenue
3   New York, New York 10022.3298
    Telephone: 212.583.9600
4   Facsimile: 212.832.2719

5   Anthony G. Ly, Bar No. 228883
    aly@littler.com
6   LITTLER MENDELSON, P.C.
    2049 Century Park East
7   5th Floor
    Los Angeles, California  90067.3107
8   Telephone:    310.553.0308
    Fax No.:       310.553.5583
9
    Attorneys for Defendant
10  HOMEAGLOW INC.

11

12              UNITED STATES DISTRICT COURT

13             EASTERN DISTRICT OF CALIFORNIA

14

15  JEANETTE GOMES, an individual, on behalf of        Case No. 2:22-at-494
    herself, and on behalf of all persons similarly
16  situated,                                          **DECLARATION OF ANTHONY LY IN**
                                                       **SUPPORT     OF      DEFENDANT**
17               Plaintiff,                             **HOMEAGLOW'S      NOTICE      OF**
                                                       **REMOVAL   OF   CIVIL   ACTION   TO**
18          v.                                          **FEDERAL   COURT   PURSUANT   TO   28**
                                                       **U.S.C. §§ 1332, 1441 AND 1446**
19  HOMEAGLOW INC., a Delaware corporation;
    and DOES 1 through 30, Inclusive;
20
                 Defendant.
21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DECLARATION OF ANTHONY LY ISO
NOTICE OF REMOVAL

**DECLARATION OF ANTHONY LY**

1.      I am an attorney admitted to practice in the State of California and am an attorney in the law firm of Littler Mendelson, P.C., one of the counsel of record for Defendant Homeaglow Inc. ("Defendant" or "Homeaglow") in this action. I make this Declaration in support of Defendant's Notice of Removal of Civil Action to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 ("Notice of Removal"). All of the information set forth herein is based on my personal and firsthand knowledge or based on information and documents retained by our firm in the regular course of its business operations, and if called and sworn as a witness, I could and would competently testify thereto.

2.      As an attorney handling this matter, I am familiar with documents that have been served on Defendant.

3.      I have also reviewed the online docket available on the Orange County Superior Court's website for this matter, including as of today's date, and am familiar with the documents on file in this matter, as well as the notices and orders issued by the court.

4.      On April 12, 2022, Plaintiffs filed a class action and Private Attorney General Act ("PAGA") Complaint in the Superior Court of the State of California in and for the County of San Joaquin entitled "JEANETTE GOMES, an individual, on behalf of herself and on behalf of all persons similarly situated, Plaintiff, v. HOMEAGLOW INC., a Delaware corporation; and DOES 1 through 30, Inclusive," Case No. STK-CV-UOE-2022-2619.  Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed with the Court.  Attached hereto as **Exhibit B** is a true and correct copy of the Civil Cover Sheet filed with the Court.

5.      Through her Complaint, Plaintiff alleges the following: (1) Unfair Competition (Bus. & Prof. Code §§ 1702, *et. seq.*); (2) Failure to Pay Minimum Wages (Cal. Lab. Code §§1194, 1197, 1197.1); (3) Failure to pay Overtime Wages (Cal. Lab. Code §§510, *et. seq.*); (4) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7 and 512); (5) Failure to Provide Rest Periods (Cal. Labor Code §§226.7, 512); (6) Failure to Provide Accurate Itemized Wage and Hour Statements (Cal. Labor Code §§226); (7) Failure to Reimburse Employees For Required Expenses (Cal. Lab. Code § 2802);

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2

DECLARATION OF ANTHONY LY ISO
NOTICE OF REMOVAL

(8) Waiting Time Penalties (Cal. Labor Code §§201-203); and (9) Private Attorney General Act (Cal. Labor Code §2698 et seq.).

6.     On April 18, 2022, Plaintiffs served Defendant with the Summons, Complaint, Certificate of Assignment and Civil Cover Sheet.

7.     April 12, 2022 the Court filed a Notice of Case Assignment and Notice of Hearing scheduling a case management conference for October 10, 2022.  A true and correct copy of the Order is attached as **Exhibit C**.

8.     Defendant filed an Answer to the Complaint on May 16, 2022. A true and correct copy of the Answer filed by Defendant in the state court action is attached hereto as **Exhibit D**.

9.     Pursuant to 28 U.S.C. § 1446(d), **Exhibits A through D** constitute all process, pleadings, and orders filed in the State Court Action.

10.     Other than the court proceedings and documents discussed above and attached as **Exhibits A through D** hereto, I am not aware of any further proceedings or filings regarding this case in San Joaquin County Superior Court.

11.     To my knowledge, no other party is named or has been validly served as of the date of the Notice of Removal.

12.     Contemporaneously with the filing of Defendant's Notice of Removal in the United States District Court for the Eastern District of California, our office is providing written notice of the removal to Plaintiff's counsel of record: Shani O. Zakay, Esq., Jackland K. Horn, Esq., and Julieann Alvarado, Esq., Zakay Law Group, APLC, 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121; and Jean-Claude Lapuyade, Esq., and Eduardo Garcia, Esq., JCL Law Firm, APC, 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121.  In addition, a copy of Defendant's Notice of Removal will be filed with the Clerk of the Court for the San Joaquin County Superior Court.

13.     The following are the IRS standard mileage rates for 2018 through 2022, which are made publicly available by United States Internal Revenue Service at https://www.irs.gov/tax-professionals/standard-mileage-rates, which I accessed and obtained (as of May 17, 2022) and are set forth in Defendant's Request for Judicial Notice in Support of Notice of Removal of Civil Action to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446:

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3                              DECLARATION OF ANTHONY LY ISO
                                         NOTICE OF REMOVAL

1           a.   2018: 54.5 cents/mile

2           b.   2019: 58 cents/mile

3           c.   2020: 57.5 cents/mile

4           d.   2021: 56 cents/mile

5           e.   2022: 58.5 cents/mile

6       I declare under penalty of perjury pursuant to the laws of the United States of America that

7 the foregoing is true and correct. Executed at on May 17, 2022 in Los Angeles, California.

8

9                            ANTHONY LY

10  4874-3595-8814.5 / 114736-1002

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DECLARATION OF ANTHONY LY ISO
NOTICE OF REMOVAL

# EXHIBIT A

SUPERIOR COURT FILED - STOCKTON
2022 APR 12 AM 11: 37
BRANDON E. RILEY, CLERK

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com
julieann@zakaylaw.com

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

$1435.00 / #730332

Attorneys for Plaintiff JEANETTE GOMES

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| JEANETTE GOMES, an individual, on behalf of herself, and on behalf of all persons similarly situated, | Case No. STK-CV-UOE-2022-2619 |

Plaintiff,

vs.

HOMEAGLOW INC., a Delaware corporation; and DOES 1 through 30, Inclusive;

Defendant.

**CLASS ACTION COMPLAINT FOR:**

1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;
2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*
4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7. FAILURE TO REIMBURSE EMPLOYEES FO

1

**CLASS ACTION COMPLAINT**

REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8.  FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;
9.  VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698 ET SEQ.]

**DEMAND FOR JURY TRIAL**

Plaintiff JEANETTE GOMES ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except her own acts and knowledge which are based on personal knowledge, the following:

**INTRODUCTION**

1.      PLAINTIFF is an individual who works as a housekeeper in California for defendant HOMEAGLOW INC. ("DEFENDANT"). PLAINTIFF alleges that DEFENDANT has violated and continues to violate the California Labor Code protections applicable to California employees because DEFENDANT has misclassified its California employees as independent contractors.  In order to provide services to their customers, DEFENDANT hires California workers to aid DEFENDANT in providing services in the usual course of DEFENDANT's on-demand home cleaning service business to their clients. DEFENDANT controlled and directed the work performed by PLAINTIFF and the other similarly situated misclassified California workers by, among other things, scheduling hours of work, providing job site information, and issuing written policies and procedures for the performance of work and conduct in the workplace. PLAINTIFF and the other similarly situated misclassified California workers are not and were not engaged in a customarily independently established trade, occupation or business as the same nature of the work performed.  The costs, as proscribed by law, of the personnel hired to work for DEFENDANT, includes not only the pay of these employees but the cost of the employer's share of tax payments to the federal and state governments for income taxes, social security taxes, Medicare insurance, unemployment insurance and payments for workers' compensation insurance.  To avoid the payment of these legally proscribed expenses to the fullest extent possible, DEFENDANT devised a scheme to place the responsibility for the payment of these costs and expenses of DEFENDANT on the shoulders of PLAINTIFF and other similarly situated

1  California employees. As employer, DEFENDANT is legally responsible for the payment of all these
2  expenses. This lawsuit is brought in order to collect the wages due to PLAINTIFF and all those
3  similarly situated misclassified independent contractors as DEFENDANT's employees, the cost of
4  the employer's share of payments to the federal and state governments for income taxes, social
5  security taxes, Medicare insurance, unemployment insurance and payments for workers'
6  compensation insurance, plus penalties and interest.

7  **THE PARTIES**

8      2.      DEFENDANT is a Delaware corporation, that at all relevant times mentioned herein
9  conducted and continues to conduct substantial business in the State of California, County of San
10  Joaquin, and provides home cleaning services.

11     3.      DEFENDANT utilizes independent contractors, rather than employees, to provide its
12  clients with on-demand home cleaning services.

13     4.      The true names and capacities, whether individual, corporate, subsidiary, partnership,
14  associate or otherwise of DEFENDANT DOES 1 through 50, inclusive, are presently unknown to
15  PLAINTIFF who therefore sues these DEFENDANT by such fictitious names pursuant to Cal. Civ.
16  Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and
17  capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and
18  believes, and based upon that information and belief allege, that the DEFENDANT named in this
19  Complaint, including DOES 1 through 50, inclusive (hereinafter collectively "DEFENDANT" and/or
20  "DEFENDANT"), are responsible in some manner for one or more of the events and happenings that
21  proximately caused the injuries and damages hereinafter alleged.

22     5.      The agents, servants and/or employees of the DEFENDANT and each of them acting
23  on behalf of the DEFENDANT acted within the course and scope of his, her or its authority as the
24  agent, servant and/or employee of the DEFENDANT, and personally participated in the conduct
25  alleged herein on behalf of the DEFENDANT with respect to the conduct alleged herein.
26  Consequently, the acts of DEFENDANT are legally attributable to the other and all DEFENDANTS
27  are jointly and severally liable to PLAINTIFF and those similarly situated, for the loss sustained as a
28  proximate result of the conduct of the DEFENDANT's agents, servants and/or employees.

6. DEFENDANT was PLAINTIFF's employer or persons acting on behalf of PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

7. DEFENDANT was PLAINTIFF's employer or persons acting on behalf of PLAINTIFF's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

8. PLAINTIFF worked as a housekeeper for DEFENDANT from October of 2021 to November of 2021 and was at all times during her employment classified by DEFENDANT as an independent contractor.

9. PLAINTIFF brings this Class Action on behalf of herself and on behalf of all of individuals who worked for DEFENDANT in California as independent contractors ("CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS members is under five million dollars ($5,000,000.00).

10. DEFENDANT's uniform policies and practices alleged herein were unlawful, unfair and deceptive business practices whereby DEFENDANT retained and continues to retain wages and other benefits due to PLAINTIFF and the other members of the CALIFORNIA CLASS.

11. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

///

**THE CONDUCT**

**A.   Misclassification**

12.     DEFENDANT engaged in a pattern and practice of misclassifying California workers as independent contractors, hired to perform work and services core to DEFENDANT's businesses, in violation of California Labor Code Section 226.8. California Labor Code Section 226.8 provides that "[i]t is unlawful for any person or employer to engage in …[w]illful misclassification of an individual as an independent contractor." The penalty for willful misclassification of employees is a "civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law." It is further provided that, in the event that an employer is found to have engaged in "a pattern or practice of these violations," the penalties increase to "not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law." Cal. Labor Code § 226.8.

13.     Similarly, PLAINTIFF and other members of the CALIFORNIA CLASS were not compensated overtime wages for any of their time spent working in excess of eight (8) hours in a workday, twelve (12) hours in a workday, and/or forty (40) hours in a workweek. PLAINTIFF and other members of the CALIFORNIA CLASS were paid the hourly rate to perform labor services on DEFENDANT's behalf. PLAINTIFF and other workers were not compensated any other wages besides the non-negotiable hourly rate, and they were not allowed to record their time while they waited for DEFENDANT to give them work.  DEFENDANT did not pay PLAINTIFF and other CALIFORNIA CLASS members for the time spent driving to and from jobs, the materials required to perform the jobs, and all the other time they spent working for DEFENDANT outside of the job assignment they were placed at with DEFENDANT's third-party customers. The finite set of tasks required to be performed by the workers is, when notified via cell phone, travel to DEFENDANT's customers to perform jobs, including but not limited to, residential housekeeping, all in accordance with DEFENDANT's business practices and policies.

14.     As a result, stripped of all the legal fictions and artificial barriers to an honest classification of the relationship between PLAINTIFF and all the other members of the CALIFORNIA

CLASS on the one hand, and DEFENDANT on the other hand, PLAINTIFF and all the other members of the CALIFORNIA CLASS are and were employees of DEFENDANT and not independent contractors of DEFENDANT and should therefore be properly classified as non-exempt, hourly employees.

15.     The finite set of tasks required of PLAINTIFF and the other CALIFORNIA CLASS members as defined by DEFENDANT was executed by them through the performance of non-exempt labor.

16.     Although PLAINTIFF and the other CALIFORNIA CLASS members performed non-exempt labor subject to DEFENDANT's complete control over the manner and means of performance, DEFENDANT instituted a blanket classification policy, practice and procedure by which all of these CALIFORNIA CLASS Members were classified as "independent contractors" exempt from compensation for overtime worked, meal breaks and rest breaks, and reimbursement for business related expenses. By reason of this uniform misclassification, the CALIFORNIA CLASS Members were also required to pay DEFENDANT's share of payroll taxes and mandatory insurance premiums. As a result of this uniform misclassification practice, policy and procedure applicable to PLAINTIFF and the other CALIFORNIA CLASS Members who performed this work for DEFENDANT, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy, practice and procedure which failed to properly classify PLAINTIFF and the other CALIFORNIA CLASS members as employees and thereby failed to pay them wages for all time worked, reimbursement of business related expenses, failed to provide them with meal and rest breaks, and failed to reimburse these employees for the employer's share of payroll taxes and mandatory insurance.

17.     DEFENDANT, as a matter of law, has the burden of proving that employees are properly classified and that DEFENDANT otherwise complies with applicable laws. DEFENDANT, as a matter of corporate policy, erroneously and unilaterally classified all the CALIFORNIA CLASS Members as independent contractors in violation of the California Labor Code and regulations promulgated thereunder.

/ / /

i.  **Plaintiff and Other Members of the California Class Were Not Free from**
**the Control and Direction of Defendant**

18.    DEFENDANT controlled and directed the work performed by PLAINTIFF and the other similarly situated misclassified California workers by, among other things, scheduling hours of work, providing job site information, and issuing written policies and procedures for the performance of work and conduct in the workplace.  Upon hire, the position was represented by DEFENDANT to PLAINTIFF and the other workers as an independent contractor position in exchange for an hourly rate of pay for the time they spend providing labor and services to DEFENDANT's third-party customers.

19.    To perform their job duties, PLAINTIFF and the other members of the CALIFORNIA CLASS perform work subject to the control of DEFENDANT in that DEFENDANT had the authority to exercise complete control over the work performed and the manner and means in which the work was performed. DEFENDANT provided the customers and DEFENDANT provided the instructions as to how to perform their work.

20.    California Labor Code § 3357 defines "employee" as "every person in the service of an employer under any appointment or contact of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed." Additionally, to the California Labor Code's presumption that workers are employees, the California Supreme Court has determined the most significant factor to be considered in distinguishing an independent contractor from an employee is whether the *employer or principal has control or the right to control the work both as to the work performed and the manner and means in which the work is performed.* DEFENDANT heavily controlled both the work performed and the manner and means in which the PLAINTIFF and other workers performed their work in that:

(a)    PLAINTIFF and other members of the CALIFORNIA CLASS were not involved in a distinct business, but instead were provided with instructions as to how to perform their work and the manner and means in which the work was to be performed by means of DEFENDANT and DEFENDANT's manuals and written instructions;

(b)    PLAINTIFF and other members of the CALIFORNIA CLASS were continuously provided with training and supervision, including following

7

**CLASS ACTION COMPLAINT**

1    DEFENDANT's company documents, and received training from DEFENDANT as to

2    how and in what way to perform the services;

3    (c)    DEFENDANT set the requirements as to what policies and procedures all of the

4    workers were to follow, including but not limited to, hourly rates and location of

5    assignment;

6    (d)    PLAINTIFF and other members of the CALIFORNIA CLASS had no

7    opportunity for profit or loss because DEFENDANT only paid these workers an hourly

8    rate. DEFENDANT controlled and assigned the workers which tasks were to be

9    performed;

10   (e)    PLAINTIFF and other members of the CALIFORNIA CLASS performed

11   services and labor which are part of the core of DEFENDANT's principal business and

12   is closely integrated with and essential to the employer's business of services and labor

13   to their customers;

14   (f)    PLAINTIFF and other members of the CALIFORNIA CLASS performed the

15   work themselves and did not hire others to perform their work for them;

16   (g)    PLAINTIFF and other members of the CALIFORNIA CLASS did not have the

17   authority to make employment-related personnel decisions;

18   (h)    PLAINTIFF and other members of the CALIFORNIA CLASS performed their

19   work in a particular order and sequence in accordance with DEFENDANT and

20   DEFENDANT customers company policies; and,

21   (i)    DEFENDANT had the "right" to control every critical aspect of DEFENDANT

22   labor operation in that DEFENDANT provided the customer, assigned where

23   PLAINTFIFF and other members of the CALIFORNIA CLASS were to go, assigned

24   the hourly rate or flat rate, and step by step instructions to PLAINTIFF and other

25   members of the CALIFORNIA CLASS as to the entire process of working at their

26   assigned locations. PLAINTIFF and other workers provided services and labor for

27   DEFENDANT customers and were not actually in business for themselves.

28   ///

ii.      **Plaintiff and Other Members of the California Class Did Not Perform Work**
**Outside the Usual Course of Defendant's Business**

21.     DEFENDANT willfully misclassified PLAINTIFF and other members of the CALIFORNIA CLASS who provided DEFENDANT with housekeeping services for DEFENDANT's clients.   In other words, PLAINTIFF and other similarly situated California workers provided DEFENDANT with work and services within the usual course of DEFENDANT's business.

22.     DEFENDANT markets itself to the public, PLAINTIFF and other members of the CALIFORNIA CLASS as a provider of on-demand house cleaning services. As a result, DEFENDANT unquestionably holds itself out to the public, PLAINTIFF and other members of the CALIFORNIA CLASS as a provider of on-demand housekeeping services. Therefore, the performance of DEFENDANT's housekeeping services by PLAINTIFF and other members of the CALIFORNIA CLASS is not outside DEFENDANT'S usual course of business.

iii.     **Plaintiff and Other Members of the California Class Were Not Engaged in**
**an Independently Established Trade, Occupation, or Business of the Same**
**Nature as the Work Performed for Defendant**

23.     PLAINTIFF and the other members of the CALIFORNIA CLASS are not and were not engaged in a customarily independently established trade, occupation or business as the same nature of the work performed.

**B.    Meal Period Violations**

24.     In California, an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a duty-free meal period of not less than thirty minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. A second duty-free meal period of not less than thirty minutes is required if an employee works more than ten hours per day, except that if the total hours worked is no more than 12 hours, the second duty-free meal period may be waived by mutual consent of the employer and employee only if the first meal period was not waived. Labor Code Section 512.

