1  ANDREW M. SPURCHISE, Bar No. 245998
   aspurchise@littler.com
2  LITTLER MENDELSON, P.C.
   900 Third Avenue
3  New York, New York 10022.3298
   Telephone: 212.583.9600
4  Facsimile: 212.832.2719

5  Anthony G. Ly, Bar No. 228883
   aly@littler.com
6  LITTLER MENDELSON, P.C.
   2049 Century Park East
7  5th Floor
   Los Angeles, California  90067.3107
8  Telephone:    310.553.0308
   Fax No.:      310.553.5583
9
   Attorneys for Defendant
10 HOMEAGLOW INC.,

11

12                    UNITED STATES DISTRICT COURT

13                  EASTERN DISTRICT OF CALIFORNIA

14

15 JEANETTE GOMES, an individual, on behalf of    Case No. 2:22-at-494
   herself, and on behalf of all persons similarly
16 situated,                                        **DECLARATION OF XIAO WEI CHEN**
                                                    **IN SUPPORT OF DEFENDANT**
17                 Plaintiff,                       **HOMEAGLOW'S NOTICE OF**
                                                    **REMOVAL OF CIVIL ACTION TO**
18        v.                                        **FEDERAL COURT ON THE BASIS OF**
                                                    **DIVERSITY JURISDICTION**
19 HOMEAGLOW INC., a Delaware corporation;
   and DOES 1 through 30, Inclusive;,
20
                   Defendant.
21

22

23

24

25

26

27

28

## DECLARATION OF XIAO WEI CHEN

1.     I am the Co-founder of Homeaglow Inc. ("Defendant," "Homeaglow," or the "Company") and have been since August 2015.  I make this Declaration in support of Defendant's Removal to Federal Court ("Notice of Removal"). In my role, I have access to, and personal knowledge of, the matters and information set forth in this declaration.  All of the information set forth herein is based on my personal and firsthand knowledge or based on information and documents retained by Homeaglow in the regular course of its business operations, and if called and sworn as a witness, I could and would competently testify thereto.

2.     Defendant was served with the Complaint in this case on April 18, 2022 through its corporate agent service of process, Registered Agents Inc.  Attached hereto as **Exhibit A** is a true and correct copy of the Summons and Complaint served by Plaintiff on Homeaglow in this action.

3.     In my capacity as Co-founder, I am familiar with the corporate structure of Homeaglow, the day-to-day business operations, and have access to the information, data, and reports maintained and generated in the ordinary course of business concerning its operations and its platform/app ("Platform") used by independent contractors to find and connect with third parties requesting cleaning services.  I have access, either directly or indirectly, to these business and corporate records and in the ordinary course of business, I periodically refer to them.

4.     Defendant is a digital application-based company that facilitates "on-demand" home cleaning services.  Individuals who perform cleaning jobs for third parties sign up to be independent contractor cleaners through the platform.

5.     Homeaglow is a corporation, incorporated under the laws of Delaware.  Homeaglow was incorporated in Delaware in August 2015, and it has since remained a Delaware-incorporated corporation at all times. Homeaglow's headquarters is in Austin, Texas.  Homeaglow has two officers, me and the other co-founder of the company.  Both of us are based in Austin, Texas and work at Homeaglow's headquarters.  My co-founder and I direct, control, and coordinate Homeaglow's business from its headquarters in Austin, Texas, including decisions regarding corporate-wide issues,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DECLARATION OF XIAO WEI CHEN ISO
NOTICE OF REMOVAL OF CIVIL ACTION

operations, policies, legal matters, contracts, purchasing, public affairs, revenue management, advertising, and marketing.

6.      As co-Founder, I have access to and am familiar with Homeaglow's business records and data regarding the class members as alleged in Plaintiff's Complaint in this action, who performed cleaning jobs in the state of California, and I have accessed these records in the ordinary course of business.  Homeaglow maintains records of cleaning services performed by independent contractor cleansers using its Platform.  Homeglow's business records and data include the names and contact information of all independent contractor cleaners and third parties who signed up through the platform to request cleaning services, the current status of each independent contractor cleaner and their ability to utilize Homeaglow's Platform, all pay received for each cleaning job, the date of each cleaning job, the duration of each cleaning job as reported by each independent contractor cleaner.  I am familiar with and have access to this information in the ordinary course of role as Co-founder. These records are maintained in the regular course of Homeaglow's business and are records of regularly-conducted activity.

7.      The data and information I have for Plaintiff indicate that she worked in California and used a California address as her location of residence while performing work for Homeaglow clients.

8.      Defendant classifies all cleaners are independent contractors.

9.      Based upon my review of the Company records and data, there are members of Plaintiff's alleged class (*i.e.*, independent contractor cleaners who used Homeaglow's Platform to provide cleaning services to third parties) who reside in California.  As of April 12, 2022, several independent contractor cleaners providing cleaning services using Homeaglow's Platform have home addresses in California based on the Company's records and data.

10.      Cleaners set their own per hour rate and availability through the Platform. In addition to the hourly rate, cleaners can earn incentive pay in various amounts if they accept cleaning jobs that offer an incentive pay.  The incentive pay is a fixed amount for a cleaning job, not per hour.

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

3

DECLARATION OF XIAO WEI CHEN ISO
NOTICE OF REMOVAL OF CIVIL ACTION

11.     Cleaners are generally paid every Monday, *i.e.*, on a weekly basis.

12.     Based upon my review of Homeaglow's business records and data, between April 12, 2018 and April 27, 2022, approximately 3,998 individuals performed 89,231 cleaning jobs, performed on approximately 77,238 days, in the state of California for third parties using the Platform.

13.     Independent contractor cleaners report the amount of time they spend cleaning for each cleaning job through the Platform in order for the third parties to be billed for the service. Based upon my review of Homeaglow's business records and data, the amount of time cleaners spent cleaning per day varied, but the average was 3.54 hours per day for the period from April 12, 2018 to April 27, 2022.

14.     As mentioned above, Cleaners set their own per hour rate for their cleaning services. Based upon my review of the Company records and data, the average amount that the 3,998 cleaners who performed jobs in California for the four-year period preceding the filing of the Complaint earned for their cleaning services is approximately $27.79 per hour. This is based upon the average weekly rate for each of the independent contractor cleaners for the period from April 12, 2018 to April 27, 2022. This rate takes into account and includes each individual cleaner's respective weekly hourly rate and if applicable, incentive pay received for each cleaning job.

15.     Based upon my review of the Company's data, there were 15,621 days between April 12, 2018 and April 27, 2022 when independent contractor cleaners worked more than five (5) hours.

16.     Based upon my review of the Company's data, there were approximately 36,200 days between April 12, 2018 and April 27, 2022 when independent contractor cleaners worked 3.5 hours or more.

17.     Based upon my review of the Company's data, there were approximately 17,082 weeks where independent contractor cleaners performed cleaning jobs between April 12, 2021 and April 27, 2022. Assuming Plaintiff's alleged penalty in the amount of $50 per pay period per independent contractor cleaner for the initial violation (*i.e.*, first week worked) and $100 per pay period per independent contractor cleaner for the subsequent violation (*i.e.*, each week worked after the first week worked), the amount Plaintiff places at issue for her wage statement claim is approximately

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4

DECLARATION OF XIAO WEI CHEN ISO
NOTICE OF REMOVAL OF CIVIL ACTION

$1,543,500.00.  This amount accounts for a maximum penalty amount of $4,000 per independent contractor cleaner such that no one individual was credited more than $4,000.

18.     I reviewed the Company data regarding the addresses for independent contractor cleaners' homes and the homes of third parties requesting cleaning services using the Platform from April 12, 2018 and April 27, 2022.  I have also reviewed the Company data regarding the distance traveled for each cleaning job between an independent contractor cleaner's home and address where he/she provided the cleaning service.  Based upon my review of the Company records and data, the average distance between a putative class member's home and a home where the cleaning service was performed is 11.6 miles, or 23.2 miles round trip.

19.     Moreover, based upon my review of the Company records and data, there was a total of approximately 14,125 months worked across all 3,998 putative class members.  Independent contractor cleaners may use their cell phones to access the Homeaglow Platform to accept cleaning job offered by third parties and communicate with them, which Plaintiff alleges is required in her Complaint at paragraphs 13 and 33.

20.     Based upon my review of the Company's data for the period from April 12, 2019 and April 27, 2022, 1,367 independent contractor cleaners provided cleaning services using the Platform since April 12, 2019 and were also placed in suspended or opt out status as of April 27, 2022.  "Suspended" means they cannot currently use the Platform to locate and accept cleaning jobs from third parties due to Homeaglow's suspension of their account.  "Opt out" means the independent contractor cleaner voluntary opting out of his/her agreement with Homeaglow to use the Platform.

/ / /

/ / /

/ / /

/ / /

DECLARATION OF XIAO WEI CHEN ISO
NOTICE OF REMOVAL OF CIVIL ACTION

21.     The average weekly rate for independent contractor cleaners in "suspended" or "opt out" status is approximately $27.77 per hour.  This rate takes into account and includes each independent contractor cleaner's respective weekly hourly rate and if applicable, incentive pay received for each cleaning.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 16, 2022 at Austin, Texas

*Xiao Wei Chen*
XIAO WEI CHEN

4868-2327-7855.2 / 114736-1002

DECLARATION OF XIAO WEI CHEN ISO
NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOMEAGLOW INC., a Delaware corporation; and DOES 1 through 30,
Inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEANETTE GOMES, an individual, on behalf of herself, and on behalf
of all persons similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
FILED
SUPERIOR COURT+STOCKTON
2022 APR 12 AM 11: 37
BRANDON E. RILEY, CLERK
BY_____
NATALIE BASHAW

VIA FAX

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Joaquin Civil Court<br>180 E. Weber Avenue<br>Stockton, CA 95202 | STK-CV-UOE-2022-2619 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jean-Claude Lapuyade, Esq.   SBN: 248676   Tel: (619) 599-8292 Fax: (619) 599-8291
JCL Law Firm, APC - 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121

| DATE:<br>*(Fecha)* APR 1 2 2022 | BRANDON E. RILEY | Clerk, by | NATALIE BASHAW | , Deputy |
| | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

[SEAL]

3. ☒ on behalf of *(specify):*

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on *(date):*   04/14/2022

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 455<br>American LegalNet, Inc. \| www.USCourtForms.com |

American LegalNet, Inc.

FILED
SUPERIOR COURT-STOCKTON

2022 APR 12  AM 11:3*

BRANDON E. RILEY, CLERK

BY
NATALIE BASHAW
DEPUTY

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com
julieann@zakaylaw.com

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

Attorneys for Plaintiff JEANETTE GOMES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| JEANETTE GOMES, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOMEAGLOW INC., a Delaware corporation; and DOES 1 through 30, Inclusive;<br><br>Defendant. | Case No. STK-CV-UOE-2022-2619<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*<br>4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>6. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7. FAILURE TO REIMBURSE EMPLOYEES FO |

---

1

**CLASS ACTION COMPLAINT**

REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;
9. VIOLATION      OF      THE      PRIVATE ATTORNEYS     GENERAL     ACT     [LABOR CODE §§ 2698 ET SEQ.]

**DEMAND FOR JURY TRIAL**

Plaintiff JEANETTE GOMES ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except her own acts and knowledge which are based on personal knowledge, the following:

## INTRODUCTION

1.     PLAINTIFF is an individual who works as a housekeeper in California for defendant HOMEAGLOW INC. ("DEFENDANT"). PLAINTIFF alleges that DEFENDANT has violated and continues to violate the California Labor Code protections applicable to California employees because DEFENDANT has misclassified its California employees as independent contractors. In order to provide services to their customers, DEFENDANT hires California workers to aid DEFENDANT in providing services in the usual course of DEFENDANT's on-demand home cleaning service business to their clients. DEFENDANT controlled and directed the work performed by PLAINTIFF and the other similarly situated misclassified California workers by, among other things, scheduling hours of work, providing job site information, and issuing written policies and procedures for the performance of work and conduct in the workplace. PLAINTIFF and the other similarly situated misclassified California workers are not and were not engaged in a customarily independently established trade, occupation or business as the same nature of the work performed. The costs, as proscribed by law, of the personnel hired to work for DEFENDANT, includes not only the pay of these employees but the cost of the employer's share of tax payments to the federal and state governments for income taxes, social security taxes, Medicare insurance, unemployment insurance and payments for workers' compensation insurance. To avoid the payment of these legally proscribed expenses to the fullest extent possible, DEFENDANT devised a scheme to place the responsibility for the payment of these costs and expenses of DEFENDANT on the shoulders of PLAINTIFF and other similarly situated

1  California employees. As employer, DEFENDANT is legally responsible for the payment of all these
2  expenses. This lawsuit is brought in order to collect the wages due to PLAINTIFF and all those
3  similarly situated misclassified independent contractors as DEFENDANT's employees, the cost of
4  the employer's share of payments to the federal and state governments for income taxes, social
5  security taxes, Medicare insurance, unemployment insurance and payments for workers'
6  compensation insurance, plus penalties and interest.

7  **THE PARTIES**

8    2.  DEFENDANT is a Delaware corporation, that at all relevant times mentioned herein
9  conducted and continues to conduct substantial business in the State of California, County of San
10  Joaquin, and provides home cleaning services.

11    3.  DEFENDANT utilizes independent contractors, rather than employees, to provide its
12  clients with on-demand home cleaning services.

13    4.  The true names and capacities, whether individual, corporate, subsidiary, partnership,
14  associate or otherwise of DEFENDANT DOES 1 through 50, inclusive, are presently unknown to
15  PLAINTIFF who therefore sues these DEFENDANT by such fictitious names pursuant to Cal. Civ.
16  Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and
17  capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and
18  believes, and based upon that information and belief allege, that the DEFENDANT named in this
19  Complaint, including DOES 1 through 50, inclusive (hereinafter collectively "DEFENDANT" and/or
20  "DEFENDANT"), are responsible in some manner for one or more of the events and happenings that
21  proximately caused the injuries and damages hereinafter alleged.

22    5.  The agents, servants and/or employees of the DEFENDANT and each of them acting
23  on behalf of the DEFENDANT acted within the course and scope of his, her or its authority as the
24  agent, servant and/or employee of the DEFENDANT, and personally participated in the conduct
25  alleged herein on behalf of the DEFENDANT with respect to the conduct alleged herein.
26  Consequently, the acts of DEFENDANT are legally attributable to the other and all DEFENDANTS
27  are jointly and severally liable to PLAINTIFF and those similarly situated, for the loss sustained as a
28  proximate result of the conduct of the DEFENDANT's agents, servants and/or employees.

6.     DEFENDANT was PLAINTIFF's employer or persons acting on behalf of PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

7.     DEFENDANT was PLAINTIFF's employer or persons acting on behalf of PLAINTIFF's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

8.     PLAINTIFF worked as a housekeeper for DEFENDANT from October of 2021 to November of 2021 and was at all times during her employment classified by DEFENDANT as an independent contractor.

9.     PLAINTIFF brings this Class Action on behalf of herself and on behalf of all of individuals who worked for DEFENDANT in California as independent contractors ("CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS members is under five million dollars ($5,000,000.00).

10.     DEFENDANT's uniform policies and practices alleged herein were unlawful, unfair and deceptive business practices whereby DEFENDANT retained and continues to retain wages and other benefits due to PLAINTIFF and the other members of the CALIFORNIA CLASS.

11.     PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

///

1                              **THE CONDUCT**

2     **A.    Misclassification**

3         12.    DEFENDANT engaged in a pattern and practice of misclassifying California workers

4     as independent contractors, hired to perform work and services core to DEFENDANT's businesses, in

5     violation of California Labor Code Section 226.8. California Labor Code Section 226.8 provides that

6     "[i]t is unlawful for any person or employer to engage in …[w]illful misclassification of an individual

7     as an independent contractor." The penalty for willful misclassification of employees is a "civil penalty

8     of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for

9     each violation, in addition to any other penalties or fines permitted by law." It is further provided that,

10    in the event that an employer is found to have engaged in "a pattern or practice of these violations," the

11    penalties increase to "not less than ten thousand dollars ($10,000) and not more than twenty-five

12    thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by

13    law." Cal. Labor Code § 226.8.

14        13.    Similarly, PLAINTIFF and other members of the CALIFORNIA CLASS were not

15    compensated overtime wages for any of their time spent working in excess of eight (8) hours in a

16    workday, twelve (12) hours in a workday, and/or forty (40) hours in a workweek. PLAINTIFF and

17    other members of the CALIFORNIA CLASS were paid the hourly rate to perform labor services on

18    DEFENDANT's behalf. PLAINTIFF and other workers were not compensated any other wages besides

19    the non-negotiable hourly rate, and they were not allowed to record their time while they waited for

20    DEFENDANT to give them work. DEFENDANT did not pay PLAINTIFF and other CALIFORNIA

21    CLASS members for the time spent driving to and from jobs, the materials required to perform the

22    jobs, and all the other time they spent working for DEFENDANT outside of the job assignment they

23    were placed at with DEFENDANT's third-party customers. The finite set of tasks required to be

24    performed by the workers is, when notified via cell phone, travel to DEFENDANT's customers to

25    perform jobs, including but not limited to, residential housekeeping, all in accordance with

26    DEFENDANT's business practices and policies.

27        14.    As a result, stripped of all the legal fictions and artificial barriers to an honest

28    classification of the relationship between PLAINTIFF and all the other members of the CALIFORNIA

1   CLASS on the one hand, and DEFENDANT on the other hand, PLAINTIFF and all the other members
2   of the CALIFORNIA CLASS are and were employees of DEFENDANT and not independent
3   contractors of DEFENDANT and should therefore be properly classified as non-exempt, hourly
4   employees.

