1  Andrew M. Spurchise, Bar No. 245998
   aspurchise@littler.com
2  LITTLER MENDELSON, P.C.
   900 Third Avenue
3  New York, New York 10022.3298
   Telephone:    212.583.9600
4  Facsimile:    212.832.2719

5  Anthony G. Ly, Bar No. 228883
   aly@littler.com
6  LITTLER MENDELSON, P.C.
   2049 Century Park East
7  5th Floor
   Los Angeles, California 90067.3107
8  Telephone:    310.553.0308
   Facsimile:    310.553.5583

9
   Attorneys for Defendant
10 HOMEAGLOW INC.

11

12                    UNITED STATES DISTRICT COURT

13                    EASTERN DISTRICT OF CALIFORNIA

14

15 | JEANETTE GOMES, an individual, on behalf of | Case No. 2:22-cv-00835-KJM-KJN
   herself, and on behalf of all persons similarly
16 situated, | **DECLARATION OF ANTHONY G. LY**
            | **IN SUPPORT OF DEFENDANT**
17        Plaintiff, | **HOMEAGLOW'S MOTION TO**
                     | **COMPEL ARBITRATION**
18     v.

19 HOMEAGLOW INC., a Delaware corporation;
   and DOES 1 through 30, Inclusive,
20
            Defendant.
21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1                         DECLARATION OF ANTHONY G. LY ISO
                          MOTION TO COMPEL ARBITRATION

## <u>DECLARATION OF ANTHONY G. LY</u>

I, Anthony G. Ly, hereby declare and state:

1. I am an attorney admitted to practice in the State of California and am an attorney in the law firm of Littler Mendelson, P.C., one of the counsel of record for Defendant Homeaglow Inc. ("Defendant" or "Homeaglow") in this action.  I make this Declaration in support of Defendant's Motion to Compel Arbitration ("Motion").  All of the information set forth herein is based on my personal and firsthand knowledge or information and documents retained by our firm in the regular course of its business operations, and if called and sworn as a witness, I could and would competently testify thereto.

2. As an attorney handling this matter, I am familiar with documents filed by Plaintiff Jeanette Gomes ("Plaintiff") in this action and documents served by Plaintiff on Defendant in this action.

3. On April 12, 2022, Plaintiff filed a class and representative action in state court. Attached as Exhibit 1 to Homeaglow's Request for Judicial Notice ("RJN") is a true and correct copy of Plaintiff's state court Complaint filed on April 12, 2022, by Plaintiff in this action, *Gomes v. Homeaglow Inc.*, San Joaquin Superior Court, Case No. STK-CV-UOE-2022-2619.

4. On May 12, 2022, Homeaglow filed an Answer to Plaintiff's Complaint.  Attached as Exhibit 2 to Homeaglow's RJN is a true and correct copy of Homeaglow's Answer.  In the Answer, Homeaglow expressly identified Plaintiff's agreement to arbitrate and obligation to arbitrate on an individual basis as the first two affirmative defenses asserted in response to Plaintiff's Complaint. *See* Answer, p. 2-3.  On May 17, 2022, Homeaglow removed the action to this Court.

5. Prior to filing this Motion, counsel for the parties met and conferred to thoroughly discuss the substance of the contemplated motion and any potential resolution.

6. On June 6, 2022, Homeaglow sent a meet and confer letter to Plaintiff, providing a copy of the Arbitration Agreement, and requesting for Plaintiff to stipulate to submit her claims against Homeaglow to final and binding arbitration on an individual basis only in accordance with the Arbitration Agreement.  Attached as **Exhibit A** is a true and correct copy of Homeaglow's June 6,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2

DECLARATION OF ANTHONY G. LY ISO
MOTION TO COMPEL ARBITRATION

2022 letter to Plaintiff.  The Parties thereafter met and conferred by telephone on June 7, 2022.  On the call, Plaintiff's counsel requested information showing that Plaintiff electronically accepted the Arbitration Agreement.

7.     On June 8, 2022, defense counsel provided Plaintiff's counsel with detailed data showing that Plaintiff set up her account and profile on October 15, 2021 and thereafter utilizing the Platform after she completed her account and profile.  The data also showed that Plaintiff accepted the Contractor Agreement on October 15, 2021 at 12:25AM CDT, which was explained by defense counsel.  Attached hereto as **Exhibit B** is a true and correct copy of Homeaglow's June 8, 2022 email correspondence.[1]  The data attached as Exhibit C to the Declaration of Xiao Wei Chen in Support of Homeaglow's Motion was attached the email (without redactions) and provided to Plaintiff's counsel.  Thereafter, the parties agreed that the outcome of *Viking River Cruises, Inc. v. Moriana* (2020) 2020 WL 5584508 (Supreme Court Case No. 20-1573) would directly affect Homeaglow's anticipated motion to compel arbitration and the enforceability of the parties' agreement to waive a PAGA claim and thus, they stipulated to stay the case pending the *Viking River* decision.  Attached hereto as **Exhibit C** is a true and correct copy of the Parties' Joint Stipulation to Stay Pending *Viking River*.  The Court did not issue an order on the parties' stipulation and the case was not stayed.

8.     Counsel for the Parties met and conferred further by telephone on June 22, 2022, and by email on June 24, 2022, regarding the substance of this Motion.  On June 22, I spoke with Shani Zakay regarding the reasons raised by Plaintiff in Plaintiff's counsel's email dated June 8, 2022, providing the reasons Plaintiff would not agree to stipulate to arbitrate on an individual basis.  Mr. Zakay agreed that the parties should attempt to narrow the issues in dispute to avoid burdening the court with unnecessary arguments.  However, Mr. Zakay stated that Jean-Claude Lapuyade was primarily overseeing the issues regarding Homeaglow's anticipated Motion and Mr. Zakay asked for me to send Mr. Lapuyade Homeaglow's position and authority supporting its position.  I sent this information to Mr. Lapuyade on June 24, 2022.  A true and correct copy of my June 24, 2022 email

---

[1] The parties also met and conferred regarding a possible motion to remand.  After thoroughly meeting and conferring on that motion, Plaintiff informed Defendant on June 22, 2022, that she would not file a motion to remand.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

3

DECLARATION OF ANTHONY G. LY ISO
MOTION TO COMPEL ARBITRATION

to Mr. Lapuyade is attached as **Exhibit D**.

9.    On June 27, 2022, I met and conferred with Mr. Lapuyade by telephone regarding the issues that were in dispute; namely: (1) Homeaglow's alleged waiver of the right to arbitrate by removing the case to federal court; (2) a dispute as to formation of a contract because Plaintiff does not recall seeing the Contractor Agreement, which based on the data, shows that it was accepted in a short amount of time; (3) that a PAGA claim is not covered by the Arbitration Agreement; and (4) the Arbitration Agreement is allegedly unconscionable. Mr. Lapuyade informed me that Plaintiff would likely no longer oppose Homeaglow's Motion on the grounds stated in numbers 2 and 3 above, but that he needed to confirm and would attempt to respond by June 29. I confirmed our discussion in an email to Mr. Lapuyade on June 27, 2022, a true and correct copy of which is attached hereto as **Exhibit E**. Mr. Lapuyade did not get back to me and I followed up on June 30 by email to request a response. Attached hereto as **Exhibit F** is a true and correct copy of my June 30, 2022 email to Mr. Lapuyade. Mr. Lapuyade did not respond until July 5, 2022. Attached hereto as **Exhibit G** is a true and correct copy of Mr. Lapuyade's response to my June 30, 2022 email.

10.    In Mr. Lapuyade's July 5 email, he stated that Plaintiff would not agree to stipulate to arbitration because the Arbitration Agreement is allegedly unconscionable and Homeaglow allegedly waived its right to arbitrate. He also stated that Plaintiff believes that the Supreme Court incorrectly held in *Viking River* that the representative PAGA claim must be dismissed when the plaintiff's individual PAGA claim is compelled to arbitration. On July 5, 2022, I informed Mr. Lapuyade that Homeaglow disagreed with Plaintiff's position and that it would proceed with the filing of its Motion to Compel Arbitration.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DECLARATION OF ANTHONY G. LY ISO
MOTION TO COMPEL ARBITRATION

11.   Attached to Homeaglow's RJN as Exhibit 3 is a true a correct copy of the Comprehensive Arbitration Rules & Procedures of Judicial Arbitration & Mediation Services ("JAMS rules"), which are currently available at http://www.jamsadr.com/rulesdownload-rules https://www.jamsadr.com/rules-download/ and https://www.jamsadr.com/rules-comprehensive-arbitration/.

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 5, 2022 at Glendora, California.

_____
ANTHONY G. LY

4892-6568-6822.3 / 114736-1002

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

5

DECLARATION OF ANTHONY G. LY ISO
MOTION TO COMPEL ARBITRATION

# EXHIBIT A



**Littler Mendelson, P.C.**
2049 Century Park East, 5th Floor
Los Angeles, CA 90067

Anthony G. Ly
310.712.7322 direct
310.553.0308 main
aly@littler.com

June 6, 2022

**VIA EMAIL – SHANI@ZAKAYLAW.COM**
        **JLAPUYADE@JCL-LAWFIRM.COM**

Shani O. Zakay
Zakay Law Group, APLC
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121

Jean-Claude Lapuyade
JCL Law Firm APC
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121

Re:    ***Jeanette Gomes v. Homeaglow Inc.***
       ***Eastern District of California, Case No. 2:22−CV−00835−KJM−KJN***

Dear Counsel:

We write to meet and to confer regarding Defendant Homeaglow Inc.'s ("Homeaglow") contemplated motion to compel Plaintiff Jeanette Gomes' ("Plaintiff") claims to arbitration.  We are hopeful the parties can resolve this issue without the need for motion practice.  Please let us know whether Plaintiff will stipulate to submit her claims against Homeaglow to final and binding arbitration on an individual basis only in accordance with the arbitration provision in the Independent Contractor Agreement ("Agreement") she entered in October 2021.  A copy of Agreement is enclosed as Attachment A.

If you would like to discuss this matter by phone, please provide your earliest availability.

**Plaintiff's Complaint**

Plaintiff brings the following nine (9) causes of action:

1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, et seq.
2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;

June 6, 2022
Page 2

3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, et seq
4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB CODE §§ 226.7 & 512 AND APPLICABLE IWC WAGE ORDER;
6. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;
9. VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698 ETSEQ.] ("PAGA").

## Independent Contractor Agreement and Binding Arbitration Provision

In October 2021, Plaintiff accepted Homeaglow's Agreement, which contained a mandatory agreement to arbitrate.  The Binding Arbitration Provision in the Agreement states:

> **Binding Arbitration**.  The parties recognize that disputes may arise between the Contractor and Homeaglow or their related parties, and that those differences may or may not be related to the Contractor's services under this Agreement.  In order to gain the benefits of a speedy, less-formal, impartial, final and binding procedure to resolve such disputes, **all such disputes will be resolved by means of binding arbitration** as set forth below.

(Agreement, page 5 [emphasis added].)  By accepting the Agreement, Plaintiff agreed to arbitrate "all claims or controversies ("Claims"), past, present or future, whether or not arising out of the Contractor's services under this Agreement, that Homeaglow may have against the Contractor, or that the Contractor may have against to arbitrate all claims or controversies against Homeaglow . . ." (*Id.*)  The Agreement expressly explains that "Arbitrable Claims include but are not limited to contract claims, tort claims, and claims for violation of any federal, state, or other governmental law, statute (including anti-discrimination statutes), regulation, or ordinance . . ." (*Id.*)

Further, Plaintiff and Homeaglow agreed to "waive any right to bring on behalf of other persons or entities, or to otherwise participate with other persons or entities in, any class, collective, or representative action (including but not limited to any representative action under the California Private Attorneys General Act ("PAGA"), or other federal, state or local statute or ordinance of similar effect)." (*Id.*)

## Application

Here, all of Plaintiff's claims arise out of and are related to her relationship with Homeaglow and each claim is also identified as a claim falling within the ambit of the mandatory arbitration

June 6, 2022
Page 3

provision.  As such, Plaintiff's claims must be submitted to final and binding arbitration on an individual basis only in accordance with the Binding Arbitration Provision and the class action waiver and PAGA waiver.  It is without question that class action waivers must be enforced as written.  *Epic Sys. Corp. v. Lewis* (2017) 138 S. Ct. 1612, 1619, 1622 *citing AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333.  Homeaglow contends that a PAGA waiver must also be enforced under Supreme Court precedent.  *See id.* at 1623; *Concepcion*, 138 S.Ct. at 344 (the "principal purpose" of the FAA is to ensure that private arbitration agreements are enforced "according to their terms" and thus, court must enforce arbitration agreements "in accordance with the[ir] terms . . .").  Homeaglow is confident that the Supreme Court will confirm the enforceability of PAGA waivers in its anticipated decision in *Viking River Cruises, Inc. v. Moriana* (2020) 2020 WL 5584508 (Supreme Court Case No. 20-1573), which should be issued in the coming weeks.

Since *Viking River Cruises* should be decided in the very near future, please let us know if Plaintiff will agree to stipulate to a stay of the case pending the ruling.  Courts have routinely stayed cases when the United States Supreme Court is deciding an issue central to a case.  *See e.g., Aleisa v. Square, Inc.* (N.D. Cal. 2020) 493 F. Supp. 3d 806; *Del Rio v. Creditanswers, LLC* (S.D. Cal. Aug. 26, 2010) 2010 WL 3418430 at *3-5; *Alvarez v. T-Mobile USA, Inc.* (E.D. Cal. 2010) 2010 WL 5092971 at *2 (litigation "may be unnecessary if the Supreme Court finds that the Federal Arbitration Act preempts state law from conditioning enforcement of an arbitration clause on the availability of class action, which might require this action to be arbitrated"); *Carney v. Verizon Wireless Telecom, Inc.*, 2010 WL 3058106 at *3 ("Defendants will have to defend against Plaintiff's claims in this litigation, presumably by engaging in fact and expert discovery, motion practice and trial preparation, all of which are absent from the arbitration process."); *Larroque v. First Advantage LNS Screening Solutions, Inc.* (N.D. Cal. 2016) 2016 WL 39798 *2 (trial court granted motion to stay and considered the fact that the Supreme Court's decision in action where certiorari granted may eliminate the trial court's jurisdiction over the action).

Finally, regardless of the enforceability of the PAGA waiver, Plaintiff contracted with Homeaglow as an independent contractor and the parties' dispute over Plaintiff's classification is a threshold issue that must be arbitrated because it expressly and squarely falls within the scope of arbitrable claims under the Agreement.  Plaintiff's dispute is "about the respective rights and obligations of parties in a contractual relationship," which the California Supreme Court held is a private dispute that is governed by the Federal Arbitration Act.  *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 384-85.  The dispute over whether Plaintiff was an employee must be resolved in arbitration even before Plaintiff can pursue a PAGA claim because, by its plain language, the PAGA statute only allows employees to bring a PAGA claim on the State's behalf. Ca. Labor Code §2699(a), (c); *see Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 82 ([n]ot every private citizen can serve as the state's representative. Only an aggrieved employee has PAGA standing."); *Iskanian*, 59 Cal.4th at 387 (the Legislature established the requirement that a plaintiff must be a "willing employee" under PAGA to avoid "private plaintiff abuse.") Accordingly, even if *Viking River Cruises* does not overrule *Iskanian*'s prohibition of the enforcement of PAGA waivers, the PAGA claim must be stayed pending arbitration of Plaintiff's

June 6, 2022
Page 4

individual disputes, including her dispute regarding her classification as an independent contractor.