25.     If an employer fails to provide an employee a duty-free meal period in accordance with

9

1    an applicable IWC Order, the employer must pay one additional hour of pay at the employee's regular

2    rate of pay for each workday that the meal period is not provided. IWC Orders and Labor Code Section

3    226.7. This additional hour is not counted as hours worked for purposes of overtime calculations.

4          26.    From time-to-time during the CLASS PERIOD, as a result of their misclassification as

5    independent contractors and their rigorous work schedules, PLAINTIFF and other CALIFORNIA

6    CLASS members were not provided with a thirty (30) minute duty-free meal period and were not fully

7    relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS members were

8    required from time-to-time to perform work as ordered by DEFENDANT for more than five (5) hours

9    during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to

10   provide PLAINTIFF and CALIFORNIA CLASS members with a second duty-free meal period for

11   some workdays in which these employees were required by DEFENDANT to work ten (10) hours of

12   work. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeited meal breaks

13   without additional compensation and in accordance with DEFENDANT's strict corporate policy and

14   practice. Moreover, PLAINTIFF and other members of the CALIFORNIA CLASS were not provided

15   with one-hour wages in lieu of their legally mandated duty-free meal and rest periods.

16   **C.**   **Rest Period Violations**

17         27.    The applicable IWC Wage Order requires that employers must authorize and permit

18   nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of

19   each work period. The rest period is based on the total hours worked daily and must be at the minimum

20   rate of a net ten consecutive minutes for each four-hour work period, or major fraction thereof. The

21   Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a

22   "major fraction" of four. A rest period is not required for employees whose total daily work time is less

23   than three and one-half hours. The rest period is counted as time worked and therefore, the employer

24   must pay for such periods.

25         28.    If an employer fails to provide an employee a rest period in accordance with an applicable

26   IWC Order, the employer shall pay the employee one additional hour of pay at the employee's regular

27   rate of pay for each workday that the rest period is not provided. Labor Code Section 226.7. Thus, if

28   an employer does not provide all of the rest periods required in a workday, the employee is entitled to

1   one additional hour of pay for that workday, not one additional hour of pay for each rest period that
2   was not provided during that workday.

3       29.     From time-to-time during the CLASS PERIOD, as a result of their misclassification as
4   independent contractors and their rigorous work schedules PLAINTIFF and other CALIFORNIA
5   CLASS members were also required to work in excess of four (4) hours without being provided ten
6   (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten
7   (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and
8   second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8)
9   hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten
10  (10) hours or more.  PLAINTIFF and other CALIFORNIA CLASS members were also not provided
11  with one-hour wages in lieu thereof. As a result of their misclassification and rigorous work schedules,
12  PLAINTIFF and other CALIFORNIA CLASS members were from time-to-time denied their proper
13  rest periods by DEFENDANT and DEFENDANT'S managers.

14  **D.   Failure to Pay Minimum, Regular and Overtime Wages**

15      30.     From time-to-time during the CLASS PERIOD, DEFENDANT failed to accurately
16  record and pay PLAINTIFF and other CALIFORNIA CLASS members for the actual amount of time
17  these employees work. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT
18  is required to pay PLAINTIFF and other CALIFORNIA CLASS members for all time worked, meaning
19  the time during which an employee was subject to the control of an employer, including all the time
20  the employee was permitted or suffered to permit this work. DEFENDANT required PLAINTIFF and
21  CALIFORNIA CLASS members to work off the clock without paying them for all the time they were
22  under DEFENDANT's control.  PLAINTIFF and other CALIFORNIA CLASS Members also worked
23  more than eight hours in a workday and/or forty hours in a workweek, but DEFENDANT failed to pay
24  these employees overtime pay as DEFENDANT only paid a flat rate or a flat hourly rate for all time
25  worked.  Consequently, PLAINTIFF and other CALIFORNIA CLASS members forfeited minimum
26  wages and overtime wage compensation by working without their time being correctly recorded and
27  without compensation at the applicable rates. DEFENDANT's policy and practice not to pay
28  PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by

1    DEFENDANT's business records. As a result, DEFENDANT failed to compensate PLAINTIFF and

2    the members of the CALIFORNIA CLASS all minimum, regular and overtime wages for all hours

3    worked in violation of Labor Code §§ 1194, 1197, 1197.1, 1198 and 510.

4    **E.**    **Failure to Reimburse Necessary and Required Business Expenses**

5       31.     Under California Labor Code Section 2802, employers are required to indemnify

6    employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code §

7    2802 expressly states that "an employer shall indemnify his or her employee for all necessary

8    expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

9    duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the

10    employee, at the time of obeying the directions, believed them to be unlawful."

11       32.     From time-to-time during the CLASS PERIOD, DEFENDANT as a matter of corporate

12    policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and

13    indemnify PLAINTIFF and the other CLASS MEMBERS for required business expenses incurred by

14    PLAINTIFF and other the CLASS MEMBERS in direct consequence of discharging their duties on

15    behalf of DEFENDANT.

16       33.     From time-to-time during the CLASS PERIOD, in the course of their employment

17    PLAINTIFF and other CALIFORNIA CLASS members as a business expense, were required by

18    DEFENDANT to use personal cellular phones, personal vehicles, and personal equipment as a result

19    of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or

20    indemnified by DEFENDANT for the cost associated with the use of the personal cellular phones,

21    personal equipment, and personal vehicles for DEFENDANT's benefit. In order to work for

22    DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members were required to use their

23    personal vehicles to travel to different locations each work shift and were also required to use their

24    personal cell phones to review, receive and accept job assignments and as such it is mandatory to have

25    a cell phone. Additionally, PLAINTIFF and other CALIFORNIA CLASS Members were required to

26    provide their own personal equipment and supplies needed to perform the essential job cleaning duties.

27    As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of

28    the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not

1    limited to, costs related to the use of their personal cellular phones, personal equipment, and personal

2    vehicle on behalf of and for the benefit of DEFENDANT.

3    **F.    Wage Statement Violations**

4          34.    California Labor Code Section 226 requires an employer to furnish its employees an

5    accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

6    number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

7    earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

8    employee and only the last four digits of the employee's social security number or an employee

9    identification number other than a social security number, (8) the name and address of the legal entity

10   that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

11   corresponding number of hours worked at each hourly rate by the employee.

12         35.    From time-to-time during the CLASS PERIOD, as a result of, *inter alia,* of

13   DEFENDANT's intentional and willful misclassification of PLAINTIFF and the members of the

14   CALIFORNIA CLASS as independent contractors rather than employees, DEFENDANT issued

15   inaccurate itemized wages statements to PLAINTIFF and the members of the CALIFORNIA CLASS

16   that failed to accurately showing (1) gross wages earned, (2) total hours worked, (3) the number of

17   piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages earned, (6) the

18   inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the

19   last four digits of the employee's social security number or an employee identification number other

20   than a social security number, (8) the name and address of the legal entity that is the employer and, (9)

21   all applicable hourly rates in effect during the pay period and the corresponding number of hours

22   worked at each hourly rate by the employee.

23         36.    As a result, DEFENDANT issued PLAINTIFF and the other members of the

24   CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.    Further,

25   DEFENDANT's violations are knowing and intentional, were not isolated or due to an unintentional

26   payroll error due to clerical or inadvertent mistake.

27   **G.    Unfair Competition**

28         37.    By reason of this conduct applicable to PLAINTIFF and all the CALIFORNIA CLASS

1    members, DEFENDANT committed acts of unfair competition in violation of the California Unfair

2    Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-

3    wide policy, practice and procedure which failed to correctly classify PLAINTIFF and the

4    CALIFORNIA CLASS members as employees. The proper classification of these employees is

5    DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet

6    this burden, DEFENDANT failed to pay all required wages for work performed by PLAINTIFF and

7    other CALIFORNIA CLASS Members and violated the California Labor Code and regulations

8    promulgated thereunder as herein alleged.

9         38.   PLAINTIFF as a worker for DEFENDANT, was classified by DEFENDANT as an

10   independent contractor and thus did not receive pay for all time worked, including minimum and

11   overtime wages. During the CALIFORNIA CLASS PERIOD, PLAINTIFF was also required to

12   perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving

13   a meal or rest break as evidenced by daily time reports for PLAINTIFF. PLAINTIFF therefore forfeited

14   meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict

15   corporate policy and practice which did not provide for mandatory meal and rest breaks. To date,

16   DEFENDANT has not fully paid PLAINTIFF all wages still owed to her or any penalty wages owed

17   to her under California Labor Code § 203. The amount in controversy for PLAINTIFF individually

18   does not exceed the sum or value of $75,000.

19                            **THE CALIFORNIA CLASS**

20        39.   PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

21   Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action,

22   pursuant to Cal. Code of Civ. Proc. § 382, for violations during the CLASS PERIOD on behalf of the

23   CALIFORNIA CLASS. The amount in controversy for the aggregate claim of CALIFORNIA CLASS

24   Members is under five million dollars ($5,000,000.00).

25        40.   To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS

26   against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

27        41.   All CALIFORNIA CLASS members who performed and continue to perform this work

28   for DEFENDANT during the CLASS PERIOD are similarly situated in that they are subject to

1    DEFENDANT's policy and practice that required them to perform work without compensation as

2    required by law.

3         42.    During the CLASS PERIOD, DEFENDANT violated the rights of the PLAINTIFF and

4    the CALIFORNIA CLASS members under California law, without limitation, in the following

5    manners:

6              (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

7    17200, *et seq.* the ("UCL"), in that DEFENDANT, while acting as employer, devised and implemented

8    a scheme whereby PLAINTIFF and the CALIFORNIA CLASS members are forced to unlawfully,

9    unfairly and deceptively shoulder the cost of DEFENDANT'S wages for all unpaid wages, business

10   related expenses, and DEFENDANT's share of employment taxes, social security taxes, unemployment

11   insurance and workers' compensation insurance;

12             (b)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

13   17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively having in place company policies,

14   practices and procedures that uniformly misclassified PLAINTIFF and the CALIFORNIA CLASS

15   members as independent contractors;

16             (c)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

17   17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively failing to have in place a company

18   policy, practice and procedure that accurately determined the amount of working time spent by

19   PLAINTIFF and the CALIFORNIA CLASS members performing non-exempt employee labor;

20             (d)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

21   17200, *et seq.* the ("UCL"), by failing to provide PLAINTIFF and the other members of the

22   CALIFORNIA CLASS with all legally required meal and rest breaks;

23             (e)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

24   17200, *et seq.* the ("UCL") by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

25   the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job

26   duties; and,

27             (f)    Committing an act of unfair competition in violation of the UCL, by violating

28   Cal. Lab. Code §§ 510, *et seq.*, by failing to pay the correct overtime pay to PLAINTIFF and the

1 | members of the CALIFORNIA CLASS who were improperly classified as exempt, and retaining the

2 | unpaid overtime to the benefit of DEFENDANT.

3 |      43.    As a result of DEFENDANT's policies, practices and procedures, there are numerous

4 | questions of law and fact common to all CALIFORNIA CLASS members who worked for during the

5 | CLASS PERIOD. These questions include, but are not limited, to the following:

6 |          (a)    Whether PLAINTIFF and other CALIFORNIA CLASS members were

7 | misclassified as independent contractors by DEFENDANT;

8 |          (b)    Whether the PLAINTIFF and the CALIFORNIA CLASS members all afforded

9 | all the protections of the California Labor Code that apply when properly classified as non-exempt

10 | employees;

11 |          (c)    Whether DEFENDANT's policies, practices and pattern of conduct described in

12 | this Complaint was and is unlawful;

13 |          (d)    Whether DEFENDANT unlawfully failed to pay their share of state and federal

14 | employment taxes as required by state and federal tax laws;

15 |          (e)    Whether DEFENDANT's policy, practice and procedure of classifying the

16 | CALIFORNIA CLASS members as independent contractors exempt from hourly wages laws for all

17 | time worked and failing to pay the CALIFORNIA CLASS members all amounts due violates applicable

18 | provisions of California State law;

19 |          (f)    Whether DEFENDANT unlawfully failed to keep and furnish the CALIFORNIA

20 | CLASS members with accurate records of all time worked; ·

21 |          (g)    Whether DEFENDANT has engaged in unfair competition by the above-listed

22 | conduct; and,

23 |          (h)    Whether DEFENDANT's conduct was willful.

24 |      44.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action

25 | as set forth in Cal. Code of Civ. Proc. § 382, in that:

26 |          (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the

27 | joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the

28 | parties and the Court;

**CLASS ACTION COMPLAINT**

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply to every CALIFORNIA CLASS member;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the CALIFORNIA CLASS members, was classified as an independent contractor upon hiring based on the defined corporate policies and practices and labors under DEFENDANT'S procedure that failed to properly classify the PLAINTIFF and the CALIFORNIA CLASS members. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the CALIFORNIA CLASS members were and are similarly or identically harmed by the same unlawful, unfair, deceptive and persuasive pattern of misconduct engaged in by DEFENDANT by deceptively telling all the CALIFORNIA CLASS members that they were not entitled to minimum wages, the employer's share of payment of payroll taxes and mandatory insurance, and reimbursement for business expenses based on the defined corporate policies and practices, and unfairly failed to pay these employees who were improperly classified as independent contractors; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who is competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the CALIFORNIA CLASS members that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the CALIFORNIA CLASS.

45.     In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

(i)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties

17

1    opposing the CALIFORNIA CLASS; and/or,

2                (ii)    Adjudication with respect to individual members of the CALIFORNIA

3    CLASS which would as a practical matter be dispositive of the interests of the other members not party

4    to the adjudication or substantially impair or impeded their ability to protect their interests.

5                (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds generally

6    applicable to the CALIFORNIA CLASS making appropriate class-wide relief with respect to the

7    CALIFORNIA CLASS as a whole in that DEFENDANT uniformly classified and treated the

8    CALIFORNIA CLASS Members as independent contractors and, thereafter, uniformly failed to take

9    proper steps to determine whether the CALIFORNIA CLASS members were properly classified as

10   independent contractors, and thereby denied these employees' wages and payments for business

11   expenses and the employer's share of payroll taxes and mandatory insurance as required by law.

12               (i)    With respect to the First Cause of Action, the final relief on behalf of the

13   CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the

14   PLAINTIFF seeks declaratory relief holding that DEFENDANT's policies and practices constitute

15   unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct

16   declared to constitute unfair competition.

17               (c)    Common questions of law and fact exist as to members of the CALIFORNIA

18   CLASS with respect to the practices and violations of California and federal law as listed above, and

19   predominate over any question affecting only individual members, and a Class Action is superior to

20   other available methods for the fair and efficient adjudication of the controversy, including consideration

21   of:

22               (i)    The interest of the CALIFORNIA CLASS members in individually

23   controlling the prosecution or defense of separate actions;

24               (ii)    The extent and nature of any litigation concerning the controversy already

25   commenced by or against members of the CALIFORNIA CLASS;

26               (iii)    In the context of wage litigation because as a practical matter a substantial

27   number of individual CALIFORNIA CLASS members will avoid asserting their legal rights out of fear

28   of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or

**CLASS ACTION COMPLAINT**

1   with a subsequent employer, the Class Action is the only means to assert their claims through a

2   representative;

3              (iv)    The desirability or undesirability of concentration the litigation of the

4   claims in the particular forum;

5              (v)    The difficulties likely to be encountered in the management of a Class

6   Action; and,

7              (vi)    The basis of DEFENDANT'S policies and practices applied to all the

8   CALIFORNIA CLASS members.

9        46.    The Court should permit this Action to be maintained as a Class Action pursuant to Cal.

10  Code of Civ. Proc. § 382 because:

11             (a)    The questions of law and fact common to the CALIFORNIA CLASS

12  predominate over any question affecting only individual members;

13             (b)    A Class Action is superior to any other available method for the fair and efficient

14  adjudication of the claims of the members of the CALIFORNIA CLASS;

15             (c)    The CALIFORNIA CLASS members are so numerous that it is impractical to

16  bring all CALIFORNIA CLASS members before the Court;

17             (d)    PLAINTIFF, and the CALIFORNIA CLASS Members, will not be able to obtain

18  effective and economic legal redress unless the action is maintained as a Class Action;

19             (e)    There is a community of interest in obtaining appropriate legal and equitable

20  relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining

21  adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon

22  the CALIFORNIA CLASS;

23             (f)    There is a community of interest in ensuring that the combined assets and

24  available insurance of DEFENDANT are sufficient to adequately compensate the CALIFORNIA

25  CLASS members for any injuries sustained;

26             (g)    DEFENDANT has acted or has refused to act on grounds generally applicable to

27  the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the

28  CLASS as a whole;

CLASS ACTION COMPLAINT

1         (h)     The members of the CALIFORNIA CLASS are readily ascertainable from the

2 business records of DEFENDANT; and,

3         (i)     Class treatment provides manageable judicial treatment calculated to bring an

4 efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of

5 DEFENDANT's conduct as to the CALIFORNIA CLASS Members.

6      47.    DEFENDANT maintain records from which the Court can ascertain and identify by

7 name and job title, each of DEFENDANT's employees who have been intentionally subjected to

8 DEFENDANT's corporate policies, practices and procedures as herein alleged. PLAINTIFF will seek

9 leave to amend the complaint to include any additional job titles of similarly situated employees when

10 they have been identified.

11 **THE CALIFORNIA LABOR SUB-CLASS**

12      48.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth

13 Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA

14 CLASS who are or previously were employed by DEFENDANT in California as independent

15 contractors (the "CALIFORNIA LABOR SUB-CLASS) at any time during the period three (3) years

16 prior to the filing of the Complaint and ending on the date as determined by the Court (the

17 "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc § 382. The

18 amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is

19 under five million dollars ($5,000,000.00).

20      49.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation

21 of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC")

22 Wage Order requirements intentionally, knowingly, and willfully, on the basis of job title alone and

23 without regard to the actual overall requirements of the job, systematically classified PLAINTIFF and

24 the other members of the CALIFORNIA LABOR SUBCLASS as independent contractors in order to

25 avoid the payment of all wages, and in order to avoid the obligations under the applicable California

26 Labor Code provisions. To the extent equitable tolling operates to toll claims by the CALIFORNIA

27 LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD

28 should be adjusted accordingly.

1    50.    DEFENDANT maintain records from which the Court can ascertain and identify by job

2    title each of DEFENDANT'S employees who as CALIFORNIA LABOR SUB-CLASS Members

3    have been systematically, intentionally and uniformly misclassified as independent contractors as a

4    matter of DEFENDANT's corporate policy, practices and procedures. PLAINTIFF will seek leave to

5    amend the complaint to include these additional job titles when they have been identified.

6    51.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

7    CALIFORNIA LABOR SUB-CLASS Members is impracticable.

8    52.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under

9    California law by:

10    (a)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by misclassifying and

11    thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the

12    correct minimum wages for which DEFENDANT is liable;

13    (b)    Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby failing

14    to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime

15    pay for a workday longer than eight (8) hours and/or a workweek longer than forty (40) hours for which

16    DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

17    (c)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF

18    and the other members of the CALIFORNIA LABOR SUBCLASS with all legally required off-duty,

19    uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

20    (d)    Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the

21    members of the CALIFORNIA LABOR SUB-CLASS who were improperly classified as independent

22    contractors with an accurate itemized statement in writing showing the gross wages earned, the net

23    wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount

24    of time worked at each hourly rate by the employee;

25    (e)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the

26    CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of

27    their job duties; and,

28    (f)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an

1   employee is discharged or quits from employment, the employer must pay the employee all wages due

2   without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner

3   required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have

4   terminated their employment.