5       15.    The finite set of tasks required of PLAINTIFF and the other CALIFORNIA CLASS
6   members as defined by DEFENDANT was executed by them through the performance of non-exempt
7   labor.

8       16.    Although PLAINTIFF and the other CALIFORNIA CLASS members performed non-
9   exempt labor subject to DEFENDANT's complete control over the manner and means of performance,
10  DEFENDANT instituted a blanket classification policy, practice and procedure by which all of these
11  CALIFORNIA CLASS Members were classified as "independent contractors" exempt from
12  compensation for overtime worked, meal breaks and rest breaks, and reimbursement for business
13  related expenses. By reason of this uniform misclassification, the CALIFORNIA CLASS Members
14  were also required to pay DEFENDANT's share of payroll taxes and mandatory insurance premiums.
15  As a result of this uniform misclassification practice, policy and procedure applicable to PLAINTIFF
16  and the other CALIFORNIA CLASS Members who performed this work for DEFENDANT,
17  DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition
18  law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by engaging in a company-wide policy,
19  practice and procedure which failed to properly classify PLAINTIFF and the other CALIFORNIA
20  CLASS members as employees and thereby failed to pay them wages for all time worked,
21  reimbursement of business related expenses, failed to provide them with meal and rest breaks, and
22  failed to reimburse these employees for the employer's share of payroll taxes and mandatory insurance.

23      17.    DEFENDANT, as a matter of law, has the burden of proving that employees are
24  properly classified and that DEFENDANT otherwise complies with applicable laws. DEFENDANT,
25  as a matter of corporate policy, erroneously and unilaterally classified all the CALIFORNIA CLASS
26  Members as independent contractors in violation of the California Labor Code and regulations
27  promulgated thereunder.

28  / / /

i.    **Plaintiff and Other Members of the California Class Were Not Free from the Control and Direction of Defendant**

18.    DEFENDANT controlled and directed the work performed by PLAINTIFF and the other similarly situated misclassified California workers by, among other things, scheduling hours of work, providing job site information, and issuing written policies and procedures for the performance of work and conduct in the workplace. Upon hire, the position was represented by DEFENDANT to PLAINTIFF and the other workers as an independent contractor position in exchange for an hourly rate of pay for the time they spend providing labor and services to DEFENDANT's third-party customers.

19.    To perform their job duties, PLAINTIFF and the other members of the CALIFORNIA CLASS perform work subject to the control of DEFENDANT in that DEFENDANT had the authority to exercise complete control over the work performed and the manner and means in which the work was performed. DEFENDANT provided the customers and DEFENDANT provided the instructions as to how to perform their work.

20.    California Labor Code § 3357 defines "employee" as "every person in the service of an employer under any appointment or contact of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed." Additionally, to the California Labor Code's presumption that workers are employees, the California Supreme Court has determined the most significant factor to be considered in distinguishing an independent contractor from an employee is whether the *employer or principal has control or the right to control the work both as to the work performed and the manner and means in which the work is performed.* DEFENDANT heavily controlled both the work performed and the manner and means in which the PLAINTIFF and other workers performed their work in that:

(a)    PLAINTIFF and other members of the CALIFORNIA CLASS were not involved in a distinct business, but instead were provided with instructions as to how to perform their work and the manner and means in which the work was to be performed by means of DEFENDANT and DEFENDANT's manuals and written instructions;

(b)    PLAINTIFF and other members of the CALIFORNIA CLASS were continuously provided with training and supervision, including following

7

**CLASS ACTION COMPLAINT**

1   DEFENDANT's company documents, and received training from DEFENDANT as to

2   how and in what way to perform the services;

3   (c)    DEFENDANT set the requirements as to what policies and procedures all of the

4   workers were to follow, including but not limited to, hourly rates and location of

5   assignment;

6   (d)    PLAINTIFF and other members of the CALIFORNIA CLASS had no

7   opportunity for profit or loss because DEFENDANT only paid these workers an hourly

8   rate. DEFENDANT controlled and assigned the workers which tasks were to be

9   performed;

10   (e)    PLAINTIFF and other members of the CALIFORNIA CLASS performed

11   services and labor which are part of the core of DEFENDANT's principal business and

12   is closely integrated with and essential to the employer's business of services and labor

13   to their customers;

14   (f)    PLAINTIFF and other members of the CALIFORNIA CLASS performed the

15   work themselves and did not hire others to perform their work for them;

16   (g)    PLAINTIFF and other members of the CALIFORNIA CLASS did not have the

17   authority to make employment-related personnel decisions;

18   (h)    PLAINTIFF and other members of the CALIFORNIA CLASS performed their

19   work in a particular order and sequence in accordance with DEFENDANT and

20   DEFENDANT customers company policies; and,

21   (i)    DEFENDANT had the "right" to control every critical aspect of DEFENDANT

22   labor operation in that DEFENDANT provided the customer, assigned where

23   PLAINTFIFF and other members of the CALIFORNIA CLASS were to go, assigned

24   the hourly rate or flat rate, and step by step instructions to PLAINTIFF and other

25   members of the CALIFORNIA CLASS as to the entire process of working at their

26   assigned locations. PLAINTIFF and other workers provided services and labor for

27   DEFENDANT customers and were not actually in business for themselves.

28   / / /

**8**

**CLASS ACTION COMPLAINT**

    ii.  **Plaintiff and Other Members of the California Class Did Not Perform Work**
       **Outside the Usual Course of Defendant's Business**

  21.  DEFENDANT willfully misclassified PLAINTIFF and other members of the CALIFORNIA CLASS who provided DEFENDANT with housekeeping services for DEFENDANT's clients.  In other words, PLAINTIFF and other similarly situated California workers provided DEFENDANT with work and services within the usual course of DEFENDANT's business.

  22.  DEFENDANT markets itself to the public, PLAINTIFF and other members of the CALIFORNIA CLASS as a provider of on-demand house cleaning services. As a result, DEFENDANT unquestionably holds itself out to the public, PLAINTIFF and other members of the CALIFORNIA CLASS as a provider of on-demand housekeeping services. Therefore, the performance of DEFENDANT's housekeeping services by PLAINTIFF and other members of the CALIFORNIA CLASS is not outside DEFENDANT'S usual course of business.

    iii.  **Plaintiff and Other Members of the California Class Were Not Engaged in**
       **an Independently Established Trade, Occupation, or Business of the Same**
       **Nature as the Work Performed for Defendant**

  23.  PLAINTIFF and the other members of the CALIFORNIA CLASS are not and were not engaged in a customarily independently established trade, occupation or business as the same nature of the work performed.

**B.**  **Meal Period Violations**

  24.  In California, an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a duty-free meal period of not less than thirty minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. A second duty-free meal period of not less than thirty minutes is required if an employee works more than ten hours per day, except that if the total hours worked is no more than 12 hours, the second duty-free meal period may be waived by mutual consent of the employer and employee only if the first meal period was not waived. Labor Code Section 512.

  25.  If an employer fails to provide an employee a duty-free meal period in accordance with

1    an applicable IWC Order, the employer must pay one additional hour of pay at the employee's regular

2    rate of pay for each workday that the meal period is not provided. IWC Orders and Labor Code Section

3    226.7. This additional hour is not counted as hours worked for purposes of overtime calculations.

4          26.     From time-to-time during the CLASS PERIOD, as a result of their misclassification as

5    independent contractors and their rigorous work schedules, PLAINTIFF and other CALIFORNIA

6    CLASS members were not provided with a thirty (30) minute duty-free meal period and were not fully

7    relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS members were

8    required from time-to-time to perform work as ordered by DEFENDANT for more than five (5) hours

9    during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to

10   provide PLAINTIFF and CALIFORNIA CLASS members with a second duty-free meal period for

11   some workdays in which these employees were required by DEFENDANT to work ten (10) hours of

12   work. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeited meal breaks

13   without additional compensation and in accordance with DEFENDANT's strict corporate policy and

14   practice. Moreover, PLAINTIFF and other members of the CALIFORNIA CLASS were not provided

15   with one-hour wages in lieu of their legally mandated duty-free meal and rest periods.

16   **C.**    **<u>Rest Period Violations</u>**

17         27.     The applicable IWC Wage Order requires that employers must authorize and permit

18   nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of

19   each work period. The rest period is based on the total hours worked daily and must be at the minimum

20   rate of a net ten consecutive minutes for each four-hour work period, or major fraction thereof. The

21   Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a

22   "major fraction" of four. A rest period is not required for employees whose total daily work time is less

23   than three and one-half hours. The rest period is counted as time worked and therefore, the employer

24   must pay for such periods.

25         28.     If an employer fails to provide an employee a rest period in accordance with an applicable

26   IWC Order, the employer shall pay the employee one additional hour of pay at the employee's regular

27   rate of pay for each workday that the rest period is not provided. Labor Code Section 226.7. Thus, if

28   an employer does not provide all of the rest periods required in a workday, the employee is entitled to

1    one additional hour of pay for that workday, not one additional hour of pay for each rest period that

2    was not provided during that workday.

3        29.    From time-to-time during the CLASS PERIOD, as a result of their misclassification as

4    independent contractors and their rigorous work schedules PLAINTIFF and other CALIFORNIA

5    CLASS members were also required to work in excess of four (4) hours without being provided ten

6    (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten

7    (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and

8    second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8)

9    hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten

10   (10) hours or more.  PLAINTIFF and other CALIFORNIA CLASS members were also not provided

11   with one-hour wages in lieu thereof. As a result of their misclassification and rigorous work schedules,

12   PLAINTIFF and other CALIFORNIA CLASS members were from time-to-time denied their proper

13   rest periods by DEFENDANT and DEFENDANT'S managers.

14   **D.    Failure to Pay Minimum, Regular and Overtime Wages**

15       30.    From time-to-time during the CLASS PERIOD, DEFENDANT failed to accurately

16   record and pay PLAINTIFF and other CALIFORNIA CLASS members for the actual amount of time

17   these employees work.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT

18   is required to pay PLAINTIFF and other CALIFORNIA CLASS members for all time worked, meaning

19   the time during which an employee was subject to the control of an employer, including all the time

20   the employee was permitted or suffered to permit this work. DEFENDANT required PLAINTIFF and

21   CALIFORNIA CLASS members to work off the clock without paying them for all the time they were

22   under DEFENDANT's control.  PLAINTIFF and other CALIFORNIA CLASS Members also worked

23   more than eight hours in a workday and/or forty hours in a workweek, but DEFENDANT failed to pay

24   these employees overtime pay as DEFENDANT only paid a flat rate or a flat hourly rate for all time

25   worked.  Consequently, PLAINTIFF and other CALIFORNIA CLASS members forfeited minimum

26   wages and overtime wage compensation by working without their time being correctly recorded and

27   without compensation at the applicable rates. DEFENDANT's policy and practice not to pay

28   PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by

**11**

**CLASS ACTION COMPLAINT**

1   DEFENDANT's business records. As a result, DEFENDANT failed to compensate PLAINTIFF and

2   the members of the CALIFORNIA CLASS all minimum, regular and overtime wages for all hours

3   worked in violation of Labor Code §§ 1194, 1197, 1197.1, 1198 and 510.

4   **E.**    **Failure to Reimburse Necessary and Required Business Expenses**

5       31.    Under California Labor Code Section 2802, employers are required to indemnify

6   employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code §

7   2802 expressly states that "an employer shall indemnify his or her employee for all necessary

8   expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

9   duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the

10   employee, at the time of obeying the directions, believed them to be unlawful."

11       32.    From time-to-time during the CLASS PERIOD, DEFENDANT as a matter of corporate

12   policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and

13   indemnify PLAINTIFF and the other CLASS MEMBERS for required business expenses incurred by

14   PLAINTIFF and other the CLASS MEMBERS in direct consequence of discharging their duties on

15   behalf of DEFENDANT.

16       33.    From time-to-time during the CLASS PERIOD, in the course of their employment

17   PLAINTIFF and other CALIFORNIA CLASS members as a business expense, were required by

18   DEFENDANT to use personal cellular phones, personal vehicles, and personal equipment as a result

19   of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or

20   indemnified by DEFENDANT for the cost associated with the use of the personal cellular phones,

21   personal equipment, and personal vehicles for DEFENDANT's benefit. In order to work for

22   DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members were required to use their

23   personal vehicles to travel to different locations each work shift and were also required to use their

24   personal cell phones to review, receive and accept job assignments and as such it is mandatory to have

25   a cell phone. Additionally, PLAINTIFF and other CALIFORNIA CLASS Members were required to

26   provide their own personal equipment and supplies needed to perform the essential job cleaning duties.

27   As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of

28   the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not

1    limited to, costs related to the use of their personal cellular phones, personal equipment, and personal

2    vehicle on behalf of and for the benefit of DEFENDANT.

3    **F.**    **Wage Statement Violations**

4        34.    California Labor Code Section 226 requires an employer to furnish its employees an

5    accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

6    number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

7    earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

8    employee and only the last four digits of the employee's social security number or an employee

9    identification number other than a social security number, (8) the name and address of the legal entity

10   that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

11   corresponding number of hours worked at each hourly rate by the employee.

12       35.    From time-to-time during the CLASS PERIOD, as a result of, *inter alia,* of

13   DEFENDANT's intentional and willful misclassification of PLAINTIFF and the members of the

14   CALIFORNIA CLASS as independent contractors rather than employees, DEFENDANT issued

15   inaccurate itemized wages statements to PLAINTIFF and the members of the CALIFORNIA CLASS

16   that failed to accurately showing (1) gross wages earned, (2) total hours worked, (3) the number of

17   piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages earned, (6) the

18   inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the

19   last four digits of the employee's social security number or an employee identification number other

20   than a social security number, (8) the name and address of the legal entity that is the employer and, (9)

21   all applicable hourly rates in effect during the pay period and the corresponding number of hours

22   worked at each hourly rate by the employee.

23       36.    As a result, DEFENDANT issued PLAINTIFF and the other members of the

24   CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.    Further,

25   DEFENDANT's violations are knowing and intentional, were not isolated or due to an unintentional

26   payroll error due to clerical or inadvertent mistake.

27   **G.**    **Unfair Competition**

28       37.    By reason of this conduct applicable to PLAINTIFF and all the CALIFORNIA CLASS

1    members, DEFENDANT committed acts of unfair competition in violation of the California Unfair

2    Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by engaging in a company-

3    wide policy, practice and procedure which failed to correctly classify PLAINTIFF and the

4    CALIFORNIA CLASS members as employees. The proper classification of these employees is

5    DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet

6    this burden, DEFENDANT failed to pay all required wages for work performed by PLAINTIFF and

7    other CALIFORNIA CLASS Members and violated the California Labor Code and regulations

8    promulgated thereunder as herein alleged.

9       38.     PLAINTIFF as a worker for DEFENDANT, was classified by DEFENDANT as an

10    independent contractor and thus did not receive pay for all time worked, including minimum and

11    overtime wages. During the CALIFORNIA CLASS PERIOD, PLAINTIFF was also required to

12    perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving

13    a meal or rest break as evidenced by daily time reports for PLAINTIFF. PLAINTIFF therefore forfeited

14    meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict

15    corporate policy and practice which did not provide for mandatory meal and rest breaks. To date,

16    DEFENDANT has not fully paid PLAINTIFF all wages still owed to her or any penalty wages owed

17    to her under California Labor Code § 203. The amount in controversy for PLAINTIFF individually

18    does not exceed the sum or value of $75,000.

19                                      **THE CALIFORNIA CLASS**

20       39.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

21    Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action,

22    pursuant to Cal. Code of Civ. Proc. § 382, for violations during the CLASS PERIOD on behalf of the

23    CALIFORNIA CLASS. The amount in controversy for the aggregate claim of CALIFORNIA CLASS

24    Members is under five million dollars ($5,000,000.00).

25       40.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS

26    against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

27       41.     All CALIFORNIA CLASS members who performed and continue to perform this work

28    for DEFENDANT during the CLASS PERIOD are similarly situated in that they are subject to

1    DEFENDANT's policy and practice that required them to perform work without compensation as

2    required by law.