## **Conclusion**

Homeaglow seeks to avoid motion practice to enforce the parties' agreement to arbitrate. Please let us know whether Plaintiff will agree to stipulate to submit all of her claims to final and binding arbitration on an individual basis only. Alternatively, if Plaintiff will not agree to arbitrate, please let us know if Plaintiff will agree to stipulate to a stay of the case pending a decision in *Viking River Cruises*, which will address whether the PAGA waiver in the parties' Binding Arbitration Provision is enforceable. Let us know if you would like to discuss these issues by phone.

Thank you for your prompt attention to this matter.

Sincerely,

Anthony G. Ly
Shareholder

Enclosure

cc:     Jackland K. Horn (jackland@zakaylaw.com)
        Julieann Alvarado (julieann@zakaylaw.com)
        Eduardo Garcia (egarcia@jcl-lawfirm.com)

4864-2167-4531.1 / 114736-1002

**ATTACHMENT A**



# Review & accept your contractor agreement

Last updated: March 3, 2017

This is an agreement ("Agreement") between YOU (herein after referred to as "You" or "the Contractor"), and Homeaglow, Inc. ("Homeaglow").  By accessing and using the Homeaglow technology, Platform and website, and by providing services, you expressly acknowledge and agree to be bound by the terms and conditions of this Agreement and any future amendments that may be made from time to time.  Homeaglow reserves the right to modify this Agreement at any time, in its sole discretion, which shall be effective upon the posting or announcement of such Agreement or modification. By continuing to use the website, Platform or services, you specifically agree to be bound by such updated terms.

In consideration of the mutual covenants of the parties under the Agreement, the sufficiency of which is hereby acknowledged, the parties agree as follows:

**Professional Cleaning Platform.**  Homeaglow operates a professional cleaning platform ("the Platform").  The Platform consists of proprietary business processes and technology designed to match users of professional cleaning services with third party contractors who perform such services subject to established guidelines created by Homeaglow.  THE CONTRACTOR ACKNOWLEDGES THAT HOMEAGLOW DOES NOT PROVIDE CLEANING SERVICES, AND HOMEAGLOW IS NOT A CLEANING SERVICE PROVIDER. HOMEAGLOW OFFERS INFORMATION AND A METHOD FOR USERS OF ITS PLATFORM TO OBTAIN CLEANING SERVICES, BUT DOES NOT INTEND TO PROVIDE CLEANING SERVICES OR ACT IN ANY WAY AS A CLEANING SERVICE PROVIDER, AND HAS NO RESPONSIBILITY OR LIABILITY FOR ANY CLEANING SERVICES PROVIDED BY THE CONTRACTOR TO THIRD PARTIES.

**Cleaning Services.**  Homeaglow, in its sole discretion, may provide the Contractor with access to the Platform, whereby the Contractor may be connected to third parties desiring to receive cleaning services.  The Contractor hereby represents, warrants and agrees that:

- **Approvals**: To the extent required by law, the Contractor will have all the appropriate licenses, approvals and authority to provide cleaning services for hire to third parties in all jurisdictions in which the Contractor provides such services (including without limitation such things as a business license, Employer taxpayer identification number (federal EIN and Cal EDD number), a recorded fictitious business name (where applicable) and if required, a business tax registration certificate).  The Contractor further agrees that, at the request of Homeaglow, it will provide to Homeaglow information or documents confirming the Contractor's compliance with this provision of the Agreement.
- **Business Operation**:  The Contractor shall maintain its own set of books and records showing business income and expenses.  The Contractor shall also file a business tax return with the IRS as well as any state and local business tax returns that may be required by law.  The Contractor agrees that, at the request of Homeaglow, it will provide to Homeaglow information or documents confirming the Contractor's compliance with this provision of the Agreement.
- **Responsibility**:  The Contractor is free to employ or engage such individuals as contractor deems necessary or appropriate to provide the services under this Agreement; and if the contractor utilizes any employees or contractors, Contractor shall be solely responsible for compliance with all applicable labor, employment and tax laws and any benefits, and shall indemnify and hold Homeaglow harmless from any claims arising out of or relating to its engagement of such employees.  Contractor will obey all applicable laws related to, and will be solely responsible for, any and all liability which results or is alleged as a result of, its provision of cleaning services under this Agreement, including, but not limited to, personal injuries, death and property damages.  The Contractor will maintain all necessary insurance for its business as required by law.  For example, in the event the Contractor employs or hires one or more employees, the Contractor will maintain an active workers' compensation insurance

policy. Homeaglow reserves the right to require its Contractors and agents, as well as any employee or agents of the Contractor to perform services under this Agreement also must submit to and complete a background check investigation that is consistent with and satisfactory to Homeaglow's standards.

- **Information**: All information the Contractor provides to Homeaglow (including information provided in background check form(s) and tax forms) will be complete, true and accurate.

- **Work Standards Under the Agreement**: For each job the Contractor accepts from the Platform, the Contractor agrees to perform services in a professional and diligent manner, to make reasonable efforts to perform the work to the satisfaction of the customer, and to perform any additional cleaning services that the customer reasonably requests that the Contractor perform at the time the Contractor performs work initially obtained through the Platform. The Contractor is free to accept or reject work available through the Platform. The Contractor understands and agrees, however, that upon accepting work the Contractor is expected to complete such work consistent with the standards set forth in this Agreement. The Contractor is free to cancel accepted work from the Platform, but understands: (i) that cancellations by the Contractor 24 hours or less before the start time of the appointments, (ii) instances where the Contractor does not show up to an appointment without cancelling it (a "no show"), or (iii) instances where the Contractor arrives late for a scheduled customer appointment or leaves early before the end of a scheduled appointment, may result in restricted access to cleaning opportunities on the Platform, and Platform may charge Contractor or withhold from Contractor's pay the acquisition cost of the affected Customer or $100 per such incident, whichever is greater. Homeaglow also may restrict access to cleaning opportunities on the Platform based on customer ratings and feedback, or any combination of the above factors. Homeaglow shall have no right to control the manner, means, and method by which the Contractor and/or the Contractor's employees or agents provide services under this Agreement and shall be authorized only to: (i) direct the Contractor as to the elements of the services to be performed, the result desired to be achieved and when the services are to be completed; and (ii) assess the performance of the services by the Contractor and/or the Contractor's employees or agents for the limited purposes of assuring that the services have been performed and determining the result of the Contractor's efforts. The Contractor agrees and understands that Homeaglow shall have the right to inspect services provided by the Contractor for customers only to ensure that the services provided by the Contractor meet the standards set forth in this Agreement. The Contractor agrees to cooperate with Homeaglow by providing Homeaglow information about any services provided under this Agreement, as well as information about customer concerns or customer feedback.

- **Rules Against Inappropriate Conduct**: The Contractor shall not engage in any inappropriate conduct while providing services under the Agreement, including but not limited to: (i) abusive, harassing or vulgar language in spoken, written, email or other electronic form;(ii) threatening and/or violent behavior; (iii) fraud; (iv) theft or unauthorized removal or possession of Homeaglow's property or the property of other Contractors, or Homeaglow employees or customers; (v) unsafe behavior or practices (including but not limited to actions that pose a safety threat to the client, the client's pets, or any other person, including Homeaglow employees or other contractors); and (vi) falsification, material omissions or destruction of records.

- **Transportation**: The Contractor is solely responsible for its transportation and the transportation of equipment to jobs the Contractor accepts from the Platform.

- **Work from the Platform**: The Contractor acknowledges and understands that Homeaglow has the absolute right to offer work to any other third party at Homeaglow's discretion. Furthermore, the Contractor agrees and understands that work accepted by the Contractor for a particular customer does not guarantee that the Contractor will perform any subsequent work for that customer.

- **Platform Communications**: In addition to appointment reminders sent to the email address & phone number provided during account setup, you may contact us at homeaglow.com/help. Additionally, we may provide an optional phone number that connects you with your Client(s). This phone number is property of Homeaglow, Inc.. By providing your phone number and using the Homeaglow Platform, you agree that we may, to the extent permitted by applicable law, use your mobile phone number for calls and, if such phone number is a mobile number, for text (SMS) messages, in order to assist with facilitating the requested Professional Services. Standard call or message charges or other charges from your phone carrier may apply to calls or text (SMS) messages we send you. You may opt-out of receiving text (SMS) messages from us by replying with the word "STOP" to a text message from us. You acknowledge that opting out of text (SMS) messages may impact your ability to use the Homeaglow Platform. You agree to Homeaglow's use of a service provider to mask your telephone number when you call or exchange text (SMS) messages with a Service Provider or Service Requestor using a telephone number provided by Homeaglow. During this process, Homeaglow will receive in real time and store call data, including the date and time of the call or text (SMS) message, the parties' phone numbers, and the content of the text (SMS) messages. You agree to the masking process described above and to Homeaglow's use and disclosure of this call data for its legitimate business purposes. By registering as an independent contractor for the Services, you acknowledge and

agree that any communications regarding services, and other communications to or through the Services, including to your Client(s), may be monitored and/or recorded for quality assurance purposes, including but not limited to assisting in the resolution of any disputes Clients may have with your performance or the Services. You consent to any such monitoring and/or recording, and hereby waive any notification requirement at the time such recording to the maximum extent permitted under applicable law. By providing your phone number, you expressly agree to future communications at that number by Homeaglow and any other entities Homeaglow identifies by telephone call and/or text message, including by calls or text messages made by an automatic telephone dialing system or other automated technology, even if you have opted-out of such calls through the National Do Not Call Registry (or state equivalent) or the internal do not call list of Homeaglow or any other company.

- **Background Check Investigation**: The Contractor acknowledges and understands that individuals performing services under the Agreement will be performing services within the homes of customers. The Contractor acknowledges and understands that, to the greatest extent allowed by law, Homeaglow conducts background checks by obtaining consumer reports and/or investigative consumer reports from a third party consumer reporting agency. Such background checks include, but are not limited to, investigation of criminal history records, consumer credit reports, and verification of education and work history. The Contractor has authorized or will authorize the obtaining of such reports by Homeaglow as part of the Contractor's initial application process to perform services under this Agreement, as well as at regular intervals while the Contractor is performing services under this Agreement. Homeaglow also may investigate and obtain information about the Contractor for purposes of evaluating the Contractor's candidacy for this engagement directly, without use of any third party provider. The Contractor authorizes all persons, schools, businesses, and other organizations contacted by or on behalf of Homeaglow about the Contractor to disclose to Homeaglow any and all reports and other information related to the Contractor's qualifications for this engagement, without giving the Contractor prior notice of such disclosure. In addition, the Contractor hereby fully releases Homeaglow (including its officers, directors, agents, representatives and employees), and all other persons, corporations, partnerships and associations from any and all claims, demands or liabilities arising out of or in any way related to such investigations or disclosures. No individual will be engaged to perform services, or be permitted to continue performing services, under this Agreement unless he/she satisfactorily completes the required background check investigation(s), the results of which will be assessed by Homeaglow consistent with applicable law and in its sole discretion. The Contractor further agrees to notify Homeaglow immediately should Contractor (or any employee or agent of the Contractor who performs services under this Agreement) be arrested or convicted of any crime while Contractor's application is pending or while Contractor is performing services under this Agreement, except as limited by applicable law.
- **Client Contact**: Neither the Contractor nor its employees will contact Homeaglow clients regarding payments or scheduling an appointment on its own. Contractor shall only book subsequent cleaning appointments through the Homeaglow Platform.
- **Ability to Contract with other Contractors and Companies**: Nothing in this Agreement shall limit the right of the Contractor to perform services for any other company, contractor or person, including direct competitors of Homeaglow. Nor shall anything in this Agreement restrict a principal, agent or employee of the Contractor from performing services for any other company, contractor or for any other person.
- **Incentives**: Homeaglow may from time to time offer incentive payments to Contractors. Such payments shall be at the discretion of Homeaglow and may be subject to eligibility requirements determined by Homeaglow. Unless agreed to in a separate writing attached hereto, such payments may be amended or terminated at any time by Homeaglow without notice.

**Independent Contractor Status**. The Contractor agrees and specifically warrants that he/she/it is a licensed independent contractor and not an employee, agent, partner or joint venturer of Homeaglow. As such, the Contractor acknowledges and agrees that neither the Contractor, nor Contractor's agents or employees, are entitled to any benefits from Homeaglow or under any of Homeaglow's health, retirement, pension, stock option or other equity, fringe benefit, severance, profit sharing or welfare plans. Homeaglow will not provide workers' compensation, disability insurance, Social Security or unemployment compensation coverage or any other benefit to the Contractor or to the Contractor's agents or employees. The Contractor further agrees that should the Contractor or Contractor's agents or employees ever be deemed entitled to any such benefits, the Contractor hereby irrevocably waives any present or future entitlement thereto, and agrees to hold Homeaglow harmless and indemnify Homeaglow against any loss or expense that may result from collection of such benefits by the Contractor or Contractor's agents or employees for any reason. The Contractor hereby consents to receiving 1099-MISC via electronic delivery, either through the Homeaglow dashboard or via the email address provided by the Contractor during account creation.

**Fees for Services**... can process payment at the rate agreed upon between Homeaglow and Contractor for all services provided under the Agreement, as reflected on Contractor's dashboard.  Homeaglow will pay the Contractor for services via direct deposit, based on the information the Contractor provides to Homeaglow.

Homeaglow will only pay for services completed under the Agreement that are in compliance with the Contractor's obligations under this Agreement.

**Training**.  The Contractor has the responsibility to ensure that individuals performing services on behalf of the Contractor under this Agreement have the appropriate training to perform cleaning services for customers under the standards set forth in this Agreement.

**Equipment**. The Contractor is responsible for providing all equipment and supplies needed to perform cleaning services under the Agreement. The Contractor may purchase, at its own expense, cleaning equipment and supplies from Homeaglow.  Purchase of Homeaglow equipment and supplies is not required under this Agreement and the Contractor is free to use its own equipment and supplies to perform services under this Agreement.  In addition, the Contractor may use any equipment and supplies purchased from Homeaglow for any purpose, including services the Contractor may provide to other companies, persons or contractors.

**Proprietary Rights**.  To the extent the Contractor provides any suggestions, ideas, enhancement requests, feedback, recommendations or other information regarding the Platform or Homeaglow's products or services, the Contractor hereby assigns to Homeaglow all right, title and interest thereto.  The Contractor will maintain the confidentiality of all non-public information it receives regarding Homeaglow and its products, services, finances, business, personnel, clients and other cleaning professionals, and the terms and conditions of this Agreement, and not use or disclose the same, except with the prior written consent of Homeaglow.

**Use of Personal Information**.  Contractor consents to allow Homeaglow to use its personal and/or business contact information to send invoices to clients and as otherwise needed.

**Termination**.  Homeaglow and the Contractor shall have the right to terminate this Agreement for any reason by providing the other party with 21 days written notice.  Either party may terminate this Agreement for a material breach by the other party.  In addition, the agreement is immediately terminable by Homeaglow if:

1. The Contractor performs, or threatens to perform, cleaning services for a Homeaglow client outside the platform;
2. A Homeaglow customer makes an allegation of theft; unsafe practices or behavior that poses a threat to a customer, any other person, or a customer's pet; property damage; or abusive, threatening and/or violent behavior, against the Contractor or the Contractor's agents or employees;
3. Homeaglow, in its sole discretion, determines that the Contractor or its agents or employees have violated the Rules Against Inappropriate Conduct described in this Agreement; or
4. The Contractor or its agents or employees do not satisfactorily complete a background check investigation, do not sign the Homeaglow Independent Contractor Agreement, or do not timely complete IRS Form W9, or any other tax forms that Homeaglow is required to collect.