5        53.    This Class Action meets the statutory prerequisites for the maintenance of a Class

6   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

7           (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so

8   numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and

9   the disposition of their claims as a class will benefit the parties and the Court;

10         (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

11   are raised in this Complaint are common to the CALIFORNIA LABOR 19 SUB-CLASS and will apply

12   to every member of the CALIFORNIA LABOR SUB-CLASS;

13         (c)    The claims of the representative PLAINTIFF are typical of the claims of each

14   member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all other members of the

15   CALIFORNIA LABOR SUB-CLASS was improperly classified as an independent contractor and was

16   thus denied minimum wage pay and meal and rest breaks, among other things, as a result of

17   DEFENDANT's systematic classification practices. PLAINTIFF and all other members of the

18   CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's

19   violations of the laws of California; and,

20         (d)    The representative PLAINTIFF will fairly and adequately represent and protect

21   the interest of the CALIFORNIA LABOR SUB-CLASS and has retained counsel who are competent

22   and experienced in Class Action litigation. There are no material conflicts between the claims of the

23   representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would

24   make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will

25   vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

26        54.    In addition to meeting the statutory prerequisites to a Class Action, this action is

27   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

28         (a)    Without class certification and determination of declaratory, injunctive,

**CLASS ACTION COMPLAINT**

1  statutory and other legal questions within the class format, prosecution of separate actions by individual

2  members of the CALIFORNIA LABOR SUBCLASS will create the risk of: 1) Inconsistent or varying

3  adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which

4  would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR

5  SUB-CLASS; or, 2) Adjudication with respect to individual members of the CALIFORNIA LABOR

6  SUB-CLASS which would as a practical matter be dispositive of interests of the other members not

7  party to the adjudication or substantially impair or impede their ability to protect their interests.

8          (b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or

9  refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making

10  appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in

11  that the DEFENDANT uniformly classified and treated the members of the CALIFORNIA LABOR

12  SUB-CLASS as independent contractors and, thereafter, uniformly failed to take proper steps to

13  determine whether the CALIFORNIA LABOR SUBCLASS Members were properly classified as

14  independent contractors, and thereby denied these employees the protections afforded to them under

15  the California Labor Code;

16          (c)     Common questions of law and fact predominate as to the members of the

17  CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as

18  listed above, and predominate over any question affecting only individual CALIFORNIA LABOR

19  SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and

20  efficient adjudication of the controversy, including consideration of:

21          i)      The interests of the members of the CALIFORNIA LABOR SUB-

22  CLASS in individually controlling the prosecution or defense of separate actions in that the substantial

23  expense of individual actions will be avoided to recover the relatively small amount of economic losses

24  sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the

25  substantial expense and burden of individual prosecution of this litigation;

26          ii)     Class certification will obviate the need for unduly duplicative litigation

27  that would create the risk of:

28          A.      Inconsistent or varying adjudications with respect to individual

1  members of the CALIFORNIA LABOR SUBCLASS, which would establish incompatible standards
2  of conduct for the DEFENDANT; and/or,

3          B.    Adjudications with respect to individual members of the
4  CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the
5  other members not parties to the adjudication or substantially impair or impede their ability to protect
6  their interests;

7          iii)    In the context of wage litigation because a substantial number of
8  individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of
9  fear of retaliation by DEFENDANT, which may adversely affect an individual's job with
10  DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims
11  through a representative; and,

12          iv)    A class action is superior to other available methods for the fair and
13  efficient adjudication of this litigation because class treatment will obviate the need for unduly and
14  unnecessary duplicative litigation that is likely to result in the absence of certification of this action
15  pursuant to Cal. Code of Civ. Proc. § 382.

16      55.    This Court should permit this action to be maintained as a Class Action pursuant to Cal.
17  Code of Civ. Proc. § 382 because:

18          (a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-
19  CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS
20  Members;

21          b)    A Class Action is superior to any other available method for the fair and efficient
22  adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the
23  context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-
24  CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse
25  impact on their employment;

26          (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that
27  it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

28          (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members,

1    will not be able to obtain effective and economic legal redress unless the action is maintained as a Class

2    Action;

3           (e)    There is a community of interest in obtaining appropriate legal and equitable

4    relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining

5    adequate compensation for the damages and injuries which DEFENDANT'S actions have inflicted

6    upon the CALIFORNIA LABOR SUB-CLASS;

7           (f)    There is a community of interest in ensuring that the combined assets of

8    DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR

9    SUB-CLASS for the injuries sustained;

10          (g)    DEFENDANT has acted or refused to act on grounds generally applicable to the

11   CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect

12   to the CALIFORNIA LABOR SUB-CLASS as a whole;

13          (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

14   ascertainable from the business records of DEFENDANT; and,

15          (i)    Class treatment provides manageable judicial treatment calculated to bring a

16   efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the

17   conduct of DEFENDANT.

18                          **JURISDICTION AND VENUE**

19      56.    This Court has jurisdiction over this Action pursuant to California Code of Civil

20   Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is

21   brought as a Class Action on behalf PLAINTIFF and on behalf of similarly situated employees of

22   DEFENDANT pursuant to Cal. Code of Civ. Proc. Section 382.

23      57.    Venue is proper in this Court pursuant to Cal. Code of Civ. Proc. Sections 395 and 395.5,

24   because DEFENDANT (i) currently maintains and at all relevant times maintained its principal offices

25   and facilities in this County and/or conducts substantial business in this County, and (ii) committed the

26   wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and

27   CALIFORNIA LABOR SUB-CLASS.

28

**CLASS ACTION COMPLAINT**

1

### FIRST CAUSE OF ACTION

2

#### For Unlawful, Unfair and Deceptive Business Practices

3

#### [Cal. Bus. & Prof. Code §§ 17200, *et seq.*]

4

#### (By PLAINTIFF and the CALIFORNIA CLASS Against All DEFENDANT)

5
6

58.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

7
8

59.     DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code § 17021.

9
10
11
12

60.     Section 17200 of the California Business & Professions Code defines unfair competition as any unlawful, unfair or fraudulent business act or practice. Section 17200 applies to violations of labor laws in the employment context. Section 17203 authorizes injunctive, declaratory and/or other equitable relief with respect to unfair competition as follows:

13
14
15
16
17
18
19
20

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may take such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

21

California Business & Professions Code § 17203.

22
23
24
25
26
27
28

61.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to the applicable Industrial Wage Orders, the California Labor Code including Sections 204, 210, 221, 226.7, 226.8, 510, 512, 1194, 1197, 1197.1, 1198, & 2802, and California Code of Regulations § 11090, for which this Court should issue declaratory, injunctive, and other equitable relief, pursuant to Cal. Bus. & Prof § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld, business expenses wrongfully withheld and for the payment

1  of the employer's share of income taxes, social security taxes, unemployment insurance and workers'

2  compensation insurance.

3       62.    By the conduct alleged herein DEFENDANT has obtained valuable property, money,

4  and services from PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived

5  them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

6  DEFENDANT so as to allow DEFENDANT to unfairly compete. Declaratory and injunctive relief is

7  necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not

8  afford adequate and complete relief.

9       63.    All the acts described herein as violations of, among other things, the California Labor

10  Code, California Code of Regulations and the Industrial Welfare Commission Wage Orders, were

11  unlawful, were in violation of public policy, were immoral, unethical, oppressive, and unscrupulous,

12  and were likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business

13  practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq.*

14       64.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent

15  in that DEFENDANT's policy and practice was to represent to the CALIFORNIA CLASS Members

16  that they were not entitled to overtime and minimum wages, payment for payroll taxes or mandatory

17  insurance and other benefits as required by California law, when in fact these representations were false

18  and likely to deceive and for which this Court should issue injunctive and equitable relief, pursuant to

19  Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

20       65.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

21  deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members

22  of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

23       66.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

24  do, seek such relief as may be necessary to restore to them the money and property which

25  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

26  CLASS have been deprived, by means of the above described unlawful and unfair business practices,

27  including earned but unpaid wages for all time worked.

28       67.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

**CLASS ACTION COMPLAINT**

1   and do, seek a declaration that the described business practices were unlawful, unfair and deceptive,

2   and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful

3   and unfair business practices in the future.

4         68.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

5   deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally

6   required meal and rest breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as

7   required by Cal. Lab. Code §§ 226.7 and 512.

8         69.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

9   CALIFORNIA CLASS member, minimum wages, payment for the employer's share of payroll taxes

10  and mandatory insurance, and one (1) hour of pay for each workday in which an off-duty meal period

11  was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday

12  in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

13        70.    PLAINTIFF further demands on behalf of herself and each member of the

14  CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not timely

15  provided as required by law.

16        71.    By and through the unlawful and unfair business practices described herein,

17  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other

18  members of the CALIFORNIA CLASS, including earned wages for all time worked and has deprived

19  them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these

20  employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete

21  against competitors who comply with the law.

22        72.    All the acts described herein as violations of, among other things, the Industrial Welfare

23  Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are

24  unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are

25  deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal.

26  Bus. & Prof. Code §§ 17200 *et seq.*

27        73.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

28  do, seek such relief as may be necessary to restore to them the money and property which

1    DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

2    CLASS have been deprived, by means of the above described unlawful and unfair business practices.

3        74.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

4    and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and

5    that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and

6    unfair business practices in the future.

7        75.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

8    and/or adequate remedy at law that will end the unlawful and unfair business practices of

9    DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result

10    of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of

11    the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic

12    harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair

13    business practices.

14                   **SECOND CAUSE OF ACTION**

15                  **For Failure to Pay Minimum Wages**

16             **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

17    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

18        76.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

19    reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

20    Complaint.

21        77.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring

22    a claim for DEFENDANT'S willful and intentional violations of the California Labor Code and the

23    Industrial Welfare Commission requirements for DEFENDANT'S failure to accurately calculate and

24    pay minimum wages to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members.

25        78.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public

26    policy, an employer must timely pay its employees for all hours worked.

27        79.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

28    commission is the minimum wage to be paid to employees, and the payment of a less wage than the

**CLASS ACTION COMPLAINT**

1   minimum so fixed in unlawful.

2       80.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

3   including minimum wage compensation and interest thereon, together with the costs of suit.

4       81.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members

5   of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked.

6   As set forth herein, DEFENDANT'S policy and practice was to unlawfully and intentionally deny

7   timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR

8   SUB-CLASS.

9       82.    DEFENDANT'S uniform pattern of unlawful wage and hour practices manifested,

10  without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

11  implementing a policy and practice that denied accurate compensation to PLAINTIFF and the other

12  members of the CALIFORNIA LABOR SUB-CLASS regarding minimum wage pay.

13      83.    In committing these violations of the California Labor Code, DEFENDANT inaccurately

14  calculate the correct time worked and consequently underpays the actual time worked by PLAINTIFF

15  and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal

16  attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor

17  Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

18      84.    As a direct result of DEFENDANT'S unlawful wage practices as alleged herein,

19  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive the

20  correct minimum wage compensation for their time worked for DEFENDANT.

21      85.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other

22  members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were

23  entitled to, constituting a failure to pay all earned wages.

24      86.    By virtue of DEFENDANT'S unlawful failure to accurately pay all earned compensation

25  to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time

26  they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have

27  suffered and will continue to suffer an economic injury in amounts which are presently unknown to

28  them and which will be ascertained according to proof at trial.

**CLASS ACTION COMPLAINT**

87.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members for their labor and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

88.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

89.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT'S conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

///

**CLASS ACTION COMPLAINT**

**THIRD CAUSE OF ACTION**

For Failure to Pay Overtime Wages

[Cal. Lab. Code §§ 510, 1194, & 1198]

(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)

90.     PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

91.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members overtime wages for the time they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 & 1198, even though PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members were regularly required to work, and did in fact work, overtime that DEFENDANT never recorded as evidenced by DEFENDANT'S business records and witnessed by DEFENDANT'S employees.

92.     By virtue of DEFENDANT'S unlawful failure to pay compensation to PLAINTIFF and the CALIFORNIA CLASS Members for all overtime worked by these employees, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have suffered, and will continue to suffer, an economic in amounts which are presently unknown to them and which can be ascertained according to proof at trial.

93.     DEFENDANT knew or should have known that PLAINTIFF and the CALIFORNIA CLASS Members were misclassified as independent contractors and DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of corporate policy, practice and procedure.

94.     PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members therefore request recovery of all compensation according to proof, interest, costs, as well as the assessment of any statutory penalties against DEFENDANT in a sum as provided by the California Labor Code and/or other statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, these employees would also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein. Further, PLAINTIFF and the CALIFORNIA LABOR SUBCLASS Members are entitled to seek and

1    recover statutory costs.

2        95.    In performing the acts and practices herein alleged in violation of California labor laws,

3    and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime

4    worked and provide them with the requisite overtime compensation, DEFENDANT acted and

5    continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

6    members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their

7    legal rights, or the consequences to them, and with the despicable intent of depriving them of their

8    property and legal rights, and otherwise causing them injury in order to increase corporate profits at the

9    expense of these employees.

10                         **FOURTH CAUSE OF ACTION**

11                   **For Failure to Provide Required Meal Periods**

12                         **[Cal. Lab. Code §§ 226.7 & 512]**

13            **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

14                                 **DEFENDANT)**

15        96.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

16    reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

17    Complaint.

18        97.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, from time to time,

19    DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the

20    other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

21    Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-

22    CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the

23    legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and

24    other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of

25    duty by DEFENDANT for their meal periods. Additionally, DEFENDANT'S failure to provide

26    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal

27    breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT'S business records. As a

28    result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore

1    forfeited meal breaks without additional compensation and in accordance with DEFENDANT'S strict
2    corporate policy and practice.

3          98.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC
4    Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS
5    Members who were not provided a meal period, in accordance with the applicable Wage Order, one
6    additional hour of compensation at each employee's regular rate of pay for each workday that a meal
7    period was not provided.

8          99.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA
9    LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek
10   all wages earned and due, interest, penalties, expenses and costs of suit.

11   **FIFTH CAUSE OF ACTION**
12   **For Failure to Provide Required Rest Periods**
13   **[Cal. Lab. Code §§ 226.7 & 512]**
14   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

15         100.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
16   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this
17   Complaint.

18         101.    From time to time, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS
19   Members were required to work in excess of four (4) hours without being provided ten (10) minute rest
20   periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for
21   some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10)
22   minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest
23   period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and
24   other CALIFORNIA LABOR SUBCLASS Members were also not provided with one-hour wages in
25   lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA
26   LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT
27   and DEFENDANT'S managers.

28         102.    88. DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

34
**CLASS ACTION COMPLAINT**

1    IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

2    Members who were not provided a rest period, in accordance with the applicable Wage Order, one

3    additional hour of compensation at each employee's regular rate of pay for each workday that rest

4    period was not provided.

5        103.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

6    LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek

7    all wages earned and due, interest, penalties, expenses and costs of suit.

8                            **SIXTH CAUSE OF ACTION**

9                     **For Failure to Provide Accurate Itemized Statements**

10                            **[Cal. Lab. Code § 226]**

11   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

12       104.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

13   reallege and incorporate by this reference, as though fully set forth herein, the prior of this Complaint.

14       105.    California Labor Code Section 226 requires an employer to furnish its employees an

15   accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

16   number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

17   earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

18   employee and only the last four digits of the employee's social security number or an employee

19   identification number other than a social security number, (8) the name and address of the legal entity

20   that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

21   corresponding number of hours worked at each hourly rate by the employee.

22       106.    From time-to-time during the CALIFORNIA LABOR SUB-CLASS PERIOD,

23   DEFENDANT issued inaccurate itemized wages statements to PLAINTIFF and the members of the

24   CALIFORNIA LABOR SUB-CLASS that failed to accurately showing (1) gross wages earned, (2)

25   total hours worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all

26   deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,

27   (7) the name of the employee and only the last four digits of the employee's social security number or

28   an employee identification number other than a social security number, (8) the name and address of the

**CLASS ACTION COMPLAINT**

1  legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay period and
2  the corresponding number of hours worked at each hourly rate by the employee.

3      107.    As a result, DEFENDANT issued PLAINTIFF and the other members of the
4  CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.   Further,
5  DEFENDANT'S violations are knowing and intentional, were not isolated or due to an unintentional
6  payroll error due to clerical or inadvertent mistake.

7      108.    DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226,
8  causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS.
9  These damages include, but are not limited to, costs expended calculating the true amount of time
10 worked and the amount of employment taxes which were not properly paid to state and federal tax
11 authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members
12 of the CALIFORNIA LABOR SUB-CLASS elect to recover liquidated damages of $50.00 for the
13 initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay
14 period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no
15 event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR
16 SUB-CLASS herein).

17              **SEVENTH CAUSE OF ACTION**
18         **For Failure to Reimburse Employees for Required Expenses**
19                  **[Cal. Lab. Code § 2802]**
20 **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**
21      109.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and
22 incorporate by this reference, as though fully set forth herein, paragraphs 1 through 79 of this Complaint.
23      110.    Cal. Lab. Code § 2802 provides, in relevant part, that:
24          An employer shall indemnify his or her employee for all necessary
25          expenditures or losses incurred by the employee in direct consequence of
26          the discharge of his or her duties, or of his or her obedience to the directions
27          of the employer, even though unlawful, unless the employee, at the time of
28          obeying the directions, believed them to be unlawful.

**36**
**CLASS ACTION COMPLAINT**

111.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT'S benefit. Specifically, DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, the cost associated with the use of their personal cellular phones, personal equipment, and personal vehicles for DEFENDANT'S benefit. In order to work for DEFENDANT, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required to use their personal vehicles to travel and to use DEFENDANT'S mobile application and as such it is mandatory to have a cell phone that is compatible with DEFENDANT'S mobile application. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which included, but were not limited to, the costs related to the use of their personal cellular phones, personal equipment, and personal vehicles all on behalf of and for the benefit of DEFENDANT. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are also not reimbursed or indemnified by DEFENDANT for the cost associated with using their personal vehicles while driving for DEFENDANT. Moreover, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also required to provide their own cleaning supplies and equipment necessary to perform the essential job duties. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to travel all on behalf of and for the benefit of DEFENDANT. These expenses are necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT'S conduct to assert any waiver of this expectation. Although these expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

112.     PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for

**CLASS ACTION COMPLAINT**

1   DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate

2   and costs under Cal. Lab. Code § 2802.

### EIGHTH CAUSE OF ACTION

**For Failure to Pay Wages When Due**

**[Cal. Lab. Code §§ 201, 202 and 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

113.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

114.   Cal. Lab. Code § 200 states that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

115.   Cal. Lab. Code § 201 states, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

116.   Cal. Lab. Code § 202 states, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice

**CLASS ACTION COMPLAINT**

1        shall be entitled to receive payment by mail if he or she so requests and

2        designates a mailing address. The date of the mailing shall constitute the

3        date of payment for purposes of the requirement to provide payment

4        within72 hours of the notice of quitting.

5        117.   There was no definite term in PLAINTIFF's or any other CALIFORNIA LABOR SUB-

6   CLASS Members' employment contract.

7        118.   Cal. Lab. Code § 203 states:

8        If an employer willfully fails to pay, without abatement or reduction, in

9        accordance with Sections 201, 201.5, 202, and 205.5, any wages of an

10       employee who is discharged or who quits, the wages of the employee shall

11       continue as a penalty from the due date thereof at the same rate until paid

12       or until an action therefor is commenced; but the wages shall not continue

13       for more than 30 days.

14       119.   The employment of PLAINTIFF and many other CALIFORNIA LABOR SUB-CLASS

15  Members has terminated, yet as to those individuals whose employment terminated, DEFENDANT did

16  not timely tender payment of all wages owed as required by law.