3         42.    During the CLASS PERIOD, DEFENDANT violated the rights of the PLAINTIFF and

4    the CALIFORNIA CLASS members under California law, without limitation, in the following

5    manners:

6         (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

7    17200, *et seq*. the ("UCL"), in that DEFENDANT, while acting as employer, devised and implemented

8    a scheme whereby PLAINTIFF and the CALIFORNIA CLASS members are forced to unlawfully,

9    unfairly and deceptively shoulder the cost of DEFENDANT'S wages for all unpaid wages, business

10    related expenses, and DEFENDANT's share of employment taxes, social security taxes, unemployment

11    insurance and workers' compensation insurance;

12         (b)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

13    17200, *et seq*. the ("UCL"), by unlawfully, unfairly and/or deceptively having in place company policies,

14    practices and procedures that uniformly misclassified PLAINTIFF and the CALIFORNIA CLASS

15    members as independent contractors;

16         (c)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

17    17200, *et seq*. the ("UCL"), by unlawfully, unfairly and/or deceptively failing to have in place a company

18    policy, practice and procedure that accurately determined the amount of working time spent by

19    PLAINTIFF and the CALIFORNIA CLASS members performing non-exempt employee labor;

20         (d)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

21    17200, *et seq*. the ("UCL"), by failing to provide PLAINTIFF and the other members of the

22    CALIFORNIA CLASS with all legally required meal and rest breaks;

23         (e)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

24    17200, *et seq*. the ("UCL") by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

25    the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job

26    duties; and,

27         (f)    Committing an act of unfair competition in violation of the UCL, by violating

28    Cal. Lab. Code §§ 510, *et seq*., by failing to pay the correct overtime pay to PLAINTIFF and the

1    members of the CALIFORNIA CLASS who were improperly classified as exempt, and retaining the

2    unpaid overtime to the benefit of DEFENDANT.

3        43.    As a result of DEFENDANT's policies, practices and procedures, there are numerous

4    questions of law and fact common to all CALIFORNIA CLASS members who worked for during the

5    CLASS PERIOD. These questions include, but are not limited, to the following:

6        (a)    Whether PLAINTIFF and other CALIFORNIA CLASS members were

7    misclassified as independent contractors by DEFENDANT;

8        (b)    Whether the PLAINTIFF and the CALIFORNIA CLASS members all afforded

9    all the protections of the California Labor Code that apply when properly classified as non-exempt

10   employees;

11       (c)    Whether DEFENDANT's policies, practices and pattern of conduct described in

12   this Complaint was and is unlawful;

13       (d)    Whether DEFENDANT unlawfully failed to pay their share of state and federal

14   employment taxes as required by state and federal tax laws;

15       (e)    Whether DEFENDANT's policy, practice and procedure of classifying the

16   CALIFORNIA CLASS members as independent contractors exempt from hourly wages laws for all

17   time worked and failing to pay the CALIFORNIA CLASS members all amounts due violates applicable

18   provisions of California State law;

19       (f)    Whether DEFENDANT unlawfully failed to keep and furnish the CALIFORNIA

20   CLASS members with accurate records of all time worked;

21       (g)    Whether DEFENDANT has engaged in unfair competition by the above-listed

22   conduct; and,

23       (h)    Whether DEFENDANT's conduct was willful.

24       44.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action

25   as set forth in Cal. Code of Civ. Proc. § 382, in that:

26       (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the

27   joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the

28   parties and the Court;

1         (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

2 raised in this Complaint are common to the CALIFORNIA CLASS and will apply to every

3 CALIFORNIA CLASS member;

4         (c)     The claims of the representative PLAINTIFF are typical of the claims of each

5 member of the CALIFORNIA CLASS. PLAINTIFF, like all the CALIFORNIA CLASS members, was

6 classified as an independent contractor upon hiring based on the defined corporate policies and practices

7 and labors under DEFENDANT'S procedure that failed to properly classify the PLAINTIFF and the

8 CALIFORNIA CLASS members. PLAINTIFF sustained economic injury as a result of DEFENDANT's

9 employment practices. PLAINTIFF and the CALIFORNIA CLASS members were and are similarly or

10 identically harmed by the same unlawful, unfair, deceptive and persuasive pattern of misconduct

11 engaged in by DEFENDANT by deceptively telling all the CALIFORNIA CLASS members that they

12 were not entitled to minimum wages, the employer's share of payment of payroll taxes and mandatory

13 insurance, and reimbursement for business expenses based on the defined corporate policies and

14 practices, and unfairly failed to pay these employees who were improperly classified as independent

15 contractors; and,

16         (d)     The representative PLAINTIFF will fairly and adequately represent and protect

17 the interest of the CALIFORNIA CLASS, and has retained counsel who is competent and experienced

18 in Class Action litigation. There are no material conflicts between the claims of the representative

19 PLAINTIFF and the CALIFORNIA CLASS members that would make class certification inappropriate.

20 Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the

21 CALIFORNIA CLASS.

22     45.     In addition to meeting the statutory prerequisites to a Class Action, this Action is properly

23 maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

24         (a)     Without class certification and determination of declaratory, injunctive, statutory

25 and other legal questions within the class format, prosecution of separate actions by individual members

26 of the CALIFORNIA CLASS will create the risk of:

27         (i)     Inconsistent or varying adjudications with respect to individual members

28 of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties

1  opposing the CALIFORNIA CLASS; and/or,

2          (ii)     Adjudication with respect to individual members of the CALIFORNIA

3  CLASS which would as a practical matter be dispositive of the interests of the other members not party

4  to the adjudication or substantially impair or impeded their ability to protect their interests.

5          (b)     The parties opposing the CALIFORNIA CLASS have acted on grounds generally

6  applicable to the CALIFORNIA CLASS making appropriate class-wide relief with respect to the

7  CALIFORNIA CLASS as a whole in that DEFENDANT uniformly classified and treated the

8  CALIFORNIA CLASS Members as independent contractors and, thereafter, uniformly failed to take

9  proper steps to determine whether the CALIFORNIA CLASS members were properly classified as

10  independent contractors, and thereby denied these employees' wages and payments for business

11  expenses and the employer's share of payroll taxes and mandatory insurance as required by law.

12          (i)     With respect to the First Cause of Action, the final relief on behalf of the

13  CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the

14  PLAINTIFF seeks declaratory relief holding that DEFENDANT's policies and practices constitute

15  unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct

16  declared to constitute unfair competition.

17          (c)     Common questions of law and fact exist as to members of the CALIFORNIA

18  CLASS with respect to the practices and violations of California and federal law as listed above, and

19  predominate over any question affecting only individual members, and a Class Action is superior to

20  other available methods for the fair and efficient adjudication of the controversy, including consideration

21  of:

22          (i)     The interest of the CALIFORNIA CLASS members in individually

23  controlling the prosecution or defense of separate actions;

24          (ii)     The extent and nature of any litigation concerning the controversy already

25  commenced by or against members of the CALIFORNIA CLASS;

26          (iii)     In the context of wage litigation because as a practical matter a substantial

27  number of individual CALIFORNIA CLASS members will avoid asserting their legal rights out of fear

28  of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or

**18**
**CLASS ACTION COMPLAINT**

with a subsequent employer, the Class Action is the only means to assert their claims through a representative;

    (iv) The desirability or undesirability of concentration the litigation of the claims in the particular forum;

    (v) The difficulties likely to be encountered in the management of a Class Action; and,

    (vi) The basis of DEFENDANT'S policies and practices applied to all the CALIFORNIA CLASS members.

  46. The Court should permit this Action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members;

    (b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS;

    (c) The CALIFORNIA CLASS members are so numerous that it is impractical to bring all CALIFORNIA CLASS members before the Court;

    (d) PLAINTIFF, and the CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

    (e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

    (f) There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANT are sufficient to adequately compensate the CALIFORNIA CLASS members for any injuries sustained;

    (g) DEFENDANT has acted or has refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CLASS as a whole;

1    (h)    The members of the CALIFORNIA CLASS are readily ascertainable from the

2    business records of DEFENDANT; and,

3    (i)    Class treatment provides manageable judicial treatment calculated to bring an

4    efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of

5    DEFENDANT's conduct as to the CALIFORNIA CLASS Members.

6    47.    DEFENDANT maintain records from which the Court can ascertain and identify by

7    name and job title, each of DEFENDANT's employees who have been intentionally subjected to

8    DEFENDANT's corporate policies, practices and procedures as herein alleged. PLAINTIFF will seek

9    leave to amend the complaint to include any additional job titles of similarly situated employees when

10    they have been identified.

11    **THE CALIFORNIA LABOR SUB-CLASS**

12    48.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh, and  Eighth

13    Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA

14    CLASS who are or previously were employed by DEFENDANT in California as independent

15    contractors (the "CALIFORNIA LABOR SUB-CLASS) at any time during the period three (3) years

16    prior to the filing of the Complaint and ending on the date as determined by the Court (the

17    "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc § 382. The

18    amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is

19    under five million dollars ($5,000,000.00).

20    49.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation

21    of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC")

22    Wage Order requirements intentionally, knowingly, and willfully, on the basis of job title alone and

23    without regard to the actual overall requirements of the job, systematically classified PLAINTIFF and

24    the other members of the CALIFORNIA LABOR SUBCLASS as independent contractors in order to

25    avoid the payment of all wages, and in order to avoid the obligations under the applicable California

26    Labor Code provisions. To the extent equitable tolling operates to toll claims by the CALIFORNIA

27    LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD

28    should be adjusted accordingly.

50.     DEFENDANT maintain records from which the Court can ascertain and identify by job title each of DEFENDANT'S employees who as CALIFORNIA LABOR SUB-CLASS Members have been systematically, intentionally and uniformly misclassified as independent contractors as a matter of DEFENDANT's corporate policy, practices and procedures. PLAINTIFF will seek leave to amend the complaint to include these additional job titles when they have been identified.

51.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

52.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by misclassifying and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for which DEFENDANT is liable;

(b)     Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for a workday longer than eight (8) hours and/or a workweek longer than forty (40) hours for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(c)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(d)     Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS who were improperly classified as independent contractors with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee;

(e)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(f)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an

1    employee is discharged or quits from employment, the employer must pay the employee all wages due

2    without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner

3    required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have

4    terminated their employment.

5        53.    This Class Action meets the statutory prerequisites for the maintenance of a Class

6    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

7            (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so

8    numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and

9    the disposition of their claims as a class will benefit the parties and the Court;

10           (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

11   are raised in this Complaint are common to the CALIFORNIA LABOR 19 SUB-CLASS and will apply

12   to every member of the CALIFORNIA LABOR SUB-CLASS;

13           (c)    The claims of the representative PLAINTIFF are typical of the claims of each

14   member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all other members of the

15   CALIFORNIA LABOR SUB-CLASS was improperly classified as an independent contractor and was

16   thus denied minimum wage pay and meal and rest breaks, among other things, as a result of

17   DEFENDANT's systematic classification practices. PLAINTIFF and all other members of the

18   CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's

19   violations of the laws of California; and,

20           (d)    The representative PLAINTIFF will fairly and adequately represent and protect

21   the interest of the CALIFORNIA LABOR SUB-CLASS and has retained counsel who are competent

22   and experienced in Class Action litigation. There are no material conflicts between the claims of the

23   representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would

24   make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will

25   vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

26       54.    In addition to meeting the statutory prerequisites to a Class Action, this action is

27   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

28           (a)    Without class certification and determination of declaratory, injunctive,

1    statutory and other legal questions within the class format, prosecution of separate actions by individual

2    members of the CALIFORNIA LABOR SUBCLASS will create the risk of: 1) Inconsistent or varying

3    adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which

4    would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR

5    SUB-CLASS; or, 2) Adjudication with respect to individual members of the CALIFORNIA LABOR

6    SUB-CLASS which would as a practical matter be dispositive of interests of the other members not

7    party to the adjudication or substantially impair or impede their ability to protect their interests.

8              (b)      The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or

9    refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making

10   appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in

11   that the DEFENDANT uniformly classified and treated the members of the CALIFORNIA LABOR

12   SUB-CLASS as independent contractors and, thereafter, uniformly failed to take proper steps to

13   determine whether the CALIFORNIA LABOR SUBCLASS Members were properly classified as

14   independent contractors, and thereby denied these employees the protections afforded to them under

15   the California Labor Code;

16             (c)      Common questions of law and fact predominate as to the members of the

17   CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as

18   listed above, and predominate over any question affecting only individual CALIFORNIA LABOR

19   SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and

20   efficient adjudication of the controversy, including consideration of:

21                  i)      The interests of the members of the CALIFORNIA LABOR SUB-

22   CLASS in individually controlling the prosecution or defense of separate actions in that the substantial

23   expense of individual actions will be avoided to recover the relatively small amount of economic losses

24   sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the

25   substantial expense and burden of individual prosecution of this litigation;

26                  ii)      Class certification will obviate the need for unduly duplicative litigation

27   that would create the risk of:

28                        A.      Inconsistent or varying adjudications with respect to individual

**23**
**CLASS ACTION COMPLAINT**

1    members of the CALIFORNIA LABOR SUBCLASS, which would establish incompatible standards

2    of conduct for the DEFENDANT; and/or,

3                    B.      Adjudications with respect to individual members of the

4    CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the

5    other members not parties to the adjudication or substantially impair or impede their ability to protect

6    their interests;

7                    iii)    In the context of wage litigation because a substantial number of

8    individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of

9    fear of retaliation by DEFENDANT, which may adversely affect an individual's job with

10   DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims

11   through a representative; and,

12                   iv)     A class action is superior to other available methods for the fair and

13   efficient adjudication of this litigation because class treatment will obviate the need for unduly and

14   unnecessary duplicative litigation that is likely to result in the absence of certification of this action

15   pursuant to Cal. Code of Civ. Proc. § 382.

16        55.    This Court should permit this action to be maintained as a Class Action pursuant to Cal.

17    Code of Civ. Proc. § 382 because:

18                   (a)     The questions of law and fact common to the CALIFORNIA LABOR SUB-

19   CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS

20   Members;

21                   b)      A Class Action is superior to any other available method for the fair and efficient

22   adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the

23   context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-

24   CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse

25   impact on their employment;

26                   (c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that

27   it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

28                   (d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members,

1  will not be able to obtain effective and economic legal redress unless the action is maintained as a Class
2  Action;

3      (e)     There is a community of interest in obtaining appropriate legal and equitable
4  relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining
5  adequate compensation for the damages and injuries which DEFENDANT'S actions have inflicted
6  upon the CALIFORNIA LABOR SUB-CLASS;

7      (f)     There is a community of interest in ensuring that the combined assets of
8  DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR
9  SUB-CLASS for the injuries sustained;

10     (g)     DEFENDANT has acted or refused to act on grounds generally applicable to the
11 CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect
12 to the CALIFORNIA LABOR SUB-CLASS as a whole;

13     (h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily
14 ascertainable from the business records of DEFENDANT; and,

15     (i)     Class treatment provides manageable judicial treatment calculated to bring a
16 efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the
17 conduct of DEFENDANT.

18                          **JURISDICTION AND VENUE**

19     56.    This Court has jurisdiction over this Action pursuant to California Code of Civil
20 Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is
21 brought as a Class Action on behalf PLAINTIFF and on behalf of similarly situated employees of
22 DEFENDANT pursuant to Cal. Code of Civ. Proc. Section 382.

23     57.    Venue is proper in this Court pursuant to Cal. Code of Civ. Proc. Sections 395 and 395.5,
24 because DEFENDANT (i) currently maintains and at all relevant times maintained its principal offices
25 and facilities in this County and/or conducts substantial business in this County, and (ii) committed the
26 wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and
27 CALIFORNIA LABOR SUB-CLASS.

28

**FIRST CAUSE OF ACTION**

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFF and the CALIFORNIA CLASS Against All DEFENDANT)**

58.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

59.     DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code § 17021.

60.     Section 17200 of the California Business & Professions Code defines unfair competition as any unlawful, unfair or fraudulent business act or practice. Section 17200 applies to violations of labor laws in the employment context. Section 17203 authorizes injunctive, declaratory and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may take such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

61.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to the applicable Industrial Wage Orders, the California Labor Code including Sections 204, 210, 221, 226.7, 226.8, 510, 512, 1194, 1197, 1197.1, 1198, & 2802, and California Code of Regulations § 11090, for which this Court should issue declaratory, injunctive, and other equitable relief, pursuant to Cal. Bus. & Prof § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld, business expenses wrongfully withheld and for the payment

1  of the employer's share of income taxes, social security taxes, unemployment insurance and workers'

2  compensation insurance.

3       62.    By the conduct alleged herein DEFENDANT has obtained valuable property, money,

4  and services from PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived

5  them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

6  DEFENDANT so as to allow DEFENDANT to unfairly compete. Declaratory and injunctive relief is

7  necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not

8  afford adequate and complete relief.

9       63.    All the acts described herein as violations of, among other things, the California Labor

10  Code, California Code of Regulations and the Industrial Welfare Commission Wage Orders, were

11  unlawful, were in violation of public policy, were immoral, unethical, oppressive, and unscrupulous,

12  and were likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business

13  practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq.*

14       64.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent

15  in that DEFENDANT's policy and practice was to represent to the CALIFORNIA CLASS Members

16  that they were not entitled to overtime and minimum wages, payment for payroll taxes or mandatory

17  insurance and other benefits as required by California law, when in fact these representations were false

18  and likely to deceive and for which this Court should issue injunctive and equitable relief, pursuant to

19  Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

20       65.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

21  deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members

22  of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

23       66.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

24  do, seek such relief as may be necessary to restore to them the money and property which

25  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

26  CLASS have been deprived, by means of the above described unlawful and unfair business practices,

27  including earned but unpaid wages for all time worked.

28       67.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

1    and do, seek a declaration that the described business practices were unlawful, unfair and deceptive,

2    and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful

3    and unfair business practices in the future.

4        68.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

5    deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally

6    required meal and rest breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as

7    required by Cal. Lab. Code §§ 226.7 and 512.