Termination of this Agreement shall not affect accrued rights or obligations of the parties.  In addition, the provisions of this Agreement related to Arbitration and Proprietary Rights shall survive termination of this Agreement.

**Disclaimer of Warranties**.  Homeaglow provides the Contractor with access to the Platform on an "AS IS" basis and MAKES NO REPRESENTATION, WARRANTY, OR GUARANTY AS TO THE RELIABILITY, TIMELINESS, QUALITY, SUITABILITY, AVAILABILITY, ACCURACY OR COMPLETENESS OF THE PLATFORM.  ALL CONDITIONS, REPRESENTATIONS AND WARRANTIES, WHETHER EXPRESS, IMPLIED, STATUTORY OR

OTHERWISE ANY COMMUNICATION ANY IMPLIED WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR NON-INFRINGEMENT OF THIRD PARTY RIGHTS, ARE HEREBY DISCLAIMED BY Homeaglow TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW.

**Assignment**. The Contractor shall have the right or ability to assign, transfer or subcontract any rights or obligations under this Agreement with the written consent of Homeaglow, which shall not be unreasonably withheld. Homeaglow may fully assign and transfer this Agreement in whole or part.

**General**. The failure of either party to enforce its rights under this Agreement at any time for any period will not be construed as a waiver of such rights. In the event that any provision of this Agreement will be determined to be illegal or unenforceable, that provision will be limited or eliminated to the minimum extent necessary so that this Agreement will otherwise remain in full force and effect and enforceable. Except as otherwise provided, this Agreement will be governed by and construed in accordance with the laws of the State of California without regard to the conflicts of laws provisions thereof.

**Binding Arbitration**. The parties recognize that disputes may arise between the Contractor and Homeaglow or their related parties, and that those differences may or may not be related to the Contractor's services under this Agreement. In order to gain the benefits of a speedy, less-formal, impartial, final and binding procedure to resolve such disputes, all such disputes will be resolved by means of binding arbitration as set forth below.

- **Applicable Law**. The Federal Arbitration Act will govern the interpretation and enforcement of the parties' agreement to arbitrate. To the extent that the Federal Arbitration Act is inapplicable, the arbitration law of the state in which Contractor provides or last provided services to Homeaglow will apply.
- **Claims Subject To Arbitration**. The Contractor and Homeaglow agree to arbitrate all claims or controversies ("Claims"), past, present or future, whether or not arising out of the Contractor's services under this Agreement, that Homeaglow may have against the Contractor, or that the Contractor may have against any of the following: (1) Homeaglow; (2) Homeaglow's officers, directors, employees or agents in their capacity as such or otherwise; (3) Homeaglow's parent, subsidiary and affiliated entities; (4) Homeaglow's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates and agents; and/or (5) all successors and assigns of any of them (each a "Company Party"). The only Claims that are arbitrable are those that are justiciable under applicable federal, state or local law. Arbitrable Claims include but are not limited to contract claims, tort claims, and claims for violation of any federal, state, or other governmental law, statute (including anti-discrimination statutes), regulation, or ordinance, except for any claims that are not arbitrable as a matter of law. The parties agree they will not initiate or prosecute any lawsuit in any way related to any claim covered by this agreement to arbitrate, other than one seeking temporary equitable relief in aid of arbitration. For any lawsuit seeking temporary equitable relief in aid of arbitration, where such an action otherwise is available by law, the parties consent to the personal jurisdiction of the state and federal courts located in the county (or comparable governmental unit) in which the Contractor last provided services to Homeaglow.
- **Single-Claimant Arbitration Only**. To the maximum extent permitted by law, the Contractor and Homeaglow hereby waive any right to bring on behalf of other persons or entities, or to otherwise participate with other persons or entities in, any class, collective, or representative action (including but not limited to any representative action under the California Private Attorneys General Act ("PAGA"), or other federal, state or local statute or ordinance of similar effect). The Contractor understands, however, that to the maximum extent permitted by law, the Contractor retains the right to bring claims in arbitration, including PAGA claims, for itself/himself/herself as an individual (and only for itself, himself or herself). If a court adjudicating a case involving Homeaglow and the Contractor were to determine that there is an unwaivable right to bring a PAGA representative action, any such representative action shall be brought only in court, and not in arbitration.
- **Time Limits For Commencing Arbitration And Required Notice Of All Claims**. The party asserting a Claim (the "Claimant") must give written notice of any claim to the party against whom the Claim is asserted (the "Respondent") not later than the expiration of the statute of limitations that the law prescribes for the Claim. Otherwise, the Claim will be deemed waived. The filing of a government complaint will not extend the statute of limitations for presenting any Claim to arbitration. The parties acknowledge that they are encouraged to give written notice of any Claim as soon as possible after the event or events in dispute so that arbitration of any differences may

take place, a copy of the arbitration demand, identify the Claims, be brief summary of the facts upon which such Claims are based, and the relief or remedy sought. The notice will be sent to the Respondent by certified or registered mail, return receipt requested.

- **Place Of Arbitration**. The arbitration will take place in the county (or comparable governmental unit) in which the Contractor last provided services to Homeaglow, and no dispute affecting the Contractor's rights or responsibilities will be adjudicated in any other venue or forum.

- **Arbitration Procedures**. The arbitration will be held under the auspices of Judicial Arbitration & Mediation Services ("J•A•M•S"). The arbitration shall be held in accordance with its then-current Comprehensive Arbitration Rules & Procedures (and no other J·A·M·S rules), which are currently available at http://www.jamsadr.com/rules-download-rules. The Contractor understands that, upon request, Homeaglow will supply the Contractor with a copy of the J·A·M·S rules. The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.

- **Arbitration Fees and Costs**. Homeaglow will be responsible for paying any filing fee and the fees and costs of the Arbitrator; provided, however, that if the Contractor is the Claimant, the Contractor will contribute an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state in which the Contractor last provided services to Homeaglow. Each party will pay in the first instance the party's own attorneys' fees and costs, if any. However, if any party prevails on a statutory Claim that affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees or costs, the Arbitrator will rule upon a motion for attorneys' fees or costs under the same standards a court would apply under the law applicable to the Claim(s) at issue.

**Waiver Of Right To Jury Trial**. The Contractor and Homeaglow acknowledge that by entering into this Agreement, they are waiving the right to have Claims decided by trial by jury.

# EXHIBIT B

**Chan, Garrick Y.**

---

| | |
|---|---|
| **From:** | Ly, Anthony |
| **Sent:** | Wednesday, June 8, 2022 9:03 AM |
| **To:** | Shani Zakay; Claude Lapuyade |
| **Cc:** | Jackland Hom; Tesla Stone; Eddie  Garcia; Julieann Alvarado; Sydney Castillo-Johnson; Spurchise, Andrew; Chan, Garrick Y.; Edwards, Madison; King, Caitlin; Goodman, Charisse; Natalia Michele; Spurchise, Andrew |
| **Subject:** | RE: Gomes v. Homeaglow |
| **Attachments:** | Mamika v. Barca.pdf; Gomes - 10.15.21 Data Log.xlsx |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel,

As a follow up to our call yesterday, I've attached a Court of Appeal decision explaining that waiting time penalties continue on a daily basis for up to 30 days and that the "[p]enalties accrue not only on the days that the employee might have worked, but also on nonworkdays." It explain that a part-time employee who only works 2 days a week is entitled to the same amount of waiting time penalties as an employee who works a full-time schedule. It also explains that, based on the allegations in the complaint, the calculation Homeaglow utilized for removal is correct: "Under section 203, an employee's rate of pay must be calculated as a daily figure, which can then be multiplied by the number of days of nonpayment for a maximum of 30 days." District courts routinely apply this calculation for purposes of determining the amount in controversy under CAFA. Accordingly, Plaintiff cannot challenge the amount in controversy on this claim, which alone places over $4 million in controversy.

I have also attached the data reflecting Plaintiff's sign-up on Defendant's platform and Plaintiff's acceptance of the Independent Contractor Agreement ("IC Agreement"). Line 9 shows that Plaintiff clicked the accept button to agree to the IC Agreement. She accepted the IC Agreement during the same session that she completed many other steps to set up her account, including: (1) setting her password, self-determined hourly rate, and zip codes for accepting cleaning requests; (2) providing personal information such as her address, phone number, email, Social Security Number, and debit card number; (3) submitting a photo of herself and her personal bio; and (4) viewing and accepting a cleaning request and communicating with the individual requesting the cleaning. If Plaintiff did not agree to the IC Agreement, she would not have been able to continue and complete the sign-up process.

Based on the above, please confirm Plaintiff will agree to submit her individual claims to arbitration, dismiss the class claims, and stay of the case pending the decision in Viking River Cruises regarding the enforceability of PAGA waivers. Also, please confirm that Plaintiff will not file a motion to remand as the amount in controversy based on Plaintiff's allegations exceeds the $5 million CAFA threshold. Let me know if you would like to have another call to discuss these issues.

Thank you.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Shani Zakay <shani@zakaylaw.com>
**Sent:** Monday, June 6, 2022 12:33 PM
**To:** Ly, Anthony <ALy@littler.com>; Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>; Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** RE: Gomes v. Homeaglow

Hi Anthony,

We can discuss your request when we meet and confer telephonically over our forthcoming motion to remand.   Let me know if that works.


**Shani O. Zakay, Esq. | Zakay Law Group, APC**
5440 Morehouse Drive | Suite 3600
San Diego  |  CA  |  92121
P.(619) 255-9047
www.zakaylaw.com | shani@zakaylaw.com

This e-mail contains information from the law firm of Zakay Law Group, APLC which may be confidential, privileged, and/or attorney work product. Dissemination or copying of this e-mail and/or any attachments by anyone other than the intended recipient or the intended recipient's agent is strictly prohibited. If you are not the intended recipient, please notify us at shani@zakaylaw.com or (619) 892-7095 and destroy all copies of the original message.


**From:** Ly, Anthony <ALy@littler.com>
**Sent:** Monday, June 6, 2022 9:46 AM
**To:** Shani Zakay <shani@zakaylaw.com>; Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>; Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** Gomes v. Homeaglow

Counsel,

Please see the attached letter regarding the parties' arbitration agreement and Defendant's request for Plaintiff to voluntarily submit her individual claims to arbitration.  Thank  you.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile

ALy@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

-------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT C

1  ZAKAY LAW GROUP, APLC
   Shani O. Zakay (State Bar #277924)
2  Jackland K. Hom (State Bar #327243)
   Julieann Alvarado (State Bar #334727)
3  5440 Morehouse Drive, Suite 3600
   San Diego, CA 92121
4  Telephone: (619) 255-9047
   Facsimile: (858) 404-9203
5  shani@zakaylaw.com
   iackland@zakaylaw.com
6  iulieann@zakaylaw.com

7  JCL LAW FIRM, APC
   Jean-Claude Lapuyade (State Bar #248676)
8  Eduardo Garcia (State Bar #290572)
   5440 Morehouse Drive, Suite 3600
9  San Diego, CA 92121
   Telephone: (619) 599-8292
10 Facsimile: (619) 599-8291
   ilapuyade@j cl-lawfirm.com
11 egarcia@jcl-lawfirm.com

12 Attorneys for Plaintiff
   JEANETTE GOMES
13
   (*additional counsel appearing on next page*)
14
                   UNITED STATES DISTRICT COURT
15
                   EASTERN DISTRICT OF CALIFORNIA
16

17 JEANETTE GOMES, an individual, on behalf of        Case No. 2:22-CV-00835-KJM-KJN
   herself, and on behalf of all persons similarly
18 situated,                                          **JOINT STIPULATION AND
                                                      [PROPOSED] ORDER RE STAY OF
19              Plaintiff,                             CASE PENDING U.S. SUPREME
                                                      COURT RULING IN *VIKING RIVER
20         v.                                         CRUISES, INC. V. MORIANA***

21 HOMEAGLOW INC., a Delaware corporation;            Complaint Filed:        April 12, 2022
   and DOES 1 through 30, Inclusive;,                 Notice of Removal Filed:  May 17, 2022
22
                Defendant.
23

24

25

26

27

28
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Case No. 2:22-CV-00835-KJM-KJN

JOINT STIP AND ORDER RE STAY OF CASE PENDING U.S. SUPREME COURT RULING IN
*VIKING RIVER CRUISES, INC. v. MORIANA*

1    ANDREW M. SPURCHISE, Bar No. 245998
     aspurchise@littler.com
2    LITTLER MENDELSON, P.C.
     900 Third Avenue
3    New York, New York 10022.3298
     Telephone: 212.583.9600
4    Facsimile: 212.832.2719

5    Anthony G. Ly, Bar No. 228883
     aly@littler.com
6    LITTLER MENDELSON, P.C.
     2049 Century Park East
7    5th Floor
     Los Angeles, California 90067.3107
8    Telephone:     310.553.0308
     Fax No.:       310.553.5583
9

10   Attorneys for Defendant
     HOMEAGLOW INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:22-CV-00835-KJM-KJN

JOINT STIP AND ORDER RE STAY OF CASE PENDING U.S. SUPREME COURT RULING IN
*VIKING RIVER CRUISES, INC. v. MORIANA*

**STIPULATION**

Plaintiff Jeanette Gomes ("Plaintiff") and Homeaglow Inc. ("Defendant," joint as, the "Parties"), by and through their respective counsel of record, and subject to the Court's approval hereby stipulate as follows:

**WHEREAS**, this is a class and representative action filed on April 12, 2022, and removed to this Court on May 17, 2022, alleging the following causes of action (1) Unfair Competition (Bus. & Prof. Code §§ 1702, et. seq.); (2) Failure to Pay Minimum Wages (Cal. Lab. Code §§1194, 1197, 1197.1); (3) Failure to pay Overtime Wages (Cal. Lab. Code §§510, et. seq.); (4) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7 and 512); (5) Failure to Provide Rest Periods (Cal. Labor Code §§226.7, 512); (6) Failure to Provide Accurate Itemized Wage and Hour Statements (Cal. Labor Code §§226); (7) Failure to Reimburse Employees For Required Expenses (Cal. Lab. Code § 2802); (8) Waiting Time Penalties (Cal. Labor Code §§201-203); and (9) Private Attorney General Act ("PAGA") (Cal. Labor Code §2698 et seq.).

**WHEREAS**, Defendant filed an Answer to the Complaint on May 16, 2022, in the California Superior Court, County of San Joaquin, before removing the case to this Court (which Answer included affirmative defenses based on its position that Plaintiff must submit all claims in this action to final and binding arbitration on an individual basis based on arbitration agreement between the Parties).

**WHEREAS,** Plaintiff has informed Defendant that she intends to file a Motion to Remand to State Court the instant action.

**WHEREAS,** Defendant has informed Plaintiff that it intends to a file a Motion to Compel Arbitration to require Plaintiff to arbitrate her claims on an individual basis.

**WHEREAS,** the Parties have met and conferred regarding Plaintiff's contemplated Motion to Remand to State Court and Defendant's contemplated Motion to Compel Arbitration.

**WHEREAS**, in the coming weeks, in *Viking River Cruises, Inc. v. Moriana* (2020) 2020 WL 5584508 (Supreme Court Case No. 20-1573), it is anticipated that the United States Supreme Court will consider the validity of pre-dispute waivers of PAGA claims and determine whether the Federal Arbitration Act applies to a PAGA claim.

**WHEREAS**, Defendant contends (but Plaintiff does not concede) that the Parties have an arbitration agreement that includes a PAGA waiver (see Exhibit A, p. 5) and thus, the ruling in *Viking River Cruises* may bear directly on the enforceability of the PAGA waiver and whether Plaintiff may proceed with a PAGA claim in court.