17       120.   Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of

18  the CALIFORNIA LABOR SUB-CLASS whose employment terminated, PLAINTIFF demands thirty

19  days of pay as penalty for not paying all wages due at time of termination for all individuals in the

20  CALIFORNIA LABOR SUB-CLASS who terminated employment during the CALIFORNIA LABOR

21  SUB-CLASS PERIOD plus interest and statutory costs as allowed.

22               **NINTH CAUSE OF ACTION**

23       **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT**

24              **(Cal. Lab. Code §§2698 et seq.)**

25         **(Alleged by PLAINTIFF against all Defendants)**

26       121.   PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein,

27  the prior paragraphs of this Complaint.

28

**CLASS ACTION COMPLAINT**

122.   PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who does so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code. In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." (Stats. 2003, ch. 906, § 1). Accordingly, PAGA claims cannot be subject to arbitration.

123.   PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, bring this Representative Action on behalf of the State of California with respect to themselves and all individuals who worked for DEFENDANT in California as independent contractors during the time period of January 28, 2021 until the present (the "AGGRIEVED EMPLOYEES").

124.   On January 28, 2022, PLAINTIFF gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.  See Exhibit #1, attached hereto and incorporated by this reference herein.   The statutory waiting period for Plaintiff to add these allegations to the Complaint has expired.   As a result, pursuant to Section 2699.3, Plaintiff may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

125.   The policies, acts and practices heretofore described were and are an unlawful business act or practice because DEFENDANT misclassified Plaintiff and AGGRIEVED EMPLOYEES as independent contractors, and therefore (a) failed to properly record and pay PLAINTIFF and the other AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime hours in violation of the Wage Order, (b) failed to provide accurate itemized wage statements, (c) failed to provide mandatory meal breaks and rest breaks, (d) failed to pay meal and rest break premiums, (e) failed to timely pay wages at the correct rate, all in violation of the applicable Labor Code sections listed in Labor Code §2699.5, including but not limited to Labor Code §§ 201, 201.3, 202, 203, 204, 210, 218.5, 218.6, 226,

226.2, 226.3, 226.7, 246, 510, 512, 558, 1174(d), 1174.5, 1194, 1197, 1197.1, 1197.14, 1198, 1199, 2802, and 2804, and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such conduct. PLAINTIFF hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each DEFENDANT, jointly and severally, as follows:

1.      On behalf of the CALIFORNIA CLASS:

A)      That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)      An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)      An order requiring DEFENDANT to pay minimum and overtime wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

D)      Restitutionary disgorgement of DEFENDANT'S ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT'S violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.      On behalf of the CALIFORNIA LABOR SUB-CLASS:

A)      That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)      Compensatory damages, according to proof at trial, including compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C)      The wages of all terminated individuals in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is

41

**CLASS ACTION COMPLAINT**

1  commenced, in accordance with Cal. Lab. Code § 203;

2          D)     The greater of all actual damages or fifty dollars ($50) for the initial pay period

3  in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA

4  LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty

5  of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

6          E)     Meal and rest period compensation pursuant to California Labor Code Section

7  226.7 and the applicable IWC Wage Order;

8          F)     The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

9  LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

10         G) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197.

11  3.     On behalf of the State of California and with respect to all AGGRIEVED

12  EMPLOYEES:  Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

13  General Act of 2004;

14  4.     On all claims:

15         A)     An award of interest, including prejudgment interest at the legal rate;

16         B)     Such other and further relief as the Court deems just and equitable; and,

17         C)     An award of penalties, attorneys' fees and cost of suit, as allowable under the

18  law, including, but not limited to, pursuant to Labor Code §226, §1194, and/or §2802.

19

20  Dated: April 4, 2022                            Respectfully Submitted,
21                                                  JCL LAW FIRM, A.P.C.

22
                                                    By: ⟨signature⟩
23                                                  Jean-Claude Lapuyade
                                                    Attorneys for PLAINTIFF
24

25

26

27

28

**42**

**CLASS ACTION COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2        PLAINTIFF demands a jury trial on all issues triable to a jury.

3

4    Dated: April 4, 2022                                Respectfully Submitted,
                                                          JCL LAW FIRM, A.P.C.
5

6                                                         By: _____
7                                                         Jean-Claude Lapuyade
                                                          Attorneys for PLAINTIFF
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



January 28, 2022

<u>Via Online Filing to LWDA and Certified Mail to Defendant</u>
**Labor and Workforce Development Agency**
Online Filing

**HOMEAGLOW INC.**
c/o Registered Agents Inc.
1401 21st Street, Suite R
Sacramento, CA 95811
*Sent Via Certified Mail & Receipt No. 7021 2720 0000 9972 5450*

Re:     <u>Notice of Violations of California Labor Code Sections 201, 201.3, 202, 203, 204, 210,
        218.5, 218.6, 226, 226.2, 226.3, 226.7, 246, 510, 512, 558, 1174(d), 1174.5, 1194, 1197,
        1197.1, 1197.14, 1198, 1199, 2802, and 2804, Violation of Applicable Industrial
        Welfare Commission Wage Order(s), and Pursuant to California Labor Code
        Section 2699.5</u>

Dear Sir/Madam:

        Our offices represent Plaintiff JEANETTE GOMES ("Plaintiff"), and other aggrieved
employees in a proposed lawsuit against Defendant HOMEAGLOW INC. ("Defendant"). This
office intends to file the enclosed Class Action Complaint on behalf of Client and other similarly
situated employees. The purpose of this correspondence is to provide the Labor and Workforce
Development Agency with notice of alleged violations of the California Labor Code and certain
facts and theories in support of the alleged violations in accordance with Labor Code section
2699.3.

        Plaintiff worked for Defendant in California from October of 2021 to November of 2021.
Plaintiff was classified by Defendant as an independent contractor, however the job duties
performed by Plaintiff and other aggrieved employees did not entitle Defendant to claim any
exemption from minimum wage and overtime compensation and providing meal periods to
Plaintiff or any of the other workers who were classified as independent contractors. As a result,
Plaintiff and other aggrieved employees worked time for which they were unlawfully not paid
the correct minimum wage and overtime compensation. Further, Plaintiff and other aggrieved
employees were not provided with the legally required meal and rest breaks in accordance with
California law. Additionally, Plaintiff contends that Defendant failed to comply with Industrial
Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiff began
and ended each shift and meal period.

        As a consequence of the aforementioned violations, Plaintiff further contends that
Defendant failed to provide accurate wage statements to her, and other aggrieved employees, in
violation of California Labor Code section 226(a). Said conduct, in addition to the foregoing
Labor Code §§ 201, 201.3, 202, 203, 204, 210, 218.5, 218.6, 226, 226.2, 226.3, 226.7, 246, 510,
512, 558, 1174(d), 1174.5, 1194, 1197, 1197.1, 1197.14, 1198, 1199, 2802, and 2804, violates

the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

**Plaintiff seeks to represent a group of aggrieved employees defined as all non-exempt employees, exempt employees, and individuals classified as independent contractors who worked for Defendant in California during the relevant claim period.**

A true and correct copy of the proposed Complaint by Plaintiff against Defendant, which (1) identifies the alleged violations, (2) details the facts and theories which support the alleged violations, (3) details the specific work performed by Plaintiff, (4) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (5) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

To the extent that entities and/or individuals are named and charged with violations of the Labor Code—making them liable on an individual basis as permitted by numerous Labor Code Sections including, but not limited to 558, 558.1, and 1197.1—Plaintiff reserves any and all rights to add, substitute, or change the name of employer entities and/or individuals responsible for the violations at issue.

Any further amendments and changes to this notice shall relate back to the date of this notice. Consequently, Defendant is on notice that Plaintiff continues her investigation, with the full intent to amend and/or change this notice, to add any undiscovered violations of any of the provisions of the California Labor Code—to the extent that are applicable to this case—and to change and/or add the identities of any entities and/or individuals responsible for the violations contained herein.

This notice is provided to enable Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code section 2695, *et seq.* The lawsuit consists of other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees.

Your earliest response to this notice is appreciated. If you have any questions or concerns, please do not hesitate to contact me at the above number and address.

Very truly yours,
JCL LAW FIRM, APC

Jean-Claude Lapuyade, Esq.

Enclosure (1)

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

Attorneys for Plaintiff JEANETTE GOMES

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| JEANETTE GOMES, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>HOMEAGLOW INC., a Delaware corporation; and DOES 1 through 30, Inclusive;<br><br>        DEFENDANT. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*<br>4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>6. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7. FAILURE TO REIMBURSE EMPLOYEES FO REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; |

1

8. FAILURE TO PROVIDE WAGES WHEN DUE
IN VIOLATION OF CAL. LAB. CODE §§ 201,
202 AND 203.

**DEMAND FOR JURY TRIAL**

Plaintiff JEANETTE GOMES ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except her own acts and knowledge which are based on personal knowledge, the following:

**INTRODUCTION**

1.      PLAINTIFF is an individual who works as a housekeeper in California for defendant HOMEAGLOW INC. ("DEFENDANT"). PLAINTIFF alleges that DEFENDANT has violated and continues to violate the California Labor Code protections applicable to California employees because DEFENDANT has misclassified its California employees as independent contractors.  In order to provide services to their customers, DEFENDANT hires California workers to aid DEFENDANT in providing services in the usual course of DEFENDANT's on-demand home cleaning service business to their clients. DEFENDANT controlled and directed the work performed by PLAINTIFF and the other similarly situated misclassified California workers by, among other things, scheduling hours of work, providing job site information, and issuing written policies and procedures for the performance of work and conduct in the workplace. PLAINTIFF and the other similarly situated misclassified California workers are not and were not engaged in a customarily independently established trade, occupation or business as the same nature of the work performed.  The costs, as proscribed by law, of the personnel hired to work for DEFENDANT, includes not only the pay of these employees but the cost of the employer's share of tax payments to the federal and state governments for income taxes, social security taxes, Medicare insurance, unemployment insurance and payments for workers' compensation insurance.  To avoid the payment of these legally proscribed expenses to the fullest extent possible, DEFENDANT devised a scheme to place the responsibility for the payment of these costs and expenses of DEFENDANT on the shoulders of PLAINTIFF and other similarly situated California employees. As employer, DEFENDANT is legally responsible for the payment of all these expenses. This lawsuit is brought in order to collect the wages due to PLAINTIFF and all those similarly situated misclassified independent contractors as DEFENDANT's employees, the cost of

1   the employer's share of payments to the federal and state governments for income taxes, social

2   security taxes, Medicare insurance, unemployment insurance and payments for workers'

3   compensation insurance, plus penalties and interest.

4                                   **THE PARTIES**

5       2.      DEFENDANT is a Delaware corporation, that at all relevant times mentioned herein

6   conducted and continues to conduct substantial business in the State of California, County of San

7   Joaquin, and provides home cleaning services.

8       3.      DEFENDANT utilizes independent contractors, rather than employees, to provide its

9   clients with on-demand home cleaning services.

10      4.      The true names and capacities, whether individual, corporate, subsidiary, partnership,

11  associate or otherwise of DEFENDANT DOES 1 through 50, inclusive, are presently unknown to

12  PLAINTIFF who therefore sues these DEFENDANT by such fictitious names pursuant to Cal. Civ.

13  Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and

14  capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and

15  believes, and based upon that information and belief allege, that the DEFENDANT named in this

16  Complaint, including DOES 1 through 50, inclusive (hereinafter collectively "DEFENDANT" and/or

17  "DEFENDANT"), are responsible in some manner for one or more of the events and happenings that

18  proximately caused the injuries and damages hereinafter alleged.

19      5.      The agents, servants and/or employees of the DEFENDANT and each of them acting

20  on behalf of the DEFENDANT acted within the course and scope of his, her or its authority as the

21  agent, servant and/or employee of the DEFENDANT, and personally participated in the conduct

22  alleged herein on behalf of the DEFENDANT with respect to the conduct alleged herein.

23  Consequently, the acts of DEFENDANT are legally attributable to the other and all DEFENDANTS

24  are jointly and severally liable to PLAINTIFF and those similarly situated, for the loss sustained as a

25  proximate result of the conduct of the DEFENDANT's agents, servants and/or employees.

26      6.      DEFENDANT was PLAINTIFF's employer or persons acting on behalf of

27  PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused

28  to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating

1  hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to

2  civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

3       7.    DEFENDANT was PLAINTIFF's employer or persons acting on behalf of

4  PLAINTIFF's employer either individually or as an officer, agent, or employee of another person,

5  within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee

6  a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties

7  for each underpaid employee.

8       8.    PLAINTIFF worked as a housekeeper for DEFENDANT from October of 2021 to

9  November of 2021 and was at all times during her employment classified by DEFENDANT as an

10  independent contractor.

11       9.    PLAINTIFF brings this Class Action on behalf of herself and on behalf of all of

12  individuals who worked for DEFENDANT in California as independent contractors ("CALIFORNIA

13  CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint

14  and ending on the date as determined by the Court (the "CLASS PERIOD").  The amount in

15  controversy for the aggregate claim of CALIFORNIA CLASS members is under five million dollars

16  ($5,000,000.00).

17       10.    DEFENDANT's uniform policies and practices alleged herein were unlawful, unfair

18  and deceptive business practices whereby DEFENDANT retained and continues to retain wages and

19  other benefits due to PLAINTIFF and the other members of the CALIFORNIA CLASS.

20       11.    PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction

21  enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other

22  members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past

23  and current unlawful conduct, and all other appropriate legal and equitable relief.

24  **THE CONDUCT**

25  **A.**   **Misclassification**

26       12.    DEFENDANT engaged in a pattern and practice of misclassifying California workers

27  as independent contractors, hired to perform work and services core to DEFENDANT's businesses, in

28  violation of California Labor Code Section 226.8. California Labor Code Section 226.8 provides that

4

1    "[i]t is unlawful for any person or employer to engage in …[w]illful misclassification of an individual

2    as an independent contractor." The penalty for willful misclassification of employees is a "civil penalty

3    of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for

4    each violation, in addition to any other penalties or fines permitted by law." It is further provided that,

5    in the event that an employer is found to have engaged in "a pattern or practice of these violations," the

6    penalties increase to "not less than ten thousand dollars ($10,000) and not more than twenty-five

7    thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by

8    law." Cal. Labor Code § 226.8.

9         13.    Similarly, PLAINTIFF and other members of the CALIFORNIA CLASS were not

10   compensated overtime wages for any of their time spent working in excess of eight (8) hours in a

11   workday, twelve (12) hours in a workday, and/or forty (40) hours in a workweek. PLAINTIFF and

12   other members of the CALIFORNIA CLASS were paid the hourly rate to perform labor services on

13   DEFENDANT's behalf. PLAINTIFF and other workers were not compensated any other wages besides

14   the non-negotiable hourly rate, and they were not allowed to record their time while they waited for

15   DEFENDANT to give them work.  DEFENDANT did not pay PLAINTIFF and other CALIFORNIA

16   CLASS members for the time spent driving to and from jobs, the materials required to perform the

17   jobs, and all the other time they spent working for DEFENDANT outside of the job assignment they

18   were placed at with DEFENDANT's third-party customers. The finite set of tasks required to be

19   performed by the workers is, when notified via cell phone, travel to DEFENDANT's customers to

20   perform jobs, including but not limited to, residential housekeeping, all in accordance with

21   DEFENDANT's business practices and policies.

22        14.    As a result, stripped of all the legal fictions and artificial barriers to an honest

23   classification of the relationship between PLAINTIFF and all the other members of the CALIFORNIA

24   CLASS on the one hand, and DEFENDANT on the other hand, PLAINTIFF and all the other members

25   of the CALIFORNIA CLASS are and were employees of DEFENDANT and not independent

26   contractors of DEFENDANT and should therefore be properly classified as non-exempt, hourly

27   employees.

28        15.    The finite set of tasks required of PLAINTIFF and the other CALIFORNIA CLASS

CLASS ACTION COMPLAINT

members as defined by DEFENDANT was executed by them through the performance of non-exempt labor.

16.    Although PLAINTIFF and the other CALIFORNIA CLASS members performed non-exempt labor subject to DEFENDANT's complete control over the manner and means of performance, DEFENDANT instituted a blanket classification policy, practice and procedure by which all of these CALIFORNIA CLASS Members were classified as "independent contractors" exempt from compensation for overtime worked, meal breaks and rest breaks, and reimbursement for business related expenses. By reason of this uniform misclassification, the CALIFORNIA CLASS Members were also required to pay DEFENDANT's share of payroll taxes and mandatory insurance premiums. As a result of this uniform misclassification practice, policy and procedure applicable to PLAINTIFF and the other CALIFORNIA CLASS Members who performed this work for DEFENDANT, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy, practice and procedure which failed to properly classify PLAINTIFF and the other CALIFORNIA CLASS members as employees and thereby failed to pay them wages for all time worked, reimbursement of business related expenses, failed to provide them with meal and rest breaks, and failed to reimburse these employees for the employer's share of payroll taxes and mandatory insurance.

17.    DEFENDANT, as a matter of law, has the burden of proving that employees are properly classified and that DEFENDANT otherwise complies with applicable laws. DEFENDANT, as a matter of corporate policy, erroneously and unilaterally classified all the CALIFORNIA CLASS Members as independent contractors in violation of the California Labor Code and regulations promulgated thereunder.

        i.    **Plaintiff and Other Members of the California Class Were Not Free from the Control and Direction of Defendant**

18.    DEFENDANT controlled and directed the work performed by PLAINTIFF and the other similarly situated misclassified California workers by, among other things, scheduling hours of work, providing job site information, and issuing written policies and procedures for the performance of work and conduct in the workplace.  Upon hire, the position was represented by DEFENDANT to

1   PLAINTIFF and the other workers as an independent contractor position in exchange for an hourly rate

2   of pay for the time they spend providing labor and services to DEFENDANT's third-party customers.

3        19.    To perform their job duties, PLAINTIFF and the other members of the CALIFORNIA

4   CLASS perform work subject to the control of DEFENDANT in that DEFENDANT had the authority

5   to exercise complete control over the work performed and the manner and means in which the work

6   was performed. DEFENDANT provided the customers and DEFENDANT provided the instructions

7   as to how to perform their work.

8        20.    California Labor Code § 3357 defines "employee" as "every person in the service of an

9   employer under any appointment or contact of hire or apprenticeship, express or implied, oral or

10  written, whether lawfully or unlawfully employed." Additionally, to the California Labor Code's

11  presumption that workers are employees, the California Supreme Court has determined the most

12  significant factor to be considered in distinguishing an independent contractor from an employee is

13  whether the *employer or principal has control or the right to control the work both as to the work*

14  *performed and the manner and means in which the work is performed*. DEFENDANT heavily

15  controlled both the work performed and the manner and means in which the PLAINTIFF and other

16  workers performed their work in that:

17              (a)    PLAINTIFF and other members of the CALIFORNIA CLASS were not

18                     involved in a distinct business, but instead were provided with instructions as to how to

19                     perform their work and the manner and means in which the work was to be performed

20                     by means of DEFENDANT and DEFENDANT's manuals and written instructions;

21              (b)    PLAINTIFF and other members of the CALIFORNIA CLASS were

22                     continuously provided with training and supervision, including following

23                     DEFENDANT's company documents, and received training from DEFENDANT as to

24                     how and in what way to perform the services;

25              (c)    DEFENDANT set the requirements as to what policies and procedures all of the

26                     workers were to follow, including but not limited to, hourly rates and location of

27                     assignment;

28              (d)    PLAINTIFF and other members of the CALIFORNIA CLASS had no

7

CLASS ACTION COMPLAINT

opportunity for profit or loss because DEFENDANT only paid these workers an hourly rate. DEFENDANT controlled and assigned the workers which tasks were to be performed;

(e)     PLAINTIFF and other members of the CALIFORNIA CLASS performed services and labor which are part of the core of DEFENDANT's principal business and is closely integrated with and essential to the employer's business of services and labor to their customers;

(f)     PLAINTIFF and other members of the CALIFORNIA CLASS performed the work themselves and did not hire others to perform their work for them;

(g)     PLAINTIFF and other members of the CALIFORNIA CLASS did not have the authority to make employment-related personnel decisions;

(h)     PLAINTIFF and other members of the CALIFORNIA CLASS performed their work in a particular order and sequence in accordance with DEFENDANT and DEFENDANT customers company policies; and,

(i)     DEFENDANT had the "right" to control every critical aspect of DEFENDANT labor operation in that DEFENDANT provided the customer, assigned where PLAINTFIFF and other members of the CALIFORNIA CLASS were to go, assigned the hourly rate or flat rate, and step by step instructions to PLAINTIFF and other members of the CALIFORNIA CLASS as to the entire process of working at their assigned locations. PLAINTIFF and other workers provided services and labor for DEFENDANT customers and were not actually in business for themselves.

ii.     **Plaintiff and Other Members of the California Class Did Not Perform Work Outside the Usual Course of Defendant's Business**

21.     DEFENDANT willfully misclassified PLAINTIFF and other members of the CALIFORNIA CLASS who provided DEFENDANT with housekeeping services for DEFENDANT's clients.   In other words, PLAINTIFF and other similarly situated California workers provided DEFENDANT with work and services within the usual course of DEFENDANT's business.