8        69.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

9    CALIFORNIA CLASS member, minimum wages, payment for the employer's share of payroll taxes

10    and mandatory insurance, and one (1) hour of pay for each workday in which an off-duty meal period

11    was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday

12    in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

13        70.    PLAINTIFF further demands on behalf of herself and each member of the

14    CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not timely

15    provided as required by law.

16        71.    By and through the unlawful and unfair business practices described herein,

17    DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other

18    members of the CALIFORNIA CLASS, including earned wages for all time worked and has deprived

19    them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these

20    employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete

21    against competitors who comply with the law.

22        72.    All the acts described herein as violations of, among other things, the Industrial Welfare

23    Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are

24    unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are

25    deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal.

26    Bus. & Prof. Code §§ 17200 *et seq*.

27        73.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

28    do, seek such relief as may be necessary to restore to them the money and property which

1    DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

2    CLASS have been deprived, by means of the above described unlawful and unfair business practices.

3         74.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

4    and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and

5    that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and

6    unfair business practices in the future.

7         75.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

8    and/or adequate remedy at law that will end the unlawful and unfair business practices of

9    DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result

10   of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of

11   the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic

12   harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair

13   business practices.

14                          **SECOND CAUSE OF ACTION**

15                      **For Failure to Pay Minimum Wages**

16                    **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

17   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

18        76.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

19   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

20   Complaint.

21        77.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring

22   a claim for DEFENDANT'S willful and intentional violations of the California Labor Code and the

23   Industrial Welfare Commission requirements for DEFENDANT'S failure to accurately calculate and

24   pay minimum wages to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members.

25        78.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public

26   policy, an employer must timely pay its employees for all hours worked.

27        79.     Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

28   commission is the minimum wage to be paid to employees, and the payment of a less wage than the

1  minimum so fixed in unlawful.

2      80.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

3  including minimum wage compensation and interest thereon, together with the costs of suit.

4      81.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members

5  of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked.

6  As set forth herein, DEFENDANT'S policy and practice was to unlawfully and intentionally deny

7  timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR

8  SUB-CLASS.

9      82.    DEFENDANT'S uniform pattern of unlawful wage and hour practices manifested,

10  without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

11  implementing a policy and practice that denied accurate compensation to PLAINTIFF and the other

12  members of the CALIFORNIA LABOR SUB-CLASS regarding minimum wage pay.

13      83.    In committing these violations of the California Labor Code, DEFENDANT inaccurately

14  calculate the correct time worked and consequently underpays the actual time worked by PLAINTIFF

15  and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal

16  attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor

17  Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

18      84.    As a direct result of DEFENDANT'S unlawful wage practices as alleged herein,

19  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive the

20  correct minimum wage compensation for their time worked for DEFENDANT.

21      85.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other

22  members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were

23  entitled to, constituting a failure to pay all earned wages.

24      86.    By virtue of DEFENDANT'S unlawful failure to accurately pay all earned compensation

25  to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time

26  they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have

27  suffered and will continue to suffer an economic injury in amounts which are presently unknown to

28  them and which will be ascertained according to proof at trial.

87.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members for their labor and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

88.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

89.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT'S conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

/ / /

**THIRD CAUSE OF ACTION**

**For Failure to Pay Overtime Wages**

**[Cal. Lab. Code §§ 510, 1194, & 1198]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

90.    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

91.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members overtime wages for the time they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 & 1198, even though PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members were regularly required to work, and did in fact work, overtime that DEFENDANT never recorded as evidenced by DEFENDANT'S business records and witnessed by DEFENDANT'S employees.

92.    By virtue of DEFENDANT'S unlawful failure to pay compensation to PLAINTIFF and the CALIFORNIA CLASS Members for all overtime worked by these employees, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have suffered, and will continue to suffer, an economic in amounts which are presently unknown to them and which can be ascertained according to proof at trial.

93.    DEFENDANT knew or should have known that PLAINTIFF and the CALIFORNIA CLASS Members were misclassified as independent contractors and DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of corporate policy, practice and procedure.

94.    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members therefore request recovery of all compensation according to proof, interest, costs, as well as the assessment of any statutory penalties against DEFENDANT in a sum as provided by the California Labor Code and/or other statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, these employees would also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein. Further, PLAINTIFF and the CALIFORNIA LABOR SUBCLASS Members are entitled to seek and

1    recover statutory costs.

2        95.    In performing the acts and practices herein alleged in violation of California labor laws,

3    and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime

4    worked and provide them with the requisite overtime compensation, DEFENDANT acted and

5    continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

6    members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their

7    legal rights, or the consequences to them, and with the despicable intent of depriving them of their

8    property and legal rights, and otherwise causing them injury in order to increase corporate profits at the

9    expense of these employees.

10    **FOURTH CAUSE OF ACTION**

11    **For Failure to Provide Required Meal Periods**

12    **[Cal. Lab. Code §§ 226.7 & 512]**

13    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

14    **DEFENDANT)**

15        96.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

16    reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

17    Complaint.

18        97.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, from time to time,

19    DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the

20    other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

21    Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-

22    CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the

23    legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and

24    other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of

25    duty by DEFENDANT for their meal periods. Additionally, DEFENDANT'S failure to provide

26    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal

27    breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT'S business records. As a

28    result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore

1    forfeited meal breaks without additional compensation and in accordance with DEFENDANT'S strict

2    corporate policy and practice.

3         98.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC

4    Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

5    Members who were not provided a meal period, in accordance with the applicable Wage Order, one

6    additional hour of compensation at each employee's regular rate of pay for each workday that a meal

7    period was not provided.

8         99.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

9    LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek

10   all wages earned and due, interest, penalties, expenses and costs of suit.

11                              **FIFTH CAUSE OF ACTION**

12                      **For Failure to Provide Required Rest Periods**

13                           **[Cal. Lab. Code §§ 226.7 & 512]**

14   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

15        100.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

16   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

17   Complaint.

18        101.   From time to time, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

19   Members were required to work in excess of four (4) hours without being provided ten (10) minute rest

20   periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for

21   some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10)

22   minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest

23   period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.  PLAINTIFF and

24   other CALIFORNIA LABOR SUBCLASS Members were also not provided with one-hour wages in

25   lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA

26   LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT

27   and DEFENDANT'S managers.

28        102.   88. DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

---

**34**

**CLASS ACTION COMPLAINT**

IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

103.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)

104.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior of this Complaint.

105.    California Labor Code Section 226 requires an employer to furnish its employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of the employee's social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

106.    From time-to-time during the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT issued inaccurate itemized wages statements to PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that failed to accurately showing (1) gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of the employee's social security number or an employee identification number other than a social security number, (8) the name and address of the

1    legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay period and

2    the corresponding number of hours worked at each hourly rate by the employee.

3         107.   As a result, DEFENDANT issued PLAINTIFF and the other members of the

4    CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.    Further,

5    DEFENDANT'S violations are knowing and intentional, were not isolated or due to an unintentional

6    payroll error due to clerical or inadvertent mistake.

7         108.   DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226,

8    causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS.

9    These damages include, but are not limited to, costs expended calculating the true amount of time

10    worked and the amount of employment taxes which were not properly paid to state and federal tax

11    authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF, and the other members

12    of the CALIFORNIA LABOR SUB-CLASS elect to recover liquidated damages of $50.00 for the

13    initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay

14    period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no

15    event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR

16    SUB-CLASS herein).

17                     **SEVENTH CAUSE OF ACTION**

18              **For Failure to Reimburse Employees for Required Expenses**

19                       **[Cal. Lab. Code § 2802]**

20    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

21         109.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and

22    incorporate by this reference, as though fully set forth herein, paragraphs 1 through 79 of this Complaint.

23         110.   Cal. Lab. Code § 2802 provides, in relevant part, that:

24               An employer shall indemnify his or her employee for all necessary

25               expenditures or losses incurred by the employee in direct consequence of

26               the discharge of his or her duties, or of his or her obedience to the directions

27               of the employer, even though unlawful, unless the employee, at the time of

28               obeying the directions, believed them to be unlawful.

1    111.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to
2    indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for
3    required expenses incurred in the discharge of their job duties for DEFENDANT'S benefit. Specifically,
4    DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members
5    for expenses which included, but were not limited to, the cost associated with the use of their personal
6    cellular phones, personal equipment, and personal vehicles for DEFENDANT'S benefit.  In order to
7    work for DEFENDANT, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were
8    required to use their personal vehicles to travel and to use DEFENDANT'S mobile application and as
9    such it is mandatory to have a cell phone that is compatible with DEFENDANT'S mobile application.
10   As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of
11   the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which included,
12   but were not limited to, the costs related to the use of their personal cellular phones, personal equipment,
13   and personal vehicles all on behalf of and for the benefit of DEFENDANT.  Further, PLAINTIFF and
14   other CALIFORNIA LABOR SUB-CLASS Members are also not reimbursed or indemnified by
15   DEFENDANT for the cost associated with using their personal vehicles while driving for
16   DEFENDANT.  Moreover, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members
17   were also required to provide their own cleaning supplies and equipment necessary to perform the
18   essential job duties.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF
19   and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business
20   expenses which included, but were not limited to, costs related to travel all on behalf of and for the
21   benefit of DEFENDANT.  These expenses are necessary to complete their principal job duties.
22   DEFENDANT is estopped by DEFENDANT'S conduct to assert any waiver of this expectation.
23   Although these expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA
24   LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the
25   CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do
26   under the laws and regulations of California.
27   112.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by
28   them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for

1  DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate

2  and costs under Cal. Lab. Code § 2802.

3                           **EIGHTH CAUSE OF ACTION**

4                       **For Failure to Pay Wages When Due**

5                       **[Cal. Lab. Code §§ 201, 202 and 203]**

6  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

7          113.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

8  reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this

9  Complaint.

10         114.    Cal. Lab. Code § 200 states that:

11                 As used in this article:

12                         (a) "Wages" includes all amounts for labor performed by

13                 employees of every description, whether the amount is fixed or ascertained

14                 by the standard of time, task, piece, Commission basis, or other method of

15                 calculation.

16                         (b) "Labor" includes labor, work, or service whether rendered or

17                 performed under contract, subcontract, partnership, station plan, or other

18                 agreement if the labor to be paid for is performed personally by the person

19                 demanding payment.

20         115.    Cal. Lab. Code § 201 states, in relevant part, that "If an employer discharges an

21  employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

22         116.    Cal. Lab. Code § 202 states, in relevant part, that:

23                 If an employee not having a written contract for a definite period quits his

24                 or her employment, his or her wages shall become due and payable not later

25                 than 72 hours thereafter, unless the employee has given 72 hours previous

26                 notice of his or her intention to quit, in which case the employee is entitled

27                 to his or her wages at the time of quitting. Notwithstanding any other

28                 provision of law, an employee who quits without providing a 72-hour notice

1    shall be entitled to receive payment by mail if he or she so requests and

2    designates a mailing address. The date of the mailing shall constitute the

3    date of payment for purposes of the requirement to provide payment

4    within72 hours of the notice of quitting.

5    117.    There was no definite term in PLAINTIFF's or any other CALIFORNIA LABOR SUB-

6    CLASS Members' employment contract.

7    118.    Cal. Lab. Code § 203 states:

8    If an employer willfully fails to pay, without abatement or reduction, in

9    accordance with Sections 201, 201.5, 202, and 205.5, any wages of an

10    employee who is discharged or who quits, the wages of the employee shall

11    continue as a penalty from the due date thereof at the same rate until paid

12    or until an action therefor is commenced; but the wages shall not continue

13    for more than 30 days.

14    119.    The employment of PLAINTIFF and many other CALIFORNIA LABOR SUB-CLASS

15    Members has terminated, yet as to those individuals whose employment terminated, DEFENDANT did

16    not timely tender payment of all wages owed as required by law.

17    120.    Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of

18    the CALIFORNIA LABOR SUB-CLASS whose employment terminated, PLAINTIFF demands thirty

19    days of pay as penalty for not paying all wages due at time of termination for all individuals in the

20    CALIFORNIA LABOR SUB-CLASS who terminated employment during the CALIFORNIA LABOR

21    SUB-CLASS PERIOD plus interest and statutory costs as allowed.

22                            **NINTH CAUSE OF ACTION**

23                  **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT**

24                            **(Cal. Lab. Code §§2698 et seq.)**

25                    **(Alleged by PLAINTIFF against all Defendants)**

26    121.    PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein,

27    the prior paragraphs of this Complaint.

28

1       122.   PAGA is a mechanism by which the State of California itself can enforce state labor laws

2    through the employee suing under the PAGA who does so as the proxy or agent of the state's labor law

3    enforcement agencies.  An action to recover civil penalties under PAGA is fundamentally a law

4    enforcement action designed to protect the public and not to benefit private parties.   The purpose of

5    the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as

6    private attorneys general to enforce the Labor Code. In enacting PAGA, the California Legislature

7    specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys

8    general to recover civil penalties for Labor Code violations ..." (Stats. 2003, ch. 906, § 1). Accordingly,

9    PAGA claims cannot be subject to arbitration.

10      123.   PLAINTIFF, and such persons that may be added from time to time who satisfy the

11   requirements and exhaust the administrative procedures under the Private Attorney General Act, bring

12   this Representative Action on behalf of the State of California with respect to themselves and all

13   individuals who worked for DEFENDANT in California as independent contractors during the time

14   period of January 28, 2021 until the present (the "AGGRIEVED EMPLOYEES").

15      124.   On January 28, 2022, PLAINTIFF gave written notice by certified mail to the Labor and

16   Workforce Development Agency (the "Agency") and the employer of the specific provisions of

17   this code alleged to have been violated as required by Labor Code § 2699.3.  See Exhibit #1, attached

18   hereto and incorporated by this reference herein.  The statutory waiting period for Plaintiff to add these

19   allegations to the Complaint has expired.  As a result, pursuant to Section 2699.3, Plaintiff may now

20   commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State

    of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

21      125.   The policies, acts and practices heretofore described were and are an unlawful business

22   act or practice because DEFENDANT misclassified Plaintiff and AGGRIEVED EMPLOYEES as

23   independent contractors, and therefore (a) failed to properly record and pay PLAINTIFF and the other

24   AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime hours in violation of

25   the Wage Order, (b) failed to provide accurate itemized wage statements, (c) failed to provide mandatory

26   meal breaks and rest breaks, (d) failed to pay meal and rest break premiums, (e) failed to timely pay

27   wages at the correct rate, all in violation of the applicable Labor Code sections listed in Labor Code

28   §2699.5, including but not limited to Labor Code §§ 201, 201.3, 202, 203, 204, 210, 218.5, 218.6, 226,

226.2, 226.3, 226.7, 246, 510, 512, 558, 1174(d), 1174.5, 1194, 1197, 1197.1, 1197.14, 1198, 1199, 2802, and 2804, and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such conduct. PLAINTIFF hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each DEFENDANT, jointly and severally, as follows:

1.      On behalf of the CALIFORNIA CLASS:

A)      That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)      An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)      An order requiring DEFENDANT to pay minimum and overtime wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

D)      Restitutionary disgorgement of DEFENDANT'S ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT'S violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.      On behalf of the CALIFORNIA LABOR SUB-CLASS:

A)      That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)      Compensatory damages, according to proof at trial, including compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C)      The wages of all terminated individuals in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is

1  commenced, in accordance with Cal. Lab. Code § 203;

2        D)        The greater of all actual damages or fifty dollars ($50) for the initial pay period

3  in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA

4  LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty

5  of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

6        E)        Meal and rest period compensation pursuant to California Labor Code Section

7  226.7 and the applicable IWC Wage Order;

8        F)        The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

9  LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

10        G) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197.

11  3.        On behalf of the State of California and with respect to all AGGRIEVED

12  EMPLOYEES: Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

13  General Act of 2004;

14  4.        On all claims:

15        A)        An award of interest, including prejudgment interest at the legal rate;

16        B)        Such other and further relief as the Court deems just and equitable; and,

17        C)        An award of penalties, attorneys' fees and cost of suit, as allowable under the

18  law, including, but not limited to, pursuant to Labor Code §226, §1194, and/or §2802.

19

20  Dated: April 4, 2022                                    Respectfully Submitted,
                                                            JCL LAW FIRM, A.P.C.
21

22
                                                            By:
23                                                          Jean-Claude Lapuyade
                                                            Attorneys for PLAINTIFF
24

25

26

27

28

**CLASS ACTION COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2   PLAINTIFF demands a jury trial on all issues triable to a jury.