**WHEREAS**, courts have routinely stayed cases when the United States Supreme Court is deciding an issue central to a case. *See e.g., Aleisa v. Square, Inc.* (N.D. Cal. 2020) 493 F. Supp. 3d 806; *Del Rio v. Creditanswers, LLC* (S.D. Cal. Aug. 26, 2010) 2010 WL 3418430 at *3-5; *Alvarez v. T-Mobile USA, Inc.* (E.D. Cal. 2010) 2010 WL 5092971 at *2 (litigation "may be unnecessary if the Supreme Court finds that the Federal Arbitration Act preempts state law from conditioning enforcement of an arbitration clause on the availability of class action, which might require this action to be arbitrated"); *Carney v. Verizon Wireless Telecom, Inc.*, 2010 WL 3058106 at *3 ("Defendants will have to defend against Plaintiff's claims in this litigation, presumably by engaging in fact and expert discovery, motion practice and trial preparation, all of which are absent from the arbitration process."); *Larroque v. First Advantage LNS Screening Solutions, Inc.* (N.D. Cal. 2016) 2016 WL 39798 *2 (trial court granted motion to stay and considered the fact that the Supreme Court's decision in action where certiorari granted may eliminate the trial court's jurisdiction over the action).

**WHEREAS**, in the interest of efficiency and to preserve judicial and party resources, the Parties agree to temporarily stay the action in its entirety (including all discovery and the filing of any motions) until the United States Supreme Court issues an opinion in *Viking River Cruises*.

**WHEREAS**, the Parties will meet and confer within five (5) court days after the *Viking River Cruises* decision regarding Defendant's anticipated Motion to Compel Arbitration and Plaintiff's Motion to Remand to State Court and, if the Parties are unable to reach an agreement, will file said Motions simultaneously within ten (10) court days after the *Viking River Cruises* decision;

**THEREFORE**, the Parties agree and request that:

/ / /

/ / /

1. This case be temporarily stayed in its entirety (including all discovery and the filing of any motions) pending the United States Supreme Court's opinion in *Viking River Cruises*;

2. By stipulating, Defendant is not waiving the right to enforce the arbitration agreement and Plaintiff agrees that she shall not utilize this Stipulation and/or the requested stay of the action as part of any claim that Defendant waived the right to enforce the arbitration agreement; and

3. The Parties will meet and confer within five (5) court days after the *Viking River Cruises* decision regarding Defendant's anticipated Motion to Compel Arbitration and Plaintiff's Motion to Remand to State Court and, if the Parties are unable to reach an agreement, will coordinate the simultaneous filing of said Motions within ten (10) court days after the *Viking River Cruises* decision.

**IT IS SO STIPULATED.**

Dated: June 10, 2022

ZAKAY LAW GROUP, APLC

/s/ Shani O. Zakay
Shani O. Zakay
Jackland K. Hom
Julieann Alvarado

Attorneys for Plaintiff
JEANETTE GOMES

Dated: June 10, 2022

JCL LAW FIRM, APC

/s/ Jean-Claude Lapuyade
Jean-Claude Lapuyade
Eduardo Garcia

Attorneys for Plaintiff
JEANETTE GOMES

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3

Case No. 2:22-CV-00835-KJM-KJN

JOINT STIP AND ORDER RE STAY OF CASE PENDING U.S. SUPREME COURT RULING IN
*VIKING RIVER CRUISES, INC. v. MORIANA*

1    Dated: June 10, 2022

2                                LITTLER MENDELSON, P.C.

3

4                                /s/ Anthony G. Ly

                                 Andrew M. Spurchise

5                                 Anthony G. Ly

6                                 Attorneys for Defendant

                                HOMEAGLOW INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4          Case No. 2:22-CV-00835-KJM-KJN

JOINT STIP AND ORDER RE STAY OF CASE PENDING U.S. SUPREME COURT RULING IN
*VIKING RIVER CRUISES, INC. v. MORIANA*

# [PROPOSED] ORDER

**GOOD CAUSE APPEARING**, the Court hereby GRANTS the Parties' Stipulation and Request as follows:

1. This case is temporarily stayed in its entirety (including all discovery and the filing of any motions) pending the United States Supreme Court's opinion in *Viking River Cruises, Inc. v. Moriana* (2020) 2020 WL 5584508 (Supreme Court Case No. 20-1573);

2. By stipulating, Defendant is not waiving the right to enforce the arbitration agreement and Plaintiff shall not utilize the Parties' Stipulation and/or the requested stay of the action as part of any claim that Defendant waived the right to enforce the arbitration agreement;

3. The Parties will meet and confer within five (5) court days after the *Viking River Cruises* decision regarding Defendant's anticipated Motion to Compel Arbitration and Plaintiff's Motion to Remand to State Court and, if the Parties are unable to reach an agreement, will coordinate the simultaneous filing of said Motions within ten (10) court days after the *Viking River Cruises* decision.

**IT IS SO ORDERED.**

Dated: June ___, 2022

_____
Kimberly J. Mueller
Chief United States District Judge

4873-9671-4020.2 / 114736-1002

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Case No. 2:22-CV-00835-KJM-KJN

JOINT STIP AND ORDER RE STAY OF CASE PENDING U.S. SUPREME COURT RULING IN
*VIKING RIVER CRUISES, INC. v. MORIANA*

# EXHIBIT D

**Chan, Garrick Y.**

| | |
|---|---|
| **From:** | Ly, Anthony |
| **Sent:** | Friday, June 24, 2022 4:19 PM |
| **To:** | Claude Lapuyade; Shani Zakay |
| **Cc:** | Jackland Hom; Tesla Stone; Eddie  Garcia; Julieann Alvarado; Sydney Castillo-Johnson; Spurchise, Andrew; Chan, Garrick Y.; Edwards, Madison; King, Caitlin; Goodman, Charisse; Natalia Michele |
| **Subject:** | RE: Gomes v. Homeaglow |

Claude,

I spoke with Shani about these issues on June 22.  He informed me you are primarily overseeing the issues regarding Defendant's motion to compel arbitration and asked for me to send you our position on the issues along with supporting authority.  The parties agreed that we should try to narrow the issues to avoid burdening the court with unnecessary arguments.  Based on the below, please reconsider whether Plaintiff will agree to arbitrate on an individual basis as required by the parties' arbitration agreement and in light of the *Viking River* decision.  Alternatively, let's discuss the issues so we can eliminate those that should not be in dispute.  I look forward to speaking with you on Monday, 6/27.

Shani informed me that he believed plaintiff's issue regarding formation was that she does not recall seeing the arbitration provision and that the agreement appeared to be accepted in a very short amount of time.  Plaintiff does not dispute that on 10/15/21, she electronically accepted the agreement when she set up her account and password, submitted detailed personal information and photos, and communicated with the individual requesting cleaning service.  As I'm sure you are aware, Plaintiff is bound by the agreement regardless of whether she recalls reading it and even if she claims she did not read it at all. *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012 ) 55 Cal.4th 223, 236 ("[a]n arbitration clause . . . may be binding on a party even if the party never actually read the clause."); *Upton v. Tribilcock* (1875) 91 U.S. 45, 50 ("contracts would not be worth the paper on which they are written" if not knowing its contents bars enforcement); *Martinez-Gonzalez v. Elkhorn Packing Co. LLC* (9th Cir. 2022) 25 F.4th 613, 624-625 ("a 'cardinal rule of contract law' in California is that 'a party's failure to read a contract . . . before signing it is no defense to the contract's enforcement.'").  Thus, formation should not be an issue we need to brief for the court.

With respect to plaintiff's waiver of the right to compel arbitration argument, countless courts have held that removal alone is not inconsistent with the right to enforce arbitration.  *See e.g.*, *Halim v. Great Gatsby's Auction Gallery, Inc.* (7th Cir.2008) 516 F.3d 557, 562 (holding that removal did not constitute a waiver); *Dantz v. Am. Apple Group, LLC* (6th Cir. 2005) 123 Fed. Appx. 702, 707 ("mere removal of a case to federal court, and nothing more, does not constitute waiver of a defendant's right to arbitration."); *DeMartini v. Johns* (N.D. Cal. 2012) 2012 WL 4808448, at *5 (removal alone is not sufficiently inconsistent with the right to seek arbitration **and** does not give rise to prejudice.") (Emphasis added.)  *Morgan v. Sundance* did not conclude otherwise.  Indeed, it remanded the case to the Court of Appeal to determine whether the defendant "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right" where it failed to "mention the arbitration agreement" as an affirmative defense in its answer, filed a motion to dismiss, discussed scheduling of the litigation after mediation, and moved to compel arbitration eight months after the case was filed.  Here, Defendant raised the enforcement of the parties' arbitration agreement as an affirmative defense and thereafter promptly conferred with Plaintiff regarding its motion to compel arbitration as required by Judge Mueller's Civil Standing Order.  Judge Mueller requires the parties to "thoroughly [discuss] the substance of the contemplated motion and any potential resolution," which we have been in the process of doing, and to resolve minor procedural or other non-substantive matters, which the parties attempted to do by stipulating to addressing the arbitration agreement after a decision in *Viking River*.  Defendant has not taken any steps inconsistent with its right to enforce the arbitration agreement.

Additionally, Defendant will move to compel arbitration of Plaintiff's individual PAGA claim based on *Viking River's* holding that the individual component of a PAGA claim may be "split" from the representative PAGA claim and must be arbitrated.  At the time of removal, *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal. 4th 348 prohibited the arbitration of an individual PAGA claim.  Thus, because Defendant could not have compelled arbitration of Plaintiff's individual PAGA claim before removing under the state of the law at the time, Defendant's removal was not inconsistent with arbitration as a matter of law.  *See e.g.*, *Kaltwasser v. AT & T Mobility LLC* (N.D. Cal. 2011) 812 F.Supp.2d 1042, 1051 (rejecting argument of waiver of arbitration based on actions taken when the law precluded arbitration because "[t]he Ninth Circuit has held that 'there was no existing right to arbitrate' if it would have been 'futile' to pursue arbitration 'under the then-prevailing law in this circuit.'"); *Carney v. Verizon Wireless Telecom, Inc.* (S.D. Cal.

2010) 2010 WL 3058106, at *2 ("at the time Defendants took those actions, they arguably had no right to compel arbitration. Absent that right, there was no potential for inconsistency, and thus no waiver.")

Plaintiff's position that the arbitration agreement does not cover a PAGA claim because it was not arbitrable under state law when the parties entered the agreement lacks merit. The arbitration agreement expressly requires plaintiff to arbitrate "PAGA claims for [himself] as an individual." The provision stating, "[t]he only Claims that are arbitrable are those that are justiciable under applicable federal, state or local law" does not change this because it refers to federal law and regardless, the U.S. Supreme Court has held that references to "state law" in arbitration agreements requires application of valid, non-preempted state law. *DIRECTV, Inc. v. Imburgia* (2015) 577 U.S. 47, 54-58. A contrary rule that requires the application of invalid state law would be discriminating against arbitration agreements in violation of the FAA. *Id.* at 58. Thus, courts should not be "concerned about the parties' understanding of the State of California law when they entered in the Arbitration Agreement" because "the ordinary meaning of the phrase does not encompass preempted state law." *Saheli v. White Memorial Medical Ctr.* (2018) 21 Cal.App.5th 308, 319-320 (applying *Imburgia* and the FAA and concluding that "applicable state … law" in an arbitration agreement "encompass[es] only California law that is not preempted by the FAA.").

Finally, the parties' arbitration agreement expressly incorporates the JAMS rules, which includes a delegation clause. *See* Rule 11 (jurisdictional and arbitrability disputes are for the arbitrator). Thus, disputes regarding unconscionability is for the arbitrator to decide. Additionally, putting aside the procedural unconscionability issue (which Defendant does not concede), the arbitration agreement does not shorten the limitations period – it states that a party must file arbitration "not later than the expiration of the statute of limitations that the law prescribes for the Claim." The language Plaintiff cites is inapplicable because she did not file a "government complaint" with the Labor and Workforce Development Agency; she submitted a letter to exhaust a notice requirement. Regardless, the language does not affect Plaintiff's claims in this case and even assuming the provision is unlawful (which it is not), it should be severed and the remainder of the agreement must be enforced. *Merkin v. Vonage Am., Inc.* (9th Cir. 2016) (reversing trial court's order that failed to sever unconscionable provision). The severability provision in the agreement confirms that the parties intended for any unenforceable provision to be severed "to the maximum extent necessary so that this Agreement will otherwise remain in full force and effect and enforceable." The severability provision must be enforced as written.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Sent:** Wednesday, June 8, 2022 1:26 PM
**To:** Ly, Anthony <ALy@littler.com>; Shani Zakay <shani@zakaylaw.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>
**Subject:** Re: Gomes v. Homeaglow

Anthony,

Thank you for the email and supporting documentation. This email will only address the arbitration issue. I'll let Shani carry the remand issue.

At this time, we will not stipulate to arbitration for the reasons discussed below.  However, as a preliminary matter, we would propose filing the remand motion (if necessary) and motion to compel arbitration simultaneously after the *Viking* decision is issued.

Regarding the arbitration agreement itself, we will not stipulate for three reasons.

First, we believe that your client waived its right to compel arbitration by first removing this matter to federal court rather than immediately seeking to compel arbitration.  By removing to federal court, your client consented to jurisdiction of the court and acted in a manner inconsistent with its right to compel arbitration.  See *Morgan v. Sundance, Inc.,* (U.S. May 23, 2022) No. 21-328, 2022 WL 1611788.

Second, the express terms of the arbitration agreement excludes Plaintiff's PAGA claims from the scope of arbitration.  The arbitration agreement specifically states that,  "[t]he only Claims that are arbitrable are those that are justiciable under applicable federal, state or local law."  At the time of purported contracting PAGA Claims were, and remain, non-arbitrable. See  *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (2014).  Consequently, regardless of the decision in *Viking*, it is Plaintiff's position that because PAGA claims were not subject to arbitration at the time of purported formation, the contract cannot be subsequently and unilaterally reformed (absent mutual consent) to include PAGA claims simply because there was a change in the law.

Third, while we cannot verify the authenticity of the digital trace that you provided, and currently contest formation, assuming arguendo that an agreement does exist and that it includes PAGA claims, Plaintiff contends that the arbitration agreement is both procedurally and substantively unconscionable.

Clearly we have a contract of adhesion. [T]he adhesive nature of the contract is sufficient to establish some degree of procedural unconscionability." (*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 915, 190 Cal.Rptr.3d 812, 353 P.3d 741; *Alvarez v. Altamed Health Services Corp.* (2021) 60 Cal.App.5th 572, 591, 274 Cal.Rptr.3d 802 [adhesion "alone is a fairly low level of procedural unconscionability"].)

The substantive unconscionability is found, *inter alia,* in the agreement's express shortening of the statute of limitations.  The arbitration agreement specifically states that, "[t]he filing of a government complaint will not extend the statute of limitations for presenting any Claim to arbitration."  This statement is contrary to well settled case law and contravenes a number of Federal and State statutory schemes.  For instance, the filing a complaint with the LWDA for labor code violations tolls the statute of limitations for a PAGA action by 65 days.  See Cal. Labor Code 2699.3(a)(2)(A).

For those reasons, we will not stipulate to arbitration.  However, as said before, we will agree to coordinate the simultaneous filings of our motions (compel arbitration and remand – if necessary) to occur post *Viking*.  In furtherance of that agreement, Plaintiff would be willing to stipulate to stay the action pending the *Viking* decision and agree not to use the fact that Defendant entered into a stipulation as evidence of any waiver.

As always, please give me a call if you would like to discuss.