22.     DEFENDANT markets itself to the public, PLAINTIFF and other members of the

1     CALIFORNIA CLASS as a provider of on-demand house cleaning services. As a result, DEFENDANT

2     unquestionably holds itself out to the public, PLAINTIFF and other members of the CALIFORNIA

3     CLASS as a provider of on-demand housekeeping services. Therefore, the performance of

4     DEFENDANT's housekeeping services by PLAINTIFF and other members of the CALIFORNIA

5     CLASS is not outside DEFENDANT'S usual course of business.

6            **iii.**      **Plaintiff and Other Members of the California Class Were Not Engaged in**

7                          **an Independently Established Trade, Occupation, or Business of the Same**

8                          **Nature as the Work Performed for Defendant**

9            23.    PLAINTIFF and the other members of the CALIFORNIA CLASS are not and were not

10    engaged in a customarily independently established trade, occupation or business as the same nature of

11    the work performed.

12    **B.    Meal Period Violations**

13           24.    In California, an employer may not employ an employee for a work period of more than

14    five hours per day without providing the employee with a duty-free meal period of not less than thirty

15    minutes, except that if the total work period per day of the employee is no more than six hours, the

16    meal period may be waived by mutual consent of both the employer and employee. A second duty-free

17    meal period of not less than thirty minutes is required if an employee works more than ten hours per

18    day, except that if the total hours worked is no more than 12 hours, the second duty-free meal period

19    may be waived by mutual consent of the employer and employee only if the first meal period was not

20    waived. Labor Code Section 512.

21           25.    If an employer fails to provide an employee a duty-free meal period in accordance with

22    an applicable IWC Order, the employer must pay one additional hour of pay at the employee's regular

23    rate of pay for each workday that the meal period is not provided. IWC Orders and Labor Code Section

24    226.7. This additional hour is not counted as hours worked for purposes of overtime calculations.

25           26.    From time-to-time during the CLASS PERIOD, as a result of their misclassification as

26    independent contractors and their rigorous work schedules, PLAINTIFF and other CALIFORNIA

27    CLASS members were not provided with a thirty (30) minute duty-free meal period and were not fully

28    relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS members were

1    required from time-to-time to perform work as ordered by DEFENDANT for more than five (5) hours

2    during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to

3    provide PLAINTIFF and CALIFORNIA CLASS members with a second duty-free meal period for

4    some workdays in which these employees were required by DEFENDANT to work ten (10) hours of

5    work. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeited meal breaks

6    without additional compensation and in accordance with DEFENDANT's strict corporate policy and

7    practice. Moreover, PLAINTIFF and other members of the CALIFORNIA CLASS were not provided

8    with one-hour wages in lieu of their legally mandated duty-free meal and rest periods.

9    **C.    Rest Period Violations**

10    27.    The applicable IWC Wage Order requires that employers must authorize and permit

11    nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of

12    each work period. The rest period is based on the total hours worked daily and must be at the minimum

13    rate of a net ten consecutive minutes for each four-hour work period, or major fraction thereof. The

14    Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a

15    "major fraction" of four. A rest period is not required for employees whose total daily work time is less

16    than three and one-half hours. The rest period is counted as time worked and therefore, the employer

17    must pay for such periods.

18    28.    If an employer fails to provide an employee a rest period in accordance with an applicable

19    IWC Order, the employer shall pay the employee one additional hour of pay at the employee's regular

20    rate of pay for each workday that the rest period is not provided. Labor Code Section 226.7. Thus, if

21    an employer does not provide all of the rest periods required in a workday, the employee is entitled to

22    one additional hour of pay for that workday, not one additional hour of pay for each rest period that

23    was not provided during that workday.

24    29.    From time-to-time during the CLASS PERIOD, as a result of their misclassification as

25    independent contractors and their rigorous work schedules PLAINTIFF and other CALIFORNIA

26    CLASS members were also required to work in excess of four (4) hours without being provided ten

27    (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten

28    (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and

1  second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8)

2  hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten

3  (10) hours or more.  PLAINTIFF and other CALIFORNIA CLASS members were also not provided

4  with one-hour wages in lieu thereof. As a result of their misclassification and rigorous work schedules,

5  PLAINTIFF and other CALIFORNIA CLASS members were from time-to-time denied their proper

6  rest periods by DEFENDANT and DEFENDANT'S managers.

7  **D.    Failure to Pay Minimum, Regular and Overtime Wages**

8       30.    From time-to-time during the CLASS PERIOD, DEFENDANT failed to accurately

9  record and pay PLAINTIFF and other CALIFORNIA CLASS members for the actual amount of time

10  these employees work.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT

11  is required to pay PLAINTIFF and other CALIFORNIA CLASS members for all time worked, meaning

12  the time during which an employee was subject to the control of an employer, including all the time

13  the employee was permitted or suffered to permit this work. DEFENDANT required PLAINTIFF and

14  CALIFORNIA CLASS members to work off the clock without paying them for all the time they were

15  under DEFENDANT's control.  PLAINTIFF and other CALIFORNIA CLASS Members also worked

16  more than eight hours in a workday and/or forty hours in a workweek, but DEFENDANT failed to pay

17  these employees overtime pay as DEFENDANT only paid a flat rate or a flat hourly rate for all time

18  worked.  Consequently, PLAINTIFF and other CALIFORNIA CLASS members forfeited minimum

19  wages and overtime wage compensation by working without their time being correctly recorded and

20  without compensation at the applicable rates. DEFENDANT's policy and practice not to pay

21  PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by

22  DEFENDANT's business records. As a result, DEFENDANT failed to compensate PLAINTIFF and

23  the members of the CALIFORNIA CLASS all minimum, regular and overtime wages for all hours

24  worked in violation of Labor Code §§ 1194, 1197, 1197.1, 1198 and 510.

25  **E.    Failure to Reimburse Necessary and Required Business Expenses**

26       31.    Under California Labor Code Section 2802, employers are required to indemnify

27  employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code §

28  2802 expressly states that "an employer shall indemnify his or her employee for all necessary

1    expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

2    duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the

3    employee, at the time of obeying the directions, believed them to be unlawful."

4          32.     From time-to-time during the CLASS PERIOD, DEFENDANT as a matter of corporate

5    policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and

6    indemnify PLAINTIFF and the other CLASS MEMBERS for required business expenses incurred by

7    PLAINTIFF and other the CLASS MEMBERS in direct consequence of discharging their duties on

8    behalf of DEFENDANT.

9          33.     From time-to-time during the CLASS PERIOD, in the course of their employment

10   PLAINTIFF and other CALIFORNIA CLASS members as a business expense, were required by

11   DEFENDANT to use personal cellular phones, personal vehicles, and personal equipment as a result

12   of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or

13   indemnified by DEFENDANT for the cost associated with the use of the personal cellular phones,

14   personal equipment, and personal vehicles for DEFENDANT's benefit. In order to work for

15   DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members were required to use their

16   personal vehicles to travel to different locations each work shift and were also required to use their

17   personal cell phones to review, receive and accept job assignments and as such it is mandatory to have

18   a cell phone. Additionally, PLAINTIFF and other CALIFORNIA CLASS Members were required to

19   provide their own personal equipment and supplies needed to perform the essential job cleaning duties.

20   As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of

21   the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not

22   limited to, costs related to the use of their personal cellular phones, personal equipment, and personal

23   vehicle on behalf of and for the benefit of DEFENDANT.

24   **F.**   **Wage Statement Violations**

25         34.     California Labor Code Section 226 requires an employer to furnish its employees an

26   accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

27   number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

28   earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

1  employee and only the last four digits of the employee's social security number or an employee
2  identification number other than a social security number, (8) the name and address of the legal entity
3  that is the employer and, (9) all applicable hourly rates in effect during the pay period and the
4  corresponding number of hours worked at each hourly rate by the employee.

5      35.    From time-to-time during the CLASS PERIOD, as a result of, *inter alia,* of
6  DEFENDANT's intentional and willful misclassification of PLAINTIFF and the members of the
7  CALIFORNIA CLASS as independent contractors rather than employees, DEFENDANT issued
8  inaccurate itemized wages statements to PLAINTIFF and the members of the CALIFORNIA CLASS
9  that failed to accurately showing (1) gross wages earned, (2) total hours worked, (3) the number of
10 piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages earned, (6) the
11 inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the
12 last four digits of the employee's social security number or an employee identification number other
13 than a social security number, (8) the name and address of the legal entity that is the employer and, (9)
14 all applicable hourly rates in effect during the pay period and the corresponding number of hours
15 worked at each hourly rate by the employee.

16     36.    As a result, DEFENDANT issued PLAINTIFF and the other members of the
17 CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.   Further,
18 DEFENDANT's violations are knowing and intentional, were not isolated or due to an unintentional
19 payroll error due to clerical or inadvertent mistake.

20 **G.   Unfair Competition**

21     37.    By reason of this conduct applicable to PLAINTIFF and all the CALIFORNIA CLASS
22 members, DEFENDANT committed acts of unfair competition in violation of the California Unfair
23 Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-
24 wide policy, practice and procedure which failed to correctly classify PLAINTIFF and the
25 CALIFORNIA CLASS members as employees. The proper classification of these employees is
26 DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet
27 this burden, DEFENDANT failed to pay all required wages for work performed by PLAINTIFF and
28 other CALIFORNIA CLASS Members and violated the California Labor Code and regulations

1    promulgated thereunder as herein alleged.

2        38.    PLAINTIFF as a worker for DEFENDANT, was classified by DEFENDANT as an
3    independent contractor and thus did not receive pay for all time worked, including minimum and
4    overtime wages. During the CALIFORNIA CLASS PERIOD, PLAINTIFF was also required to
5    perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving
6    a meal or rest break as evidenced by daily time reports for PLAINTIFF. PLAINTIFF therefore forfeited
7    meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict
8    corporate policy and practice which did not provide for mandatory meal and rest breaks. To date,
9    DEFENDANT has not fully paid PLAINTIFF all wages still owed to her or any penalty wages owed
10   to her under California Labor Code § 203. The amount in controversy for PLAINTIFF individually
11   does not exceed the sum or value of $75,000.

12                              **THE CALIFORNIA CLASS**

13       39.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive
14   Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action,
15   pursuant to Cal. Code of Civ. Proc. § 382, for violations during the CLASS PERIOD on behalf of the
16   CALIFORNIA CLASS. The amount in controversy for the aggregate claim of CALIFORNIA CLASS
17   Members is under five million dollars ($5,000,000.00).

18       40.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS
19   against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

20       41.    All CALIFORNIA CLASS members who performed and continue to perform this work
21   for DEFENDANT during the CLASS PERIOD are similarly situated in that they are subject to
22   DEFENDANT's policy and practice that required them to perform work without compensation as
23   required by law.

24       42.    During the CLASS PERIOD, DEFENDANT violated the rights of the PLAINTIFF and
25   the CALIFORNIA CLASS members under California law, without limitation, in the following
26   manners:

27           (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§
28   17200, *et seq.* the ("UCL"), in that DEFENDANT, while acting as employer, devised and implemented

                                      14
                          **CLASS ACTION COMPLAINT**

1   a scheme whereby PLAINTIFF and the CALIFORNIA CLASS members are forced to unlawfully,

2   unfairly and deceptively shoulder the cost of DEFENDANT'S wages for all unpaid wages, business

3   related expenses, and DEFENDANT's share of employment taxes, social security taxes, unemployment

4   insurance and workers' compensation insurance;

5           (b)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

6   17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively having in place company policies,

7   practices and procedures that uniformly misclassified PLAINTIFF and the CALIFORNIA CLASS

8   members as independent contractors;

9           (c)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

10  17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively failing to have in place a company

11  policy, practice and procedure that accurately determined the amount of working time spent by

12  PLAINTIFF and the CALIFORNIA CLASS members performing non-exempt employee labor;

13          (d)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

14  17200, *et seq.* the ("UCL"), by failing to provide PLAINTIFF and the other members of the

15  CALIFORNIA CLASS with all legally required meal and rest breaks;

16          (e)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

17  17200, *et seq.* the ("UCL") by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

18  the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job

19  duties; and,

20          (f)     Committing an act of unfair competition in violation of the UCL, by violating

21  Cal. Lab. Code §§ 510, *et seq.*, by failing to pay the correct overtime pay to PLAINTIFF and the

22  members of the CALIFORNIA CLASS who were improperly classified as exempt, and retaining the

23  unpaid overtime to the benefit of DEFENDANT.

24      43.     As a result of DEFENDANT's policies, practices and procedures, there are numerous

25  questions of law and fact common to all CALIFORNIA CLASS members who worked for during the

26  CLASS PERIOD. These questions include, but are not limited, to the following:

27          (a)     Whether PLAINTIFF and other CALIFORNIA CLASS members were

28  misclassified as independent contractors by DEFENDANT;

1        (b)     Whether the PLAINTIFF and the CALIFORNIA CLASS members all afforded

2 all the protections of the California Labor Code that apply when properly classified as non-exempt

3 employees;

4        (c)     Whether DEFENDANT's policies, practices and pattern of conduct described in

5 this Complaint was and is unlawful;

6        (d)     Whether DEFENDANT unlawfully failed to pay their share of state and federal

7 employment taxes as required by state and federal tax laws;

8        (e)     Whether DEFENDANT's policy, practice and procedure of classifying the

9 CALIFORNIA CLASS members as independent contractors exempt from hourly wages laws for all

10 time worked and failing to pay the CALIFORNIA CLASS members all amounts due violates applicable

11 provisions of California State law;

12        (f)     Whether DEFENDANT unlawfully failed to keep and furnish the CALIFORNIA

13 CLASS members with accurate records of all time worked;

14        (g)     Whether DEFENDANT has engaged in unfair competition by the above-listed

15 conduct; and,

16        (h)     Whether DEFENDANT's conduct was willful.

17    44.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action

18 as set forth in Cal. Code of Civ. Proc. § 382, in that:

19        (a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the

20 joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the

21 parties and the Court;

22        (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

23 raised in this Complaint are common to the CALIFORNIA CLASS and will apply to every

24 CALIFORNIA CLASS member;

25        (c)     The claims of the representative PLAINTIFF are typical of the claims of each

26 member of the CALIFORNIA CLASS. PLAINTIFF, like all the CALIFORNIA CLASS members, was

27 classified as an independent contractor upon hiring based on the defined corporate policies and practices

28 and labors under DEFENDANT'S procedure that failed to properly classify the PLAINTIFF and the

1  CALIFORNIA CLASS members. PLAINTIFF sustained economic injury as a result of DEFENDANT's

2  employment practices. PLAINTIFF and the CALIFORNIA CLASS members were and are similarly or

3  identically harmed by the same unlawful, unfair, deceptive and persuasive pattern of misconduct

4  engaged in by DEFENDANT by deceptively telling all the CALIFORNIA CLASS members that they

5  were not entitled to minimum wages, the employer's share of payment of payroll taxes and mandatory

6  insurance, and reimbursement for business expenses based on the defined corporate policies and

7  practices, and unfairly failed to pay these employees who were improperly classified as independent

8  contractors; and,

9          (d)    The representative PLAINTIFF will fairly and adequately represent and protect

10 the interest of the CALIFORNIA CLASS, and has retained counsel who is competent and experienced

11 in Class Action litigation. There are no material conflicts between the claims of the representative

12 PLAINTIFF and the CALIFORNIA CLASS members that would make class certification inappropriate.

13 Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the

14 CALIFORNIA CLASS.

15      45.    In addition to meeting the statutory prerequisites to a Class Action, this Action is properly

16 maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

17          (a)    Without class certification and determination of declaratory, injunctive, statutory

18 and other legal questions within the class format, prosecution of separate actions by individual members

19 of the CALIFORNIA CLASS will create the risk of:

20              (i)    Inconsistent or varying adjudications with respect to individual members

21 of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties

22 opposing the CALIFORNIA CLASS; and/or,

23              (ii)   Adjudication with respect to individual members of the CALIFORNIA

24 CLASS which would as a practical matter be dispositive of the interests of the other members not party

25 to the adjudication or substantially impair or impeded their ability to protect their interests.

26          (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds generally

27 applicable to the CALIFORNIA CLASS making appropriate class-wide relief with respect to the

28 CALIFORNIA CLASS as a whole in that DEFENDANT uniformly classified and treated the

**CLASS ACTION COMPLAINT**

1    CALIFORNIA CLASS Members as independent contractors and, thereafter, uniformly failed to take
2    proper steps to determine whether the CALIFORNIA CLASS members were properly classified as
3    independent contractors, and thereby denied these employees' wages and payments for business
4    expenses and the employer's share of payroll taxes and mandatory insurance as required by law.

5            (i)    With respect to the First Cause of Action, the final relief on behalf of the
6    CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the
7    PLAINTIFF seeks declaratory relief holding that DEFENDANT's policies and practices constitute
8    unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct
9    declared to constitute unfair competition.

10           (c)    Common questions of law and fact exist as to members of the CALIFORNIA
11   CLASS with respect to the practices and violations of California and federal law as listed above, and
12   predominate over any question affecting only individual members, and a Class Action is superior to
13   other available methods for the fair and efficient adjudication of the controversy, including consideration
14   of:

15           (i)    The interest of the CALIFORNIA CLASS members in individually
16   controlling the prosecution or defense of separate actions;

17           (ii)    The extent and nature of any litigation concerning the controversy already
18   commenced by or against members of the CALIFORNIA CLASS;

19           (iii)    In the context of wage litigation because as a practical matter a substantial
20   number of individual CALIFORNIA CLASS members will avoid asserting their legal rights out of fear
21   of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or
22   with a subsequent employer, the Class Action is the only means to assert their claims through a
23   representative;

24           (iv)    The desirability or undesirability of concentration the litigation of the
25   claims in the particular forum;

26           (v)    The difficulties likely to be encountered in the management of a Class
27   Action; and,

28           (vi)    The basis of DEFENDANT'S policies and practices applied to all the

1    CALIFORNIA CLASS members.

2         46.    The Court should permit this Action to be maintained as a Class Action pursuant to Cal.