3

4  Dated: April 4, 2022         Respectfully Submitted,

5                   JCL LAW FIRM, A.P.C.

6                  By: _____

7                  Jean-Claude Lapuyade

                   Attorneys for PLAINTIFF

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**43**

**CLASS ACTION COMPLAINT**

# EXHIBIT 1



January 28, 2022

**<u>Via Online Filing to LWDA and Certified Mail to Defendant</u>**
**Labor and Workforce Development Agency**
Online Filing

**HOMEAGLOW INC.**
c/o Registered Agents Inc.
1401 21st Street, Suite R
Sacramento, CA 95811
***Sent Via Certified Mail & Receipt No. 7021 2720 0000 9972 5450***

**Re:** **<u>Notice of Violations of California Labor Code Sections 201, 201.3, 202, 203, 204, 210,
218.5, 218.6, 226, 226.2, 226.3, 226.7, 246, 510, 512, 558, 1174(d), 1174.5, 1194, 1197,
1197.1, 1197.14, 1198, 1199, 2802, and 2804, Violation of Applicable Industrial
Welfare Commission Wage Order(s), and Pursuant to California Labor Code
Section 2699.5</u>**

Dear Sir/Madam:

Our offices represent Plaintiff JEANETTE GOMES ("Plaintiff"), and other aggrieved
employees in a proposed lawsuit against Defendant HOMEAGLOW INC. ("Defendant"). This
office intends to file the enclosed Class Action Complaint on behalf of Client and other similarly
situated employees. The purpose of this correspondence is to provide the Labor and Workforce
Development Agency with notice of alleged violations of the California Labor Code and certain
facts and theories in support of the alleged violations in accordance with Labor Code section
2699.3.

Plaintiff worked for Defendant in California from October of 2021 to November of 2021.
Plaintiff was classified by Defendant as an independent contractor, however the job duties
performed by Plaintiff and other aggrieved employees did not entitle Defendant to claim any
exemption from minimum wage and overtime compensation and providing meal periods to
Plaintiff or any of the other workers who were classified as independent contractors. As a result,
Plaintiff and other aggrieved employees worked time for which they were unlawfully not paid
the correct minimum wage and overtime compensation. Further, Plaintiff and other aggrieved
employees were not provided with the legally required meal and rest breaks in accordance with
California law. Additionally, Plaintiff contends that Defendant failed to comply with Industrial
Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiff began
and ended each shift and meal period.

As a consequence of the aforementioned violations, Plaintiff further contends that
Defendant failed to provide accurate wage statements to her, and other aggrieved employees, in
violation of California Labor Code section 226(a). Said conduct, in addition to the foregoing
Labor Code §§ 201, 201.3, 202, 203, 204, 210, 218.5, 218.6, 226, 226.2, 226.3, 226.7, 246, 510,
512, 558, 1174(d), 1174.5, 1194, 1197, 1197.1, 1197.14, 1198, 1199, 2802, and 2804, violates

Page 2 of 2
January 28, 2022

the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under
California Labor Code section 2699.3.

**Plaintiff seeks to represent a group of aggrieved employees defined as all non-
exempt employees, exempt employees, and individuals classified as independent
contractors who worked for Defendant in California during the relevant claim period.**

A true and correct copy of the proposed Complaint by Plaintiff against Defendant, which
(1) identifies the alleged violations, (2) details the facts and theories which support the alleged
violations, (3) details the specific work performed by Plaintiff, (4) sets forth the people/entities,
dates, classifications, violations, events, and actions which are at issue to the extent known to
Plaintiff, and (5) sets forth the illegal practices used by Defendant, is attached hereto. This
information provides notice to the Labor and Workforce Development Agency of the facts and
theories supporting the alleged violations for the agency's reference. Plaintiff therefore
incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If
the agency needs any further information, please do not hesitate to ask.

To the extent that entities and/or individuals are named and charged with violations of the
Labor Code—making them liable on an individual basis as permitted by numerous Labor Code
Sections including, but not limited to 558, 558.1, and 1197.1—Plaintiff reserves any and all
rights to add, substitute, or change the name of employer entities and/or individuals responsible
for the violations at issue.

Any further amendments and changes to this notice shall relate back to the date of this
notice. Consequently, Defendant is on notice that Plaintiff continues her investigation, with the
full intent to amend and/or change this notice, to add any undiscovered violations of any of
the provisions of the California Labor Code—to the extent that are applicable to this case—and
to change and/or add the identities of any entities and/or individuals responsible for the
violations contained herein.

This notice is provided to enable Plaintiff to proceed with the Complaint against
Defendant as authorized by California Labor Code section 2695, *et seq.* The lawsuit consists of
other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as
alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney
General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees.

Your earliest response to this notice is appreciated. If you have any questions or
concerns, please do not hesitate to contact me at the above number and address.

Very truly yours,
JCL LAW FIRM, APC

Jean-Claude Lapuyade, Esq.

Enclosure (1)

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

Attorneys for Plaintiff JEANETTE GOMES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| JEANETTE GOMES, an individual, on behalf of herself, and on behalf of all persons similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HOMEAGLOW    INC.,    a    Delaware corporation; and DOES 1 through 30, Inclusive; <br><br> DEFENDANT. | Case No. _____ <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq*.; <br> 2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; <br> 3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq* <br> 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 6. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; <br> 7. FAILURE TO REIMBURSE EMPLOYEES FO REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; |

1

8.  FAILURE TO PROVIDE WAGES WHEN DUE
    IN VIOLATION OF CAL. LAB. CODE §§ 201,
    202 AND 203.

**DEMAND FOR JURY TRIAL**

Plaintiff JEANETTE GOMES ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except her own acts and knowledge which are based on personal knowledge, the following:

**INTRODUCTION**

1.      PLAINTIFF is an individual who works as a housekeeper in California for defendant HOMEAGLOW INC. ("DEFENDANT"). PLAINTIFF alleges that DEFENDANT has violated and continues to violate the California Labor Code protections applicable to California employees because DEFENDANT has misclassified its California employees as independent contractors. In order to provide services to their customers, DEFENDANT hires California workers to aid DEFENDANT in providing services in the usual course of DEFENDANT's on-demand home cleaning service business to their clients. DEFENDANT controlled and directed the work performed by PLAINTIFF and the other similarly situated misclassified California workers by, among other things, scheduling hours of work, providing job site information, and issuing written policies and procedures for the performance of work and conduct in the workplace. PLAINTIFF and the other similarly situated misclassified California workers are not and were not engaged in a customarily independently established trade, occupation or business as the same nature of the work performed. The costs, as proscribed by law, of the personnel hired to work for DEFENDANT, includes not only the pay of these employees but the cost of the employer's share of tax payments to the federal and state governments for income taxes, social security taxes, Medicare insurance, unemployment insurance and payments for workers' compensation insurance. To avoid the payment of these legally proscribed expenses to the fullest extent possible, DEFENDANT devised a scheme to place the responsibility for the payment of these costs and expenses of DEFENDANT on the shoulders of PLAINTIFF and other similarly situated California employees. As employer, DEFENDANT is legally responsible for the payment of all these expenses. This lawsuit is brought in order to collect the wages due to PLAINTIFF and all those similarly situated misclassified independent contractors as DEFENDANT's employees, the cost of

1    the employer's share of payments to the federal and state governments for income taxes, social
2    security taxes, Medicare insurance, unemployment insurance and payments for workers'
3    compensation insurance, plus penalties and interest.

### THE PARTIES

5        2.      DEFENDANT is a Delaware corporation, that at all relevant times mentioned herein
6    conducted and continues to conduct substantial business in the State of California, County of San
7    Joaquin, and provides home cleaning services.

8        3.      DEFENDANT utilizes independent contractors, rather than employees, to provide its
9    clients with on-demand home cleaning services.

10       4.      The true names and capacities, whether individual, corporate, subsidiary, partnership,
11   associate or otherwise of DEFENDANT DOES 1 through 50, inclusive, are presently unknown to
12   PLAINTIFF who therefore sues these DEFENDANT by such fictitious names pursuant to Cal. Civ.
13   Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege the true names and
14   capacities of Does 1 through 50, inclusive, when they are ascertained.  PLAINTIFF is informed and
15   believes, and based upon that information and belief allege, that the DEFENDANT named in this
16   Complaint, including DOES 1 through 50, inclusive (hereinafter collectively "DEFENDANT" and/or
17   "DEFENDANT"), are responsible in some manner for one or more of the events and happenings that
18   proximately caused the injuries and damages hereinafter alleged.

19       5.      The agents, servants and/or employees of the DEFENDANT and each of them acting
20   on behalf of the DEFENDANT acted within the course and scope of his, her or its authority as the
21   agent, servant and/or employee of the DEFENDANT, and personally participated in the conduct
22   alleged herein on behalf of the DEFENDANT with respect to the conduct alleged herein.
23   Consequently, the acts of DEFENDANT are legally attributable to the other and all DEFENDANTS
24   are jointly and severally liable to PLAINTIFF and those similarly situated, for the loss sustained as a
25   proximate result of the conduct of the DEFENDANT's agents, servants and/or employees.

26       6.      DEFENDANT was PLAINTIFF's employer or persons acting on behalf of
27   PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused
28   to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating

1    hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to

2    civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

3          7.      DEFENDANT was PLAINTIFF's employer or persons acting on behalf of

4    PLAINTIFF's employer either individually or as an officer, agent, or employee of another person,

5    within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee

6    a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties

7    for each underpaid employee.

8          8.      PLAINTIFF worked as a housekeeper for DEFENDANT from October of 2021 to

9    November of 2021 and was at all times during her employment classified by DEFENDANT as an

10   independent contractor.

11         9.      PLAINTIFF brings this Class Action on behalf of herself and on behalf of all of

12   individuals who worked for DEFENDANT in California as independent contractors ("CALIFORNIA

13   CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint

14   and ending on the date as determined by the Court (the "CLASS PERIOD").   The amount in

15   controversy for the aggregate claim of CALIFORNIA CLASS members is under five million dollars

16   ($5,000,000.00).

17         10.     DEFENDANT's uniform policies and practices alleged herein were unlawful, unfair

18   and deceptive business practices whereby DEFENDANT retained and continues to retain wages and

19   other benefits due to PLAINTIFF and the other members of the CALIFORNIA CLASS.

20         11.     PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction

21   enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other

22   members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past

23   and current unlawful conduct, and all other appropriate legal and equitable relief.

24                                  **THE CONDUCT**

25   **A.    Misclassification**

26         12.     DEFENDANT engaged in a pattern and practice of misclassifying California workers

27   as independent contractors, hired to perform work and services core to DEFENDANT's businesses, in

28   violation of California Labor Code Section 226.8. California Labor Code Section 226.8 provides that

1  "[i]t is unlawful for any person or employer to engage in …[w]illful misclassification of an individual

2  as an independent contractor." The penalty for willful misclassification of employees is a "civil penalty

3  of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for

4  each violation, in addition to any other penalties or fines permitted by law." It is further provided that,

5  in the event that an employer is found to have engaged in "a pattern or practice of these violations," the

6  penalties increase to "not less than ten thousand dollars ($10,000) and not more than twenty-five

7  thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by

8  law." Cal. Labor Code § 226.8.

9         13.    Similarly, PLAINTIFF and other members of the CALIFORNIA CLASS were not

10  compensated overtime wages for any of their time spent working in excess of eight (8) hours in a

11  workday, twelve (12) hours in a workday, and/or forty (40) hours in a workweek. PLAINTIFF and

12  other members of the CALIFORNIA CLASS were paid the hourly rate to perform labor services on

13  DEFENDANT's behalf. PLAINTIFF and other workers were not compensated any other wages besides

14  the non-negotiable hourly rate, and they were not allowed to record their time while they waited for

15  DEFENDANT to give them work.  DEFENDANT did not pay PLAINTIFF and other CALIFORNIA

16  CLASS members for the time spent driving to and from jobs, the materials required to perform the

17  jobs, and all the other time they spent working for DEFENDANT outside of the job assignment they

18  were placed at with DEFENDANT's third-party customers. The finite set of tasks required to be

19  performed by the workers is, when notified via cell phone, travel to DEFENDANT's customers to

20  perform jobs, including but not limited to, residential housekeeping, all in accordance with

21  DEFENDANT's business practices and policies.

22         14.    As a result, stripped of all the legal fictions and artificial barriers to an honest

23  classification of the relationship between PLAINTIFF and all the other members of the CALIFORNIA

24  CLASS on the one hand, and DEFENDANT on the other hand, PLAINTIFF and all the other members

25  of the CALIFORNIA CLASS are and were employees of DEFENDANT and not independent

26  contractors of DEFENDANT and should therefore be properly classified as non-exempt, hourly

27  employees.

28         15.    The finite set of tasks required of PLAINTIFF and the other CALIFORNIA CLASS

1    members as defined by DEFENDANT was executed by them through the performance of non-exempt

2    labor.

3        16.    Although PLAINTIFF and the other CALIFORNIA CLASS members performed non-

4    exempt labor subject to DEFENDANT's complete control over the manner and means of performance,

5    DEFENDANT instituted a blanket classification policy, practice and procedure by which all of these

6    CALIFORNIA CLASS Members were classified as "independent contractors" exempt from

7    compensation for overtime worked, meal breaks and rest breaks, and reimbursement for business

8    related expenses. By reason of this uniform misclassification, the CALIFORNIA CLASS Members

9    were also required to pay DEFENDANT's share of payroll taxes and mandatory insurance premiums.

10   As a result of this uniform misclassification practice, policy and procedure applicable to PLAINTIFF

11   and the other CALIFORNIA CLASS Members who performed this work for DEFENDANT,

12   DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition

13   law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy,

14   practice and procedure which failed to properly classify PLAINTIFF and the other CALIFORNIA

15   CLASS members as employees and thereby failed to pay them wages for all time worked,

16   reimbursement of business related expenses, failed to provide them with meal and rest breaks, and

17   failed to reimburse these employees for the employer's share of payroll taxes and mandatory insurance.

18       17.    DEFENDANT, as a matter of law, has the burden of proving that employees are

19   properly classified and that DEFENDANT otherwise complies with applicable laws. DEFENDANT,

20   as a matter of corporate policy, erroneously and unilaterally classified all the CALIFORNIA CLASS

21   Members as independent contractors in violation of the California Labor Code and regulations

22   promulgated thereunder.

23           i.    **Plaintiff and Other Members of the California Class Were Not Free from**

24               **the Control and Direction of Defendant**

25       18.    DEFENDANT controlled and directed the work performed by PLAINTIFF and the

26   other similarly situated misclassified California workers by, among other things, scheduling hours of

27   work, providing job site information, and issuing written policies and procedures for the performance

28   of work and conduct in the workplace.  Upon hire, the position was represented by DEFENDANT to

1  PLAINTIFF and the other workers as an independent contractor position in exchange for an hourly rate

2  of pay for the time they spend providing labor and services to DEFENDANT's third-party customers.

3        19.     To perform their job duties, PLAINTIFF and the other members of the CALIFORNIA

4  CLASS perform work subject to the control of DEFENDANT in that DEFENDANT had the authority

5  to exercise complete control over the work performed and the manner and means in which the work

6  was performed. DEFENDANT provided the customers and DEFENDANT provided the instructions

7  as to how to perform their work.

8        20.     California Labor Code § 3357 defines "employee" as "every person in the service of an

9  employer under any appointment or contact of hire or apprenticeship, express or implied, oral or

10  written, whether lawfully or unlawfully employed." Additionally, to the California Labor Code's

11  presumption that workers are employees, the California Supreme Court has determined the most

12  significant factor to be considered in distinguishing an independent contractor from an employee is

13  whether the *employer or principal has control or the right to control the work both as to the work*

14  *performed and the manner and means in which the work is performed.* DEFENDANT heavily

15  controlled both the work performed and the manner and means in which the PLAINTIFF and other

16  workers performed their work in that:

17          (a)     PLAINTIFF and other members of the CALIFORNIA CLASS were not

18                 involved in a distinct business, but instead were provided with instructions as to how to

19                 perform their work and the manner and means in which the work was to be performed

20                 by means of DEFENDANT and DEFENDANT's manuals and written instructions;

21          (b)     PLAINTIFF and other members of the CALIFORNIA CLASS were

22                 continuously provided with training and supervision, including following

23                 DEFENDANT's company documents, and received training from DEFENDANT as to

24                 how and in what way to perform the services;

25          (c)     DEFENDANT set the requirements as to what policies and procedures all of the

26                 workers were to follow, including but not limited to, hourly rates and location of

27                 assignment;

28          (d)     PLAINTIFF and other members of the CALIFORNIA CLASS had no

1  opportunity for profit or loss because DEFENDANT only paid these workers an hourly

2  rate. DEFENDANT controlled and assigned the workers which tasks were to be

3  performed;

4  (e)    PLAINTIFF and other members of the CALIFORNIA CLASS performed

5  services and labor which are part of the core of DEFENDANT's principal business and

6  is closely integrated with and essential to the employer's business of services and labor

7  to their customers;

8  (f)    PLAINTIFF and other members of the CALIFORNIA CLASS performed the

9  work themselves and did not hire others to perform their work for them;

10  (g)    PLAINTIFF and other members of the CALIFORNIA CLASS did not have the

11  authority to make employment-related personnel decisions;

12  (h)    PLAINTIFF and other members of the CALIFORNIA CLASS performed their

13  work in a particular order and sequence in accordance with DEFENDANT and

14  DEFENDANT customers company policies; and,

15  (i)    DEFENDANT had the "right" to control every critical aspect of DEFENDANT

16  labor operation in that DEFENDANT provided the customer, assigned where

17  PLAINTFIFF and other members of the CALIFORNIA CLASS were to go, assigned

18  the hourly rate or flat rate, and step by step instructions to PLAINTIFF and other

19  members of the CALIFORNIA CLASS as to the entire process of working at their

20  assigned locations. PLAINTIFF and other workers provided services and labor for

21  DEFENDANT customers and were not actually in business for themselves.

22      ii.    **Plaintiff and Other Members of the California Class Did Not Perform Work**

23          **Outside the Usual Course of Defendant's Business**

24      21.    DEFENDANT willfully misclassified PLAINTIFF and other members of the

25  CALIFORNIA CLASS who provided DEFENDANT with housekeeping services for DEFENDANT's

26  clients.   In other words, PLAINTIFF and other similarly situated California workers provided

27  DEFENDANT with work and services within the usual course of DEFENDANT's business.

28      22.    DEFENDANT markets itself to the public, PLAINTIFF and other members of the

1  CALIFORNIA CLASS as a provider of on-demand house cleaning services. As a result, DEFENDANT

2  unquestionably holds itself out to the public, PLAINTIFF and other members of the CALIFORNIA

3  CLASS as a provider of on-demand housekeeping services. Therefore, the performance of

4  DEFENDANT's housekeeping services by PLAINTIFF and other members of the CALIFORNIA

5  CLASS is not outside DEFENDANT'S usual course of business.

6      iii.    **Plaintiff and Other Members of the California Class Were Not Engaged in**

7      **an Independently Established Trade, Occupation, or Business of the Same**

8      **Nature as the Work Performed for Defendant**

9      23.    PLAINTIFF and the other members of the CALIFORNIA CLASS are not and were not

10  engaged in a customarily independently established trade, occupation or business as the same nature of

11  the work performed.