Best regards,
Jean-Claude Lapuyade, Esq │ JCL Law Firm, A.P.C.
5440 Morehouse Drive │ Suite 3600
San Diego │ CA │ 92121
T:  619.599.8292 │ F: 619.599.8291
Toll Free │ 1.888.498.6999
http://www.jcl-lawfirm.com │ jlapuyade@jcl-lawfirm.com

Disclosure: This e-mail message is a confidential communication from the law firm of the JCL Law Firm, APC, and is intended only for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at 619.599.8292 and delete this e-mail message and any attachments from your workstation or network mail system.

Nothing in this e-mail should be interpreted as a digital or electronic signature that can be used to form, execute, document, agree to, enter into, accept or authenticate a contract or other legal document.

*The JCL Law Firm, APC, does not offer tax advice to its clients*

---

**From:** Ly, Anthony <ALy@littler.com>
**Date:** Wednesday, June 8, 2022 at 9:04 AM
**To:** Shani Zakay <shani@zakaylaw.com>, Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>, Tesla Stone <tstone@jcl-lawfirm.com>, Eddie Garcia <EGarcia@jcl-lawfirm.com>, Julieann Alvarado <Julieann@zakaylaw.com>, Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>, Sprurchise, Andrew <ASpurchise@littler.com>, Chan, Garrick Y. <GChan@littler.com>, Edwards, Madison <MEdwards@littler.com>, King, Caitlin <CKing@littler.com>, Goodman, Charisse <CHGoodman@littler.com>, Natalia Michele <natalia@zakaylaw.com>, Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** RE: Gomes v. Homeaglow

Counsel,

As a follow up to our call yesterday, I've attached a Court of Appeal decision explaining that waiting time penalties continue on a daily basis for up to 30 days and that the "[p]enalties accrue not only on the days that the employee might have worked, but also on nonworkdays." It explain that a part-time employee who only works 2 days a week is entitled to the same amount of waiting time penalties as an employee who works a full-time schedule. It also explains that, based on the allegations in the complaint, the calculation Homeaglow utilized for removal is correct: "Under section 203, an employee's rate of pay must be calculated as a daily figure, which can then be multiplied by the number of days of nonpayment for a maximum of 30 days." District courts routinely apply this calculation for purposes of determining the amount in controversy under CAFA. Accordingly, Plaintiff cannot challenge the amount in controversy on this claim, which alone places over $4 million in controversy.

I have also attached the data reflecting Plaintiff's sign-up on Defendant's platform and Plaintiff's acceptance of the Independent Contractor Agreement ("IC Agreement"). Line 9 shows that Plaintiff clicked the accept button to agree to the IC Agreement. She accepted the IC Agreement during the same session that she completed many other steps to set up her account, including: (1) setting her password, self-determined hourly rate, and zip codes for accepting cleaning requests; (2) providing personal information such as her address, phone number, email, Social Security Number, and debit card number; (3) submitting a photo of herself and her personal bio; and (4) viewing and accepting a cleaning request and communicating with the individual requesting the cleaning. If Plaintiff did not agree to the IC Agreement, she would not have been able to continue and complete the sign-up process.

Based on the above, please confirm Plaintiff will agree to submit her individual claims to arbitration, dismiss the class claims, and stay of the case pending the decision in Viking River Cruises regarding the enforceability of PAGA waivers. Also, please confirm that Plaintiff will not file a motion to remand as the amount in controversy based on Plaintiff's allegations exceeds the $5 million CAFA threshold. Let me know if you would like to have another call to discuss these issues.

Thank you.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Shani Zakay <shani@zakaylaw.com>
**Sent:** Monday, June 6, 2022 12:33 PM
**To:** Ly, Anthony <ALy@littler.com>; Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>; Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** RE: Gomes v. Homeaglow

Hi Anthony,

We can discuss your request when we meet and confer telephonically over our forthcoming motion to remand.   Let me know if that works.

**Shani O. Zakay, Esq. | Zakay Law Group, APC**
5440 Morehouse Drive | Suite 3600
San Diego | CA | 92121
P.(619) 255-9047
www.zakaylaw.com | shani@zakaylaw.com

This e-mail contains information from the law firm of Zakay Law Group, APLC which may be confidential, privileged, and/or attorney work product. Dissemination or copying of this e-mail and/or any attachments by anyone other than the intended recipient or the intended recipient's agent is strictly prohibited. If you are not the intended recipient, please notify us at shani@zakaylaw.com or (619) 892-7095 and destroy all copies of the original message.

**From:** Ly, Anthony <ALy@littler.com>
**Sent:** Monday, June 6, 2022 9:46 AM
**To:** Shani Zakay <shani@zakaylaw.com>; Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>; Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** Gomes v. Homeaglow

Counsel,

Please see the attached letter regarding the parties' arbitration agreement and Defendant's request for Plaintiff to voluntarily submit her individual claims to arbitration.  Thank  you.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT E

**Chan, Garrick Y.**

| | |
|---|---|
| **From:** | Ly, Anthony |
| **Sent:** | Monday, June 27, 2022 12:27 PM |
| **To:** | Claude Lapuyade; Shani Zakay |
| **Cc:** | Jackland Hom; Tesla Stone; Eddie  Garcia; Julieann Alvarado; Sydney Castillo-Johnson; Spurchise, Andrew; Chan, Garrick Y.; Edwards, Madison; King, Caitlin; Goodman, Charisse; Natalia Michele |
| **Subject:** | RE: Gomes v. Homeaglow |

Hi Claude,

Thanks for our call today.

To summarize briefly, Plaintiff will oppose Defendant's motion to compel arbitration ("Motion") based at least in part on an alleged waiver of the right to compel arbitration because Defendant removed the case to federal court.

You informed me that you wanted to review the *Morgan v. Sundance* case again because there may be some language discussing the issue of "covered claims" in an arbitration agreement.  That said, you stated that Plaintiff will likely not oppose Defendant's Motion on the basis that the arbitration agreement did not cover PAGA claims at the time of formation because a PAGA claim was not arbitrable under state law at that time.

You also stated that Plaintiff will likely not oppose the issue of contract formation, but that you wanted to discuss a few things with your client before confirming.

Finally, I indicated that Defendant would like to file its Motion as soon as possible and you stated that based on your schedule, you will aim to confirm the above by this Wednesday, June 27.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Ly, Anthony
**Sent:** Friday, June 24, 2022 4:19 PM
**To:** Claude Lapuyade <jlapuyade@jcl-lawfirm.com>; Shani Zakay <shani@zakaylaw.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>
**Subject:** RE: Gomes v. Homeaglow

Claude,

I spoke with Shani about these issues on June 22. He informed me you are primarily overseeing the issues regarding Defendant's motion to compel arbitration and asked for me to send you our position on the issues along with supporting authority. The parties agreed that we should try to narrow the issues to avoid burdening the court with unnecessary arguments. Based on the below, please reconsider whether Plaintiff will agree to arbitrate on an individual basis as required by the parties' arbitration agreement and in light of the *Viking River* decision. Alternatively, let's discuss the issues so we can eliminate those that should not be in dispute. I look forward to speaking with you on Monday, 6/27.

Shani informed me that he believed plaintiff's issue regarding formation was that she does not recall seeing the arbitration provision and that the agreement appeared to be accepted in a very short amount of time. Plaintiff does not dispute that on 10/15/21, she electronically accepted the agreement when she set up her account and password, submitted detailed personal information and photos, and communicated with the individual requesting cleaning service. As I'm sure you are aware, Plaintiff is bound by the agreement regardless of whether she recalls reading it and even if she claims she did not read it at all. *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012 ) 55 Cal.4th 223, 236 ("[a]n arbitration clause . . . may be binding on a party even if the party never actually read the clause."); *Upton v. Tribilcock* (1875) 91 U.S. 45, 50 ("contracts would not be worth the paper on which they are written" if not knowing its contents bars enforcement); *Martinez-Gonzalez v. Elkhorn Packing Co. LLC* (9th Cir. 2022) 25 F.4th 613, 624-625 ("a 'cardinal rule of contract law' in California is that 'a party's failure to read a contract . . . before signing it is no defense to the contract's enforcement.'"). Thus, formation should not be an issue we need to brief for the court.

With respect to plaintiff's waiver of the right to compel arbitration argument, countless courts have held that removal alone is not inconsistent with the right to enforce arbitration. *See e.g.*, *Halim v. Great Gatsby's Auction Gallery, Inc.* (7th Cir.2008) 516 F.3d 557, 562 (holding that removal did not constitute a waiver); *Dantz v. Am. Apple Group, LLC* (6th Cir. 2005) 123 Fed. Appx. 702, 707 ("mere removal of a case to federal court, and nothing more, does not constitute waiver of a defendant's right to arbitration."); *DeMartini v. Johns* (N.D. Cal. 2012) 2012 WL 4808448, at *5 (removal alone is not sufficiently inconsistent with the right to seek arbitration *and* does not give rise to prejudice.") (Emphasis added.) *Morgan v. Sundance* did not conclude otherwise. Indeed, it remanded the case to the Court of Appeal to determine whether the defendant "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right" where it failed to "mention the arbitration agreement" as an affirmative defense in its answer, filed a motion to dismiss, discussed scheduling of the litigation after mediation, and moved to compel arbitration eight months after the case was filed. Here, Defendant raised the enforcement of the parties' arbitration agreement as an affirmative defense and thereafter promptly conferred with Plaintiff regarding its motion to compel arbitration as required by Judge Mueller's Civil Standing Order. Judge Mueller requires the parties to "thoroughly [discuss] the substance of the contemplated motion and any potential resolution," which we have been in the process of doing, and to resolve minor procedural or other non-substantive matters, which the parties attempted to do by stipulating to addressing the arbitration agreement after a decision in *Viking River*. Defendant has not taken any steps inconsistent with its right to enforce the arbitration agreement.

Additionally, Defendant will move to compel arbitration of Plaintiff's individual PAGA claim based on *Viking River's* holding that the individual component of a PAGA claim may be "split" from the representative PAGA claim and must be arbitrated. At the time of removal, *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal. 4th 348 prohibited the arbitration of an individual PAGA claim. Thus, because Defendant could not have compelled arbitration of Plaintiff's individual PAGA claim before removing under the state of the law at the time, Defendant's removal was not inconsistent with arbitration as a matter of law. *See e.g.*, *Kaltwasser v. AT & T Mobility LLC* (N.D. Cal. 2011) 812 F.Supp.2d 1042, 1051 (rejecting argument of waiver of arbitration based on actions taken when the law precluded arbitration because "[t]he Ninth Circuit has held that 'there was no existing right to arbitrate' if it would have been 'futile' to pursue arbitration 'under the then-prevailing law in this circuit.'"); *Carney v. Verizon Wireless Telecom, Inc.* (S.D. Cal. 2010) 2010 WL 3058106, at *2 ("at the time Defendants took those actions, they arguably had no right to compel arbitration. Absent that right, there was no potential for inconsistency, and thus no waiver.")

Plaintiff's position that the arbitration agreement does not cover a PAGA claim because it was not arbitrable under state law when the parties entered the agreement lacks merit. The arbitration agreement expressly requires plaintiff to arbitrate "PAGA claims for [himself] as an individual." The provision stating, "[t]he only Claims that are arbitrable are those that are justiciable under applicable federal, state or local law" does not change this because it refers to federal law and regardless, the U.S. Supreme Court has held that references to "state law" in arbitration agreements requires application of valid, non-preempted state law. *DIRECTV, Inc. v. Imburgia* (2015) 577 U.S. 47, 54-58. A contrary rule that requires the application of invalid state law would be discriminating against arbitration agreements in violation of the FAA. *Id.* at 58. Thus, courts should not be "concerned about the parties' understanding of the State of California law when they entered in the Arbitration Agreement" because "the ordinary meaning of the phrase does not encompass preempted state law." *Saheli v. White Memorial Medical Ctr.* (2018) 21 Cal.App.5th 308, 319-320 (applying *Imburgia* and the FAA and concluding that "applicable state … law" in an arbitration agreement "encompass[es] only California law that is not preempted by the FAA.").

Finally, the parties' arbitration agreement expressly incorporates the JAMS rules, which includes a delegation clause. *See* Rule 11 (jurisdictional and arbitrability disputes are for the arbitrator). Thus, disputes regarding unconscionability is for the arbitrator to decide. Additionally, putting aside the procedural unconscionability issue (which Defendant does not concede), the arbitration agreement does not shorten the limitations period – it states that a party must file arbitration "not later than the expiration of the statute of limitations that the law prescribes for the Claim." The language Plaintiff cites is inapplicable because she did not file a "government complaint" with the Labor and Workforce Development Agency; she submitted a letter to exhaust a notice requirement. Regardless, the language does not affect Plaintiff's claims in this case and even assuming the provision is unlawful (which it is not), it should be severed and the remainder of the agreement must be enforced. *Merkin v. Vonage Am., Inc.* (9th Cir. 2016) (reversing trial court's order that failed to sever unconscionable provision). The severability provision in the agreement confirms that the parties intended for any unenforceable provision to be severed "to the maximum extent necessary so that this Agreement will otherwise remain in full force and effect and enforceable." The severability provision must be enforced as written.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Sent:** Wednesday, June 8, 2022 1:26 PM
**To:** Ly, Anthony <ALy@littler.com>; Shani Zakay <shani@zakaylaw.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>
**Subject:** Re: Gomes v. Homeaglow

Anthony,

Thank you for the email and supporting documentation. This email will only address the arbitration issue. I'll let Shani carry the remand issue.

At this time, we will not stipulate to arbitration for the reasons listed below. However, as a preliminary matter, we would propose filing the remand motion (if necessary) and motion to compel arbitration simultaneously after the *Viking* decision is issued.

Regarding the arbitration agreement itself, we will not stipulate for three reasons.

First, we believe that your client waived its right to compel arbitration by first removing this matter to federal court rather than immediately seeking to compel arbitration. By removing to federal court, your client consented to jurisdiction of the court and acted in a manner inconsistent with its right to compel arbitration. See *Morgan v. Sundance, Inc.,* (U.S. May 23, 2022) No. 21-328, 2022 WL 1611788.

Second, the express terms of the arbitration agreement excludes Plaintiff's PAGA claims from the scope of arbitration. The arbitration agreement specifically states that, "[t]he only Claims that are arbitrable are those that are justiciable under applicable federal, state or local law." At the time of purported contracting PAGA Claims were, and

remain, non-arbitrable. See *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (2014).  Consequently, regardless of the decision in *Viking*, it is Plaintiff's position that because PAGA claims were not subject to arbitration at the time of purported formation, the contract cannot be subsequently and unilaterally reformed (absent mutual consent) to include PAGA claims simply because there was a change in the law.

Third, while we cannot verify the authenticity of the digital trace that you provided, and currently contest formation, assuming arguendo that an agreement does exist and that it includes PAGA claims, Plaintiff contends that the arbitration agreement is both procedurally and substantively unconscionable.

Clearly we have a contract of adhesion. [T]he adhesive nature of the contract is sufficient to establish some degree of procedural unconscionability." (*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 915, 190 Cal.Rptr.3d 812, 353 P.3d 741; *Alvarez v. Altamed Health Services Corp.* (2021) 60 Cal.App.5th 572, 591, 274 Cal.Rptr.3d 802 [adhesion "alone is a fairly low level of procedural unconscionability"].)

The substantive unconscionability is found, *inter alia,* in the agreement's express shortening of the statute of limitations.  The arbitration agreement specifically states that, "[t]he filing of a government complaint will not extend the statute of limitations for presenting any Claim to arbitration."  This statement is contrary to well settled case law and contravenes a number of Federal and State statutory schemes.  For instance, the filing a complaint with the LWDA for labor code violations tolls the statute of limitations for a PAGA action by 65 days.  See Cal. Labor Code 2699.3(a)(2)(A).