3    Code of Civ. Proc. § 382 because:

4              (a)    The questions of law and fact common to the CALIFORNIA CLASS

5    predominate over any question affecting only individual members;

6              (b)    A Class Action is superior to any other available method for the fair and efficient

7    adjudication of the claims of the members of the CALIFORNIA CLASS;

8              (c)    The CALIFORNIA CLASS members are so numerous that it is impractical to

9    bring all CALIFORNIA CLASS members before the Court;

10             (d)    PLAINTIFF, and the CALIFORNIA CLASS Members, will not be able to obtain

11   effective and economic legal redress unless the action is maintained as a Class Action;

12             (e)    There is a community of interest in obtaining appropriate legal and equitable

13   relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining

14   adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon

15   the CALIFORNIA CLASS;

16             (f)    There is a community of interest in ensuring that the combined assets and

17   available insurance of DEFENDANT are sufficient to adequately compensate the CALIFORNIA

18   CLASS members for any injuries sustained;

19             (g)    DEFENDANT has acted or has refused to act on grounds generally applicable to

20   the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the

21   CLASS as a whole;

22             (h)    The members of the CALIFORNIA CLASS are readily ascertainable from the

23   business records of DEFENDANT; and,

24             (i)    Class treatment provides manageable judicial treatment calculated to bring an

25   efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of

26   DEFENDANT's conduct as to the CALIFORNIA CLASS Members.

27        47.    DEFENDANT maintain records from which the Court can ascertain and identify by

28   name and job title, each of DEFENDANT's employees who have been intentionally subjected to

DEFENDANT's corporate policies, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

**THE CALIFORNIA LABOR SUB-CLASS**

48.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California as independent contractors (the "CALIFORNIA LABOR SUB-CLASS) at any time during the period three (3) years prior to the filing of the Complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

49.     DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order requirements intentionally, knowingly, and willfully, on the basis of job title alone and without regard to the actual overall requirements of the job, systematically classified PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS as independent contractors in order to avoid the payment of all wages, and in order to avoid the obligations under the applicable California Labor Code provisions. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

50.     DEFENDANT maintain records from which the Court can ascertain and identify by job title each of DEFENDANT'S employees who as CALIFORNIA LABOR SUB-CLASS Members have been systematically, intentionally and uniformly misclassified as independent contractors as a matter of DEFENDANT's corporate policy, practices and procedures. PLAINTIFF will seek leave to amend the complaint to include these additional job titles when they have been identified.

51.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

**CLASS ACTION COMPLAINT**

1    52.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under

2    California law by:

3         (a)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by misclassifying and

4    thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the

5    correct minimum wages for which DEFENDANT is liable;

6         (b)    Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby failing

7    to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime

8    pay for a workday longer than eight (8) hours and/or a workweek longer than forty (40) hours for which

9    DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

10        (c)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF

11   and the other members of the CALIFORNIA LABOR SUBCLASS with all legally required off-duty,

12   uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

13        (d)    Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the

14   members of the CALIFORNIA LABOR SUB-CLASS who were improperly classified as independent

15   contractors with an accurate itemized statement in writing showing the gross wages earned, the net

16   wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount

17   of time worked at each hourly rate by the employee;

18        (e)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the

19   CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of

20   their job duties; and,

21        (f)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an

22   employee is discharged or quits from employment, the employer must pay the employee all wages due

23   without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner

24   required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have

25   terminated their employment.

26    53.    This Class Action meets the statutory prerequisites for the maintenance of a Class

27   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

28        (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so

**21**

**CLASS ACTION COMPLAINT**

1    numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and
2    the disposition of their claims as a class will benefit the parties and the Court;

3            (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that
4    are raised in this Complaint are common to the CALIFORNIA LABOR 19 SUB-CLASS and will apply
5    to every member of the CALIFORNIA LABOR SUB-CLASS;

6            (c)    The claims of the representative PLAINTIFF are typical of the claims of each
7    member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all other members of the
8    CALIFORNIA LABOR SUB-CLASS was improperly classified as an independent contractor and was
9    thus denied minimum wage pay and meal and rest breaks, among other things, as a result of
10   DEFENDANT's systematic classification practices. PLAINTIFF and all other members of the
11   CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's
12   violations of the laws of California; and,

13           (d)    The representative PLAINTIFF will fairly and adequately represent and protect
14   the interest of the CALIFORNIA LABOR SUB-CLASS and has retained counsel who are competent
15   and experienced in Class Action litigation. There are no material conflicts between the claims of the
16   representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would
17   make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will
18   vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

19       54.    In addition to meeting the statutory prerequisites to a Class Action, this action is
20   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

21           (a)    Without class certification and determination of declaratory, injunctive,
22   statutory and other legal questions within the class format, prosecution of separate actions by individual
23   members of the CALIFORNIA LABOR SUBCLASS will create the risk of: 1) Inconsistent or varying
24   adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which
25   would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR
26   SUB-CLASS; or, 2) Adjudication with respect to individual members of the CALIFORNIA LABOR
27   SUB-CLASS which would as a practical matter be dispositive of interests of the other members not
28   party to the adjudication or substantially impair or impede their ability to protect their interests.

**22**

**CLASS ACTION COMPLAINT**

1        (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or

2   refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making

3   appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in

4   that the DEFENDANT uniformly classified and treated the members of the CALIFORNIA LABOR

5   SUB-CLASS as independent contractors and, thereafter, uniformly failed to take proper steps to

6   determine whether the CALIFORNIA LABOR SUBCLASS Members were properly classified as

7   independent contractors, and thereby denied these employees the protections afforded to them under

8   the California Labor Code;

9        (c)    Common questions of law and fact predominate as to the members of the

10  CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as

11  listed above, and predominate over any question affecting only individual CALIFORNIA LABOR

12  SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and

13  efficient adjudication of the controversy, including consideration of:

14       i)    The interests of the members of the CALIFORNIA LABOR SUB-

15  CLASS in individually controlling the prosecution or defense of separate actions in that the substantial

16  expense of individual actions will be avoided to recover the relatively small amount of economic losses

17  sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the

18  substantial expense and burden of individual prosecution of this litigation;

19       ii)    Class certification will obviate the need for unduly duplicative litigation

20  that would create the risk of:

21       A.    Inconsistent or varying adjudications with respect to individual

22  members of the CALIFORNIA LABOR SUBCLASS, which would establish incompatible standards

23  of conduct for the DEFENDANT; and/or,

24       B.    Adjudications with respect to individual members of the

25  CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the

26  other members not parties to the adjudication or substantially impair or impede their ability to protect

27  their interests;

28       iii)    In the context of wage litigation because a substantial number of

CLASS ACTION COMPLAINT

1    individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of

2    fear of retaliation by DEFENDANT, which may adversely affect an individual's job with

3    DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims

4    through a representative; and,

5                                    iv)     A class action is superior to other available methods for the fair and

6    efficient adjudication of this litigation because class treatment will obviate the need for unduly and

7    unnecessary duplicative litigation that is likely to result in the absence of certification of this action

8    pursuant to Cal. Code of Civ. Proc. § 382.

9            55.     This Court should permit this action to be maintained as a Class Action pursuant to Cal.

10   Code of Civ. Proc. § 382 because:

11                   (a)     The questions of law and fact common to the CALIFORNIA LABOR SUB-

12   CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS

13   Members;

14                   b)      A Class Action is superior to any other available method for the fair and efficient

15   adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the

16   context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-

17   CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse

18   impact on their employment;

19                   (c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that

20   it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

21                   (d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members,

22   will not be able to obtain effective and economic legal redress unless the action is maintained as a Class

23   Action;

24                   (e)     There is a community of interest in obtaining appropriate legal and equitable

25   relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining

26   adequate compensation for the damages and injuries which DEFENDANT'S actions have inflicted

27   upon the CALIFORNIA LABOR SUB-CLASS;

28                   (f)     There is a community of interest in ensuring that the combined assets of

                                                        24

1   DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR

2   SUB-CLASS for the injuries sustained;

3           (g)     DEFENDANT has acted or refused to act on grounds generally applicable to the

4   CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect

5   to the CALIFORNIA LABOR SUB-CLASS as a whole;

6           (h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily

7   ascertainable from the business records of DEFENDANT; and,

8           (i)     Class treatment provides manageable judicial treatment calculated to bring a

9   efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the

10  conduct of DEFENDANT.

11                          **JURISDICTION AND VENUE**

12          56.     This Court has jurisdiction over this Action pursuant to California Code of Civil

13  Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is

14  brought as a Class Action on behalf PLAINTIFF and on behalf of similarly situated employees of

15  DEFENDANT pursuant to Cal. Code of Civ. Proc. Section 382.

16          57.     Venue is proper in this Court pursuant to Cal. Code of Civ. Proc. Sections 395 and 395.5,

17  because DEFENDANT (i) currently maintains and at all relevant times maintained its principal offices

18  and facilities in this County and/or conducts substantial business in this County, and (ii) committed the

19  wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and

20  CALIFORNIA LABOR SUB-CLASS.

21

22  ///

23

24                          **FIRST CAUSE OF ACTION**

25              **For Unlawful, Unfair and Deceptive Business Practices**

26                  **[Cal. Bus. & Prof. Code §§ 17200, *et seq.*]**

27      **(By PLAINTIFF and the CALIFORNIA CLASS Against All DEFENDANT)**

28          58.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

                                    25

1    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

2          59.    DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code §

3    17021.

4          60.    Section 17200 of the California Business & Professions Code defines unfair competition

5    as any unlawful, unfair or fraudulent business act or practice. Section 17200 applies to violations of

6    labor laws in the employment context. Section 17203 authorizes injunctive, declaratory and/or other

7    equitable relief with respect to unfair competition as follows:

8                      Any person who engages, has engaged, or proposes to engage in unfair

9                      competition may be enjoined in any court of competent jurisdiction. The

10                     court may take such orders or judgments, including the appointment of a

11                     receiver, as may be necessary to prevent the use or employment by any

12                     person of any practice which constitutes unfair competition, as defined in

13                     this chapter, or as may be necessary to restore to any person in interest any

14                     money or property, real or personal, which may have been acquired by

15                     means of such unfair competition.

16                 California Business & Professions Code § 17203.

17         61.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a

18   business practice which violates California law, including but not limited to the applicable Industrial

19   Wage Orders, the California Labor Code including Sections 204, 210, 221, 226.7, 226.8, 510, 512,

20   1194, 1197, 1197.1, 1198, & 2802, and California Code of Regulations § 11090, for which this Court

21   should issue declaratory, injunctive, and other equitable relief, pursuant to Cal. Bus. & Prof § 17203,

22   as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including

23   restitution of wages wrongfully withheld, business expenses wrongfully withheld and for the payment

24   of the employer's share of income taxes, social security taxes, unemployment insurance and workers'

25   compensation insurance.

26         62.    By the conduct alleged herein DEFENDANT has obtained valuable property, money,

27   and services from PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived

28   them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

1 │ DEFENDANT so as to allow DEFENDANT to unfairly compete. Declaratory and injunctive relief is

2 │ necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not

3 │ afford adequate and complete relief.

4 │      63.    All the acts described herein as violations of, among other things, the California Labor

5 │ Code, California Code of Regulations and the Industrial Welfare Commission Wage Orders, were

6 │ unlawful, were in violation of public policy, were immoral, unethical, oppressive, and unscrupulous,

7 │ and were likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business

8 │ practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq.*

9 │      64.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent

10 │ in that DEFENDANT's policy and practice was to represent to the CALIFORNIA CLASS Members

11 │ that they were not entitled to overtime and minimum wages, payment for payroll taxes or mandatory

12 │ insurance and other benefits as required by California law, when in fact these representations were false

13 │ and likely to deceive and for which this Court should issue injunctive and equitable relief, pursuant to

14 │ Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

15 │      65.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

16 │ deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members

17 │ of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

18 │      66.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

19 │ do, seek such relief as may be necessary to restore to them the money and property which

20 │ DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

21 │ CLASS have been deprived, by means of the above described unlawful and unfair business practices,

22 │ including earned but unpaid wages for all time worked.

23 │      67.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

24 │ and do, seek a declaration that the described business practices were unlawful, unfair and deceptive,

25 │ and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful

26 │ and unfair business practices in the future.

27 │      68.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

28 │ deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally

1   required meal and rest breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as

2   required by Cal. Lab. Code §§ 226.7 and 512.

3        69.   Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

4   CALIFORNIA CLASS member, minimum wages, payment for the employer's share of payroll taxes

5   and mandatory insurance, and one (1) hour of pay for each workday in which an off-duty meal period

6   was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday

7   in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

8        70.   PLAINTIFF further demands on behalf of herself and each member of the

9   CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not timely

10  provided as required by law.

11       71.   By and through the unlawful and unfair business practices described herein,

12  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other

13  members of the CALIFORNIA CLASS, including earned wages for all time worked and has deprived

14  them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these

15  employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete

16  against competitors who comply with the law.

17       72.   All the acts described herein as violations of, among other things, the Industrial Welfare

18  Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are

19  unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are

20  deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal.

21  Bus. & Prof. Code §§ 17200 et seq.

22       73.   PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

23  do, seek such relief as may be necessary to restore to them the money and property which

24  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

25  CLASS have been deprived, by means of the above described unlawful and unfair business practices.

26       74.   PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

27  and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and

28  that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and

1    unfair business practices in the future.

2         75.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

3    and/or adequate remedy at law that will end the unlawful and unfair business practices of

4    DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result

5    of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of

6    the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic

7    harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair

8    business practices.

9                              **SECOND CAUSE OF ACTION**

10                           **For Failure to Pay Minimum Wages**

11                         **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

12    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

13         76.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

14    reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

15    Complaint.

16         77.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring

17    a claim for DEFENDANT'S willful and intentional violations of the California Labor Code and the

18    Industrial Welfare Commission requirements for DEFENDANT'S failure to accurately calculate and

19    pay minimum wages to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members.

20         78.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public

21    policy, an employer must timely pay its employees for all hours worked.

22         79.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

23    commission is the minimum wage to be paid to employees, and the payment of a less wage than the

24    minimum so fixed in unlawful.

25         80.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

26    including minimum wage compensation and interest thereon, together with the costs of suit.

27         81.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members

28    of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked.

1   As set forth herein, DEFENDANT'S policy and practice was to unlawfully and intentionally deny
2   timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR
3   SUB-CLASS.

4       82.   DEFENDANT'S uniform pattern of unlawful wage and hour practices manifested,
5   without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of
6   implementing a policy and practice that denied accurate compensation to PLAINTIFF and the other
7   members of the CALIFORNIA LABOR SUB-CLASS regarding minimum wage pay.

8       83.   In committing these violations of the California Labor Code, DEFENDANT inaccurately
9   calculate the correct time worked and consequently underpays the actual time worked by PLAINTIFF
10  and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal
11  attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor
12  Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

13      84.   As a direct result of DEFENDANT'S unlawful wage practices as alleged herein,
14  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive the
15  correct minimum wage compensation for their time worked for DEFENDANT.

16      85.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other
17  members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were
18  entitled to, constituting a failure to pay all earned wages.

19      86.   By virtue of DEFENDANT'S unlawful failure to accurately pay all earned compensation
20  to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time
21  they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have
22  suffered and will continue to suffer an economic injury in amounts which are presently unknown to
23  them and which will be ascertained according to proof at trial.

24      87.   DEFENDANT knew or should have known that PLAINTIFF and the other members of
25  the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked.
26  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay
27  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members for their labor and
28  DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the

1  CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

2      88.    In performing the acts and practices herein alleged in violation of California labor laws,

3  and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time

4  worked and provide them with the requisite compensation, DEFENDANT acted and continues to act

5  intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the

6  CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or

7  the consequences to them, and with the despicable intent of depriving them of their property and legal

8  rights, and otherwise causing them injury in order to increase company profits at the expense of these

9  employees.

10     89.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

11  therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as

12  the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California

13  Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined

14  to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their

15  employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore

16  these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

17  penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.

18  DEFENDANT'S conduct as alleged herein was willful, intentional and not in good faith. Further,

19  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover

20  statutory costs.

21

22  / / /

23

24              **THIRD CAUSE OF ACTION**

25            **For Failure to Pay Overtime Wages**

26            **[Cal. Lab. Code §§ 510, 1194, & 1198]**

27  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

28     90.    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members reallege and

1 incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

2 91. During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT failed to pay

3 PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members overtime wages for the time they

4 worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 &

5 1198, even though PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members were regularly

6 required to work, and did in fact work, overtime that DEFENDANT never recorded as evidenced by

7 DEFENDANT'S business records and witnessed by DEFENDANT'S employees.

8 92. By virtue of DEFENDANT'S unlawful failure to pay compensation to PLAINTIFF and

9 the CALIFORNIA CLASS Members for all overtime worked by these employees, PLAINTIFF and

10 CALIFORNIA LABOR SUB-CLASS Members have suffered, and will continue to suffer, an

11 economic in amounts which are presently unknown to them and which can be ascertained according to

12 proof at trial.

13 93. DEFENDANT knew or should have known that PLAINTIFF and the CALIFORNIA

14 CLASS Members were misclassified as independent contractors and DEFENDANT elected, either

15 through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of

16 corporate policy, practice and procedure.

17 94. PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members therefore request

18 recovery of all compensation according to proof, interest, costs, as well as the assessment of any

19 statutory penalties against DEFENDANT in a sum as provided by the California Labor Code and/or

20 other statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA

21 LABOR SUB-CLASS Members who have terminated their employment, these employees would also

22 be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein.

23 Further, PLAINTIFF and the CALIFORNIA LABOR SUBCLASS Members are entitled to seek and

24 recover statutory costs.

25 95. In performing the acts and practices herein alleged in violation of California labor laws,

26 and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime

27 worked and provide them with the requisite overtime compensation, DEFENDANT acted and

28 continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase corporate profits at the expense of these employees.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Required Meal Periods

### [Cal. Lab. Code §§ 226.7 & 512]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

### DEFENDANT)

96.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

97.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, from time to time, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT'S failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT'S business records. As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT'S strict corporate policy and practice.

98.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one

1    additional hour of compensation at each employee's regular rate of pay for each workday that a meal

2    period was not provided.

3        99.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

4    LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek

5    all wages earned and due, interest, penalties, expenses and costs of suit.

6                               **FIFTH CAUSE OF ACTION**

7                     **For Failure to Provide Required Rest Periods**

8                         **[Cal. Lab. Code §§ 226.7 & 512]**

9    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

10        100.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

11    reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

12    Complaint.

13        101.    From time to time, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

14    Members were required to work in excess of four (4) hours without being provided ten (10) minute rest

15    periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for

16    some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10)

17    minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest

18    period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and

19    other CALIFORNIA LABOR SUBCLASS Members were also not provided with one-hour wages in

20    lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA

21    LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT

22    and DEFENDANT'S managers.

23        102.    88. DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

24    IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

25    Members who were not provided a rest period, in accordance with the applicable Wage Order, one

26    additional hour of compensation at each employee's regular rate of pay for each workday that rest

27    period was not provided.

28        103.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

1  LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek

2  all wages earned and due, interest, penalties, expenses and costs of suit.

3  <u>**SIXTH CAUSE OF ACTION**</u>

4  **For Failure to Provide Accurate Itemized Statements**

5  **[Cal. Lab. Code § 226]**

6  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

7  104.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

8  reallege and incorporate by this reference, as though fully set forth herein, the prior of this Complaint.

9  105.   California Labor Code Section 226 requires an employer to furnish its employees an

10 accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

11 number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

12 earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

13 employee and only the last four digits of the employee's social security number or an employee

14 identification number other than a social security number, (8) the name and address of the legal entity

15 that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

16 corresponding number of hours worked at each hourly rate by the employee.