12  **B.**    **Meal Period Violations**

13      24.    In California, an employer may not employ an employee for a work period of more than

14  five hours per day without providing the employee with a duty-free meal period of not less than thirty

15  minutes, except that if the total work period per day of the employee is no more than six hours, the

16  meal period may be waived by mutual consent of both the employer and employee. A second duty-free

17  meal period of not less than thirty minutes is required if an employee works more than ten hours per

18  day, except that if the total hours worked is no more than 12 hours, the second duty-free meal period

19  may be waived by mutual consent of the employer and employee only if the first meal period was not

20  waived. Labor Code Section 512.

21      25.    If an employer fails to provide an employee a duty-free meal period in accordance with

22  an applicable IWC Order, the employer must pay one additional hour of pay at the employee's regular

23  rate of pay for each workday that the meal period is not provided. IWC Orders and Labor Code Section

24  226.7. This additional hour is not counted as hours worked for purposes of overtime calculations.

25      26.    From time-to-time during the CLASS PERIOD, as a result of their misclassification as

26  independent contractors and their rigorous work schedules, PLAINTIFF and other CALIFORNIA

27  CLASS members were not provided with a thirty (30) minute duty-free meal period and were not fully

28  relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS members were

1    required from time-to-time to perform work as ordered by DEFENDANT for more than five (5) hours

2    during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to

3    provide PLAINTIFF and CALIFORNIA CLASS members with a second duty-free meal period for

4    some workdays in which these employees were required by DEFENDANT to work ten (10) hours of

5    work. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeited meal breaks

6    without additional compensation and in accordance with DEFENDANT's strict corporate policy and

7    practice. Moreover, PLAINTIFF and other members of the CALIFORNIA CLASS were not provided

8    with one-hour wages in lieu of their legally mandated duty-free meal and rest periods.

9    **C.    <u>Rest Period Violations</u>**

10    27.    The applicable IWC Wage Order requires that employers must authorize and permit

11    nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of

12    each work period. The rest period is based on the total hours worked daily and must be at the minimum

13    rate of a net ten consecutive minutes for each four-hour work period, or major fraction thereof. The

14    Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a

15    "major fraction" of four. A rest period is not required for employees whose total daily work time is less

16    than three and one-half hours. The rest period is counted as time worked and therefore, the employer

17    must pay for such periods.

18    28.    If an employer fails to provide an employee a rest period in accordance with an applicable

19    IWC Order, the employer shall pay the employee one additional hour of pay at the employee's regular

20    rate of pay for each workday that the rest period is not provided. Labor Code Section 226.7. Thus, if

21    an employer does not provide all of the rest periods required in a workday, the employee is entitled to

22    one additional hour of pay for that workday, not one additional hour of pay for each rest period that

23    was not provided during that workday.

24    29.    From time-to-time during the CLASS PERIOD, as a result of their misclassification as

25    independent contractors and their rigorous work schedules PLAINTIFF and other CALIFORNIA

26    CLASS members were also required to work in excess of four (4) hours without being provided ten

27    (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten

28    (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and

1   second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8)

2   hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten

3   (10) hours or more.  PLAINTIFF and other CALIFORNIA CLASS members were also not provided

4   with one-hour wages in lieu thereof. As a result of their misclassification and rigorous work schedules,

5   PLAINTIFF and other CALIFORNIA CLASS members were from time-to-time denied their proper

6   rest periods by DEFENDANT and DEFENDANT'S managers.

7   **D.**   **Failure to Pay Minimum, Regular and Overtime Wages**

8         30.   From time-to-time during the CLASS PERIOD, DEFENDANT failed to accurately

9   record and pay PLAINTIFF and other CALIFORNIA CLASS members for the actual amount of time

10   these employees work.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT

11   is required to pay PLAINTIFF and other CALIFORNIA CLASS members for all time worked, meaning

12   the time during which an employee was subject to the control of an employer, including all the time

13   the employee was permitted or suffered to permit this work. DEFENDANT required PLAINTIFF and

14   CALIFORNIA CLASS members to work off the clock without paying them for all the time they were

15   under DEFENDANT's control.  PLAINTIFF and other CALIFORNIA CLASS Members also worked

16   more than eight hours in a workday and/or forty hours in a workweek, but DEFENDANT failed to pay

17   these employees overtime pay as DEFENDANT only paid a flat rate or a flat hourly rate for all time

18   worked.  Consequently, PLAINTIFF and other CALIFORNIA CLASS members forfeited minimum

19   wages and overtime wage compensation by working without their time being correctly recorded and

20   without compensation at the applicable rates. DEFENDANT's policy and practice not to pay

21   PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by

22   DEFENDANT's business records. As a result, DEFENDANT failed to compensate PLAINTIFF and

23   the members of the CALIFORNIA CLASS all minimum, regular and overtime wages for all hours

24   worked in violation of Labor Code §§ 1194, 1197, 1197.1, 1198 and 510.

25   **E.**   **Failure to Reimburse Necessary and Required Business Expenses**

26         31.   Under California Labor Code Section 2802, employers are required to indemnify

27   employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code §

28   2802 expressly states that "an employer shall indemnify his or her employee for all necessary

**11**
**CLASS ACTION COMPLAINT**

1  expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

2  duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the

3  employee, at the time of obeying the directions, believed them to be unlawful."

4       32.     From time-to-time during the CLASS PERIOD, DEFENDANT as a matter of corporate

5  policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and

6  indemnify PLAINTIFF and the other CLASS MEMBERS for required business expenses incurred by

7  PLAINTIFF and other the CLASS MEMBERS in direct consequence of discharging their duties on

8  behalf of DEFENDANT.

9       33.     From time-to-time during the CLASS PERIOD, in the course of their employment

10 PLAINTIFF and other CALIFORNIA CLASS members as a business expense, were required by

11 DEFENDANT to use personal cellular phones, personal vehicles, and personal equipment as a result

12 of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or

13 indemnified by DEFENDANT for the cost associated with the use of the personal cellular phones,

14 personal equipment, and personal vehicles for DEFENDANT's benefit. In order to work for

15 DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members were required to use their

16 personal vehicles to travel to different locations each work shift and were also required to use their

17 personal cell phones to review, receive and accept job assignments and as such it is mandatory to have

18 a cell phone. Additionally, PLAINTIFF and other CALIFORNIA CLASS Members were required to

19 provide their own personal equipment and supplies needed to perform the essential job cleaning duties.

20 As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of

21 the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not

22 limited to, costs related to the use of their personal cellular phones, personal equipment, and personal

23 vehicle on behalf of and for the benefit of DEFENDANT.

24 **F.**    **Wage Statement Violations**

25      34.     California Labor Code Section 226 requires an employer to furnish its employees an

26 accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

27 number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

28 earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

1    employee and only the last four digits of the employee's social security number or an employee

2    identification number other than a social security number, (8) the name and address of the legal entity

3    that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

4    corresponding number of hours worked at each hourly rate by the employee.

5        35.    From time-to-time during the CLASS PERIOD, as a result of, *inter alia,* of

6    DEFENDANT's intentional and willful misclassification of PLAINTIFF and the members of the

7    CALIFORNIA CLASS as independent contractors rather than employees, DEFENDANT issued

8    inaccurate itemized wages statements to PLAINTIFF and the members of the CALIFORNIA CLASS

9    that failed to accurately showing (1) gross wages earned, (2) total hours worked, (3) the number of

10   piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages earned, (6) the

11   inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the

12   last four digits of the employee's social security number or an employee identification number other

13   than a social security number, (8) the name and address of the legal entity that is the employer and, (9)

14   all applicable hourly rates in effect during the pay period and the corresponding number of hours

15   worked at each hourly rate by the employee.

16       36.    As a result, DEFENDANT issued PLAINTIFF and the other members of the

17   CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.    Further,

18   DEFENDANT's violations are knowing and intentional, were not isolated or due to an unintentional

19   payroll error due to clerical or inadvertent mistake.

20   **G.    Unfair Competition**

21       37.    By reason of this conduct applicable to PLAINTIFF and all the CALIFORNIA CLASS

22   members, DEFENDANT committed acts of unfair competition in violation of the California Unfair

23   Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by engaging in a company-

24   wide policy, practice and procedure which failed to correctly classify PLAINTIFF and the

25   CALIFORNIA CLASS members as employees. The proper classification of these employees is

26   DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet

27   this burden, DEFENDANT failed to pay all required wages for work performed by PLAINTIFF and

28   other CALIFORNIA CLASS Members and violated the California Labor Code and regulations

**13**

**CLASS ACTION COMPLAINT**

1    promulgated thereunder as herein alleged.

2        38.    PLAINTIFF as a worker for DEFENDANT, was classified by DEFENDANT as an

3    independent contractor and thus did not receive pay for all time worked, including minimum and

4    overtime wages. During the CALIFORNIA CLASS PERIOD, PLAINTIFF was also required to

5    perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving

6    a meal or rest break as evidenced by daily time reports for PLAINTIFF. PLAINTIFF therefore forfeited

7    meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict

8    corporate policy and practice which did not provide for mandatory meal and rest breaks. To date,

9    DEFENDANT has not fully paid PLAINTIFF all wages still owed to her or any penalty wages owed

10    to her under California Labor Code § 203. The amount in controversy for PLAINTIFF individually

11    does not exceed the sum or value of $75,000.

12    **THE CALIFORNIA CLASS**

13        39.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

14    Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action,

15    pursuant to Cal. Code of Civ. Proc. § 382, for violations during the CLASS PERIOD on behalf of the

16    CALIFORNIA CLASS. The amount in controversy for the aggregate claim of CALIFORNIA CLASS

17    Members is under five million dollars ($5,000,000.00).

18        40.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS

19    against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

20        41.    All CALIFORNIA CLASS members who performed and continue to perform this work

21    for DEFENDANT during the CLASS PERIOD are similarly situated in that they are subject to

22    DEFENDANT's policy and practice that required them to perform work without compensation as

23    required by law.

24        42.    During the CLASS PERIOD, DEFENDANT violated the rights of the PLAINTIFF and

25    the CALIFORNIA CLASS members under California law, without limitation, in the following

26    manners:

27        (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

28    17200, *et seq.* the ("UCL"), in that DEFENDANT, while acting as employer, devised and implemented

**14**
**CLASS ACTION COMPLAINT**

a scheme whereby PLAINTIFF and the CALIFORNIA CLASS members are forced to unlawfully, unfairly and deceptively shoulder the cost of DEFENDANT'S wages for all unpaid wages, business related expenses, and DEFENDANT's share of employment taxes, social security taxes, unemployment insurance and workers' compensation insurance;

(b)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly misclassified PLAINTIFF and the CALIFORNIA CLASS members as independent contractors;

(c)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively failing to have in place a company policy, practice and procedure that accurately determined the amount of working time spent by PLAINTIFF and the CALIFORNIA CLASS members performing non-exempt employee labor;

(d)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL"), by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required meal and rest breaks;

(e)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL") by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(f)    Committing an act of unfair competition in violation of the UCL, by violating Cal. Lab. Code §§ 510, *et seq.*, by failing to pay the correct overtime pay to PLAINTIFF and the members of the CALIFORNIA CLASS who were improperly classified as exempt, and retaining the unpaid overtime to the benefit of DEFENDANT.

43.    As a result of DEFENDANT's policies, practices and procedures, there are numerous questions of law and fact common to all CALIFORNIA CLASS members who worked for during the CLASS PERIOD. These questions include, but are not limited, to the following:

(a)    Whether PLAINTIFF and other CALIFORNIA CLASS members were misclassified as independent contractors by DEFENDANT;

1          (b)      Whether the PLAINTIFF and the CALIFORNIA CLASS members all afforded

2  all the protections of the California Labor Code that apply when properly classified as non-exempt

3  employees;

4          (c)      Whether DEFENDANT's policies, practices and pattern of conduct described in

5  this Complaint was and is unlawful;

6          (d)      Whether DEFENDANT unlawfully failed to pay their share of state and federal

7  employment taxes as required by state and federal tax laws;

8          (e)      Whether DEFENDANT's policy, practice and procedure of classifying the

9  CALIFORNIA CLASS members as independent contractors exempt from hourly wages laws for all

10  time worked and failing to pay the CALIFORNIA CLASS members all amounts due violates applicable

11  provisions of California State law;

12          (f)      Whether DEFENDANT unlawfully failed to keep and furnish the CALIFORNIA

13  CLASS members with accurate records of all time worked;

14          (g)      Whether DEFENDANT has engaged in unfair competition by the above-listed

15  conduct; and,

16          (h)      Whether DEFENDANT's conduct was willful.

17      44.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action

18  as set forth in Cal. Code of Civ. Proc. § 382, in that:

19          (a)      The persons who comprise the CALIFORNIA CLASS are so numerous that the

20  joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the

21  parties and the Court;

22          (b)      Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

23  raised in this Complaint are common to the CALIFORNIA CLASS and will apply to every

24  CALIFORNIA CLASS member;

25          (c)      The claims of the representative PLAINTIFF are typical of the claims of each

26  member of the CALIFORNIA CLASS.  PLAINTIFF, like all the CALIFORNIA CLASS members, was

27  classified as an independent contractor upon hiring based on the defined corporate policies and practices

28  and labors under DEFENDANT'S procedure that failed to properly classify the PLAINTIFF and the

1  CALIFORNIA CLASS members. PLAINTIFF sustained economic injury as a result of DEFENDANT's

2  employment practices. PLAINTIFF and the CALIFORNIA CLASS members were and are similarly or

3  identically harmed by the same unlawful, unfair, deceptive and persuasive pattern of misconduct

4  engaged in by DEFENDANT by deceptively telling all the CALIFORNIA CLASS members that they

5  were not entitled to minimum wages, the employer's share of payment of payroll taxes and mandatory

6  insurance, and reimbursement for business expenses based on the defined corporate policies and

7  practices, and unfairly failed to pay these employees who were improperly classified as independent

8  contractors; and,

9         (d)     The representative PLAINTIFF will fairly and adequately represent and protect

10  the interest of the CALIFORNIA CLASS, and has retained counsel who is competent and experienced

11  in Class Action litigation. There are no material conflicts between the claims of the representative

12  PLAINTIFF and the CALIFORNIA CLASS members that would make class certification inappropriate.

13  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the

14  CALIFORNIA CLASS.

15         45.    In addition to meeting the statutory prerequisites to a Class Action, this Action is properly

16  maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

17         (a)     Without class certification and determination of declaratory, injunctive, statutory

18  and other legal questions within the class format, prosecution of separate actions by individual members

19  of the CALIFORNIA CLASS will create the risk of:

20         (i)     Inconsistent or varying adjudications with respect to individual members

21  of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties

22  opposing the CALIFORNIA CLASS; and/or,

23         (ii)     Adjudication with respect to individual members of the CALIFORNIA

24  CLASS which would as a practical matter be dispositive of the interests of the other members not party

25  to the adjudication or substantially impair or impeded their ability to protect their interests.

26         (b)     The parties opposing the CALIFORNIA CLASS have acted on grounds generally

27  applicable to the CALIFORNIA CLASS making appropriate class-wide relief with respect to the

28  CALIFORNIA CLASS as a whole in that DEFENDANT uniformly classified and treated the

**CLASS ACTION COMPLAINT**

1  CALIFORNIA CLASS Members as independent contractors and, thereafter, uniformly failed to take

2  proper steps to determine whether the CALIFORNIA CLASS members were properly classified as

3  independent contractors, and thereby denied these employees' wages and payments for business

4  expenses and the employer's share of payroll taxes and mandatory insurance as required by law.

5          (i)    With respect to the First Cause of Action, the final relief on behalf of the

6  CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the

7  PLAINTIFF seeks declaratory relief holding that DEFENDANT's policies and practices constitute

8  unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct

9  declared to constitute unfair competition.