For those reasons, we will not stipulate to arbitration.  However, as said before, we will agree to coordinate the simultaneous filings of our motions (compel arbitration and remand – if necessary) to occur post *Viking*.  In furtherance of that agreement, Plaintiff would be willing to stipulate to stay the action pending the *Viking* decision and agree not to use the fact that Defendant entered into a stipulation as evidence of any waiver.

As always, please give me a call if you would like to discuss.

Best regards,
Jean-Claude Lapuyade, Esq │ JCL Law Firm, A.P.C.
5440 Morehouse Drive │ Suite 3600
San Diego │ CA │ 92121
T:  619.599.8292 │ F: 619.599.8291
Toll Free │ 1.888.498.6999
http://www.jcl-lawfirm.com│jlapuyade@jcl-lawfirm.com

Disclosure: This e-mail message is a confidential communication from the law firm of the JCL Law Firm, APC, and is intended only for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at 619.599.8292 and delete this e-mail message and any attachments from your workstation or network mail system.

Nothing in this e-mail should be interpreted as a digital or electronic signature that can be used to form, execute, document, agree to, enter into, accept or authenticate a contract or other legal document.

*The JCL Law Firm, APC, does not offer tax advice to its clients*

**From:** Ly, Anthony <ALy@littler.com>
**Date:** Wednesday, June 8, 2022 at 9:04 AM
**To:** Shani Zakay <shani@zakaylaw.com>, Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>, Tesla Stone <tstone@jcl-lawfirm.com>, Eddie Garcia <EGarcia@jcl-lawfirm.com>, Julieann Alvarado <Julieann@zakaylaw.com>, Sydney Castillo-Johnson

<scastillo@jcl-lawfirm.com>, Spurchise, Andrew <ASpurchise@littler.com>, Chan, Garrick Y. <GChan@littler.com>, Edwards, Madison <MEdwards@littler.com>, King, Caitlin <CKing@littler.com>, Goodman, Charisse <CHGoodman@littler.com>, Natalia Michele <natalia@zakaylaw.com>, Spurchise, Andrew <ASpurchise@littler.com>

**Subject:** RE: Gomes v. Homeaglow

Counsel,

As a follow up to our call yesterday, I've attached a Court of Appeal decision explaining that waiting time penalties continue on a daily basis for up to 30 days and that the "[p]enalties accrue not only on the days that the employee might have worked, but also on nonworkdays."  It explain that a part-time employee who only works 2 days a week is entitled to the same amount of waiting time penalties as an employee who works a full-time schedule.  It also explains that, based on the allegations in the complaint, the calculation Homeaglow utilized for removal is correct: "Under section 203, an employee's rate of pay must be calculated as a daily figure, which can then be multiplied by the number of days of nonpayment for a maximum of 30 days."  District courts routinely apply this calculation for purposes of determining the amount in controversy under CAFA.  Accordingly, Plaintiff cannot challenge the amount in controversy on this claim, which alone places over $4 million in controversy.

I have also attached the data reflecting Plaintiff's sign-up on Defendant's platform and Plaintiff's acceptance of the Independent Contractor Agreement ("IC Agreement").  Line 9 shows that Plaintiff clicked the accept button to agree to the IC Agreement.  She accepted the IC Agreement during the same session that she completed many other steps to set up her account, including: (1) setting her password, self-determined hourly rate, and zip codes for accepting cleaning requests; (2) providing personal information such as her address, phone number, email, Social Security Number, and debit card number; (3) submitting a photo of herself and her personal bio; and (4) viewing and accepting a cleaning request and communicating with the individual requesting the cleaning.  If Plaintiff did not agree to the IC Agreement, she would not have been able to continue and complete the sign-up process.

Based on the above, please confirm Plaintiff will agree to submit her individual claims to arbitration, dismiss the class claims, and stay of the case pending the decision in Viking River Cruises regarding the enforceability of PAGA waivers.  Also, please confirm that Plaintiff will not file a motion to remand as the amount in controversy based on Plaintiff's allegations exceeds the $5 million CAFA threshold.  Let me know if you would like to have another call to discuss these issues.

Thank you.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Shani Zakay <shani@zakaylaw.com>
**Sent:** Monday, June 6, 2022 12:33 PM
**To:** Ly, Anthony <ALy@littler.com>; Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>;

Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>; Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** RE: Gomes v. Homeaglow

Hi Anthony,

We can discuss your request when we meet and confer telephonically over our forthcoming motion to remand.   Let me know if that works.

**Shani O. Zakay, Esq. | Zakay Law Group, APC**
5440 Morehouse Drive | Suite 3600
San Diego  |  CA  |  92121
P.(619) 255-9047
www.zakaylaw.com | shani@zakaylaw.com

This e-mail contains information from the law firm of Zakay Law Group, APLC which may be confidential, privileged, and/or attorney work product. Dissemination or copying of this e-mail and/or any attachments by anyone other than the intended recipient or the intended recipient's agent is strictly prohibited. If you are not the intended recipient, please notify us at shani@zakaylaw.com or (619) 892-7095 and destroy all copies of the original message.

---

**From:** Ly, Anthony <ALy@littler.com>
**Sent:** Monday, June 6, 2022 9:46 AM
**To:** Shani Zakay <shani@zakaylaw.com>; Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>; Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** Gomes v. Homeaglow

Counsel,

Please see the attached letter regarding the parties' arbitration agreement and Defendant's request for Plaintiff to voluntarily submit her individual claims to arbitration.  Thank  you.

Anthony Ly
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

6

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT F

**Chan, Garrick Y.**

| | |
|---|---|
| **From:** | Ly, Anthony |
| **Sent:** | Thursday, June 30, 2022 1:59 PM |
| **To:** | Claude Lapuyade; Shani Zakay |
| **Cc:** | Jackland Hom; Tesla Stone; Eddie  Garcia; Julieann Alvarado; Sydney Castillo-Johnson; Spurchise, Andrew; Chan, Garrick Y.; Edwards, Madison; King, Caitlin; Goodman, Charisse; Natalia Michele |
| **Subject:** | RE: Gomes v. Homeaglow |

Hi Claude,

Following up on this.  Please confirm on the issues below so Defendant may proceed with its motion to compel arbitration.  Thank you.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Ly, Anthony
**Sent:** Monday, June 27, 2022 12:27 PM
**To:** Claude Lapuyade <jlapuyade@jcl-lawfirm.com>; Shani Zakay <shani@zakaylaw.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>
**Subject:** RE: Gomes v. Homeaglow

Hi Claude,

Thanks for our call today.

To summarize briefly, Plaintiff will oppose Defendant's motion to compel arbitration ("Motion") based at least in part on an alleged waiver of the right to compel arbitration because Defendant removed the case to federal court.

You informed me that you wanted to review the *Morgan v. Sundance* case again because there may be some language discussing the issue of "covered claims" in an arbitration agreement.  That said, you stated that Plaintiff will likely not oppose Defendant's Motion on the basis that the arbitration agreement did not cover PAGA claims at the time of formation because a PAGA claim was not arbitrable under state law at that time.

You also stated that Plaintiff will likely not oppose the issue of contract formation, but that you wanted to discuss a few things with your client before confirming.

Finally, I indicated that Defendant would like to file its Motion as soon as possible and you stated that based on your schedule, you will aim to confirm the above by this Wednesday, June 27.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Ly, Anthony
**Sent:** Friday, June 24, 2022 4:19 PM
**To:** Claude Lapuyade <jlapuyade@jcl-lawfirm.com>; Shani Zakay <shani@zakaylaw.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>
**Subject:** RE: Gomes v. Homeaglow

Claude,

I spoke with Shani about these issues on June 22. He informed me you are primarily overseeing the issues regarding Defendant's motion to compel arbitration and asked for me to send you our position on the issues along with supporting authority. The parties agreed that we should try to narrow the issues to avoid burdening the court with unnecessary arguments. Based on the below, please reconsider whether Plaintiff will agree to arbitrate on an individual basis as required by the parties' arbitration agreement and in light of the *Viking River* decision. Alternatively, let's discuss the issues so we can eliminate those that should not be in dispute. I look forward to speaking with you on Monday, 6/27.

Shani informed me that he believed plaintiff's issue regarding formation was that she does not recall seeing the arbitration provision and that the agreement appeared to be accepted in a very short amount of time. Plaintiff does not dispute that on 10/15/21, she electronically accepted the agreement when she set up her account and password, submitted detailed personal information and photos, and communicated with the individual requesting cleaning service. As I'm sure you are aware, Plaintiff is bound by the agreement regardless of whether she recalls reading it and even if she claims she did not read it at all. *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012 ) 55 Cal.4th 223, 236 ("[a]n arbitration clause . . . may be binding on a party even if the party never actually read the clause."); *Upton v. Tribilcock* (1875) 91 U.S. 45, 50 ("contracts would not be worth the paper on which they are written" if not knowing its contents bars enforcement); *Martinez-Gonzalez v. Elkhorn Packing Co. LLC* (9th Cir. 2022) 25 F.4th 613, 624-625 ("a 'cardinal rule of contract law' in California is that 'a party's failure to read a contract . . . before signing it is no defense to the contract's enforcement.'"). Thus, formation should not be an issue we need to brief for the court.

With respect to plaintiff's waiver of the right to compel arbitration argument, countless courts have held that removal alone is not inconsistent with the right to enforce arbitration. *See e.g.*, *Halim v. Great Gatsby's Auction Gallery, Inc.* (7th Cir.2008) 516 F.3d 557, 562 (holding that removal did not constitute a waiver); *Dantz v. Am. Apple Group, LLC* (6th Cir. 2005) 123 Fed. Appx. 702, 707 ("mere removal of a case to federal court, and nothing more, does not constitute waiver of a defendant's right to arbitration."); *DeMartini v. Johns* (N.D. Cal. 2012) 2012 WL 4808448, at *5 (removal alone is not sufficiently inconsistent with the right to seek arbitration **and** does not give rise to prejudice.") (Emphasis added.) *Morgan v. Sundance* did not conclude otherwise. Indeed, it remanded the case to the Court of Appeal to determine whether the defendant "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right" where it failed to "mention the arbitration agreement" as an affirmative defense in its answer, filed a motion to dismiss, discussed scheduling of the litigation after mediation, and moved to compel arbitration eight months after the case was

filed.  Here, Defendant raised the enforcement of the parties' arbitration agreement as an affirmative defense and thereafter promptly conferred with Plaintiff regarding its motion to compel arbitration as required by Judge Mueller's Civil Standing Order.  Judge Mueller requires the parties to "thoroughly [discuss] the substance of the contemplated motion and any potential resolution," which we have been in the process of doing, and to resolve minor procedural or other non-substantive matters, which the parties attempted to do by stipulating to addressing the arbitration agreement after a decision in *Viking River*.  Defendant has not taken any steps inconsistent with its right to enforce the arbitration agreement.

Additionally, Defendant will move to compel arbitration of Plaintiff's individual PAGA claim based on *Viking River's* holding that the individual component of a PAGA claim may be "split" from the representative PAGA claim and must be arbitrated.  At the time of removal, *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal. 4th 348 prohibited the arbitration of an individual PAGA claim.  Thus, because Defendant could not have compelled arbitration of Plaintiff's individual PAGA claim before removing under the state of the law at the time, Defendant's removal was not inconsistent with arbitration as a matter of law.  *See e.g.*, *Kaltwasser v. AT & T Mobility LLC* (N.D. Cal. 2011) 812 F.Supp.2d 1042, 1051 (rejecting argument of waiver of arbitration based on actions taken when the law precluded arbitration because "[t]he Ninth Circuit has held that 'there was no existing right to arbitrate' if it would have been 'futile' to pursue arbitration 'under the then-prevailing law in this circuit.'"); *Carney v. Verizon Wireless Telecom, Inc.* (S.D. Cal. 2010) 2010 WL 3058106, at *2 ("at the time Defendants took those actions, they arguably had no right to compel arbitration. Absent that right, there was no potential for inconsistency, and thus no waiver.")

Plaintiff's position that the arbitration agreement does not cover a PAGA claim because it was not arbitrable under state law when the parties entered the agreement lacks merit.  The arbitration agreement expressly requires plaintiff to arbitrate "PAGA claims for [himself] as an individual."  The provision stating, "[t]he only Claims that are arbitrable are those that are justiciable under applicable federal, state or local law" does not change this because it refers to federal law and regardless, the U.S. Supreme Court has held that references to "state law" in arbitration agreements requires application of valid, non-preempted state law.  *DIRECTV, Inc. v. Imburgia* (2015) 577 U.S. 47, 54-58.  A contrary rule that requires the application of invalid state law would be discriminating against arbitration agreements in violation of the FAA.  *Id.* at 58.  Thus, courts should not be "concerned about the parties' understanding of the State of California law when they entered in the Arbitration Agreement" because "the ordinary meaning of the phrase does not encompass preempted state law."  *Saheli v. White Memorial Medical Ctr.* (2018) 21 Cal.App.5th 308, 319-320 (applying *Imburgia* and the FAA and concluding that "applicable state … law" in an arbitration agreement "encompass[es] only California law that is not preempted by the FAA.").

Finally, the parties' arbitration agreement expressly incorporates the JAMS rules, which includes a delegation clause.  *See* Rule 11 (jurisdictional and arbitrability disputes are for the arbitrator).  Thus, disputes regarding unconscionability is for the arbitrator to decide.  Additionally, putting aside the procedural unconscionability issue (which Defendant does not concede), the arbitration agreement does not shorten the limitations period – it states that a party must file arbitration "not later than the expiration of the statute of limitations that the law prescribes for the Claim."  The language Plaintiff cites is inapplicable because she did not file a "government complaint" with the Labor and Workforce Development Agency; she submitted a letter to exhaust a notice requirement.  Regardless, the language does not affect Plaintiff's claims in this case and even assuming the provision is unlawful (which it is not), it should be severed and the remainder of the agreement must be enforced.  *Merkin v. Vonage Am., Inc.* (9th Cir. 2016) (reversing trial court's order that failed to sever unconscionable provision).  The severability provision in the agreement confirms that the parties intended for any unenforceable provision to be severed "to the maximum extent necessary so that this Agreement will otherwise remain in full force and effect and enforceable."  The severability provision must be enforced as written.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Sent:** Wednesday, June 8, 2022 1:26 PM
**To:** Ly, Anthony <ALy@littler.com>; Shani Zakay <shani@zakaylaw.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>
**Subject:** Re: Gomes v. Homeaglow

Anthony,

Thank you for the email and supporting documentation.  This email will only address the arbitration issue.  I'll let Shani carry the remand issue.

At this time, we will not stipulate to arbitration for the reasons discussed below.  However, as a preliminary matter, we would propose filing the remand motion (if necessary) and motion to compel arbitration simultaneously after the *Viking* decision is issued.

Regarding the arbitration agreement itself, we will not stipulate for three reasons.

First, we believe that your client waived its right to compel arbitration by first removing this matter to federal court rather than immediately seeking to compel arbitration.  By removing to federal court, your client consented to jurisdiction of the court and acted in a manner inconsistent with its right to compel arbitration.  See *Morgan v. Sundance, Inc.,* (U.S. May 23, 2022) No. 21-328, 2022 WL 1611788.

Second, the express terms of the arbitration agreement excludes Plaintiff's PAGA claims from the scope of arbitration.  The arbitration agreement specifically states that,  "[t]he only Claims that are arbitrable are those that are justiciable under applicable federal, state or local law."  At the time of purported contracting PAGA Claims were, and remain, non-arbitrable. See  *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (2014).  Consequently, regardless of the decision in *Viking*, it is Plaintiff's position that because PAGA claims were not subject to arbitration at the time of purported formation, the contract cannot be subsequently and unilaterally reformed (absent mutual consent) to include PAGA claims simply because there was a change in the law.