17 106.   From time-to-time during the CALIFORNIA LABOR SUB-CLASS PERIOD,

18 DEFENDANT issued inaccurate itemized wages statements to PLAINTIFF and the members of the

19 CALIFORNIA LABOR SUB-CLASS that failed to accurately showing (1) gross wages earned, (2)

20 total hours worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all

21 deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,

22 (7) the name of the employee and only the last four digits of the employee's social security number or

23 an employee identification number other than a social security number, (8) the name and address of the

24 legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay period and

25 the corresponding number of hours worked at each hourly rate by the employee.

26 107.   As a result, DEFENDANT issued PLAINTIFF and the other members of the

27 CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.   Further,

28 DEFENDANT'S violations are knowing and intentional, were not isolated or due to an unintentional

**CLASS ACTION COMPLAINT**

1   payroll error due to clerical or inadvertent mistake.

2       108.   DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226,

3   causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS.

4   These damages include, but are not limited to, costs expended calculating the true amount of time

5   worked and the amount of employment taxes which were not properly paid to state and federal tax

6   authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members

7   of the CALIFORNIA LABOR SUB-CLASS elect to recover liquidated damages of $50.00 for the

8   initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay

9   period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no

10  event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR

11  SUB-CLASS herein).

12  **SEVENTH CAUSE OF ACTION**

13  **For Failure to Reimburse Employees for Required Expenses**

14  **[Cal. Lab. Code § 2802]**

15  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

16      109.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and

17  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 79 of this Complaint.

18      110.   Cal. Lab. Code § 2802 provides, in relevant part, that:

19          An employer shall indemnify his or her employee for all necessary

20          expenditures or losses incurred by the employee in direct consequence of

21          the discharge of his or her duties, or of his or her obedience to the directions

22          of the employer, even though unlawful, unless the employee, at the time of

23          obeying the directions, believed them to be unlawful.

24      111.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to

25  indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

26  required expenses incurred in the discharge of their job duties for DEFENDANT'S benefit. Specifically,

27  DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members

28  for expenses which included, but were not limited to, the cost associated with the use of their personal

**CLASS ACTION COMPLAINT**

1    cellular phones, personal equipment, and personal vehicles for DEFENDANT'S benefit. In order to

2    work for DEFENDANT, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were

3    required to use their personal vehicles to travel and to use DEFENDANT'S mobile application and as

4    such it is mandatory to have a cell phone that is compatible with DEFENDANT'S mobile application.

5    As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of

6    the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which included,

7    but were not limited to, the costs related to the use of their personal cellular phones, personal equipment,

8    and personal vehicles all on behalf of and for the benefit of DEFENDANT. Further, PLAINTIFF and

9    other CALIFORNIA LABOR SUB-CLASS Members are also not reimbursed or indemnified by

10   DEFENDANT for the cost associated with using their personal vehicles while driving for

11   DEFENDANT. Moreover, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

12   were also required to provide their own cleaning supplies and equipment necessary to perform the

13   essential job duties. As a result, in the course of their employment with DEFENDANT, PLAINTIFF

14   and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business

15   expenses which included, but were not limited to, costs related to travel all on behalf of and for the

16   benefit of DEFENDANT. These expenses are necessary to complete their principal job duties.

17   DEFENDANT is estopped by DEFENDANT'S conduct to assert any waiver of this expectation.

18   Although these expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA

19   LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the

20   CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do

21   under the laws and regulations of California.

22        112.   PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by

23   them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for

24   DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate

25   and costs under Cal. Lab. Code § 2802.

26                          **EIGHTH CAUSE OF ACTION**

27                          **For Failure to Pay Wages When Due**

28                          **[Cal. Lab. Code §§ 201, 202 and 203]**

1    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

2        113.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

3    reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this

4    Complaint.

5        114.    Cal. Lab. Code § 200 states that:

6            As used in this article:

7                (a)  "Wages"  includes  all  amounts  for  labor  performed  by

8            employees of every description, whether the amount is fixed or ascertained

9            by the standard of time, task, piece, Commission basis, or other method of

10           calculation.

11               (b) "Labor" includes labor, work, or service whether rendered or

12           performed under contract, subcontract, partnership, station plan, or other

13           agreement if the labor to be paid for is performed personally by the person

14           demanding payment.

15       115.    Cal. Lab. Code § 201 states, in relevant part, that "If an employer discharges an

16   employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

17       116.    Cal. Lab. Code § 202 states, in relevant part, that:

18           If an employee not having a written contract for a definite period quits his

19           or her employment, his or her wages shall become due and payable not later

20           than 72 hours thereafter, unless the employee has given 72 hours previous

21           notice of his or her intention to quit, in which case the employee is entitled

22           to his or her wages at the time of quitting. Notwithstanding any other

23           provision of law, an employee who quits without providing a 72-hour notice

24           shall be entitled to receive payment by mail if he or she so requests and

25           designates a mailing address. The date of the mailing shall constitute the

26           date of payment for purposes of the requirement to provide payment

27           within72 hours of the notice of quitting.

28       117.    There was no definite term in PLAINTIFF's or any other CALIFORNIA LABOR SUB-

1    CLASS Members' employment contract.

2        118.   Cal. Lab. Code § 203 states:

3            If an employer willfully fails to pay, without abatement or reduction, in

4            accordance with Sections 201, 201.5, 202, and 205.5, any wages of an

5            employee who is discharged or who quits, the wages of the employee shall

6            continue as a penalty from the due date thereof at the same rate until paid

7            or until an action therefor is commenced; but the wages shall not continue

8            for more than 30 days.

9        119.   The employment of PLAINTIFF and many other CALIFORNIA LABOR SUB-CLASS

10   Members has terminated, yet as to those individuals whose employment terminated, DEFENDANT did

11   not timely tender payment of all wages owed as required by law.

12       120.   Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of

13   the CALIFORNIA LABOR SUB-CLASS whose employment terminated, PLAINTIFF demands thirty

14   days of pay as penalty for not paying all wages due at time of termination for all individuals in the

15   CALIFORNIA LABOR SUB-CLASS who terminated employment during the CALIFORNIA LABOR

16   SUB-CLASS PERIOD plus interest and statutory costs as allowed.

17                         **PRAYER FOR RELIEF**

18       WHEREFORE, PLAINTIFF prays for judgment against each DEFENDANT, jointly and

19   severally, as follows:

20       1.    On behalf of the CALIFORNIA CLASS:

21           A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

22   CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

23           B)    An order temporarily, preliminarily and permanently enjoining and restraining

24   DEFENDANT from engaging in similar unlawful conduct as set forth herein;

25           C)    An order requiring DEFENDANT to pay minimum and overtime wages and all

26   sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the

27   CALIFORNIA CLASS; and,

28           D)    Restitutionary disgorgement of DEFENDANT'S ill-gotten gains into a fluid fund

1   for restitution of the sums incidental to DEFENDANT'S violations due to PLAINTIFF and to the other

2   members of the CALIFORNIA CLASS.

3        2.      On behalf of the CALIFORNIA LABOR SUB-CLASS:

4             A)     That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth

5   Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to

6   Cal. Code of Civ. Proc. § 382;

7             B)     Compensatory damages, according to proof at trial, including compensation due

8   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable

9   CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

10            C)     The wages of all terminated individuals in the CALIFORNIA LABOR SUB-

11  CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is

12  commenced, in accordance with Cal. Lab. Code § 203;

13            D)     The greater of all actual damages or fifty dollars ($50) for the initial pay period

14  in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA

15  LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty

16  of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

17            E)     Meal and rest period compensation pursuant to California Labor Code Section

18  226.7 and the applicable IWC Wage Order;

19            F)     The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

20  LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

21            G) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197.

22

23

24

25

26

27

28

**40**
**CLASS ACTION COMPLAINT**

3. On all claims:

      A)     An award of interest, including prejudgment interest at the legal rate;

      B)     Such other and further relief as the Court deems just and equitable; and,

      C)     An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §226, §1194, and/or §2802.


Dated: January 28, 2022                           Respectfully Submitted,
                                           JCL LAW FIRM, A.P.C.


                                           By: _____
                                         Jean-Claude Lapuyade
                                         Attorneys for PLAINTIFF

## **DEMAND FOR JURY TRIAL**

PLAINTIFF demands a jury trial on all issues triable to a jury.


Dated: January 28, 2022                           Respectfully Submitted,
                                           JCL LAW FIRM, A.P.C.


                                         By: _____
                                         Jean-Claude Lapuyade
                                       Attorneys for PLAINTIFF

**CLASS ACTION COMPLAINT**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HomeVision, Inc.
c/o Registered Agents, Inc.
1401 21st St., Suite R
Sacramento, CA 95811

9590 9402 7020 1225 2851 81

2. Article Number (Transfer from service label)

7021 2720 0000 4972 5450

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

aomos  1.28.22

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jean-Claude Lapuyade, Esq. (SBN 248676)<br>JCL Law Firm, APC<br>5440 Morehouse Drive, Suite 3600<br>San Diego, CA 92121 | FILED<br>SUPERIOR COURT-STOCKTON<br>2022 APR 12 AM 11:37<br>BRANDON E. RILEY, CLERK |

TELEPHONE NO.: 619-599-8292        FAX NO.: 619-599-8291
ATTORNEY FOR *(Name):* Plaintiff Jeanette Gomes

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
  STREET ADDRESS: 180 E. Weber Avenue
  MAILING ADDRESS: 180 E. Weber Avenue
  CITY AND ZIP CODE: Stockton, CA 95202
  BRANCH NAME: San Joaquin

CASE NAME:
Jeanette Gomes v. Homeaglow, Inc.

STK-CV-UOE-2022-2617

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| ☑ Unlimited    ☐ Limited | ☐ Counter    ☐ Joinder | JUDGE: |
| (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☑ Large number of separately represented parties    d. ☑ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* VIOLATION OF CA BUS. & PROF. CODE §§ 17200, et seq., et al.
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 4, 2022
Jean-Claude Lapuyade, Esq.
_____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

VIA FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UOE-2022-0002619**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 10/10/2022 | Time:  8:30 AM Department:10C |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| **THIS CASE HAS BEEN ASSIGNED TO JUDGE JAYNE LEE IN DEPARTMENT 10C FOR ALL PURPOSES, INCLUDING TRIAL** | **Stockton** | **Stockton: 209-992-5693**<br>**Lodi:      209-992-5522** |

[ **X** ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1.  You must:

    a.  **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

    b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c.  **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d.  **Collection cases** are managed pursuant to CRC 3.740.

2.  Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3.  If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4.  Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.


Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.


Date: 04/12/2022                                                        Natalie Bashaw   ,Deputy Clerk


**NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING**

# EXHIBIT D

ANDREW M. SPURCHISE, Bar No. 245998
aspurchise@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719

Anthony G. Ly, Bar No. 228883
aly@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone:    310.553.0308
Fax No.:      310.553.5583

Attorneys for Defendant
HOMEAGLOW INC.,

FILED
SUPERIOR COURT-STOCKTON

2022 MAY 16  AM 10: 03

BRANDON E. RILEY, CLERK

BY_____
DEPUTY

738585 /$1435,00

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| JEANETTE GOMES; an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMEALGOW INC., a Delaware corporation; and DOES 1 through 30, Inclusive;<br><br>Defendant. | Case No.  STK-CV-UOE-2022-2619<br><br>**DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE JAYNE LEE, DEPT. 610<br><br><br>Trial Date: None Set<br>Complaint Filed:   April 12, 2022 |

FILE BY FAX

LITTLER MENDELSON, P.C
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    HOMEAGLOW INC. ("Defendant") hereby provides its Answer to the Class and

2    Representative Complaint filed by Plaintiff Jeanette Gomes ("Plaintiff") as follows:

3                                    **GENERAL DENIAL**

4         Defendant generally denies each and every material allegation contained in the Complaint

5    pursuant to Section 431.30 of the California Code of Civil Procedure, and denies that Plaintiff, any

6    alleged "aggrieved employees," and/or the putative class members were injured or damaged as alleged

7    or at all.

8                                 **AFFIRMATIVE DEFENSES**

9         Defendant asserts the following affirmative defenses designated, collectively, as "Affirmative

10   Defenses." Defendant has not yet completed a thorough investigation or completed discovery of all

11   facts and circumstances of the subject matter of the Complaint, and accordingly, reserves the right to

12   amend, modify, revise, or supplement its Answer, and to plead such further defenses and take such

13   further actions as it may deem proper and necessary in its defense upon completion of said

14   investigation and study. Defendant's designation of defenses as "affirmative" is not intended in any

15   way to alter Plaintiff's burden of proof with regard to any element of her causes of action. Defendant

16   also expressly denies the existence of: (1) any putative class of persons that Plaintiff purports to

17   represent in this lawsuit; and (2) any "aggrieved employees" as defined by Plaintiff. Defendant

18   incorporates (as if fully set forth herein) this express denial with each and every reference to

19   "Plaintiff." Without waiving or excusing Plaintiff's burden of proof or admitting that Defendant has

20   any burden of proof whatsoever, Defendant asserts the following separate and distinct defenses and

21   Affirmative Defenses:

22                              **FIRST AFFIRMATIVE DEFENSE**

23                            **(Arbitration – Exclusive Remedy)**

24        1.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

25   and each and every cause of action alleged therein, fails, in whole or in part, to the extent Plaintiff,

26   the putative class members, and/or alleged "aggrieved employees" contracted to submit all claims

27   and disputes against Defendant to binding arbitration on an individual basis only, therefore, their

28   exclusive remedy is through final and binding arbitration.

## SECOND AFFIRMATIVE DEFENSE

### (Claims Subject to Arbitration on Individual Basis)

2.     As a separate and distinct defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because some or all of the alleged members of the putative class Plaintiff seeks to represent and/or the allegedly aggrieved employees she seeks to represent are bound by an arbitration agreement governed by the Federal Arbitration Act ("FAA") with a class, collective and representative action waiver requiring that the claims alleged in Plaintiff's complaint be resolved through individual arbitration and not via a class or representative action. Defendant does not waive the right to enforce the signed arbitration agreements of alleged members of the putative class and the alleged group of aggrieved employees, including Plaintiff's signed agreement.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

3.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to state facts sufficient to constitute a cause of action upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

### (No Employment Relationship)

4.     As a separate and distinct affirmative defense, Defendant alleges that each and every claim alleged in the Complaint is barred because at all times relevant, it did not employ Plaintiff, the putative class members or alleged "aggrieved employees" Plaintiff seeks to represent, within the meaning of the Labor Code, Labor Code section 18, the wage orders of the Industrial Welfare Commission, or any other basis, and were properly classified as independent contractors under any applicable legal standard.

## FIFTH AFFIRMATIVE DEFENSE

### (Not A Hiring Entity)

5.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported cause of action therein, is barred in whole or in part because Defendant is not a hiring entity, and/or Plaintiff, the putative class members, and/or the alleged "aggrieved employees"

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

3

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    did not provide any service to Defendant, and/or the ABC test cannot otherwise be applied to the

2    relationship between Defendant and Plaintiff such that Labor Code § 2775(b)(3) applies.

3                              **SIXTH AFFIRMATIVE DEFENSE**

4                                  **(Independent Contractor)**

5         6.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

6    and each purported cause of action therein, is barred to the extent that Plaintiff cannot bring claims

7    that may only be brought by employees, including but not limited to claims under California Labor

8    Code sections 204, 210, 226, 1194, 1194.2, 2802, California Code of Regulations (8 Cal. Code Regs.,

9    Tit. 8  § 11090), and California Industrial Welfare Commission Wage Order No. 9, because Plaintiff,

10   the putative class members, and/or the alleged "aggrieved employees" are and have been properly

11   classified as an independent contractor under the multifactor test set forth in *S.G. Borello & Sons, Inc. v.*

12   *Dep't of Indus. Relations* (1989) 48 Cal. 3d 341 and the ABC test set forth in *Dynamex Operations W. v.*

13   *Super. Ct.* (2018) 4 Cal. 5th 903.

14                            **SEVENTH AFFIRMATIVE DEFENSE**

15             **(Misclassification – Reasonable And Good Faith Belief)**

16        7.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

17   and each purported cause of action therein, is barred to the extent that Defendant acted with a

18   reasonable and good faith belief that it complied with its obligations, if any, under the California

19   Labor Code, specifically including sections 226, 226.3, 226.7, and 226.8 thereof, as to Plaintiff, the

20   putative class members, and/or the "alleged aggrieved" employees and Defendant's potential belief

21   that Plaintiff, the putative class members, and/or alleged "aggrieved employees" were properly

22   classified.

23                             **EIGHTH AFFIRMATIVE DEFENSE**

24                                  **(AB 5 Exemptions)**

25        8.    As a separate and distinct affirmative defense, Defendant alleges that assuming

26   *arguendo* Defendant is subject to AB 5, Defendant is exempt from AB 5 under the Occupational

27   Exemption, Professional Services Exemption, Referral Agency Exemption, and/or the Narrow

28   Business-to-Business Exemption.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

4

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**

**(Cal. Lab. Code § 2775 Impairs Obligation of Contracts)**

9.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, brought on behalf of herself and the purported class members and alleged aggrieved employees she seeks to represent, or some of them, are barred, in whole or in part, because any finding of liability under California Labor Code Section 2775 would violate Article I, Section 10 of the United States Constitution, and of Article I, Section 9 of the California Constitution, because California Labor Code Section 2775 would substantially impair existing contracts between Defendant and independent contractors.

**TENTH AFFIRMATIVE DEFENSE**

**(Cal. Lab. Code § 2775 Violates Equal Protection)**

10.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, brought on behalf of herself and the purported class members and alleged aggrieved employees she seeks to represent, or some of them, are barred, in whole or in part, because any finding of liability under California Labor Code Section 2775 would violate the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and of Article I, Section 3(b)(4) of the California Constitution, because AB 5 denies Defendant equal protection of the law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Cal. Lab. Code § 2775 Violates Right to Liberty)**

11.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, brought on behalf of herself and the purported class members and alleged aggrieved employees she seeks to represent, or some of them, are barred, in whole or in part, because any finding of liability under California Labor Code Section 2775 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Ninth Amendment to the United States Constitution, Article I, Sections 1 and 7 of the California Constitution, and the California Constitution's Baby Ninth Amendment, because California Labor Code Section 2775 infringes the rights of Defendant and independent contractors to pursue their chosen profession, which is an essential component of liberty, property, happiness, and privacy.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust)**

12.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff, the putative class members, and/or alleged "aggrieved employees" failed to exhaust appropriate internal remedies or otherwise properly perfect a right of action against Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Stay of Action)**

13.    As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, should be stayed pending the United States Supreme Court decision in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 734 (2021).

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

14.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

15.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of waiver.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

16.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each claim set forth therein, or some of them, are barred by the equitable doctrine of consent.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

6

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

17.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of estoppel and/or judicial estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

18.     As a separate and distinct affirmative defense, Defendant alleges that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

19.     As a separate and distinct affirmative defense, Defendant alleges that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

20.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred, or any recover should be reduced, pursuant to the avoidable consequences doctrine. Defendant is informed and believes and on that basis alleges that Plaintiff, the putative class members, and/or the alleged "aggrieved employees" that Plaintiff seeks to represent unreasonably failed to use the preventative and corrective opportunities provided to them by Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not all, of the harm that Plaintiff, the putative class members, and/or alleged "aggrieved employees" allegedly suffered.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

21.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from seeking relief under each and every cause of action asserted in the Complaint to the extent such causes of action are based on acts or event which occurred outside the applicable statute of limitation, including, but not limited to, those set forth in California Code of Civil Procedure sections 337, 338(a), 339, 340, and 343, California Labor Code sections 203(b), 226, and 2802, 2699.3, and/or California Business & Professions Code section 17208. To the extent that Plaintiff, the putative class members, and/or alleged "aggrieved employees" attempt to rely on policies, practices or conduct that are outside the applicable statute of limitations, such evidence is barred, and no damages or penalties can be awarded, including under PAGA, based upon such conduct.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(PAGA – No Standing)**

22.    As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis allege, that Plaintiff lacks standing to pursue the claims alleged in the Complaint on behalf of herself, the putative class members, and/or the alleged "aggrieved employees."