10          (c)    Common questions of law and fact exist as to members of the CALIFORNIA

11  CLASS with respect to the practices and violations of California and federal law as listed above, and

12  predominate over any question affecting only individual members, and a Class Action is superior to

13  other available methods for the fair and efficient adjudication of the controversy, including consideration

14  of:

15          (i)    The interest of the CALIFORNIA CLASS members in individually

16  controlling the prosecution or defense of separate actions;

17          (ii)    The extent and nature of any litigation concerning the controversy already

18  commenced by or against members of the CALIFORNIA CLASS;

19          (iii)    In the context of wage litigation because as a practical matter a substantial

20  number of individual CALIFORNIA CLASS members will avoid asserting their legal rights out of fear

21  of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or

22  with a subsequent employer, the Class Action is the only means to assert their claims through a

23  representative;

24          (iv)    The desirability or undesirability of concentration the litigation of the

25  claims in the particular forum;

26          (v)    The difficulties likely to be encountered in the management of a Class

27  Action; and,

28          (vi)    The basis of DEFENDANT'S policies and practices applied to all the

1   CALIFORNIA CLASS members.

2      46.   The Court should permit this Action to be maintained as a Class Action pursuant to Cal.

3   Code of Civ. Proc. § 382 because:

4      (a)   The questions of law and fact common to the CALIFORNIA CLASS

5   predominate over any question affecting only individual members;

6      (b)   A Class Action is superior to any other available method for the fair and efficient

7   adjudication of the claims of the members of the CALIFORNIA CLASS;

8      (c)   The CALIFORNIA CLASS members are so numerous that it is impractical to

9   bring all CALIFORNIA CLASS members before the Court;

10      (d)   PLAINTIFF, and the CALIFORNIA CLASS Members, will not be able to obtain

11   effective and economic legal redress unless the action is maintained as a Class Action;

12      (e)   There is a community of interest in obtaining appropriate legal and equitable

13   relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining

14   adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon

15   the CALIFORNIA CLASS;

16      (f)   There is a community of interest in ensuring that the combined assets and

17   available insurance of DEFENDANT are sufficient to adequately compensate the CALIFORNIA

18   CLASS members for any injuries sustained;

19      (g)   DEFENDANT has acted or has refused to act on grounds generally applicable to

20   the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the

21   CLASS as a whole;

22      (h)   The members of the CALIFORNIA CLASS are readily ascertainable from the

23   business records of DEFENDANT; and,

24      (i)   Class treatment provides manageable judicial treatment calculated to bring an

25   efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of

26   DEFENDANT's conduct as to the CALIFORNIA CLASS Members.

27      47.   DEFENDANT maintain records from which the Court can ascertain and identify by

28   name and job title, each of DEFENDANT's employees who have been intentionally subjected to

1    DEFENDANT's corporate policies, practices and procedures as herein alleged. PLAINTIFF will seek

2    leave to amend the complaint to include any additional job titles of similarly situated employees when

3    they have been identified.

**THE CALIFORNIA LABOR SUB-CLASS**

5        48.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth

6    Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA

7    CLASS who are or previously were employed by DEFENDANT in California as independent

8    contractors (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years

9    prior to the filing of the Complaint and ending on the date as determined by the Court (the

10   "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc § 382. The

11   amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is

12   under five million dollars ($5,000,000.00).

13       49.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation

14   of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC")

15   Wage Order requirements intentionally, knowingly, and willfully, on the basis of job title alone and

16   without regard to the actual overall requirements of the job, systematically classified PLAINTIFF and

17   the other members of the CALIFORNIA LABOR SUBCLASS as independent contractors in order to

18   avoid the payment of all wages, and in order to avoid the obligations under the applicable California

19   Labor Code provisions. To the extent equitable tolling operates to toll claims by the CALIFORNIA

20   LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD

21   should be adjusted accordingly.

22       50.    DEFENDANT maintain records from which the Court can ascertain and identify by job

23   title each of DEFENDANT'S employees who as CALIFORNIA LABOR SUB-CLASS Members

24   have been systematically, intentionally and uniformly misclassified as independent contractors as a

25   matter of DEFENDANT's corporate policy, practices and procedures. PLAINTIFF will seek leave to

26   amend the complaint to include these additional job titles when they have been identified.

27       51.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

28   CALIFORNIA LABOR SUB-CLASS Members is impracticable.

1    52.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under

2    California law by:

3        (a)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by misclassifying and

4    thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the

5    correct minimum wages for which DEFENDANT is liable;

6        (b)    Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby failing

7    to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime

8    pay for a workday longer than eight (8) hours and/or a workweek longer than forty (40) hours for which

9    DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

10        (c)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF

11    and the other members of the CALIFORNIA LABOR SUBCLASS with all legally required off-duty,

12    uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

13        (d)    Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the

14    members of the CALIFORNIA LABOR SUB-CLASS who were improperly classified as independent

15    contractors with an accurate itemized statement in writing showing the gross wages earned, the net

16    wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount

17    of time worked at each hourly rate by the employee;

18        (e)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the

19    CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of

20    their job duties; and,

21        (f)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an

22    employee is discharged or quits from employment, the employer must pay the employee all wages due

23    without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner

24    required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have

25    terminated their employment.

26    53.    This Class Action meets the statutory prerequisites for the maintenance of a Class

27    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

28        (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so

1  numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and

2  the disposition of their claims as a class will benefit the parties and the Court;

3          (b)       Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

4  are raised in this Complaint are common to the CALIFORNIA LABOR 19 SUB-CLASS and will apply

5  to every member of the CALIFORNIA LABOR SUB-CLASS;

6          (c)       The claims of the representative PLAINTIFF are typical of the claims of each

7  member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all other members of the

8  CALIFORNIA LABOR SUB-CLASS was improperly classified as an independent contractor and was

9  thus denied minimum wage pay and meal and rest breaks, among other things, as a result of

10  DEFENDANT's systematic classification practices. PLAINTIFF and all other members of the

11  CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's

12  violations of the laws of California; and,

13          (d)       The representative PLAINTIFF will fairly and adequately represent and protect

14  the interest of the CALIFORNIA LABOR SUB-CLASS and has retained counsel who are competent

15  and experienced in Class Action litigation. There are no material conflicts between the claims of the

16  representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would

17  make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will

18  vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

19          54.       In addition to meeting the statutory prerequisites to a Class Action, this action is

20  properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

21          (a)       Without class certification and determination of declaratory, injunctive,

22  statutory and other legal questions within the class format, prosecution of separate actions by individual

23  members of the CALIFORNIA LABOR SUBCLASS will create the risk of: 1) Inconsistent or varying

24  adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which

25  would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR

26  SUB-CLASS; or, 2) Adjudication with respect to individual members of the CALIFORNIA LABOR

27  SUB-CLASS which would as a practical matter be dispositive of interests of the other members not

28  party to the adjudication or substantially impair or impede their ability to protect their interests.

1    (b)  The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or

2 refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making

3 appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in

4 that the DEFENDANT uniformly classified and treated the members of the CALIFORNIA LABOR

5 SUB-CLASS as independent contractors and, thereafter, uniformly failed to take proper steps to

6 determine whether the CALIFORNIA LABOR SUBCLASS Members were properly classified as

7 independent contractors, and thereby denied these employees the protections afforded to them under

8 the California Labor Code;

9    (c)  Common questions of law and fact predominate as to the members of the

10 CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as

11 listed above, and predominate over any question affecting only individual CALIFORNIA LABOR

12 SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and

13 efficient adjudication of the controversy, including consideration of:

14    i)  The interests of the members of the CALIFORNIA LABOR SUB-

15 CLASS in individually controlling the prosecution or defense of separate actions in that the substantial

16 expense of individual actions will be avoided to recover the relatively small amount of economic losses

17 sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the

18 substantial expense and burden of individual prosecution of this litigation;

19    ii)  Class certification will obviate the need for unduly duplicative litigation

20 that would create the risk of:

21    A.  Inconsistent or varying adjudications with respect to individual

22 members of the CALIFORNIA LABOR SUBCLASS, which would establish incompatible standards

23 of conduct for the DEFENDANT; and/or,

24    B.  Adjudications with respect to individual members of the

25 CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the

26 other members not parties to the adjudication or substantially impair or impede their ability to protect

27 their interests;

28    iii)  In the context of wage litigation because a substantial number of

1  individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of

2  fear of retaliation by DEFENDANT, which may adversely affect an individual's job with

3  DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims

4  through a representative; and,

5          iv)     A class action is superior to other available methods for the fair and

6  efficient adjudication of this litigation because class treatment will obviate the need for unduly and

7  unnecessary duplicative litigation that is likely to result in the absence of certification of this action

8  pursuant to Cal. Code of Civ. Proc. § 382.

9      55.     This Court should permit this action to be maintained as a Class Action pursuant to Cal.

10  Code of Civ. Proc. § 382 because:

11          (a)     The questions of law and fact common to the CALIFORNIA LABOR SUB-

12  CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS

13  Members;

14          b)     A Class Action is superior to any other available method for the fair and efficient

15  adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the

16  context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-

17  CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse

18  impact on their employment;

19          (c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that

20  it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

21          (d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members,

22  will not be able to obtain effective and economic legal redress unless the action is maintained as a Class

23  Action;

24          (e)     There is a community of interest in obtaining appropriate legal and equitable

25  relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining

26  adequate compensation for the damages and injuries which DEFENDANT'S actions have inflicted

27  upon the CALIFORNIA LABOR SUB-CLASS;

28          (f)     There is a community of interest in ensuring that the combined assets of

**24**

**CLASS ACTION COMPLAINT**

1    DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR

2    SUB-CLASS for the injuries sustained;

3            (g)     DEFENDANT has acted or refused to act on grounds generally applicable to the

4    CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect

5    to the CALIFORNIA LABOR SUB-CLASS as a whole;

6            (h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily

7    ascertainable from the business records of DEFENDANT; and,

8            (i)     Class treatment provides manageable judicial treatment calculated to bring a

9    efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the

10   conduct of DEFENDANT.

11                            **JURISDICTION AND VENUE**

12         56.     This Court has jurisdiction over this Action pursuant to California Code of Civil

13   Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is

14   brought as a Class Action on behalf PLAINTIFF and on behalf of similarly situated employees of

15   DEFENDANT pursuant to Cal. Code of Civ. Proc. Section 382.

16         57.     Venue is proper in this Court pursuant to Cal. Code of Civ. Proc. Sections 395 and 395.5,

17   because DEFENDANT (i) currently maintains and at all relevant times maintained its principal offices

18   and facilities in this County and/or conducts substantial business in this County, and (ii) committed the

19   wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and

20   CALIFORNIA LABOR SUB-CLASS.

21

22   / / /

23

24                            **FIRST CAUSE OF ACTION**

25              **For Unlawful, Unfair and Deceptive Business Practices**

26                   **[Cal. Bus. & Prof. Code §§ 17200, *et seq*.]**

27        **(By PLAINTIFF and the CALIFORNIA CLASS Against All DEFENDANT)**

28         58.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

1    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

2        59.    DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code §

3    17021.

4        60.    Section 17200 of the California Business & Professions Code defines unfair competition

5    as any unlawful, unfair or fraudulent business act or practice. Section 17200 applies to violations of

6    labor laws in the employment context. Section 17203 authorizes injunctive, declaratory and/or other

7    equitable relief with respect to unfair competition as follows:

8            Any person who engages, has engaged, or proposes to engage in unfair

9            competition may be enjoined in any court of competent jurisdiction. The

10            court may take such orders or judgments, including the appointment of a

11            receiver, as may be necessary to prevent the use or employment by any

12            person of any practice which constitutes unfair competition, as defined in

13            this chapter, or as may be necessary to restore to any person in interest any

14            money or property, real or personal, which may have been acquired by

15            means of such unfair competition.

16        California Business & Professions Code § 17203.

17        61.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a

18    business practice which violates California law, including but not limited to the applicable Industrial

19    Wage Orders, the California Labor Code including Sections 204, 210, 221, 226.7, 226.8, 510, 512,

20    1194, 1197, 1197.1, 1198, & 2802, and California Code of Regulations § 11090, for which this Court

21    should issue declaratory, injunctive, and other equitable relief, pursuant to Cal. Bus. & Prof § 17203,

22    as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including

23    restitution of wages wrongfully withheld, business expenses wrongfully withheld and for the payment

24    of the employer's share of income taxes, social security taxes, unemployment insurance and workers'

25    compensation insurance.

26        62.    By the conduct alleged herein DEFENDANT has obtained valuable property, money,

27    and services from PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived

28    them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

**26**

**CLASS ACTION COMPLAINT**

1    DEFENDANT so as to allow DEFENDANT to unfairly compete. Declaratory and injunctive relief is

2    necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not

3    afford adequate and complete relief.

4          63.    All the acts described herein as violations of, among other things, the California Labor

5    Code, California Code of Regulations and the Industrial Welfare Commission Wage Orders, were

6    unlawful, were in violation of public policy, were immoral, unethical, oppressive, and unscrupulous,

7    and were likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business

8    practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq.*

9          64.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent

10    in that DEFENDANT's policy and practice was to represent to the CALIFORNIA CLASS Members

11    that they were not entitled to overtime and minimum wages, payment for payroll taxes or mandatory

12    insurance and other benefits as required by California law, when in fact these representations were false

13    and likely to deceive and for which this Court should issue injunctive and equitable relief, pursuant to

14    Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

15          65.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

16    deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members

17    of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

18          66.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

19    do, seek such relief as may be necessary to restore to them the money and property which

20    DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

21    CLASS have been deprived, by means of the above described unlawful and unfair business practices,

22    including earned but unpaid wages for all time worked.

23          67.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

24    and do, seek a declaration that the described business practices were unlawful, unfair and deceptive,

25    and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful

26    and unfair business practices in the future.

27          68.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

28    deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally

1    required meal and rest breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as

2    required by Cal. Lab. Code §§ 226.7 and 512.

3        69.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

4    CALIFORNIA CLASS member, minimum wages, payment for the employer's share of payroll taxes

5    and mandatory insurance, and one (1) hour of pay for each workday in which an off-duty meal period

6    was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday

7    in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

8        70.    PLAINTIFF further demands on behalf of herself and each member of the

9    CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not timely

10   provided as required by law.

11       71.    By and through the unlawful and unfair business practices described herein,

12   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other

13   members of the CALIFORNIA CLASS, including earned wages for all time worked and has deprived

14   them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these

15   employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete

16   against competitors who comply with the law.

17       72.    All the acts described herein as violations of, among other things, the Industrial Welfare

18   Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are

19   unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are

20   deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal.

21   Bus. & Prof. Code §§ 17200 *et seq.*

22       73.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

23   do, seek such relief as may be necessary to restore to them the money and property which

24   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

25   CLASS have been deprived, by means of the above described unlawful and unfair business practices.

26       74.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

27   and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and

28   that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and

1    unfair business practices in the future.

2        75.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

3    and/or adequate remedy at law that will end the unlawful and unfair business practices of

4    DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result

5    of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of

6    the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic

7    harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair

8    business practices.

9                            **SECOND CAUSE OF ACTION**

10                          **For Failure to Pay Minimum Wages**

11                     **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

12    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

13        76.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

14    reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

15    Complaint.

16        77.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring

17    a claim for DEFENDANT'S willful and intentional violations of the California Labor Code and the

18    Industrial Welfare Commission requirements for DEFENDANT'S failure to accurately calculate and

19    pay minimum wages to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members.

20        78.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public

21    policy, an employer must timely pay its employees for all hours worked.

22        79.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

23    commission is the minimum wage to be paid to employees, and the payment of a less wage than the

24    minimum so fixed in unlawful.

25        80.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

26    including minimum wage compensation and interest thereon, together with the costs of suit.

27        81.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members

28    of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked.

1  As set forth herein, DEFENDANT'S policy and practice was to unlawfully and intentionally deny

2  timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR

3  SUB-CLASS.

4       82.   DEFENDANT'S uniform pattern of unlawful wage and hour practices manifested,

5  without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

6  implementing a policy and practice that denied accurate compensation to PLAINTIFF and the other

7  members of the CALIFORNIA LABOR SUB-CLASS regarding minimum wage pay.

8       83.   In committing these violations of the California Labor Code, DEFENDANT inaccurately

9  calculate the correct time worked and consequently underpays the actual time worked by PLAINTIFF

10  and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal

11  attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor

12  Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

13       84.   As a direct result of DEFENDANT'S unlawful wage practices as alleged herein,

14  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive the

15  correct minimum wage compensation for their time worked for DEFENDANT.

16       85.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other

17  members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were

18  entitled to, constituting a failure to pay all earned wages.

19       86.   By virtue of DEFENDANT'S unlawful failure to accurately pay all earned compensation

20  to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time

21  they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have

22  suffered and will continue to suffer an economic injury in amounts which are presently unknown to

23  them and which will be ascertained according to proof at trial.

24       87.   DEFENDANT knew or should have known that PLAINTIFF and the other members of

25  the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked.

26  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay

27  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members for their labor and

28  DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the

1   CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

2        88.    In performing the acts and practices herein alleged in violation of California labor laws,

3   and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time

4   worked and provide them with the requisite compensation, DEFENDANT acted and continues to act

5   intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the

6   CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or

7   the consequences to them, and with the despicable intent of depriving them of their property and legal

8   rights, and otherwise causing them injury in order to increase company profits at the expense of these

9   employees.

10       89.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

11  therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as

12  the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California

13  Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined

14  to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their

15  employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore

16  these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

17  penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.

18  DEFENDANT'S conduct as alleged herein was willful, intentional and not in good faith. Further,

19  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover

20  statutory costs.

21

22  ///

23

24  **THIRD CAUSE OF ACTION**

25  **For Failure to Pay Overtime Wages**

26  **[Cal. Lab. Code §§ 510, 1194, & 1198]**

27  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

28       90.    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members reallege and

1    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

2        91.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT failed to pay

3    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members overtime wages for the time they

4    worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 &

5    1198, even though PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members were regularly

6    required to work, and did in fact work, overtime that DEFENDANT never recorded as evidenced by

7    DEFENDANT'S business records and witnessed by DEFENDANT'S employees.

8        92.    By virtue of DEFENDANT'S unlawful failure to pay compensation to PLAINTIFF and

9    the CALIFORNIA CLASS Members for all overtime worked by these employees, PLAINTIFF and

10    CALIFORNIA LABOR SUB-CLASS Members have suffered, and will continue to suffer, an

11    economic in amounts which are presently unknown to them and which can be ascertained according to

12    proof at trial.

13        93.    DEFENDANT knew or should have known that PLAINTIFF and the CALIFORNIA

14    CLASS Members were misclassified as independent contractors and DEFENDANT elected, either

15    through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of

16    corporate policy, practice and procedure.

17        94.    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members therefore request

18    recovery of all compensation according to proof, interest, costs, as well as the assessment of any

19    statutory penalties against DEFENDANT in a sum as provided by the California Labor Code and/or

20    other statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA

21    LABOR SUB-CLASS Members who have terminated their employment, these employees would also

22    be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein.

23    Further, PLAINTIFF and the CALIFORNIA LABOR SUBCLASS Members are entitled to seek and

24    recover statutory costs.

25        95.    In performing the acts and practices herein alleged in violation of California labor laws,

26    and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime

27    worked and provide them with the requisite overtime compensation, DEFENDANT acted and

28    continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

1  members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their

2  legal rights, or the consequences to them, and with the despicable intent of depriving them of their

3  property and legal rights, and otherwise causing them injury in order to increase corporate profits at the

4  expense of these employees.

### FOURTH CAUSE OF ACTION

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**DEFENDANT)**

10  96.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

11  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

12  Complaint.

13  97.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, from time to time,

14  DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the

15  other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

16  Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-

17  CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the

18  legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and

19  other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of

20  duty by DEFENDANT for their meal periods. Additionally, DEFENDANT'S failure to provide

21  PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal

22  breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT'S business records. As a

23  result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore

24  forfeited meal breaks without additional compensation and in accordance with DEFENDANT'S strict

25  corporate policy and practice.

26  98.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC

27  Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

28  Members who were not provided a meal period, in accordance with the applicable Wage Order, one

1    additional hour of compensation at each employee's regular rate of pay for each workday that a meal

2    period was not provided.

3         99.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

4    LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek

5    all wages earned and due, interest, penalties, expenses and costs of suit.

6                              **FIFTH CAUSE OF ACTION**

7                       **For Failure to Provide Required Rest Periods**

8                          **[Cal. Lab. Code §§ 226.7 & 512]**

9    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

10        100.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

11   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

12   Complaint.

13        101.    From time to time, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

14   Members were required to work in excess of four (4) hours without being provided ten (10) minute rest

15   periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for

16   some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10)

17   minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest

18   period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.  PLAINTIFF and

19   other CALIFORNIA LABOR SUBCLASS Members were also not provided with one-hour wages in

20   lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA

21   LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT

22   and DEFENDANT'S managers.

23        102.    88. DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

24   IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

25   Members who were not provided a rest period, in accordance with the applicable Wage Order, one

26   additional hour of compensation at each employee's regular rate of pay for each workday that rest

27   period was not provided.

28        103.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

1    LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek

2    all wages earned and due, interest, penalties, expenses and costs of suit.

3    **SIXTH CAUSE OF ACTION**

4    **For Failure to Provide Accurate Itemized Statements**

5    **[Cal. Lab. Code § 226]**

6    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

7         104.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

8    reallege and incorporate by this reference, as though fully set forth herein, the prior of this Complaint.

9         105.    California Labor Code Section 226 requires an employer to furnish its employees an

10    accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

11    number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

12    earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

13    employee and only the last four digits of the employee's social security number or an employee

14    identification number other than a social security number, (8) the name and address of the legal entity

15    that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

16    corresponding number of hours worked at each hourly rate by the employee.

17         106.    From time-to-time during the CALIFORNIA LABOR SUB-CLASS PERIOD,

18    DEFENDANT issued inaccurate itemized wages statements to PLAINTIFF and the members of the

19    CALIFORNIA LABOR SUB-CLASS that failed to accurately showing (1) gross wages earned, (2)

20    total hours worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all

21    deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,

22    (7) the name of the employee and only the last four digits of the employee's social security number or

23    an employee identification number other than a social security number, (8) the name and address of the

24    legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay period and

25    the corresponding number of hours worked at each hourly rate by the employee.

26         107.    As a result, DEFENDANT issued PLAINTIFF and the other members of the

27    CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.    Further,

28    DEFENDANT'S violations are knowing and intentional, were not isolated or due to an unintentional

1   payroll error due to clerical or inadvertent mistake.

2       108.   DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226,

3   causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS.

4   These damages include, but are not limited to, costs expended calculating the true amount of time

5   worked and the amount of employment taxes which were not properly paid to state and federal tax

6   authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF, and the other members

7   of the CALIFORNIA LABOR SUB-CLASS elect to recover liquidated damages of $50.00 for the

8   initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay

9   period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no

10  event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR

11  SUB-CLASS herein).

12                          **SEVENTH CAUSE OF ACTION**

13              **For Failure to Reimburse Employees for Required Expenses**

14                        **[Cal. Lab. Code § 2802]**

15  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

16      109.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and

17  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 79 of this Complaint.

18      110.   Cal. Lab. Code § 2802 provides, in relevant part, that:

19                  An employer shall indemnify his or her employee for all necessary

20                  expenditures or losses incurred by the employee in direct consequence of

21                  the discharge of his or her duties, or of his or her obedience to the directions

22                  of the employer, even though unlawful, unless the employee, at the time of

23                  obeying the directions, believed them to be unlawful.

24      111.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to

25  indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

26  required expenses incurred in the discharge of their job duties for DEFENDANT'S benefit.  Specifically,

27  DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members

28  for expenses which included, but were not limited to, the cost associated with the use of their personal

1  cellular phones, personal equipment, and personal vehicles for DEFENDANT'S benefit.  In order to

2  work for DEFENDANT, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were

3  required to use their personal vehicles to travel and to use DEFENDANT'S mobile application and as

4  such it is mandatory to have a cell phone that is compatible with DEFENDANT'S mobile application.

5  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of

6  the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which included,

7  but were not limited to, the costs related to the use of their personal cellular phones, personal equipment,

8  and personal vehicles all on behalf of and for the benefit of DEFENDANT.  Further, PLAINTIFF and

9  other CALIFORNIA LABOR SUB-CLASS Members are also not reimbursed or indemnified by

10  DEFENDANT for the cost associated with using their personal vehicles while driving for

11  DEFENDANT.  Moreover, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

12  were also required to provide their own cleaning supplies and equipment necessary to perform the

13  essential job duties.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF

14  and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business

15  expenses which included, but were not limited to, costs related to travel all on behalf of and for the

16  benefit of DEFENDANT.  These expenses are necessary to complete their principal job duties.

17  DEFENDANT is estopped by DEFENDANT'S conduct to assert any waiver of this expectation.

18  Although these expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA

19  LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the

20  CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do

21  under the laws and regulations of California.

22      112.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by

23  them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for

24  DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate

25  and costs under Cal. Lab. Code § 2802.

26                    **EIGHTH CAUSE OF ACTION**

27                    **For Failure to Pay Wages When Due**

28                    **[Cal. Lab. Code §§ 201, 202 and 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

113.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

114.    Cal. Lab. Code § 200 states that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

115.    Cal. Lab. Code § 201 states, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

116.    Cal. Lab. Code § 202 states, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within72 hours of the notice of quitting.

117.    There was no definite term in PLAINTIFF's or any other CALIFORNIA LABOR SUB-

1    CLASS Members' employment contract.

2       118.   Cal. Lab. Code § 203 states:

3             If an employer willfully fails to pay, without abatement or reduction, in

4             accordance with Sections 201, 201.5, 202, and 205.5, any wages of an

5             employee who is discharged or who quits, the wages of the employee shall

6             continue as a penalty from the due date thereof at the same rate until paid

7             or until an action therefor is commenced; but the wages shall not continue

8             for more than 30 days.

9       119.   The employment of PLAINTIFF and many other CALIFORNIA LABOR SUB-CLASS

10   Members has terminated, yet as to those individuals whose employment terminated, DEFENDANT did

11   not timely tender payment of all wages owed as required by law.

12      120.   Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of

13   the CALIFORNIA LABOR SUB-CLASS whose employment terminated, PLAINTIFF demands thirty

14   days of pay as penalty for not paying all wages due at time of termination for all individuals in the

15   CALIFORNIA LABOR SUB-CLASS who terminated employment during the CALIFORNIA LABOR

16   SUB-CLASS PERIOD plus interest and statutory costs as allowed.

17                              **PRAYER FOR RELIEF**

18      WHEREFORE, PLAINTIFF prays for judgment against each DEFENDANT, jointly and

19   severally, as follows:

20      1.   On behalf of the CALIFORNIA CLASS:

21          A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA

22   CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

23          B)   An order temporarily, preliminarily and permanently enjoining and restraining

24   DEFENDANT from engaging in similar unlawful conduct as set forth herein;

25          C)   An order requiring DEFENDANT to pay minimum and overtime wages and all

26   sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the

27   CALIFORNIA CLASS; and,

28          D)   Restitutionary disgorgement of DEFENDANT'S ill-gotten gains into a fluid fund

**CLASS ACTION COMPLAINT**

1   for restitution of the sums incidental to DEFENDANT'S violations due to PLAINTIFF and to the other

2   members of the CALIFORNIA CLASS.

3          2.     On behalf of the CALIFORNIA LABOR SUB-CLASS:

4                 A)     That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth

5   Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to

6   Cal. Code of Civ. Proc. § 382;

7                 B)     Compensatory damages, according to proof at trial, including compensation due

8   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable

9   CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

10                 C)     The wages of all terminated individuals in the CALIFORNIA LABOR SUB-

11  CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is

12  commenced, in accordance with Cal. Lab. Code § 203;

13                 D)     The greater of all actual damages or fifty dollars ($50) for the initial pay period

14  in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA

15  LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty

16  of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

17                 E)     Meal and rest period compensation pursuant to California Labor Code Section

18  226.7 and the applicable IWC Wage Order;

19                 F)     The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

20  LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

21                 G) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197.

22

23

24

25

26

27

28

1    3. On all claims:

2        A)    An award of interest, including prejudgment interest at the legal rate;

3        B)    Such other and further relief as the Court deems just and equitable; and,

4        C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

5    law, including, but not limited to, pursuant to Labor Code §226, §1194, and/or §2802.

6

7    Dated: January 28, 2022                    Respectfully Submitted,
                                                JCL LAW FIRM, A.P.C.
8

9
                                                By: _____
10                                              Jean-Claude Lapuyade
                                                Attorneys for PLAINTIFF
11

12                        **DEMAND FOR JURY TRIAL**

13        PLAINTIFF demands a jury trial on all issues triable to a jury.

14

15    Dated: January 28, 2022                    Respectfully Submitted,
                                                JCL LAW FIRM, A.P.C.
16

17
                                                By: _____
18                                              Jean-Claude Lapuyade
                                                Attorneys for PLAINTIFF
19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Homeaglow, Inc.
c/o Registered Agents, Inc.
1401 21st St., Suite R
Sacramento, CA 95811

9590 9402 7020 1225 2851 81

2. Article Number (Transfer from service label)

7021 2720 0000 9972 5450

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent / ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
1/28/22

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:  ☐ No

somos 1.28.22

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UOE-2022-0002619**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 10/10/2022 | Time:  8:30 AM Department:10C |
|---|---|---|
| **JUDGE**<br>THIS CASE HAS BEEN ASSIGNED TO JUDGE JAYNE LEE IN DEPARTMENT 10C FOR ALL PURPOSES, INCLUDING TRIAL | **COURT LOCATION**<br>**Stockton** | **PHONE Numbers:**<br>**Stockton: 209-992-5693**<br>**Lodi:      209-992-5522** |

[ **X** ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1.  You must:

    a.  **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

    b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c.  **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d.  **Collection cases** are managed pursuant to CRC 3.740.

2.  Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3.  If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4.  Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 04/12/2022                                      _Natalie Bashaw_  ,Deputy Clerk

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jean-Claude Lapuyade, Esq. (SBN 248676)
JCL Law Firm, APC
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
TELEPHONE NO.: 619-599-8292    FAX NO.: 619-599-8291
ATTORNEY FOR *(Name):* Plaintiff Jeanette Gomes

FILED
SUPERIOR COURT-STOCKTON
2022 APR 12 AM 11:37
BRANDON E. RILEY, CLERK
NATALIE BASHAW
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 180 E. Weber Avenue
MAILING ADDRESS: 180 E. Weber Avenue
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: San Joaquin

CASE NAME:
Jeanette Gomes v. Homeaglow, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: STK-CV-UOE-2022-2619 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* VIOLATION OF CA BUS. & PROF. CODE §§ 17200, et seq., et al.
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 4, 2022

Jean-Claude Lapuyade, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

VIA FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant.  Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

> *Indicating your preference on Case Management Statement form CM-110;
>
> *Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or
>
> *Agree to ADR at your initial Case Management Conference.

**Questions?**  Call (209) 992-5693 and ask for the ADR Clerk,
email at adr@sjcourts.org  or visit the court website at www.sjcourts.org

## What is Alternative Dispute Resolution?

**Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits.  Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court.  The most common forms of ADR are mediation and arbitration.  There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials.  It is important to find the type or types of ADR that are most likely to resolve your dispute.**

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorney's fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side.  This is an important benefit when you want to preserve a relationship.

*ADR Information Packet (7/15)*

## What is the Disadvantage of using ADR?

- ***You may go to court anyway*** – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- ***Cost*** – The neutral may charge a fee for their services.
- ***Timelines*** – Lawsuits must be brought within specified periods of time, known as statutes of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases.  Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case.  The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
  - ➢ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices.  The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves.  **Mediation leaves control of the outcome with the parties.**
  - ➢ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program.  A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute.  Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
  - ➢ ***Judicial Arbitration Program*** (non-binding):  The judge can refer a case or the parties can agree to use judicial arbitration.  The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court.  The arbitrator must send the decision (award of the arbitrator) to the court.  The parties have the right to reject the award ***and proceed to trial.***  See Local Rule 3-122 for additional Judicial Arbitration information.
  - ➢ ***Private Arbitration*** (binding and non-binding):  Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

*ADR Information Packet (7/15)*

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |

TELEPHONE NO.:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**  (Amount demanded exceeds $25,000)  ☐ **LIMITED CASE**  (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:          Div.:                    Room:

Address of court *(if different from the address above)*:

☐  **Notice of Intent to Appear by Telephone, by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐   This statement is submitted by party *(name)*:
   b. ☐   This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not)*:

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐   have had a default entered against them *(specify names)*:

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.   Type of case in  ☐  complaint   ☐  cross-complaint   *(Describe, including causes of action)*:

Page 1 of 5

| | | |
|---|---|---|
| Form Adopted for Mandatory Use  Judicial Council of California  CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,  rules 3.720–3.730  www.courts.ca.gov |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
☐ Additional representation is described in Attachment 8.

f. Fax number:
g. Party represented:

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

below

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
       ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*
       Party                    Description               Date

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]          **CASE MANAGEMENT STATEMENT**          Page 5 of 5

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                              FAX NO.:<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN |
|---|
| ☐LODI Branch      ☐ MANTECA Branch     ☐ TRACY Branch      ☐STOCKTON Branch<br>315 W. Elm St.        315 E. Center St.        475 E. 10th St.         222 E. Weber Ave.<br>Lodi, CA 95240      Manteca, CA 95336     Tracy, CA 95376     Stockton, CA 95202 |

| Plaintiff(s)/Petitioner(s): | |
|---|---|
| Defendant(s)/Respondent(s): | CASE NUMBER: |

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

**Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):**

☐Voluntary Mediation

☐Non-Binding Judicial Arbitration CCP 1141.12

☐Binding Arbitration (private)

☐Other (specify):
_____
_____

**Case Type:** _____

**Is the Neutral you selected listed on the Court's Panel of Mediators?**  ☐ Yes          ☐ No

**Neutral's name and telephone number:** _____/(_____)_____

**Date/Time of ADR Session:** _____/_____a.m./p.m.  **Location of ADR Session:**_____

**Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:**
_____
_____
_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.**

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent

(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent

(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent

(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent

(Signature)
Attorney or Party without attorney

## IT IS SO ORDERED:  Dated:_____

_____
Judge of the Superior Court

**An ADR Review Hearing is scheduled for _____at _____a.m/p.m. in Dept. No. _____.**

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)
Sup Crt 441 (6/09)