Third, while we cannot verify the authenticity of the digital trace that you provided, and currently contest formation, assuming arguendo that an agreement does exist and that it includes PAGA claims, Plaintiff contends that the arbitration agreement is both procedurally and substantively unconscionable.

Clearly we have a contract of adhesion. [T]he adhesive nature of the contract is sufficient to establish some degree of procedural unconscionability." (*Sanchez v. Valencia Holding Co., LLC*(2015) 61 Cal.4th 899, 915, 190 Cal.Rptr.3d 812, 353 P.3d 741; *Alvarez v. Altamed Health Services Corp.* (2021) 60 Cal.App.5th 572, 591, 274 Cal.Rptr.3d 802 [adhesion "alone is a fairly low level of procedural unconscionability"].)

The substantive unconscionability is found, *inter alia,* in the agreement's express shortening of the statute of limitations.  The arbitration agreement specifically states that, "[t]he filing of a government complaint will not extend the statute of limitations for presenting any Claim to arbitration."  This statement is contrary to well settled case law and contravenes a number of Federal and State statutory schemes.  For instance, the filing a complaint with the LWDA for labor code violations tolls the statute of limitations for a PAGA action by 65 days.  See Cal. Labor Code 2699.3(a)(2)(A).

For those reasons, we will not stipulate to arbitration.  However, as said before, we will agree to coordinate the simultaneous filings of our motions (compel arbitration and remand – if necessary) to occur post *Viking*.  In furtherance

of that agreement, Plaintiff would be willing to stipulate to stay the action pending the *Viking* decision and agree not to use the fact that Defendant entered into a stipulation as evidence of any waiver.

As always, please give me a call if you would like to discuss.

Best regards,
Jean-Claude Lapuyade, Esq │ JCL Law Firm, A.P.C.
5440 Morehouse Drive │ Suite 3600
San Diego │ CA │ 92121
T: 619.599.8292 │ F: 619.599.8291
Toll Free │ 1.888.498.6999
http://www.jcl-lawfirm.com │ jlapuyade@jcl-lawfirm.com

Disclosure: This e-mail message is a confidential communication from the law firm of the JCL Law Firm, APC, and is intended only for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at 619.599.8292 and delete this e-mail message and any attachments from your workstation or network mail system.

Nothing in this e-mail should be interpreted as a digital or electronic signature that can be used to form, execute, document, agree to, enter into, accept or authenticate a contract or other legal document.

*The JCL Law Firm, APC, does not offer tax advice to its clients*

---

**From:** Ly, Anthony <ALy@littler.com>
**Date:** Wednesday, June 8, 2022 at 9:04 AM
**To:** Shani Zakay <shani@zakaylaw.com>, Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>, Tesla Stone <tstone@jcl-lawfirm.com>, Eddie Garcia <EGarcia@jcl-lawfirm.com>, Julieann Alvarado <Julieann@zakaylaw.com>, Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>, Spurchise, Andrew <ASpurchise@littler.com>, Chan, Garrick Y. <GChan@littler.com>, Edwards, Madison <MEdwards@littler.com>, King, Caitlin <CKing@littler.com>, Goodman, Charisse <CHGoodman@littler.com>, Natalia Michele <natalia@zakaylaw.com>, Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** RE: Gomes v. Homeaglow

Counsel,

As a follow up to our call yesterday, I've attached a Court of Appeal decision explaining that waiting time penalties continue on a daily basis for up to 30 days and that the "[p]enalties accrue not only on the days that the employee might have worked, but also on nonworkdays." It explain that a part-time employee who only works 2 days a week is entitled to the same amount of waiting time penalties as an employee who works a full-time schedule. It also explains that, based on the allegations in the complaint, the calculation Homeaglow utilized for removal is correct: "Under section 203, an employee's rate of pay must be calculated as a daily figure, which can then be multiplied by the number of days of nonpayment for a maximum of 30 days." District courts routinely apply this calculation for purposes of determining the amount in controversy under CAFA. Accordingly, Plaintiff cannot challenge the amount in controversy on this claim, which alone places over $4 million in controversy.

I have also attached the data reflecting Plaintiff's sign-up on Defendant's platform and Plaintiff's acceptance of the Independent Contractor Agreement ("IC Agreement"). Line 9 shows that Plaintiff clicked the accept button to agree to the IC Agreement. She accepted the IC Agreement during the same session that she completed many other steps to set up her account, including: (1) setting her password, self-determined hourly rate, and zip codes for accepting cleaning

requests; (2) providing personal information such as her address, phone number, email, Social Security Number, and debit card number; (3) submitting a photo of herself and her personal bio; and (4) viewing and accepting a cleaning request and communicating with the individual requesting the cleaning.  If Plaintiff did not agree to the IC Agreement, she would not have been able to continue and complete the sign-up process.

Based on the above, please confirm Plaintiff will agree to submit her individual claims to arbitration, dismiss the class claims, and stay of the case pending the decision in Viking River Cruises regarding the enforceability of PAGA waivers.  Also, please confirm that Plaintiff will not file a motion to remand as the amount in controversy based on Plaintiff's allegations exceeds the $5 million CAFA threshold.  Let me know if you would like to have another call to discuss these issues.

Thank you.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Shani Zakay <shani@zakaylaw.com>
**Sent:** Monday, June 6, 2022 12:33 PM
**To:** Ly, Anthony <ALy@littler.com>; Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>; Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** RE: Gomes v. Homeaglow

Hi Anthony,

We can discuss your request when we meet and confer telephonically over our forthcoming motion to remand.   Let me know if that works.

**Shani O. Zakay, Esq. | Zakay Law Group, APC**
5440 Morehouse Drive | Suite 3600
San Diego | CA | 92121
P.(619) 255-9047
www.zakaylaw.com | shani@zakaylaw.com

This e-mail contains information from the law firm of Zakay Law Group, APLC which may be confidential, privileged, and/or attorney work product. Dissemination or copying of this e-mail and/or any attachments by anyone other than the intended recipient or the intended recipient's agent is strictly prohibited. If you are not the intended recipient, please notify us at shani@zakaylaw.com or (619) 892-7095 and destroy all copies of the original message.

**From:** Ly, Anthony <ALy@littler.com>
**Sent:** Monday, June 6, 2022 9:46 AM
**To:** Shani Zakay <shani@zakaylaw.com>; Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>; Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** Gomes v. Homeaglow

Counsel,

Please see the attached letter regarding the parties' arbitration agreement and Defendant's request for Plaintiff to voluntarily submit her individual claims to arbitration.  Thank  you.

Anthony Ly
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT G

**Chan, Garrick Y.**

| | |
|---|---|
| **From:** | Claude Lapuyade <jlapuyade@jcl-lawfirm.com> |
| **Sent:** | Tuesday, July 5, 2022 10:29 AM |
| **To:** | Ly, Anthony; Shani Zakay |
| **Cc:** | Jackland Hom; Tesla Stone; Eddie  Garcia; Julieann Alvarado; Sydney Castillo-Johnson; Spurchise, Andrew; Chan, Garrick Y.; Edwards, Madison; King, Caitlin; Goodman, Charisse; Natalia Michele |
| **Subject:** | Re: Gomes v. Homeaglow |

Anthony,

I hope this finds you well.

At this time, Plaintiff will not stipulate to arbitration.  Plaintiff continues to believe that the arbitration agreement is unenforceable because (1) both procedurally and substantively unconscionable for, among other reasons, the shortening of statute of limitations and (2) that Defendant waived its right to enforce the agreement by taking litigation acts inconsistent with the right to arbitrate.

Further, assuming *arguendo* that Plaintiff's claims are compelled to arbitration – which we do not believe will happen – Plaintiff's PAGA action should be stayed in stayed court pending the completion of Plaintiff's individual arbitration despite the ruling in *Viking River Cruise v. Moriana* (2022)596 U.S. _____, 2022 WL 213 5491 ("*Viking*").

The key to understanding the Supreme Court's ruling in *Viking* is found in Justice Sotomayor's two-paragraph concurrence.  Justice Sotomayor, one of the four Justices whose vote was crucial to reaching a five member majority, stated in that concurrence that she joined that majority "with th[e] understanding" that Part IV of the opinion – which expressed the Court's belief about what would happen to the "non-individual" component of the plaintiff's PAGA claim after she was compelled to "individual" arbitration – turned on an issue of state law that could only be definitively resolved by the California courts and legislature. Although the majority concluded, based on its reading of *Kim v. Reins* (2020) 9 Cal.5th 73, that the plaintiff would lose "'statutory standing' under PAGA to litigate her 'non-individual' claims separately in state court" upon being compelled to arbitrate, id. at *11, Justice Sotomayor emphasized that, "[o]f course, if this Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word." Id. at *12 (Sotomayor, J., concurring).

Justice Sotomayor was certainly correct that PAGA standing is ultimately a state law issue. Subject to constitutional constraints not applicable here, states have exclusive authority to determine for themselves who has standing to pursue state statutory claims in state court; and those determinations are binding on the federal courts, including the U.S. Supreme Court. See, e.g., *Hollingsworth v. Perry* (2013) 570 U.S. 693, 717-18; *Cole v. Richardson* (1972) 405 U.S. 676, 697. Even the majority acknowledged that the scope of "statutory standing" under PAGA is a state-law question. 2022 WL 2135491 at *11 (asking whether, in light of "PAGA's standing requirement," "PAGA provides [a] mechanism" to address the "non-individual PAGA claims."). So did Justice Barrett in her separate opinion. Id. at *12 (Barrett, J., concurring in part and in the judgment) (declining to join Part IV, which "addresses disputed state-law questions.")

But the Viking River majority misread this Court's unanimous decision in Kim, and therefore got its standing analysis exactly backwards. PAGA's plain statutory language and the California Supreme Court's construction of that language in *Kim* make clear that an "aggrieved employee" who has been authorized to seek civil penalties on behalf of the LWDA is not stripped of statutory standing upon being forced to adjudicate a portion of her claim in arbitration rather than in court. Rather, as this Court explained in *Kim*, PAGA imposes only two requirements for PAGA standing; and neither depends on whether a portion of the plaintiff's claim has been compelled to arbitration. See 9 Cal.5th at 83-84. That *Viking* now allows an employer with an arbitration agreement to split a PAGA plaintiff's claim for civil penalties into two components should make no difference to that plaintiff's standing as a statutory "aggrieved employee."

As you know, this issue is already up before the California Supreme Court in *Adolph v. Uber Technologies, Inc.,* Supreme Court Case No. S274671.  Plaintiff is confident that the standing issue created by the *Viking* Court's misreading of California law will be resolved by the California Supreme Court and/or Legislature in the coming months – well before any motion is drafted, heard and likely appealed in this matter.

In sum, Plaintiff is not persuaded by your arguments.  The arbitration is unenforceable and, even if enforced, will only subject Plaintiff's individual PAGA claims to arbitration while the representative action remains in State Court.

Best regards,
Jean-Claude Lapuyade, Esq │ JCL Law Firm, A.P.C.
5440 Morehouse Drive │ Suite 3600
San Diego │ CA │ 92121
T:  619.599.8292 │ F: 619.599.8291
Toll Free │ 1.888.498.6999
http://www.jcl-lawfirm.com│jlapuyade@jcl-lawfirm.com

Disclosure: This e-mail message is a confidential communication from the law firm of the JCL Law Firm, APC, and is intended only for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at 619.599.8292 and delete this e-mail message and any attachments from your workstation or network mail system.

Nothing in this e-mail should be interpreted as a digital or electronic signature that can be used to form, execute, document, agree to, enter into, accept or authenticate a contract or other legal document.

*The JCL Law Firm, APC, does not offer tax advice to its clients*

**From:** Ly, Anthony <ALy@littler.com>
**Date:** Monday, June 27, 2022 at 12:26 PM
**To:** Claude Lapuyade <jlapuyade@jcl-lawfirm.com>, Shani Zakay <shani@zakaylaw.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>, Tesla Stone <tstone@jcl-lawfirm.com>, Eddie Garcia <EGarcia@jcl-lawfirm.com>, Julieann Alvarado <Julieann@zakaylaw.com>, Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>, Spurchise, Andrew <ASpurchise@littler.com>, Chan, Garrick Y. <GChan@littler.com>, Edwards, Madison <MEdwards@littler.com>, King, Caitlin <CKing@littler.com>, Goodman, Charisse <CHGoodman@littler.com>, Natalia Michele <natalia@zakaylaw.com>
**Subject:** RE: Gomes v. Homeaglow

Hi Claude,

Thanks for our call today.

To summarize briefly, Plaintiff will oppose Defendant's motion to compel arbitration ("Motion") based at least in part on an alleged waiver of the right to compel arbitration because Defendant removed the case to federal court.

You informed me that you wanted to review the *Morgan v. Sundance* case again because there may be some language discussing the issue of "covered claims" in an arbitration agreement.  That said, you stated that Plaintiff will likely not oppose Defendant's Motion on the basis that the arbitration agreement did not cover PAGA claims at the time of formation because a PAGA claim was not arbitrable under state law at that time.

You also stated that Plaintiff will likely not oppose the issue of contract formation, but that you wanted to discuss a few things with your client before confirming.

Finally, I indicated that Defendant would like to file its Motion as soon as possible and you stated that based on your schedule, you will aim to confirm the above by this Wednesday, June 27.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Ly, Anthony
**Sent:** Friday, June 24, 2022 4:19 PM
**To:** Claude Lapuyade <jlapuyade@jcl-lawfirm.com>; Shani Zakay <shani@zakaylaw.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>
**Subject:** RE: Gomes v. Homeaglow

Claude,

I spoke with Shani about these issues on June 22.  He informed me you are primarily overseeing the issues regarding Defendant's motion to compel arbitration and asked for me to send you our position on the issues along with supporting authority.  The parties agreed that we should try to narrow the issues to avoid burdening the court with unnecessary arguments.  Based on the below, please reconsider whether Plaintiff will agree to arbitrate on an individual basis as required by the parties' arbitration agreement and in light of the *Viking River* decision.  Alternatively, let's discuss the issues so we can eliminate those that should not be in dispute.  I look forward to speaking with you on Monday, 6/27.

Shani informed me that he believed plaintiff's issue regarding formation was that she does not recall seeing the arbitration provision and that the agreement appeared to be accepted in a very short amount of time.  Plaintiff does not dispute that on 10/15/21, she electronically accepted the agreement when she set up her account and password, submitted detailed personal information and photos, and communicated with the individual requesting cleaning service.  As I'm sure you are aware, Plaintiff is bound by the agreement regardless of whether she recalls reading it and even if she claims she did not read it at all.  *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012 ) 55 Cal.4th 223, 236 ("[a]n arbitration clause . . . may be binding on a party even if the party never actually read the clause."); *Upton v. Tribilcock* (1875) 91 U.S. 45, 50 ("contracts would not be worth the paper on which they are written" if not knowing its contents bars enforcement); *Martinez-Gonzalez v. Elkhorn Packing Co. LLC* (9th Cir. 2022) 25 F.4th 613, 624-625 ("a 'cardinal rule of contract law' in California is that 'a party's failure to read a contract . . . before signing it is no defense to the contract's enforcement.'").  Thus, formation should not be an issue we need to brief for the court.

With respect to plaintiff's waiver of the right to compel arbitration argument, countless courts have held that removal alone is not inconsistent with the right to enforce arbitration.  *See e.g.*, *Halim v. Great Gatsby's Auction Gallery, Inc.* (7th Cir.2008) 516 F.3d 557, 562 (holding that removal did not constitute a waiver); *Dantz v. Am. Apple Group, LLC* (6th Cir. 2005) 123 Fed. Appx. 702, 707 ("mere removal of a case to federal court, and nothing more, does not constitute waiver of a defendant's right to arbitration."); *DeMartini v. Johns* (N.D. Cal. 2012) 2012 WL 4808448, at *5 (removal alone is not sufficiently inconsistent with the right to seek arbitration **and** does not give rise to prejudice.") (Emphasis added.)  *Morgan v. Sundance* did not conclude otherwise.  Indeed, it remanded the case to the Court of Appeal to determine whether the defendant "knowingly relinquish[ed] the right to arbitrate by acting inconsistently

3

with that right" where it failed to "mention the arbitration agreement" as an affirmative defense in its answer, filed a motion to dismiss, discussed scheduling of the litigation after mediation, and moved to compel arbitration eight months after the case was filed.  Here, Defendant raised the enforcement of the parties' arbitration agreement as an affirmative defense and thereafter promptly conferred with Plaintiff regarding its motion to compel arbitration as required by Judge Mueller's Civil Standing Order.  Judge Mueller requires the parties to "thoroughly [discuss] the substance of the contemplated motion and any potential resolution," which we have been in the process of doing, and to resolve minor procedural or other non-substantive matters, which the parties attempted to do by stipulating to addressing the arbitration agreement after a decision in *Viking River*.  Defendant has not taken any steps inconsistent with its right to enforce the arbitration agreement.

Additionally, Defendant will move to compel arbitration of Plaintiff's individual PAGA claim based on *Viking River's* holding that the individual component of a PAGA claim may be "split" from the representative PAGA claim and must be arbitrated.  At the time of removal, *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal. 4th 348 prohibited the arbitration of an individual PAGA claim.  Thus, because Defendant could not have compelled arbitration of Plaintiff's individual PAGA claim before removing under the state of the law at the time, Defendant's removal was not inconsistent with arbitration as a matter of law.  *See e.g.*, *Kaltwasser v. AT & T Mobility LLC* (N.D. Cal. 2011) 812 F.Supp.2d 1042, 1051 (rejecting argument of waiver of arbitration based on actions taken when the law precluded arbitration because "[t]he Ninth Circuit has held that 'there was no existing right to arbitrate' if it would have been 'futile' to pursue arbitration 'under the then-prevailing law in this circuit.'"); *Carney v. Verizon Wireless Telecom, Inc.* (S.D. Cal. 2010) 2010 WL 3058106, at *2 ("at the time Defendants took those actions, they arguably had no right to compel arbitration. Absent that right, there was no potential for inconsistency, and thus no waiver.")

Plaintiff's position that the arbitration agreement does not cover a PAGA claim because it was not arbitrable under state law when the parties entered the agreement lacks merit.  The arbitration agreement expressly requires plaintiff to arbitrate "PAGA claims for [himself] as an individual."  The provision stating, "[t]he only Claims that are arbitrable are those that are justiciable under applicable federal, state or local law" does not change this because it refers to federal law and regardless, the U.S. Supreme Court has held that references to "state law" in arbitration agreements requires application of valid, non-preempted state law.  *DIRECTV, Inc. v. Imburgia* (2015) 577 U.S. 47, 54-58.  A contrary rule that requires the application of invalid state law would be discriminating against arbitration agreements in violation of the FAA.  *Id.* at 58.  Thus, courts should not be "concerned about the parties' understanding of the State of California law when they entered in the Arbitration Agreement" because "the ordinary meaning of the phrase does not encompass preempted state law."  *Saheli v. White Memorial Medical Ctr.* (2018) 21 Cal.App.5th 308, 319-320 (applying *Imburgia* and the FAA and concluding that "applicable state … law" in an arbitration agreement "encompass[es] only California law that is not preempted by the FAA.").

Finally, the parties' arbitration agreement expressly incorporates the JAMS rules, which includes a delegation clause.  *See* Rule 11 (jurisdictional and arbitrability disputes are for the arbitrator).  Thus, disputes regarding unconscionability is for the arbitrator to decide.  Additionally, putting aside the procedural unconscionability issue (which Defendant does not concede), the arbitration agreement does not shorten the limitations period – it states that a party must file arbitration "not later than the expiration of the statute of limitations that the law prescribes for the Claim."  The language Plaintiff cites is inapplicable because she did not file a "government complaint" with the Labor and Workforce Development Agency; she submitted a letter to exhaust a notice requirement.  Regardless, the language does not affect Plaintiff's claims in this case and even assuming the provision is unlawful (which it is not), it should be severed and the remainder of the agreement must be enforced.  *Merkin v. Vonage Am., Inc.* (9th Cir. 2016) (reversing trial court's order that failed to sever unconscionable provision).  The severability provision in the agreement confirms that the parties intended for any unenforceable provision to be severed "to the maximum extent necessary so that this Agreement will otherwise remain in full force and effect and enforceable."  The severability provision must be enforced as written.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Sent:** Wednesday, June 8, 2022 1:26 PM
**To:** Ly, Anthony <ALy@littler.com>; Shani Zakay <shani@zakaylaw.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>
**Subject:** Re: Gomes v. Homeaglow

Anthony,

Thank you for the email and supporting documentation.  This email will only address the arbitration issue.  I'll let Shani carry the remand issue.

At this time, we will not stipulate to arbitration for the reasons discussed below.  However, as a preliminary matter, we would propose filing the remand motion (if necessary) and motion to compel arbitration simultaneously after the *Viking* decision is issued.

Regarding the arbitration agreement itself, we will not stipulate for three reasons.

First, we believe that your client waived its right to compel arbitration by first removing this matter to federal court rather than immediately seeking to compel arbitration.  By removing to federal court, your client consented to jurisdiction of the court and acted in a manner inconsistent with its right to compel arbitration.  See *Morgan v. Sundance, Inc.,* (U.S. May 23, 2022) No. 21-328, 2022 WL 1611788.

Second, the express terms of the arbitration agreement excludes Plaintiff's PAGA claims from the scope of arbitration.  The arbitration agreement specifically states that,  "[t]he only Claims that are arbitrable are those that are justiciable under applicable federal, state or local law."  At the time of purported contracting PAGA Claims were, and remain, non-arbitrable. See  *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (2014).  Consequently, regardless of the decision in *Viking*, it is Plaintiff's position that because PAGA claims were not subject to arbitration at the time of purported formation, the contract cannot be subsequently and unilaterally reformed (absent mutual consent) to include PAGA claims simply because there was a change in the law.

Third, while we cannot verify the authenticity of the digital trace that you provided, and currently contest formation, assuming arguendo that an agreement does exist and that it includes PAGA claims, Plaintiff contends that the arbitration agreement is both procedurally and substantively unconscionable.

Clearly we have a contract of adhesion. [T]he adhesive nature of the contract is sufficient to establish some degree of procedural unconscionability." (*Sanchez v. Valencia Holding Co., LLC*(2015) 61 Cal.4th 899, 915, 190 Cal.Rptr.3d 812, 353 P.3d 741; *Alvarez v. Altamed Health Services Corp.* (2021) 60 Cal.App.5th 572, 591, 274 Cal.Rptr.3d 802 [adhesion "alone is a fairly low level of procedural unconscionability"].)

The substantive unconscionability is found, *inter alia,* in the agreement's express shortening of the statute of limitations.  The arbitration agreement specifically states that, "[t]he filing of a government complaint will not extend the statute of limitations for presenting any Claim to arbitration."  This statement is contrary to well settled case law and contravenes a number of Federal and State statutory schemes.  For instance, the filing a complaint with the LWDA for labor code violations tolls the statute of limitations for a PAGA action by 65 days.  See Cal. Labor Code 2699.3(a)(2)(A).

For those reasons, we will not stipulate to arbitration.  However, as said before, we will agree to coordinate the simultaneous filings of our motions (compel arbitration and remand – if necessary) to occur post *Viking*.  In furtherance

of that agreement, Plaintiff would be willing to stipulate to stay the action pending the *Viking* decision and agree not to use the fact that Defendant entered into a stipulation as evidence of any waiver.

As always, please give me a call if you would like to discuss.

Best regards,
Jean-Claude Lapuyade, Esq │ JCL Law Firm, A.P.C.
5440 Morehouse Drive │ Suite 3600
San Diego │ CA │ 92121
T:  619.599.8292 │ F: 619.599.8291
Toll Free │ 1.888.498.6999
http://www.jcl-lawfirm.com │ jlapuyade@jcl-lawfirm.com

Disclosure: This e-mail message is a confidential communication from the law firm of the JCL Law Firm, APC, and is intended only for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at 619.599.8292 and delete this e-mail message and any attachments from your workstation or network mail system.

Nothing in this e-mail should be interpreted as a digital or electronic signature that can be used to form, execute, document, agree to, enter into, accept or authenticate a contract or other legal document.

*The JCL Law Firm, APC, does not offer tax advice to its clients*

**From:** Ly, Anthony <ALy@littler.com>
**Date:** Wednesday, June 8, 2022 at 9:04 AM
**To:** Shani Zakay <shani@zakaylaw.com>, Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>, Tesla Stone <tstone@jcl-lawfirm.com>, Eddie Garcia <EGarcia@jcl-lawfirm.com>, Julieann Alvarado <Julieann@zakaylaw.com>, Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>, Spurchise, Andrew <ASpurchise@littler.com>, Chan, Garrick Y. <GChan@littler.com>, Edwards, Madison <MEdwards@littler.com>, King, Caitlin <CKing@littler.com>, Goodman, Charisse <CHGoodman@littler.com>, Natalia Michele <natalia@zakaylaw.com>, Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** RE: Gomes v. Homeaglow

Counsel,

As a follow up to our call yesterday, I've attached a Court of Appeal decision explaining that waiting time penalties continue on a daily basis for up to 30 days and that the "[p]enalties accrue not only on the days that the employee might have worked, but also on nonworkdays."  It explain that a part-time employee who only works 2 days a week is entitled to the same amount of waiting time penalties as an employee who works a full-time schedule.  It also explains that, based on the allegations in the complaint, the calculation Homeaglow utilized for removal is correct: "Under section 203, an employee's rate of pay must be calculated as a daily figure, which can then be multiplied by the number of days of nonpayment for a maximum of 30 days."  District courts routinely apply this calculation for purposes of determining the amount in controversy under CAFA.  Accordingly, Plaintiff cannot challenge the amount in controversy on this claim, which alone places over $4 million in controversy.

I have also attached the data reflecting Plaintiff's sign-up on Defendant's platform and Plaintiff's acceptance of the Independent Contractor Agreement ("IC Agreement").  Line 9 shows that Plaintiff clicked the accept button to agree to the IC Agreement.  She accepted the IC Agreement during the same session that she completed many other steps to set up her account, including: (1) setting her password, self-determined hourly rate, and zip codes for accepting cleaning

requests; (2) providing personal information such as her address, phone number, email, Social Security Number, and debit card number; (3) submitting a photo of herself and her personal bio; and (4) viewing and accepting a cleaning request and communicating with the individual requesting the cleaning.  If Plaintiff did not agree to the IC Agreement, she would not have been able to continue and complete the sign-up process.

Based on the above, please confirm Plaintiff will agree to submit her individual claims to arbitration, dismiss the class claims, and stay of the case pending the decision in Viking River Cruises regarding the enforceability of PAGA waivers.  Also, please confirm that Plaintiff will not file a motion to remand as the amount in controversy based on Plaintiff's allegations exceeds the $5 million CAFA threshold.  Let me know if you would like to have another call to discuss these issues.

Thank you.

**Anthony Ly**
Shareholder
310.712.7322 direct, 310.975.4546 mobile
[ALy@littler.com](mailto:ALy@littler.com)



Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

**From:** Shani Zakay <[shani@zakaylaw.com](mailto:shani@zakaylaw.com)>
**Sent:** Monday, June 6, 2022 12:33 PM
**To:** Ly, Anthony <[ALy@littler.com](mailto:ALy@littler.com)>; Claude Lapuyade <[jlapuyade@jcl-lawfirm.com](mailto:jlapuyade@jcl-lawfirm.com)>
**Cc:** Jackland Hom <[jackland@jcl-lawfirm.com](mailto:jackland@jcl-lawfirm.com)>; Tesla Stone <[tstone@jcl-lawfirm.com](mailto:tstone@jcl-lawfirm.com)>; Eddie Garcia <[EGarcia@jcl-lawfirm.com](mailto:EGarcia@jcl-lawfirm.com)>; Julieann Alvarado <[Julieann@zakaylaw.com](mailto:Julieann@zakaylaw.com)>; Sydney Castillo-Johnson <[scastillo@jcl-lawfirm.com](mailto:scastillo@jcl-lawfirm.com)>; Spurchise, Andrew <[ASpurchise@littler.com](mailto:ASpurchise@littler.com)>; Chan, Garrick Y. <[GChan@littler.com](mailto:GChan@littler.com)>; Edwards, Madison <[MEdwards@littler.com](mailto:MEdwards@littler.com)>; King, Caitlin <[CKing@littler.com](mailto:CKing@littler.com)>; Goodman, Charisse <[CHGoodman@littler.com](mailto:CHGoodman@littler.com)>; Natalia Michele <[natalia@zakaylaw.com](mailto:natalia@zakaylaw.com)>; Spurchise, Andrew <[ASpurchise@littler.com](mailto:ASpurchise@littler.com)>
**Subject:** RE: Gomes v. Homeaglow

Hi Anthony,

We can discuss your request when we meet and confer telephonically over our forthcoming motion to remand.   Let me know if that works.

**Shani O. Zakay, Esq. | Zakay Law Group, APC**
5440 Morehouse Drive | Suite 3600
San Diego | CA | 92121
P.(619) 255-9047
[www.zakaylaw.com](http://www.zakaylaw.com) | [shani@zakaylaw.com](mailto:shani@zakaylaw.com)

This e-mail contains information from the law firm of Zakay Law Group, APLC which may be confidential, privileged, and/or attorney work product. Dissemination or copying of this e-mail and/or any attachments by anyone other than the intended recipient or the intended recipient's agent is strictly prohibited. If you are not the intended recipient, please notify us at [shani@zakaylaw.com](mailto:shani@zakaylaw.com) or (619) 892-7095 and destroy all copies of the original message.

**From:** Ly, Anthony <ALy@littler.com>
**Sent:** Monday, June 6, 2022 9:46 AM
**To:** Shani Zakay <shani@zakaylaw.com>; Claude Lapuyade <jlapuyade@jcl-lawfirm.com>
**Cc:** Jackland Hom <jackland@zakaylaw.com>; Tesla Stone <tstone@jcl-lawfirm.com>; Eddie Garcia <EGarcia@jcl-lawfirm.com>; Julieann Alvarado <Julieann@zakaylaw.com>; Sydney Castillo-Johnson <scastillo@jcl-lawfirm.com>; Spurchise, Andrew <ASpurchise@littler.com>; Chan, Garrick Y. <GChan@littler.com>; Edwards, Madison <MEdwards@littler.com>; King, Caitlin <CKing@littler.com>; Goodman, Charisse <CHGoodman@littler.com>; Natalia Michele <natalia@zakaylaw.com>; Spurchise, Andrew <ASpurchise@littler.com>
**Subject:** Gomes v. Homeaglow

Counsel,

Please see the attached letter regarding the parties' arbitration agreement and Defendant's request for Plaintiff to voluntarily submit her individual claims to arbitration.  Thank  you.

Anthony Ly
Shareholder
310.712.7322 direct, 310.975.4546 mobile
ALy@littler.com


**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.