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Acts or Omissions)**

23.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, cannot be maintained against Defendant because the alleged losses or harms sustained, if any, resulted from the acts or omissions of Plaintiff, the putative class members, and/or the alleged "aggrieved employees."

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Irreparable Harm)**

24.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action therein, is barred in whole or in part, as Plaintiff, the putative class members, and/or the alleged "aggrieved employees" have not suffered and will not suffer irreparable

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

8

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  harm because of any of the alleged conduct of Defendant, and on that basis, there is no entitlement
2  to injunctive or other relief.

3  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

4  **(No Knowledge)**

5  25.  As a separate and distinct affirmative defense, Defendant alleges that that the
6  Complaint, and each and every alleged cause of action therein, or some of them, are barred in whole
7  or in part, because if Plaintiff, the putative class members, and/or any of the alleged "aggrieved
8  individuals" "worked" hours for which compensation was not paid, Defendant had no knowledge, or
9  reason to know, of such "work" and such "work" was undertaken without its consent or permission.
10 Based upon the foregoing, the finding of damages or imposition of penalties for any alleged violations
11 would be improper.

12 **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

13 **(Failure to Comply With Reasonable Directions)**

14 26.  As a separate and distinct affirmative defense, Defendant alleges that any recovery on
15 Plaintiff's Complaint as a whole, or on each purported cause of action alleged therein, is barred by
16 California Labor Code sections 2854 and 2856 to the extent Plaintiff, the putative class members,
17 and/or the alleged "aggrieved employees" failed to use ordinary care and diligence in the performance
18 of their duties and failed to comply substantially with the reasonable directions of Defendant.

19 **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

20 **(Not "Hours Worked")**

21 27.  As a separate and distinct affirmative defense, Defendant is informed and believes and
22 on that basis alleges that a reasonable opportunity for investigation and discovery will reveal that
23 some or all or certain hours claimed by Plaintiff, the putative class members, and/or the alleged
24 "aggrieved employees" are not "hours worked" within the meaning of any Wage Order(s) of
25 California Industrial Welfare Commission and/or under applicable California law such that
26 compensation need not be paid for such hours.

27
28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

28.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff, the putative class members, and the alleged "aggrieved employees" are barred from recovering any civil penalties, or any recovery must be reduced, by virtue of their failure to exercise reasonable diligence to mitigate any alleged damages and/or penalties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Take Meal Breaks Provided Under the Law)

29.    As a separate and distinct affirmative defense, Defendant alleges on the belief that further discovery may disclose information supporting such affirmative defense, that the Complaint, and the allegations contained therein regarding meal breaks, are barred because Plaintiff, the putative class members, and/or the alleged "aggrieved employees" that Plaintiff seeks to represent have no right to penalties under California Labor Code section 226.7. To the extent, if any, that Plaintiff, the putative class members, and/or the alleged "aggrieved employees" did not take any meal break permitted by law, the failure was because they: (1) failed to take breaks that were provided to them in compliance with California law; (2) chose not to take meal breaks that were authorized and permitted; or (3) waived their right to meal breaks under California Labor Code section 512(a).

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Take Rest Breaks Provided Under the Law)

30.    As a separate and distinct affirmative defense, Defendant alleges on the belief that further discovery may disclose information supporting such affirmative defense, that the Complaint, and the allegations regarding rest breaks contained therein, are barred because Plaintiff, the putative class members, and/or the alleged "aggrieved employees" she seeks to represent have no right to a premium payment under California Labor Code section 226.7. To the extent, if any, that Plaintiff, the putative class members, and/or the alleged "aggrieved employees" did not take any permitted rest break, the failure was because they: (1) failed to take breaks that were provided to them in compliance with California law; (2) chose not to take rest breaks that were provided.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

10

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1 | **THIRTY-FIRST AFFIRMATIVE DEFENSE**

2 | **(No Reason to Know of Expense)**

3       31.     As a separate and distinct affirmative defense, Defendant alleges that any claim for

4 penalties pursuant to Labor Code section 2802 is barred, in whole or in part, because Defendant did

5 not know, and had no reason to know, of the unreimbursed expenses claimed.

6 | **THIRTY-SECOND AFFIRMATIVE DEFENSE**

7 | **(No Injury – Labor Code 226)**

8       32.     As a separate and distinct affirmative defense, Defendant is informed and believes that

9 a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges that the

10 Complaint, and Plaintiff's claim for alleged violation of California Labor Code Section 226(a) is

11 barred because Plaintiff, the putative class members, and/or the alleged "aggrieved employees" she

12 seeks to represent, have not suffered any injury from any alleged failure by Defendant to comply with

13 California Labor Code Section 226(a).

14 | **THIRTY-THIRD AFFIRMATIVE DEFENSE**

15 | **(No Knowing and Intentional Failure – Labor Code 226)**

16       33.     As a separate and distinct affirmative defense, Defendant alleges, Plaintiff's

17 Complaint is barred, in whole or in part, because even assuming arguendo that Plaintiff, the putative

18 class members, and/or the alleged "aggrieved employees" were not provided with proper itemized

19 wage statements of wages and deductions, they are not entitled to recover damages and penalties

20 because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a

21 "knowing and intentional failure" under California Labor Code section 226.

22 | **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

23 | **(Good Faith – No Willful Failure to Comply)**

24       34.     As a separate and distinct affirmative defense, Defendant is informed and believes and

25 on that basis alleges that the Complaint, and each and every alleged cause of action therein, or some

26 of them, are barred because any claims for damages or penalties under California Business and

27 Professions Code section 17200, *et. seq.*, or California Labor Code sections 201 to 203, 226, 226.7,

28 226.8, 510, 512, 1194 or any IWC Wage Order fail because Defendant did not willfully fail to comply

LITTLER MENDELSON, P.C
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553.0308

11

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1   with the provisions of the California Labor Code, the applicable Wage Order, or the California

2   Business & Professions Code, instead acting in good faith and with reasonable grounds for believing

3   it did not violate them.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Reasonable Interpretation of Applicable Law)

6   35.   As a separate and distinct affirmative defense, Defendant is informed and believes and

7   on that basis alleges that the Complaint, and each and every alleged cause of action therein, or some

8   of them, are barred because Defendant acted in good faith belief that it was in compliance with all

9   applicable statutes, laws, and regulations concerning payment of wages and any other compensation

10   owed to Plaintiff, the putative class members, and alleged "aggrieved employees." Defendant did

11   not willfully violate California or local law, or any other law. Defendant acted in good faith reliance

12   upon a reasonable interpretation of applicable law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (*Bona Fide* Dispute)

15   36.   As a separate and distinct affirmative defense, Defendant is informed and believes and

16   on that basis alleges that the Complaint, and each and every alleged cause of action therein, or some

17   of them, are barred because there exists a *bona fide* dispute as to whether further compensation is

18   actually due to Plaintiff, the putative class members, and/or the alleged "aggrieved employees"

19   Plaintiff seeks to represent and, if so, as to the amount of such further compensation.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (No Willful or Intentional Failure to Pay)

22   37.   As a separate and distinct affirmative defense, Defendant is informed and believes and

23   on that basis alleges that the Complaint, and the allegations regarding waiting time contained therein,

24   is barred because Defendant acted in good faith, Defendant did not willfully or intentionally fail to

25   pay any such additional compensation to Plaintiff, the putative class members, and/or the alleged

26   "aggrieved employees," and that a good faith dispute exists over whether wages are owed.

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

12

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Waiting Time Penalties – Absent or Avoided Payment)**

38.     As a separate and distinct affirmative defense, Defendant is informed and believes that further discovery may disclose information supporting such affirmative defense, and on that basis alleges that the Complaint, and the allegations contained therein regarding waiting time penalties, are barred because Plaintiff, the putative class members, and/or the alleged aggrieved employees Plaintiff seeks to represent secreted or absented themselves to avoid payment of wages, thereby relieving their alleged employer(s) of liability for waiting time penalties under the Labor Code, including but not limited to section 203.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Waiting Time Penalties – Refused Payment)**

39.     As a separate and distinct affirmative defense, Defendant is informed and believes that further discovery may disclose information supporting such affirmative defense, and on that basis alleges that the Complaint, and the allegations contained therein regarding waiting time penalties, cannot be maintained against Defendant because Plaintiff, the putative class members, and/or the alleged "aggrieved employees" Plaintiff seeks to represent refused payment fully tendered to them by Defendant, thereby relieving Defendant of liability for waiting time penalties under the Labor Code, including but not limited to section 203.

**FORTIETH AFFIRMATIVE DEFENSE**

**(*De Minimis*)**

40.     As a separate and distinct affirmative defense, Defendant is informed and believes that further discovery may disclose information supporting such affirmative defense, and on that basis alleges that Plaintiff, the putative class members, and/or the alleged "aggrieved employees" Plaintiff seeks to represent are barred from recovering under the Complaint to the extent any alleged unpaid work time or unpaid overtime was of a small, irregular amount of time so as to be disregarded as "*de minimis*."

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310 553.0308

13

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

41.     As a separate and distinct affirmative defense, Defendant is informed and believes that further discovery may disclose information supporting such affirmative defense, and on that basis alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of estoppel to the extent any putative class members and/or the alleged "aggrieved employees" that Plaintiff seeks to represent have litigated or will litigate issues raised by the Complaint prior to adjudication of those issues in the instant action.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Release)

42.     As a separate and distinct affirmative defense, Defendant is informed and believes that further discovery may disclose information supporting such affirmative defense, and on that basis alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred to the extent that Plaintiff, the putative class members, and/or the alleged "aggrieved employees" she seeks to represent, or some of them, have released Defendant from any liability and/or acknowledged an accord and satisfaction of the claims alleged in the Complaint, and are, therefore, not aggrieved.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Limitation on Recovery – Initial Violation Only)

43.     As a separate and distinct affirmative defense, Defendant alleges that, assuming, *arguendo*, that penalties are awarded against Defendant, insofar as Defendant has not been cited by the Labor Commissioner, or received a judgment against it in a court of law, with respect to Plaintiff or the alleged aggrieved employees' Labor Code claims, any civil penalties awarded under the Labor Code must be limited to those penalties applicable to an initial violation.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Set-Off for Unearned Compensation)

44.     As a separate and distinct affirmative defense, Defendant alleges that Defendant is entitled to a set-off for amounts Plaintiff, the putative class members, and/or the alleged "aggrieved

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

14

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1 employees" owe Defendant for receipt of any wages and other benefits to which they were not entitled

2 and/or did not earn.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

#### (Third Party Contribution)

45. As a separate and distinct affirmative defense, Defendant alleges that any damages alleged by Plaintiff, the class members, and/or the alleged "aggrieved employees" if proven true, were caused in whole or in part by the conduct of persons or entities other than Defendant, and any recovery obtained by Plaintiff, the class members, and/or the alleged "aggrieved employees" must be apportioned accordingly.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

#### (Class Action – Class Definition)

46. As a separate and distinct affirmative defense, Defendant alleges that each and every cause of action therein, is barred in whole or in part because Plaintiff's proposed class definitions are vague and overly broad, and otherwise fail to satisfy the requirements for maintaining a class action.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

#### (No Class Action)

47. As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action set forth therein as a representative or class action, fails because: (a) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (b) Plaintiff's claims are not representative or typical of the claims of the putative class members; (c) Plaintiff and the putative class counsel are not adequate representatives for the putative class; and/or (d) a well-defined community of interest in the questions of law and/or fact affecting Plaintiff and the putative class members does not exist.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Class and Representative Action – Lack of Manageability)

48. As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, or some of them, cannot proceed as a class action or as a representative action because the type, nature, and degree of alleged violations require

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

15

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    highly individualized inquiries and/or the resolution of issues and/or questions required for a

2    determination of liability, damages, and/or defenses cannot be fairly or efficiently tried, rendering the

3    claims unmanageable.

4                            **FORTY-NINTH AFFIRMATIVE DEFENSE**

5                            **(Class Action – Violation of Due Process)**

6        49.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

7    and each and every cause of action set forth therein, is barred because the Certification of a class, as

8    applied to the facts and circumstances of this case, would constitute a denial of Defendant's due

9    process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the

10   United States Constitution and the California Constitution.

11                           **FIFTIETH AFFIRMATIVE DEFENSE**

12                           **(PAGA – Unconstitutional Delegation)**

13       50.    As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint is

14   barred, in whole or in part, because PAGA represents an unconstitutional delegation of the State of

15   California's prosecutorial role to non-elected officials.

16                           **FIFTY-FIRST AFFIRMATIVE DEFENSE**

17                           **(PAGA – Unconstitutionally Vague)**

18       51.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

19   and each cause of action are barred because PAGA is unconstitutionally vague and overbroad as

20   applied to the facts, circumstances of this case.

21                           **FIFTY-SECOND AFFIRMATIVE DEFENSE**

22                           **(PAGA – Due Process)**

23       52.    As a separate and distinct affirmative defense, Defendant alleges that the award of

24   penalties as requested by Plaintiff would violate Defendant's procedural and substantive and

25   procedural due process rights (vis-à-vis the Fourteenth Amendment of the United States Constitution

26   and the Due Process and Equal Protection Clauses in Article I of the California Constitution). *See,*

27   *e.g., Timbs v. Indiana*, 139 S. Ct. 682 (2019); *State Farm Mutual Automobile Insurance Company v.*

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

16

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1 | *Campbell*, 538 U.S. 408 (2003); *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005);

2 | *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

### FIFTY-THIRD AFFIRMATIVE DEFENSE

#### (PAGA – Separation of Powers)

5 | 53.  As a separate and distinct affirmative defense, Defendant alleges that any claims based

6 | on PAGA are barred, in whole or in part, because the prosecution of this matter as a representative

7 | action under PAGA, and/or an award of penalties pursuant to the PAGA, would violate the

8 | constitutionally-based separation of powers doctrine by impermissibly usurping prosecutorial

9 | authority assigned to the executive branch of government and impermissibly delegated by the PAGA

10 | to private attorneys without essential safeguards, including continuing oversight or control by the

11 | executive branch.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

#### (PAGA – No Penalties for Alleged Violations After Submission of the LWDA Notice)

14 | 54.  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is

15 | barred from seeking civil penalties after submission of her notices with the Labor & Workforce

16 | Development Agency ("LWDA") because plaintiffs cannot recover any penalties for a claim under

17 | the Labor Code Private Attorneys General Act of 2004 for any alleged violations occurring after the

18 | date of his/her notice to the LWDA. *See Bodega Latina Corp. v. Labor Commissioner of the State of*

19 | *California*, Los Angeles County Superior Court, BS162695 at *7 (filing on Jan. 3, 2018) ("The PAGA

20 | notice in this case was required to be sent prior to filing the lawsuit for violations occurring prior to

21 | 2009. . . . Clearly, the Private Attorneys General did not contemplate that a notice sent in 2009 and a

22 | decision made **at that time** not to investigate **past** violations, would preclude the DLSE from

23 | investigating claims and issuing citations for violations that occur years later. Such a conclusion

24 | would be unjust, would undermine the purposes for which the DLSE exists and would violate the

25 | public policy of this state to determine and assess employer for violations of the Labor Code.").

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

2

**(PAGA – Claims Not Suitable on a Representative Basis)**

3      55.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims

4  for penalties under PAGA are not suitable for determination/litigation on a representative basis

5  particularly given the diversity in the group of alleged "aggrieved employees."

6

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

7

**(PAGA – Failure to Exhaust PAGA Prerequisites)**

8      56.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

9  Complaint is barred, in whole or in part, based on Plaintiff's failure to comply with the pre-filing

10  notice and exhaustion requirements set forth in California Labor Code section 2699.3, or any other

11  provision of the California Labor Code.

12

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

13

**(PAGA – Claims Exceed Scope of Notice)**

14      57.    As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint is

15  barred, in whole or in part, because assuming *arguendo* that Plaintiff did exhaust their administrative

16  remedies with the LWDA, the Labor Code and /or Wage Order violations asserted in the Complaint

17  exceed the scope of the Labor Code and Wage Order violations identified in Plaintiff's notice to the

18  LWDA.

19

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

20

**(PAGA – No Jury Trial)**

21      58.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the

22  alleged "aggrieved employees" are not entitled to a jury trial in connection with their claims under

23  PAGA, and instead, must adjudicate their claims by way of a bench trial. *See Hodge v. Sup. Ct.*, 145

24  Cal. App. 4th 278, 287 (2006).

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553.0308

18

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

## FIFTY-NINTH AFFIRMATIVE DEFENSE

### (PAGA – Stacking of Penalties Impermissible)

59.     As a separate and distinct affirmative defense, Defendant alleges that the claim brought by Plaintiff and/or the alleged "aggrieved employees" for penalties under the PAGA are impermissible because stacking of penalties is unsupported by law.

## SIXTIETH AFFIRMATIVE DEFENSE

### (PAGA – Penalties Unconstitutional)

60.     As a separate and distinct affirmative defense, Defendant alleges that to the extent Plaintiff and/or the alleged claims seek civil or statutory penalties, such claims violate the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and also violate Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines. *See State Farm Mutual Insurance Company v. Campbell*, 538 U.S. 408 (2003).

## SIXTY-FIRST AFFIRMATIVE DEFENSE

### (PAGA – Substantial Compliance)

61.     As a separate and distinct affirmative defense, Defendant alleges that any claim for civil penalties pursuant to the PAGA predicated on the Labor Code, or any applicable Wage Order, must fail because and to the extent Defendant substantially complied with the applicable laws, statutes, regulations, and applicable Wage Orders. For the same reason, should the Court find a violation of the Labor Code occurred, and such violation gives rise to potential penalties, the Court must exercise its discretion and significantly discount or eliminate any potential penalties owed by Defendant due to its good faith efforts to comply with the Labor Code and/or substantial compliance with the Labor Code.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

### (Unfair Business Practices – Adequate Remedies at Law)

62.     As a separate and distinct affirmative defense, Defendant alleges that claims for equitable relief of Plaintiff and the putative class members are barred, in whole or in part, on the grounds that adequate remedies at law exist.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553.0308

19

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

## RESERVATION OF ADDITIONAL DEFENSES

Defendant reserves the right to amend this answer should it later discover facts demonstrating the existence of new and/or additional affirmative defenses and/or should a change in the law support the inclusion of new and/or additional distinct defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays:

1. No class be certified, and that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice;

2. Plaintiff, the putative class, and the alleged "aggrieved employees" take nothing by this action;

3. That this Court enter judgment in favor of Defendant and against Plaintiff, and the putative class, and the alleged "aggrieved employees";

4. That this Court award Defendant its attorneys' fees and costs as permitted by law; and

5. That this Court award Defendant any such other relief it deems just and proper.

Dated: May 13, 2022

LITTLER MENDELSON, P.C.

Anthony G. Ly
Andrew M. Sprrchise

Attorneys for Defendant
HOMEAGLOW INC.,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90087.3107
310.553.0308

20

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On May 16, 2022, I served the within document(s):

**DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT**

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Los Angeles, California**.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.** by personal service I caused such envelope to be delivered to **County Legal** for delivery to the address below.

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay, Esq.
Jackland K. Hom, Esq.
Julieann Alvarado, Esq.
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
E-mail: shani@zakaylaw.com
jackland@zakaylaw.com
Attorneys for Plaintiff

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade, Esq.
Eduardo Garcia, Esq.
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 16, 2022 at Los Angeles, California.

Madison Edwards, III

4866-9783-0942.7 / 114736-1002

22

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT