Andrew M. Spurchise, Bar No. 245998
aspurchise@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
Telephone:    212.583.9600
Facsimile:    212.832.2719

Anthony G. Ly, Bar No. 228883
aly@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone:    310.553.0308
Facsimile:    310.553.5583

Attorneys for Defendant
HOMEAGLOW INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE GOMES, an individual, on behalf of herself, and on behalf of all persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HOMEAGLOW INC., a Delaware corporation; and DOES 1 through 30, Inclusive, <br><br> Defendant. | Case No. 2:22-cv-00835-KJM-KJN <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT HOMEAGLOW'S MOTION TO COMPEL ARBITRATION** |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO COMPEL ARBITRATION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY(S) OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Defendant Homeaglow Inc. ("Defendant") requests that the Court take judicial notice of the following in support of Defendant's Motion to Compel Arbitration:

1. **Exhibit 1**, Plaintiff's Complaint filed in San Joaquin Superior Court on April 12, 2022, in this action, *Gomes v. Homeaglow Inc.*, Case No. STK-CV-UOE-2022-2619.

2. **Exhibit 2**, Defendant's Answer filed in San Joaquin Superior Court on May 12, 2022, in this action, *Gomes v. Homeaglow Inc.*, Case No. STK-CV-UOE-2022-2619.

3. **Exhibit 3**, the current Comprehensive Arbitration Rules & Procedures of Judicial Arbitration & Mediation Services ("JAMS rules"), which are currently available at https://www.jamsadr.com/rules-download/ and https://www.jamsadr.com/rules-comprehensive-arbitration/.

Defendant requests that the Court take judicial notice of Plaintiff's Complaint and Defendant's Answer because they are documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned", as per Federal Rules of Evidence 201(b)(2). Further, Defendant requests that the Court take judicial notice of the JAMS rules pursuant to Federal Rule of Evidence 201(b)(1), which allows for judicial notice of facts that are "generally known within the trial court's territorial jurisdiction". The JAMS rules are incorporated by reference in the Arbitration Agreement that Plaintiff reviewed. The JAMS rules are a matter of common knowledge in this jurisdiction. They are easily accessible and publicly available on the internet and court routinely take judicial notice of the JAMS rules. *See Nguyen v. Marketsource, Inc.*, No. 17-CV-02063-AJB-JLB, 2018 WL 2182633, at *2 (S.D. Cal. May 11, 2018) ("these rules and procedures are not subject to reasonable dispute and other courts commonly grant judicial notice of JAMS rules."); *see also Cooper v. Adobe Sys. Inc.*, No. 18-CV-06742-BLF, 2019 WL 5102609, at *4 (N.D. Cal. Oct. 11, 2019) ("JAMS rules are a matter of public record and therefore subject to judicial notice.)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO COMPEL ARBITRATION

Under Federal Rules of Evidence 201, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(b). Defendant has satisfied this criteria by this Request for Judicial Notice. Accordingly, Defendant respectfully requests that the Court take judicial notice of the JAMS rules as set forth herein.

Dated: July 5, 2022

LITTLER MENDELSON, P.C.

Anthony G. Ly
Andrew M. Spurchise
Attorneys for Defendant
HOMEAGLOW INC.

4888-1771-4215.2 / 114736-1002

DECLARATION OF ANTHONY G. LY ISO
MOTION TO COMPEL ARBITRATION

# EXHIBIT 1

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com
julieann@zakaylaw.com

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

Attorneys for Plaintiff JEANETTE GOMES

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN JOAQUIN**

| | |
|---|---|
| JEANETTE GOMES, an individual, on behalf of herself, and on behalf of all persons similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HOMEAGLOW INC., a Delaware corporation; and DOES 1 through 30, Inclusive; <br><br> Defendant. | Case No.   STK-CV-UOE-2022-2619 <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; <br> 2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; <br> 3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq* <br> 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 6. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; <br> 7. FAILURE TO REIMBURSE EMPLOYEES FO |

SUPERIOR COURT-STOCKTON
FILED
2022 APR 12 AM 11: 37
BRANDON E. RILEY, CLERK

#1435.00 / #730332

FAX

1

**CLASS ACTION COMPLAINT**

REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;
9. VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698 ET SEQ.]

**DEMAND FOR JURY TRIAL**

Plaintiff JEANETTE GOMES ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except her own acts and knowledge which are based on personal knowledge, the following:

## INTRODUCTION

1.     PLAINTIFF is an individual who works as a housekeeper in California for defendant HOMEAGLOW INC. ("DEFENDANT"). PLAINTIFF alleges that DEFENDANT has violated and continues to violate the California Labor Code protections applicable to California employees because DEFENDANT has misclassified its California employees as independent contractors.  In order to provide services to their customers, DEFENDANT hires California workers to aid DEFENDANT in providing services in the usual course of DEFENDANT's on-demand home cleaning service business to their clients. DEFENDANT controlled and directed the work performed by PLAINTIFF and the other similarly situated misclassified California workers by, among other things, scheduling hours of work, providing job site information, and issuing written policies and procedures for the performance of work and conduct in the workplace. PLAINTIFF and the other similarly situated misclassified California workers are not and were not engaged in a customarily independently established trade, occupation or business as the same nature of the work performed.  The costs, as proscribed by law, of the personnel hired to work for DEFENDANT, includes not only the pay of these employees but the cost of the employer's share of tax payments to the federal and state governments for income taxes, social security taxes, Medicare insurance, unemployment insurance and payments for workers' compensation insurance.  To avoid the payment of these legally proscribed expenses to the fullest extent possible, DEFENDANT devised a scheme to place the responsibility for the payment of these costs and expenses of DEFENDANT on the shoulders of PLAINTIFF and other similarly situated

California employees. As employer, DEFENDANT is legally responsible for the payment of all these expenses. This lawsuit is brought in order to collect the wages due to PLAINTIFF and all those similarly situated misclassified independent contractors as DEFENDANT's employees, the cost of the employer's share of payments to the federal and state governments for income taxes, social security taxes, Medicare insurance, unemployment insurance and payments for workers' compensation insurance, plus penalties and interest.

## THE PARTIES

2.      DEFENDANT is a Delaware corporation, that at all relevant times mentioned herein conducted and continues to conduct substantial business in the State of California, County of San Joaquin, and provides home cleaning services.

3.      DEFENDANT utilizes independent contractors, rather than employees, to provide its clients with on-demand home cleaning services.

4.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of DEFENDANT DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these DEFENDANT by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief allege, that the DEFENDANT named in this Complaint, including DOES 1 through 50, inclusive (hereinafter collectively "DEFENDANT" and/or "DEFENDANT"), are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

5.      The agents, servants and/or employees of the DEFENDANT and each of them acting on behalf of the DEFENDANT acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the DEFENDANT, and personally participated in the conduct alleged herein on behalf of the DEFENDANT with respect to the conduct alleged herein. Consequently, the acts of DEFENDANT are legally attributable to the other and all DEFENDANTS are jointly and severally liable to PLAINTIFF and those similarly situated, for the loss sustained as a proximate result of the conduct of the DEFENDANT's agents, servants and/or employees.

6.     DEFENDANT was PLAINTIFF's employer or persons acting on behalf of PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

7.     DEFENDANT was PLAINTIFF's employer or persons acting on behalf of PLAINTIFF's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

8.     PLAINTIFF worked as a housekeeper for DEFENDANT from October of 2021 to November of 2021 and was at all times during her employment classified by DEFENDANT as an independent contractor.

9.     PLAINTIFF brings this Class Action on behalf of herself and on behalf of all of individuals who worked for DEFENDANT in California as independent contractors ("CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD").   The amount in controversy for the aggregate claim of CALIFORNIA CLASS members is under five million dollars ($5,000,000.00).

10.    DEFENDANT's uniform policies and practices alleged herein were unlawful, unfair and deceptive business practices whereby DEFENDANT retained and continues to retain wages and other benefits due to PLAINTIFF and the other members of the CALIFORNIA CLASS.

11.    PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

/ / /

**THE CONDUCT**

**A.   Misclassification**

12.     DEFENDANT engaged in a pattern and practice of misclassifying California workers as independent contractors, hired to perform work and services core to DEFENDANT's businesses, in violation of California Labor Code Section 226.8. California Labor Code Section 226.8 provides that "[i]t is unlawful for any person or employer to engage in …[w]illful misclassification of an individual as an independent contractor." The penalty for willful misclassification of employees is a "civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law." It is further provided that, in the event that an employer is found to have engaged in "a pattern or practice of these violations," the penalties increase to "not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law." Cal. Labor Code § 226.8.

13.     Similarly, PLAINTIFF and other members of the CALIFORNIA CLASS were not compensated overtime wages for any of their time spent working in excess of eight (8) hours in a workday, twelve (12) hours in a workday, and/or forty (40) hours in a workweek. PLAINTIFF and other members of the CALIFORNIA CLASS were paid the hourly rate to perform labor services on DEFENDANT's behalf. PLAINTIFF and other workers were not compensated any other wages besides the non-negotiable hourly rate, and they were not allowed to record their time while they waited for DEFENDANT to give them work. DEFENDANT did not pay PLAINTIFF and other CALIFORNIA CLASS members for the time spent driving to and from jobs, the materials required to perform the jobs, and all the other time they spent working for DEFENDANT outside of the job assignment they were placed at with DEFENDANT's third-party customers. The finite set of tasks required to be performed by the workers is, when notified via cell phone, travel to DEFENDANT's customers to perform jobs, including but not limited to, residential housekeeping, all in accordance with DEFENDANT's business practices and policies.

14.     As a result, stripped of all the legal fictions and artificial barriers to an honest classification of the relationship between PLAINTIFF and all the other members of the CALIFORNIA

CLASS on the one hand, and DEFENDANT on the other hand, PLAINTIFF and all the other members of the CALIFORNIA CLASS are and were employees of DEFENDANT and not independent contractors of DEFENDANT and should therefore be properly classified as non-exempt, hourly employees.

15.     The finite set of tasks required of PLAINTIFF and the other CALIFORNIA CLASS members as defined by DEFENDANT was executed by them through the performance of non-exempt labor.

16.     Although PLAINTIFF and the other CALIFORNIA CLASS members performed non-exempt labor subject to DEFENDANT's complete control over the manner and means of performance, DEFENDANT instituted a blanket classification policy, practice and procedure by which all of these CALIFORNIA CLASS Members were classified as "independent contractors" exempt from compensation for overtime worked, meal breaks and rest breaks, and reimbursement for business related expenses. By reason of this uniform misclassification, the CALIFORNIA CLASS Members were also required to pay DEFENDANT's share of payroll taxes and mandatory insurance premiums. As a result of this uniform misclassification practice, policy and procedure applicable to PLAINTIFF and the other CALIFORNIA CLASS Members who performed this work for DEFENDANT, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy, practice and procedure which failed to properly classify PLAINTIFF and the other CALIFORNIA CLASS members as employees and thereby failed to pay them wages for all time worked, reimbursement of business related expenses, failed to provide them with meal and rest breaks, and failed to reimburse these employees for the employer's share of payroll taxes and mandatory insurance.

17.     DEFENDANT, as a matter of law, has the burden of proving that employees are properly classified and that DEFENDANT otherwise complies with applicable laws. DEFENDANT, as a matter of corporate policy, erroneously and unilaterally classified all the CALIFORNIA CLASS Members as independent contractors in violation of the California Labor Code and regulations promulgated thereunder.

/ / /

1      i.  **Plaintiff and Other Members of the California Class Were Not Free from**

2          **the Control and Direction of Defendant**

3     18.  DEFENDANT controlled and directed the work performed by PLAINTIFF and the

4   other similarly situated misclassified California workers by, among other things, scheduling hours of

5   work, providing job site information, and issuing written policies and procedures for the performance

6   of work and conduct in the workplace.  Upon hire, the position was represented by DEFENDANT to

7   PLAINTIFF and the other workers as an independent contractor position in exchange for an hourly rate

8   of pay for the time they spend providing labor and services to DEFENDANT's third-party customers.

9     19.  To perform their job duties, PLAINTIFF and the other members of the CALIFORNIA

10  CLASS perform work subject to the control of DEFENDANT in that DEFENDANT had the authority

11  to exercise complete control over the work performed and the manner and means in which the work

12  was performed. DEFENDANT provided the customers and DEFENDANT provided the instructions

13  as to how to perform their work.

14    20.  California Labor Code § 3357 defines "employee" as "every person in the service of an

15  employer under any appointment or contact of hire or apprenticeship, express or implied, oral or

16  written, whether lawfully or unlawfully employed." Additionally, to the California Labor Code's

17  presumption that workers are employees, the California Supreme Court has determined the most

18  significant factor to be considered in distinguishing an independent contractor from an employee is

19  whether the *employer or principal has control or the right to control the work both as to the work*

20  *performed and the manner and means in which the work is performed.* DEFENDANT heavily

21  controlled both the work performed and the manner and means in which the PLAINTIFF and other

22  workers performed their work in that:

23      (a)  PLAINTIFF and other members of the CALIFORNIA CLASS were not

24      involved in a distinct business, but instead were provided with instructions as to how to

25      perform their work and the manner and means in which the work was to be performed

26      by means of DEFENDANT and DEFENDANT's manuals and written instructions;

27      (b)  PLAINTIFF and other members of the CALIFORNIA CLASS were

28      continuously provided with training and supervision, including following

7

**CLASS ACTION COMPLAINT**

1    DEFENDANT's company documents, and received training from DEFENDANT as to

2    how and in what way to perform the services;

3    (c)    DEFENDANT set the requirements as to what policies and procedures all of the

4    workers were to follow, including but not limited to, hourly rates and location of

5    assignment;

6    (d)    PLAINTIFF and other members of the CALIFORNIA CLASS had no

7    opportunity for profit or loss because DEFENDANT only paid these workers an hourly

8    rate. DEFENDANT controlled and assigned the workers which tasks were to be

9    performed;

10    (e)    PLAINTIFF and other members of the CALIFORNIA CLASS performed

11    services and labor which are part of the core of DEFENDANT's principal business and

12    is closely integrated with and essential to the employer's business of services and labor

13    to their customers;

14    (f)    PLAINTIFF and other members of the CALIFORNIA CLASS performed the

15    work themselves and did not hire others to perform their work for them;

16    (g)    PLAINTIFF and other members of the CALIFORNIA CLASS did not have the

17    authority to make employment-related personnel decisions;

18    (h)    PLAINTIFF and other members of the CALIFORNIA CLASS performed their

19    work in a particular order and sequence in accordance with DEFENDANT and

20    DEFENDANT customers company policies; and,

21    (i)    DEFENDANT had the "right" to control every critical aspect of DEFENDANT

22    labor operation in that DEFENDANT provided the customer, assigned where

23    PLAINTFIFF and other members of the CALIFORNIA CLASS were to go, assigned

24    the hourly rate or flat rate, and step by step instructions to PLAINTIFF and other

25    members of the CALIFORNIA CLASS as to the entire process of working at their

26    assigned locations. PLAINTIFF and other workers provided services and labor for

27    DEFENDANT customers and were not actually in business for themselves.

28    ///

**CLASS ACTION COMPLAINT**

        ii.        **Plaintiff and Other Members of the California Class Did Not Perform Work Outside the Usual Course of Defendant's Business**

21.    DEFENDANT willfully misclassified PLAINTIFF and other members of the CALIFORNIA CLASS who provided DEFENDANT with housekeeping services for DEFENDANT's clients.   In other words, PLAINTIFF and other similarly situated California workers provided DEFENDANT with work and services within the usual course of DEFENDANT's business.

22.    DEFENDANT markets itself to the public, PLAINTIFF and other members of the CALIFORNIA CLASS as a provider of on-demand house cleaning services. As a result, DEFENDANT unquestionably holds itself out to the public, PLAINTIFF and other members of the CALIFORNIA CLASS as a provider of on-demand housekeeping services. Therefore, the performance of DEFENDANT's housekeeping services by PLAINTIFF and other members of the CALIFORNIA CLASS is not outside DEFENDANT'S usual course of business.

        iii.       **Plaintiff and Other Members of the California Class Were Not Engaged in an Independently Established Trade, Occupation, or Business of the Same Nature as the Work Performed for Defendant**

23.    PLAINTIFF and the other members of the CALIFORNIA CLASS are not and were not engaged in a customarily independently established trade, occupation or business as the same nature of the work performed.

**B.**    **Meal Period Violations**

24.    In California, an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a duty-free meal period of not less than thirty minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. A second duty-free meal period of not less than thirty minutes is required if an employee works more than ten hours per day, except that if the total hours worked is no more than 12 hours, the second duty-free meal period may be waived by mutual consent of the employer and employee only if the first meal period was not waived. Labor Code Section 512.

25.    If an employer fails to provide an employee a duty-free meal period in accordance with

**9**

an applicable IWC Order, the employer must pay one additional hour of pay at the employee's regular rate of pay for each workday that the meal period is not provided. IWC Orders and Labor Code Section 226.7. This additional hour is not counted as hours worked for purposes of overtime calculations.

26.     From time-to-time during the CLASS PERIOD, as a result of their misclassification as independent contractors and their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS members were not provided with a thirty (30) minute duty-free meal period and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS members were required from time-to-time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS members with a second duty-free meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice. Moreover, PLAINTIFF and other members of the CALIFORNIA CLASS were not provided with one-hour wages in lieu of their legally mandated duty-free meal and rest periods.

**C.     Rest Period Violations**

27.     The applicable IWC Wage Order requires that employers must authorize and permit nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of each work period. The rest period is based on the total hours worked daily and must be at the minimum rate of a net ten consecutive minutes for each four-hour work period, or major fraction thereof. The Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a "major fraction" of four. A rest period is not required for employees whose total daily work time is less than three and one-half hours. The rest period is counted as time worked and therefore, the employer must pay for such periods.

28.     If an employer fails to provide an employee a rest period in accordance with an applicable IWC Order, the employer shall pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the rest period is not provided. Labor Code Section 226.7. Thus, if an employer does not provide all of the rest periods required in a workday, the employee is entitled to

1   one additional hour of pay for that workday, not one additional hour of pay for each rest period that

2   was not provided during that workday.

3        29.    From time-to-time during the CLASS PERIOD, as a result of their misclassification as

4   independent contractors and their rigorous work schedules PLAINTIFF and other CALIFORNIA

5   CLASS members were also required to work in excess of four (4) hours without being provided ten

6   (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten

7   (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and

8   second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8)

9   hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten

10  (10) hours or more.  PLAINTIFF and other CALIFORNIA CLASS members were also not provided

11  with one-hour wages in lieu thereof. As a result of their misclassification and rigorous work schedules,

12  PLAINTIFF and other CALIFORNIA CLASS members were from time-to-time denied their proper

13  rest periods by DEFENDANT and DEFENDANT'S managers.

14  **D.**    **Failure to Pay Minimum, Regular and Overtime Wages**

15       30.    From time-to-time during the CLASS PERIOD, DEFENDANT failed to accurately

16  record and pay PLAINTIFF and other CALIFORNIA CLASS members for the actual amount of time

17  these employees work. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT

18  is required to pay PLAINTIFF and other CALIFORNIA CLASS members for all time worked, meaning

19  the time during which an employee was subject to the control of an employer, including all the time

20  the employee was permitted or suffered to permit this work. DEFENDANT required PLAINTIFF and

21  CALIFORNIA CLASS members to work off the clock without paying them for all the time they were

22  under DEFENDANT's control.  PLAINTIFF and other CALIFORNIA CLASS Members also worked

23  more than eight hours in a workday and/or forty hours in a workweek, but DEFENDANT failed to pay

24  these employees overtime pay as DEFENDANT only paid a flat rate or a flat hourly rate for all time

25  worked.  Consequently, PLAINTIFF and other CALIFORNIA CLASS members forfeited minimum

26  wages and overtime wage compensation by working without their time being correctly recorded and

27  without compensation at the applicable rates. DEFENDANT's policy and practice not to pay

28  PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by

1    DEFENDANT's business records. As a result, DEFENDANT failed to compensate PLAINTIFF and

2    the members of the CALIFORNIA CLASS all minimum, regular and overtime wages for all hours

3    worked in violation of Labor Code §§ 1194, 1197, 1197.1, 1198 and 510.

4    **E.    Failure to Reimburse Necessary and Required Business Expenses**

5          31.    Under California Labor Code Section 2802, employers are required to indemnify

6    employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code §

7    2802 expressly states that "an employer shall indemnify his or her employee for all necessary

8    expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

9    duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the

10   employee, at the time of obeying the directions, believed them to be unlawful."

11         32.    From time-to-time during the CLASS PERIOD, DEFENDANT as a matter of corporate

12   policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and

13   indemnify PLAINTIFF and the other CLASS MEMBERS for required business expenses incurred by

14   PLAINTIFF and other the CLASS MEMBERS in direct consequence of discharging their duties on

15   behalf of DEFENDANT.

16         33.    From time-to-time during the CLASS PERIOD, in the course of their employment

17   PLAINTIFF and other CALIFORNIA CLASS members as a business expense, were required by

18   DEFENDANT to use personal cellular phones, personal vehicles, and personal equipment as a result

19   of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or

20   indemnified by DEFENDANT for the cost associated with the use of the personal cellular phones,

21   personal equipment, and personal vehicles for DEFENDANT's benefit. In order to work for

22   DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members were required to use their

23   personal vehicles to travel to different locations each work shift and were also required to use their

24   personal cell phones to review, receive and accept job assignments and as such it is mandatory to have

25   a cell phone.  Additionally, PLAINTIFF and other CALIFORNIA CLASS Members were required to

26   provide their own personal equipment and supplies needed to perform the essential job cleaning duties.

27   As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of

28   the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not

1  limited to, costs related to the use of their personal cellular phones, personal equipment, and personal

2  vehicle on behalf of and for the benefit of DEFENDANT.

3  **F.   Wage Statement Violations**

4      34.   California Labor Code Section 226 requires an employer to furnish its employees an

5  accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

6  number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

7  earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

8  employee and only the last four digits of the employee's social security number or an employee

9  identification number other than a social security number, (8) the name and address of the legal entity

10  that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

11  corresponding number of hours worked at each hourly rate by the employee.

12      35.   From time-to-time during the CLASS PERIOD, as a result of, *inter alia,* of

13  DEFENDANT's intentional and willful misclassification of PLAINTIFF and the members of the

14  CALIFORNIA CLASS as independent contractors rather than employees, DEFENDANT issued

15  inaccurate itemized wages statements to PLAINTIFF and the members of the CALIFORNIA CLASS

16  that failed to accurately showing (1) gross wages earned, (2) total hours worked, (3) the number of

17  piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages earned, (6) the

18  inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the

19  last four digits of the employee's social security number or an employee identification number other

20  than a social security number, (8) the name and address of the legal entity that is the employer and, (9)

21  all applicable hourly rates in effect during the pay period and the corresponding number of hours

22  worked at each hourly rate by the employee.

23      36.   As a result, DEFENDANT issued PLAINTIFF and the other members of the

24  CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.   Further,

25  DEFENDANT's violations are knowing and intentional, were not isolated or due to an unintentional

26  payroll error due to clerical or inadvertent mistake.

27  **G.   Unfair Competition**

28      37.   By reason of this conduct applicable to PLAINTIFF and all the CALIFORNIA CLASS

1   members, DEFENDANT committed acts of unfair competition in violation of the California Unfair

2   Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-

3   wide policy, practice and procedure which failed to correctly classify PLAINTIFF and the

4   CALIFORNIA CLASS members as employees. The proper classification of these employees is

5   DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet

6   this burden, DEFENDANT failed to pay all required wages for work performed by PLAINTIFF and

7   other CALIFORNIA CLASS Members and violated the California Labor Code and regulations

8   promulgated thereunder as herein alleged.

9       38.    PLAINTIFF as a worker for DEFENDANT, was classified by DEFENDANT as an

10  independent contractor and thus did not receive pay for all time worked, including minimum and

11  overtime wages. During the CALIFORNIA CLASS PERIOD, PLAINTIFF was also required to

12  perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving

13  a meal or rest break as evidenced by daily time reports for PLAINTIFF. PLAINTIFF therefore forfeited

14  meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict

15  corporate policy and practice which did not provide for mandatory meal and rest breaks. To date,

16  DEFENDANT has not fully paid PLAINTIFF all wages still owed to her or any penalty wages owed

17  to her under California Labor Code § 203. The amount in controversy for PLAINTIFF individually

18  does not exceed the sum or value of $75,000.

19                    **THE CALIFORNIA CLASS**

20      39.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

21  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action,

22  pursuant to Cal. Code of Civ. Proc. § 382, for violations during the CLASS PERIOD on behalf of the

23  CALIFORNIA CLASS. The amount in controversy for the aggregate claim of CALIFORNIA CLASS

24  Members is under five million dollars ($5,000,000.00).

25      40.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS

26  against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

27      41.    All CALIFORNIA CLASS members who performed and continue to perform this work

28  for DEFENDANT during the CLASS PERIOD are similarly situated in that they are subject to

1   DEFENDANT's policy and practice that required them to perform work without compensation as

2   required by law.

3       42.     During the CLASS PERIOD, DEFENDANT violated the rights of the PLAINTIFF and

4   the CALIFORNIA CLASS members under California law, without limitation, in the following

5   manners:

6           (a)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

7   17200, *et seq.* the ("UCL"), in that DEFENDANT, while acting as employer, devised and implemented

8   a scheme whereby PLAINTIFF and the CALIFORNIA CLASS members are forced to unlawfully,

9   unfairly and deceptively shoulder the cost of DEFENDANT'S wages for all unpaid wages, business

10  related expenses, and DEFENDANT's share of employment taxes, social security taxes, unemployment

11  insurance and workers' compensation insurance;

12          (b)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

13  17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively having in place company policies,

14  practices and procedures that uniformly misclassified PLAINTIFF and the CALIFORNIA CLASS

15  members as independent contractors;

16          (c)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

17  17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively failing to have in place a company

18  policy, practice and procedure that accurately determined the amount of working time spent by

19  PLAINTIFF and the CALIFORNIA CLASS members performing non-exempt employee labor;

20          (d)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

21  17200, *et seq.* the ("UCL"), by failing to provide PLAINTIFF and the other members of the

22  CALIFORNIA CLASS with all legally required meal and rest breaks;

23          (e)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

24  17200, *et seq.* the ("UCL") by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

25  the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job

26  duties; and,

27          (f)     Committing an act of unfair competition in violation of the UCL, by violating

28  Cal. Lab. Code §§ 510, *et seq.*, by failing to pay the correct overtime pay to PLAINTIFF and the

---

**15**

**CLASS ACTION COMPLAINT**

1   members of the CALIFORNIA CLASS who were improperly classified as exempt, and retaining the

2   unpaid overtime to the benefit of DEFENDANT.

3       43.     As a result of DEFENDANT's policies, practices and procedures, there are numerous

4   questions of law and fact common to all CALIFORNIA CLASS members who worked for during the

5   CLASS PERIOD. These questions include, but are not limited, to the following:

6           (a)     Whether PLAINTIFF and other CALIFORNIA CLASS members were

7   misclassified as independent contractors by DEFENDANT;

8           (b)     Whether the PLAINTIFF and the CALIFORNIA CLASS members all afforded

9   all the protections of the California Labor Code that apply when properly classified as non-exempt

10  employees;

11          (c)     Whether DEFENDANT's policies, practices and pattern of conduct described in

12  this Complaint was and is unlawful;

13          (d)     Whether DEFENDANT unlawfully failed to pay their share of state and federal

14  employment taxes as required by state and federal tax laws;

15          (e)     Whether DEFENDANT's policy, practice and procedure of classifying the

16  CALIFORNIA CLASS members as independent contractors exempt from hourly wages laws for all

17  time worked and failing to pay the CALIFORNIA CLASS members all amounts due violates applicable

18  provisions of California State law;

19          (f)     Whether DEFENDANT unlawfully failed to keep and furnish the CALIFORNIA

20  CLASS members with accurate records of all time worked;  ·

21          (g)     Whether DEFENDANT has engaged in unfair competition by the above-listed

22  conduct; and,

23          (h)     Whether DEFENDANT's conduct was willful.

24      44.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action

25  as set forth in Cal. Code of Civ. Proc. § 382, in that:

26          (a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the

27  joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the

28  parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply to every CALIFORNIA CLASS member;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the CALIFORNIA CLASS members, was classified as an independent contractor upon hiring based on the defined corporate policies and practices and labors under DEFENDANT'S procedure that failed to properly classify the PLAINTIFF and the CALIFORNIA CLASS members. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the CALIFORNIA CLASS members were and are similarly or identically harmed by the same unlawful, unfair, deceptive and persuasive pattern of misconduct engaged in by DEFENDANT by deceptively telling all the CALIFORNIA CLASS members that they were not entitled to minimum wages, the employer's share of payment of payroll taxes and mandatory insurance, and reimbursement for business expenses based on the defined corporate policies and practices, and unfairly failed to pay these employees who were improperly classified as independent contractors; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who is competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the CALIFORNIA CLASS members that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the CALIFORNIA CLASS.

45.    In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

(i)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties

1   opposing the CALIFORNIA CLASS; and/or,

2           (ii)    Adjudication with respect to individual members of the CALIFORNIA

3   CLASS which would as a practical matter be dispositive of the interests of the other members not party

4   to the adjudication or substantially impair or impeded their ability to protect their interests.

5           (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds generally

6   applicable to the CALIFORNIA CLASS making appropriate class-wide relief with respect to the

7   CALIFORNIA CLASS as a whole in that DEFENDANT uniformly classified and treated the

8   CALIFORNIA CLASS Members as independent contractors and, thereafter, uniformly failed to take

9   proper steps to determine whether the CALIFORNIA CLASS members were properly classified as

10  independent contractors, and thereby denied these employees' wages and payments for business

11  expenses and the employer's share of payroll taxes and mandatory insurance as required by law.

12          (i)     With respect to the First Cause of Action, the final relief on behalf of the

13  CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the

14  PLAINTIFF seeks declaratory relief holding that DEFENDANT's policies and practices constitute

15  unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct

16  declared to constitute unfair competition.

17          (c)    Common questions of law and fact exist as to members of the CALIFORNIA

18  CLASS with respect to the practices and violations of California and federal law as listed above, and

19  predominate over any question affecting only individual members, and a Class Action is superior to

20  other available methods for the fair and efficient adjudication of the controversy, including consideration

21  of:

22          (i)     The interest of the CALIFORNIA CLASS members in individually

23  controlling the prosecution or defense of separate actions;

24          (ii)    The extent and nature of any litigation concerning the controversy already

25  commenced by or against members of the CALIFORNIA CLASS;

26          (iii)   In the context of wage litigation because as a practical matter a substantial

27  number of individual CALIFORNIA CLASS members will avoid asserting their legal rights out of fear

28  of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or

**18**

1   with a subsequent employer, the Class Action is the only means to assert their claims through a
2   representative;

3                   (iv)    The desirability or undesirability of concentration the litigation of the
4   claims in the particular forum;

5                   (v)     The difficulties likely to be encountered in the management of a Class
6   Action; and,

7                   (vi)    The basis of DEFENDANT'S policies and practices applied to all the
8   CALIFORNIA CLASS members.

9       46.     The Court should permit this Action to be maintained as a Class Action pursuant to Cal.
10  Code of Civ. Proc. § 382 because:

11              (a)     The questions of law and fact common to the CALIFORNIA CLASS
12  predominate over any question affecting only individual members;

13              (b)     A Class Action is superior to any other available method for the fair and efficient
14  adjudication of the claims of the members of the CALIFORNIA CLASS;

15              (c)     The CALIFORNIA CLASS members are so numerous that it is impractical to
16  bring all CALIFORNIA CLASS members before the Court;

17              (d)     PLAINTIFF, and the CALIFORNIA CLASS Members, will not be able to obtain
18  effective and economic legal redress unless the action is maintained as a Class Action;

19              (e)     There is a community of interest in obtaining appropriate legal and equitable
20  relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining
21  adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon
22  the CALIFORNIA CLASS;

23              (f)     There is a community of interest in ensuring that the combined assets and
24  available insurance of DEFENDANT are sufficient to adequately compensate the CALIFORNIA
25  CLASS members for any injuries sustained;

26              (g)     DEFENDANT has acted or has refused to act on grounds generally applicable to
27  the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the
28  CLASS as a whole;

**CLASS ACTION COMPLAINT**

1            (h)     The members of the CALIFORNIA CLASS are readily ascertainable from the

2    business records of DEFENDANT; and,

3            (i)     Class treatment provides manageable judicial treatment calculated to bring an

4    efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of

5    DEFENDANT's conduct as to the CALIFORNIA CLASS Members.

6         47.    DEFENDANT maintain records from which the Court can ascertain and identify by

7    name and job title, each of DEFENDANT's employees who have been intentionally subjected to

8    DEFENDANT's corporate policies, practices and procedures as herein alleged. PLAINTIFF will seek

9    leave to amend the complaint to include any additional job titles of similarly situated employees when

10   they have been identified.

11   **THE CALIFORNIA LABOR SUB-CLASS**

12        48.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth

13   Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA

14   CLASS who are or previously were employed by DEFENDANT in California as independent

15   contractors (the "CALIFORNIA LABOR SUB-CLASS) at any time during the period three (3) years

16   prior to the filing of the Complaint and ending on the date as determined by the Court (the

17   "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc § 382. The

18   amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is

19   under five million dollars ($5,000,000.00).

20        49.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation

21   of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC")

22   Wage Order requirements intentionally, knowingly, and willfully, on the basis of job title alone and

23   without regard to the actual overall requirements of the job, systematically classified PLAINTIFF and

24   the other members of the CALIFORNIA LABOR SUBCLASS as independent contractors in order to

25   avoid the payment of all wages, and in order to avoid the obligations under the applicable California

26   Labor Code provisions. To the extent equitable tolling operates to toll claims by the CALIFORNIA

27   LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD

28   should be adjusted accordingly.

50.     DEFENDANT maintain records from which the Court can ascertain and identify by job title each of DEFENDANT'S employees who as CALIFORNIA LABOR SUB-CLASS Members have been systematically, intentionally and uniformly misclassified as independent contractors as a matter of DEFENDANT's corporate policy, practices and procedures. PLAINTIFF will seek leave to amend the complaint to include these additional job titles when they have been identified.

51.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

52.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by misclassifying and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for which DEFENDANT is liable;

(b)     Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for a workday longer than eight (8) hours and/or a workweek longer than forty (40) hours for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(c)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(d)     Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS who were improperly classified as independent contractors with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee;

(e)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(f)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an

employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

53.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR 19 SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all other members of the CALIFORNIA LABOR SUB-CLASS was improperly classified as an independent contractor and was thus denied minimum wage pay and meal and rest breaks, among other things, as a result of DEFENDANT's systematic classification practices. PLAINTIFF and all other members of the CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's violations of the laws of California; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

54.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive,

**CLASS ACTION COMPLAINT**

1    statutory and other legal questions within the class format, prosecution of separate actions by individual

2    members of the CALIFORNIA LABOR SUBCLASS will create the risk of: 1) Inconsistent or varying

3    adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which

4    would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR

5    SUB-CLASS; or, 2) Adjudication with respect to individual members of the CALIFORNIA LABOR

6    SUB-CLASS which would as a practical matter be dispositive of interests of the other members not

7    party to the adjudication or substantially impair or impede their ability to protect their interests.

8               (b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or

9    refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making

10   appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in

11   that the DEFENDANT uniformly classified and treated the members of the CALIFORNIA LABOR

12   SUB-CLASS as independent contractors and, thereafter, uniformly failed to take proper steps to

13   determine whether the CALIFORNIA LABOR SUBCLASS Members were properly classified as

14   independent contractors, and thereby denied these employees the protections afforded to them under

15   the California Labor Code;

16              (c)     Common questions of law and fact predominate as to the members of the

17   CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as

18   listed above, and predominate over any question affecting only individual CALIFORNIA LABOR

19   SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and

20   efficient adjudication of the controversy, including consideration of:

21                     i)      The interests of the members of the CALIFORNIA LABOR SUB-

22   CLASS in individually controlling the prosecution or defense of separate actions in that the substantial

23   expense of individual actions will be avoided to recover the relatively small amount of economic losses

24   sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the

25   substantial expense and burden of individual prosecution of this litigation;

26                     ii)     Class certification will obviate the need for unduly duplicative litigation

27   that would create the risk of:

28                            A.     Inconsistent or varying adjudications with respect to individual

23

1  members of the CALIFORNIA LABOR SUBCLASS, which would establish incompatible standards

2  of conduct for the DEFENDANT; and/or,

3             B.      Adjudications with respect to individual members of the

4  CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the

5  other members not parties to the adjudication or substantially impair or impede their ability to protect

6  their interests;

7             iii)     In the context of wage litigation because a substantial number of

8  individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of

9  fear of retaliation by DEFENDANT, which may adversely affect an individual's job with

10  DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims

11  through a representative; and,

12             iv)     A class action is superior to other available methods for the fair and

13  efficient adjudication of this litigation because class treatment will obviate the need for unduly and

14  unnecessary duplicative litigation that is likely to result in the absence of certification of this action

15  pursuant to Cal. Code of Civ. Proc. § 382.

16      55.    This Court should permit this action to be maintained as a Class Action pursuant to Cal.

17  Code of Civ. Proc. § 382 because:

18          (a)     The questions of law and fact common to the CALIFORNIA LABOR SUB-

19  CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS

20  Members;

21          b)     A Class Action is superior to any other available method for the fair and efficient

22  adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the

23  context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-

24  CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse

25  impact on their employment;

26          (c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that

27  it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

28          (d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members,

**24**

**CLASS ACTION COMPLAINT**

will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT'S actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## JURISDICTION AND VENUE

56.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is brought as a Class Action on behalf PLAINTIFF and on behalf of similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. Section 382.

57.     Venue is proper in this Court pursuant to Cal. Code of Civ. Proc. Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained its principal offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

**FIRST CAUSE OF ACTION**

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFF and the CALIFORNIA CLASS Against All DEFENDANT)**

58.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

59.     DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code § 17021.

60.     Section 17200 of the California Business & Professions Code defines unfair competition as any unlawful, unfair or fraudulent business act or practice. Section 17200 applies to violations of labor laws in the employment context. Section 17203 authorizes injunctive, declaratory and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may take such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

> California Business & Professions Code § 17203.

61.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to the applicable Industrial Wage Orders, the California Labor Code including Sections 204, 210, 221, 226.7, 226.8, 510, 512, 1194, 1197, 1197.1, 1198, & 2802, and California Code of Regulations § 11090, for which this Court should issue declaratory, injunctive, and other equitable relief, pursuant to Cal. Bus. & Prof § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld, business expenses wrongfully withheld and for the payment

1   of the employer's share of income taxes, social security taxes, unemployment insurance and workers'

2   compensation insurance.

3        62.    By the conduct alleged herein DEFENDANT has obtained valuable property, money,

4   and services from PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived

5   them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

6   DEFENDANT so as to allow DEFENDANT to unfairly compete. Declaratory and injunctive relief is

7   necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not

8   afford adequate and complete relief.

9        63.    All the acts described herein as violations of, among other things, the California Labor

10   Code, California Code of Regulations and the Industrial Welfare Commission Wage Orders, were

11   unlawful, were in violation of public policy, were immoral, unethical, oppressive, and unscrupulous,

12   and were likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business

13   practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq.*

14        64.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent

15   in that DEFENDANT's policy and practice was to represent to the CALIFORNIA CLASS Members

16   that they were not entitled to overtime and minimum wages, payment for payroll taxes or mandatory

17   insurance and other benefits as required by California law, when in fact these representations were false

18   and likely to deceive and for which this Court should issue injunctive and equitable relief, pursuant to

19   Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

20        65.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

21   deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members

22   of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

23        66.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

24   do, seek such relief as may be necessary to restore to them the money and property which

25   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

26   CLASS have been deprived, by means of the above described unlawful and unfair business practices,

27   including earned but unpaid wages for all time worked.

28        67.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

1 | and do, seek a declaration that the described business practices were unlawful, unfair and deceptive,

2 | and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful

3 | and unfair business practices in the future.

4 |      68.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

5 | deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally

6 | required meal and rest breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as

7 | required by Cal. Lab. Code §§ 226.7 and 512.

8 |      69.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

9 | CALIFORNIA CLASS member, minimum wages, payment for the employer's share of payroll taxes

10 | and mandatory insurance, and one (1) hour of pay for each workday in which an off-duty meal period

11 | was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday

12 | in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

13 |      70.    PLAINTIFF further demands on behalf of herself and each member of the

14 | CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not timely

15 | provided as required by law.

16 |      71.    By and through the unlawful and unfair business practices described herein,

17 | DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other

18 | members of the CALIFORNIA CLASS, including earned wages for all time worked and has deprived

19 | them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these

20 | employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete

21 | against competitors who comply with the law.

22 |      72.    All the acts described herein as violations of, among other things, the Industrial Welfare

23 | Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are

24 | unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are

25 | deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal.

26 | Bus. & Prof. Code §§ 17200 *et seq.*

27 |      73.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

28 | do, seek such relief as may be necessary to restore to them the money and property which

1  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

2  CLASS have been deprived, by means of the above described unlawful and unfair business practices.

3       74.  PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

4  and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and

5  that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and

6  unfair business practices in the future.

7       75.  PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

8  and/or adequate remedy at law that will end the unlawful and unfair business practices of

9  DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result

10  of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of

11  the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic

12  harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair

13  business practices.

14  **SECOND CAUSE OF ACTION**

15  **For Failure to Pay Minimum Wages**

16  **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

17  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

18       76.  PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

19  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

20  Complaint.

21       77.  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring

22  a claim for DEFENDANT'S willful and intentional violations of the California Labor Code and the

23  Industrial Welfare Commission requirements for DEFENDANT'S failure to accurately calculate and

24  pay minimum wages to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members.

25       78.  Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public

26  policy, an employer must timely pay its employees for all hours worked.

27       79.  Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

28  commission is the minimum wage to be paid to employees, and the payment of a less wage than the

29

1    minimum so fixed in unlawful.

2        80.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

3    including minimum wage compensation and interest thereon, together with the costs of suit.

4        81.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members

5    of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked.

6    As set forth herein, DEFENDANT'S policy and practice was to unlawfully and intentionally deny

7    timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR

8    SUB-CLASS.

9        82.    DEFENDANT'S uniform pattern of unlawful wage and hour practices manifested,

10   without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

11   implementing a policy and practice that denied accurate compensation to PLAINTIFF and the other

12   members of the CALIFORNIA LABOR SUB-CLASS regarding minimum wage pay.

13       83.    In committing these violations of the California Labor Code, DEFENDANT inaccurately

14   calculate the correct time worked and consequently underpays the actual time worked by PLAINTIFF

15   and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal

16   attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor

17   Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

18       84.    As a direct result of DEFENDANT'S unlawful wage practices as alleged herein,

19   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive the

20   correct minimum wage compensation for their time worked for DEFENDANT.

21       85.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other

22   members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were

23   entitled to, constituting a failure to pay all earned wages.

24       86.    By virtue of DEFENDANT'S unlawful failure to accurately pay all earned compensation

25   to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time

26   they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have

27   suffered and will continue to suffer an economic injury in amounts which are presently unknown to

28   them and which will be ascertained according to proof at trial.

CLASS ACTION COMPLAINT

87.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members for their labor and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

88.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

89.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT'S conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

/ / /

1

## THIRD CAUSE OF ACTION

2

### For Failure to Pay Overtime Wages

3

**[Cal. Lab. Code §§ 510, 1194, & 1198]**

4

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

5       90.     PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members reallege and

6    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

7       91.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT failed to pay

8    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members overtime wages for the time they

9    worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 &

10   1198, even though PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members were regularly

11   required to work, and did in fact work, overtime that DEFENDANT never recorded as evidenced by

12   DEFENDANT'S business records and witnessed by DEFENDANT'S employees.

13      92.     By virtue of DEFENDANT'S unlawful failure to pay compensation to PLAINTIFF and

14   the CALIFORNIA CLASS Members for all overtime worked by these employees, PLAINTIFF and

15   CALIFORNIA LABOR SUB-CLASS Members have suffered, and will continue to suffer, an

16   economic in amounts which are presently unknown to them and which can be ascertained according to

17   proof at trial.

18      93.     DEFENDANT knew or should have known that PLAINTIFF and the CALIFORNIA

19   CLASS Members were misclassified as independent contractors and DEFENDANT elected, either

20   through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of

21   corporate policy, practice and procedure.

22      94.     PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members therefore request

23   recovery of all compensation according to proof, interest, costs, as well as the assessment of any

24   statutory penalties against DEFENDANT in a sum as provided by the California Labor Code and/or

25   other statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA

26   LABOR SUB-CLASS Members who have terminated their employment, these employees would also

27   be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein.

28   Further, PLAINTIFF and the CALIFORNIA LABOR SUBCLASS Members are entitled to seek and

**CLASS ACTION COMPLAINT**

1    recover statutory costs.

2         95.    In performing the acts and practices herein alleged in violation of California labor laws,

3    and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime

4    worked and provide them with the requisite overtime compensation, DEFENDANT acted and

5    continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

6    members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their

7    legal rights, or the consequences to them, and with the despicable intent of depriving them of their

8    property and legal rights, and otherwise causing them injury in order to increase corporate profits at the

9    expense of these employees.

10                          **FOURTH CAUSE OF ACTION**

11                    **For Failure to Provide Required Meal Periods**

12                       **[Cal. Lab. Code §§ 226.7 & 512]**

13            **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

14                                  **DEFENDANT)**

15        96.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

16    reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

17    Complaint.

18        97.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, from time to time,

19    DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the

20    other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

21    Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-

22    CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the

23    legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and

24    other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of

25    duty by DEFENDANT for their meal periods. Additionally, DEFENDANT'S failure to provide

26    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal

27    breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT'S business records. As a

28    result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore

forfeited meal breaks without additional compensation and in accordance with DEFENDANT'S strict corporate policy and practice.

98.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

99.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### For Failure to Provide Required Rest Periods

### [Cal. Lab. Code §§ 226.7 & 512]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)

100.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

101.    From time to time, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA LABOR SUBCLASS Members were also not provided with one-hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT'S managers.

102.    88. DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

1  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

2  Members who were not provided a rest period, in accordance with the applicable Wage Order, one

3  additional hour of compensation at each employee's regular rate of pay for each workday that rest

4  period was not provided.

5       103.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

6  LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek

7  all wages earned and due, interest, penalties, expenses and costs of suit.

8  **SIXTH CAUSE OF ACTION**

9  **For Failure to Provide Accurate Itemized Statements**

10  **[Cal. Lab. Code § 226]**

11  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

12       104.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

13  reallege and incorporate by this reference, as though fully set forth herein, the prior of this Complaint.

14       105.    California Labor Code Section 226 requires an employer to furnish its employees an

15  accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

16  number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

17  earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

18  employee and only the last four digits of the employee's social security number or an employee

19  identification number other than a social security number, (8) the name and address of the legal entity

20  that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

21  corresponding number of hours worked at each hourly rate by the employee.

22       106.    From time-to-time during the CALIFORNIA LABOR SUB-CLASS PERIOD,

23  DEFENDANT issued inaccurate itemized wages statements to PLAINTIFF and the members of the

24  CALIFORNIA LABOR SUB-CLASS that failed to accurately showing (1) gross wages earned, (2)

25  total hours worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all

26  deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,

27  (7) the name of the employee and only the last four digits of the employee's social security number or

28  an employee identification number other than a social security number, (8) the name and address of the

35
**CLASS ACTION COMPLAINT**

1  legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay period and

2  the corresponding number of hours worked at each hourly rate by the employee.

3      107.    As a result, DEFENDANT issued PLAINTIFF and the other members of the

4  CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.   Further,

5  DEFENDANT'S violations are knowing and intentional, were not isolated or due to an unintentional

6  payroll error due to clerical or inadvertent mistake.

7      108.    DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226,

8  causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS.

9  These damages include, but are not limited to, costs expended calculating the true amount of time

10  worked and the amount of employment taxes which were not properly paid to state and federal tax

11  authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members

12  of the CALIFORNIA LABOR SUB-CLASS elect to recover liquidated damages of $50.00 for the

13  initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay

14  period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no

15  event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR

16  SUB-CLASS herein).

17                    **SEVENTH CAUSE OF ACTION**

18              **For Failure to Reimburse Employees for Required Expenses**

19                        **[Cal. Lab. Code § 2802]**

20  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

21      109.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and

22  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 79 of this Complaint.

23      110.    Cal. Lab. Code § 2802 provides, in relevant part, that:

24              An employer shall indemnify his or her employee for all necessary

25              expenditures or losses incurred by the employee in direct consequence of

26              the discharge of his or her duties, or of his or her obedience to the directions

27              of the employer, even though unlawful, unless the employee, at the time of

28              obeying the directions, believed them to be unlawful.

111.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT'S benefit. Specifically, DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, the cost associated with the use of their personal cellular phones, personal equipment, and personal vehicles for DEFENDANT'S benefit. In order to work for DEFENDANT, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required to use their personal vehicles to travel and to use DEFENDANT'S mobile application and as such it is mandatory to have a cell phone that is compatible with DEFENDANT'S mobile application. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which included, but were not limited to, the costs related to the use of their personal cellular phones, personal equipment, and personal vehicles all on behalf of and for the benefit of DEFENDANT. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are also not reimbursed or indemnified by DEFENDANT for the cost associated with using their personal vehicles while driving for DEFENDANT. Moreover, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also required to provide their own cleaning supplies and equipment necessary to perform the essential job duties. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to travel all on behalf of and for the benefit of DEFENDANT. These expenses are necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT'S conduct to assert any waiver of this expectation. Although these expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

112.   PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for

1   DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate

2   and costs under Cal. Lab. Code § 2802.

### EIGHTH CAUSE OF ACTION

**For Failure to Pay Wages When Due**

**[Cal. Lab. Code §§ 201, 202 and 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

7       113.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

8   reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this

9   Complaint.

10       114.   Cal. Lab. Code § 200 states that:

11           As used in this article:

12               (a)  "Wages"  includes  all  amounts  for  labor  performed  by

13           employees of every description, whether the amount is fixed or ascertained

14           by the standard of time, task, piece, Commission basis, or other method of

15           calculation.

16               (b) "Labor" includes labor, work, or service whether rendered or

17           performed under contract, subcontract, partnership, station plan, or other

18           agreement if the labor to be paid for is performed personally by the person

19           demanding payment.

20       115.   Cal. Lab. Code § 201 states, in relevant part, that "If an employer discharges an

21   employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

22       116.   Cal. Lab. Code § 202 states, in relevant part, that:

23           If an employee not having a written contract for a definite period quits his

24           or her employment, his or her wages shall become due and payable not later

25           than 72 hours thereafter, unless the employee has given 72 hours previous

26           notice of his or her intention to quit, in which case the employee is entitled

27           to his or her wages at the time of quitting. Notwithstanding any other

28           provision of law, an employee who quits without providing a 72-hour notice

shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within72 hours of the notice of quitting.

117. There was no definite term in PLAINTIFF's or any other CALIFORNIA LABOR SUB-CLASS Members' employment contract.

118. Cal. Lab. Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

119. The employment of PLAINTIFF and many other CALIFORNIA LABOR SUB-CLASS Members has terminated, yet as to those individuals whose employment terminated, DEFENDANT did not timely tender payment of all wages owed as required by law.

120. Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment terminated, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all individuals in the CALIFORNIA LABOR SUB-CLASS who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD plus interest and statutory costs as allowed.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT

#### (Cal. Lab. Code §§2698 et seq.)

#### (Alleged by PLAINTIFF against all Defendants)

121. PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

122.   PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who does so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code. In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." (Stats. 2003, ch. 906, § 1).   Accordingly, PAGA claims cannot be subject to arbitration.

123.   PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, bring this Representative Action on behalf of the State of California with respect to themselves and all individuals who worked for DEFENDANT in California as independent contractors during the time period of January 28, 2021 until the present (the "AGGRIEVED EMPLOYEES").

124.   On January 28, 2022, PLAINTIFF gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.   See Exhibit #1, attached hereto and incorporated by this reference herein.   The statutory waiting period for Plaintiff to add these allegations to the Complaint has expired.   As a result, pursuant to Section 2699.3, Plaintiff may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

125.   The policies, acts and practices heretofore described were and are an unlawful business act or practice because DEFENDANT misclassified Plaintiff and AGGRIEVED EMPLOYEES as independent contractors, and therefore (a) failed to properly record and pay PLAINTIFF and the other AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime hours in violation of the Wage Order, (b) failed to provide accurate itemized wage statements, (c) failed to provide mandatory meal breaks and rest breaks, (d) failed to pay meal and rest break premiums, (e) failed to timely pay wages at the correct rate, all in violation of the applicable Labor Code sections listed in Labor Code §2699.5, including but not limited to Labor Code §§ 201, 201.3, 202, 203, 204, 210, 218.5, 218.6, 226,

226.2, 226.3, 226.7, 246, 510, 512, 558, 1174(d), 1174.5, 1194, 1197, 1197.1, 1197.14, 1198, 1199, 2802, and 2804, and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such conduct. PLAINTIFF hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each DEFENDANT, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A)  That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)  An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)  An order requiring DEFENDANT to pay minimum and overtime wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)  Restitutionary disgorgement of DEFENDANT'S ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT'S violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)  That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)  Compensatory damages, according to proof at trial, including compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C)  The wages of all terminated individuals in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is

1  commenced, in accordance with Cal. Lab. Code § 203;

2         D)     The greater of all actual damages or fifty dollars ($50) for the initial pay period

3  in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA

4  LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty

5  of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

6         E)     Meal and rest period compensation pursuant to California Labor Code Section

7  226.7 and the applicable IWC Wage Order;

8         F)     The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

9  LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

10         G) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197.

11  3.     On behalf of the State of California and with respect to all AGGRIEVED

12  EMPLOYEES: Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

13  General Act of 2004;

14  4.     On all claims:

15         A)     An award of interest, including prejudgment interest at the legal rate;

16         B)     Such other and further relief as the Court deems just and equitable; and,

17         C)     An award of penalties, attorneys' fees and cost of suit, as allowable under the

18  law, including, but not limited to, pursuant to Labor Code §226, §1194, and/or §2802.

19

20  Dated: April 4, 2022                     Respectfully Submitted,

21                                    JCL LAW FIRM, A.P.C.

22

23                                  By: _____

24                                  Jean-Claude Lapuyade

25                                  Attorneys for PLAINTIFF

26

27

28

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2     PLAINTIFF demands a jury trial on all issues triable to a jury.

3

4     Dated: April 4, 2022                                    Respectfully Submitted,
                                                              JCL LAW FIRM, A.P.C.
5

6                                                             By: _____
7                                                             Jean-Claude Lapuyade
                                                              Attorneys for PLAINTIFF
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



January 28, 2022

**Via Online Filing to LWDA and Certified Mail to Defendant**
**Labor and Workforce Development Agency**
Online Filing

**HOMEAGLOW INC.**
c/o Registered Agents Inc.
1401 21st Street, Suite R
Sacramento, CA 95811
*Sent Via Certified Mail & Receipt No. 7021 2720 0000 9972 5450*

Re:   **Notice of Violations of California Labor Code Sections 201, 201.3, 202, 203, 204, 210, 218.5, 218.6, 226, 226.2, 226.3, 226.7, 246, 510, 512, 558, 1174(d), 1174.5, 1194, 1197, 1197.1, 1197.14, 1198, 1199, 2802, and 2804, Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant to California Labor Code Section 2699.5**

Dear Sir/Madam:

Our offices represent Plaintiff JEANETTE GOMES ("Plaintiff"), and other aggrieved employees in a proposed lawsuit against Defendant HOMEAGLOW INC. ("Defendant"). This office intends to file the enclosed Class Action Complaint on behalf of Client and other similarly situated employees. The purpose of this correspondence is to provide the Labor and Workforce Development Agency with notice of alleged violations of the California Labor Code and certain facts and theories in support of the alleged violations in accordance with Labor Code section 2699.3.

Plaintiff worked for Defendant in California from October of 2021 to November of 2021. Plaintiff was classified by Defendant as an independent contractor, however the job duties performed by Plaintiff and other aggrieved employees did not entitle Defendant to claim any exemption from minimum wage and overtime compensation and providing meal periods to Plaintiff or any of the other workers who were classified as independent contractors. As a result, Plaintiff and other aggrieved employees worked time for which they were unlawfully not paid the correct minimum wage and overtime compensation. Further, Plaintiff and other aggrieved employees were not provided with the legally required meal and rest breaks in accordance with California law. Additionally, Plaintiff contends that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiff began and ended each shift and meal period.

As a consequence of the aforementioned violations, Plaintiff further contends that Defendant failed to provide accurate wage statements to her, and other aggrieved employees, in violation of California Labor Code section 226(a). Said conduct, in addition to the foregoing Labor Code §§ 201, 201.3, 202, 203, 204, 210, 218.5, 218.6, 226, 226.2, 226.3, 226.7, 246, 510, 512, 558, 1174(d), 1174.5, 1194, 1197, 1197.1, 1197.14, 1198, 1199, 2802, and 2804, violates

Page 2 of 2
January 28, 2022

the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

**Plaintiff seeks to represent a group of aggrieved employees defined as all non-exempt employees, exempt employees, and individuals classified as independent contractors who worked for Defendant in California during the relevant claim period.**

A true and correct copy of the proposed Complaint by Plaintiff against Defendant, which (1) identifies the alleged violations, (2) details the facts and theories which support the alleged violations, (3) details the specific work performed by Plaintiff, (4) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (5) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

To the extent that entities and/or individuals are named and charged with violations of the Labor Code—making them liable on an individual basis as permitted by numerous Labor Code Sections including, but not limited to 558, 558.1, and 1197.1—Plaintiff reserves any and all rights to add, substitute, or change the name of employer entities and/or individuals responsible for the violations at issue.

Any further amendments and changes to this notice shall relate back to the date of this notice. Consequently, Defendant is on notice that Plaintiff continues her investigation, with the full intent to amend and/or change this notice, to add any undiscovered violations of any of the provisions of the California Labor Code—to the extent that are applicable to this case—and to change and/or add the identities of any entities and/or individuals responsible for the violations contained herein.

This notice is provided to enable Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code section 2695, *et seq.* The lawsuit consists of other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees.

Your earliest response to this notice is appreciated. If you have any questions or concerns, please do not hesitate to contact me at the above number and address.

Very truly yours,
JCL LAW FIRM, APC

Jean-Claude Lapuyade, Esq.

Enclosure (1)

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

Attorneys for Plaintiff JEANETTE GOMES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| JEANETTE GOMES, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOMEAGLOW INC., a Delaware corporation; and DOES 1 through 30, Inclusive;<br><br>DEFENDANT. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*<br>4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>6. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7. FAILURE TO REIMBURSE EMPLOYEES FO REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; |

1

8. FAILURE TO PROVIDE WAGES WHEN DUE
IN VIOLATION OF CAL. LAB. CODE §§ 201,
202 AND 203.

**DEMAND FOR JURY TRIAL**

Plaintiff JEANETTE GOMES ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except her own acts and knowledge which are based on personal knowledge, the following:

## INTRODUCTION

1.     PLAINTIFF is an individual who works as a housekeeper in California for defendant HOMEAGLOW INC. ("DEFENDANT"). PLAINTIFF alleges that DEFENDANT has violated and continues to violate the California Labor Code protections applicable to California employees because DEFENDANT has misclassified its California employees as independent contractors.  In order to provide services to their customers, DEFENDANT hires California workers to aid DEFENDANT in providing services in the usual course of DEFENDANT's on-demand home cleaning service business to their clients. DEFENDANT controlled and directed the work performed by PLAINTIFF and the other similarly situated misclassified California workers by, among other things, scheduling hours of work, providing job site information, and issuing written policies and procedures for the performance of work and conduct in the workplace. PLAINTIFF and the other similarly situated misclassified California workers are not and were not engaged in a customarily independently established trade, occupation or business as the same nature of the work performed.  The costs, as proscribed by law, of the personnel hired to work for DEFENDANT, includes not only the pay of these employees but the cost of the employer's share of tax payments to the federal and state governments for income taxes, social security taxes, Medicare insurance, unemployment insurance and payments for workers' compensation insurance.  To avoid the payment of these legally proscribed expenses to the fullest extent possible, DEFENDANT devised a scheme to place the responsibility for the payment of these costs and expenses of DEFENDANT on the shoulders of PLAINTIFF and other similarly situated California employees. As employer, DEFENDANT is legally responsible for the payment of all these expenses. This lawsuit is brought in order to collect the wages due to PLAINTIFF and all those similarly situated misclassified independent contractors as DEFENDANT's employees, the cost of

2

the employer's share of payments to the federal and state governments for income taxes, social security taxes, Medicare insurance, unemployment insurance and payments for workers' compensation insurance, plus penalties and interest.

## THE PARTIES

2.      DEFENDANT is a Delaware corporation, that at all relevant times mentioned herein conducted and continues to conduct substantial business in the State of California, County of San Joaquin, and provides home cleaning services.

3.      DEFENDANT utilizes independent contractors, rather than employees, to provide its clients with on-demand home cleaning services.

4.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of DEFENDANT DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these DEFENDANT by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief allege, that the DEFENDANT named in this Complaint, including DOES 1 through 50, inclusive (hereinafter collectively "DEFENDANT" and/or "DEFENDANT"), are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

5.      The agents, servants and/or employees of the DEFENDANT and each of them acting on behalf of the DEFENDANT acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the DEFENDANT, and personally participated in the conduct alleged herein on behalf of the DEFENDANT with respect to the conduct alleged herein. Consequently, the acts of DEFENDANT are legally attributable to the other and all DEFENDANTS are jointly and severally liable to PLAINTIFF and those similarly situated, for the loss sustained as a proximate result of the conduct of the DEFENDANT's agents, servants and/or employees.

6.      DEFENDANT was PLAINTIFF's employer or persons acting on behalf of PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating

1    hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to

2    civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

3        7.    DEFENDANT was PLAINTIFF's employer or persons acting on behalf of

4    PLAINTIFF's employer either individually or as an officer, agent, or employee of another person,

5    within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee

6    a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties

7    for each underpaid employee.

8        8.    PLAINTIFF worked as a housekeeper for DEFENDANT from October of 2021 to

9    November of 2021 and was at all times during her employment classified by DEFENDANT as an

10   independent contractor.

11       9.    PLAINTIFF brings this Class Action on behalf of herself and on behalf of all of

12   individuals who worked for DEFENDANT in California as independent contractors ("CALIFORNIA

13   CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint

14   and ending on the date as determined by the Court (the "CLASS PERIOD").  The amount in

15   controversy for the aggregate claim of CALIFORNIA CLASS members is under five million dollars

16   ($5,000,000.00).

17       10.   DEFENDANT's uniform policies and practices alleged herein were unlawful, unfair

18   and deceptive business practices whereby DEFENDANT retained and continues to retain wages and

19   other benefits due to PLAINTIFF and the other members of the CALIFORNIA CLASS.

20       11.   PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction

21   enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other

22   members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past

23   and current unlawful conduct, and all other appropriate legal and equitable relief.

24                              **THE CONDUCT**

25   **A.    Misclassification**

26       12.   DEFENDANT engaged in a pattern and practice of misclassifying California workers

27   as independent contractors, hired to perform work and services core to DEFENDANT's businesses, in

28   violation of California Labor Code Section 226.8. California Labor Code Section 226.8 provides that

1    "[i]t is unlawful for any person or employer to engage in …[w]illful misclassification of an individual

2    as an independent contractor." The penalty for willful misclassification of employees is a "civil penalty

3    of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for

4    each violation, in addition to any other penalties or fines permitted by law." It is further provided that,

5    in the event that an employer is found to have engaged in "a pattern or practice of these violations," the

6    penalties increase to "not less than ten thousand dollars ($10,000) and not more than twenty-five

7    thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by

8    law." Cal. Labor Code § 226.8.

9          13.    Similarly, PLAINTIFF and other members of the CALIFORNIA CLASS were not

10    compensated overtime wages for any of their time spent working in excess of eight (8) hours in a

11    workday, twelve (12) hours in a workday, and/or forty (40) hours in a workweek. PLAINTIFF and

12    other members of the CALIFORNIA CLASS were paid the hourly rate to perform labor services on

13    DEFENDANT's behalf. PLAINTIFF and other workers were not compensated any other wages besides

14    the non-negotiable hourly rate, and they were not allowed to record their time while they waited for

15    DEFENDANT to give them work.  DEFENDANT did not pay PLAINTIFF and other CALIFORNIA

16    CLASS members for the time spent driving to and from jobs, the materials required to perform the

17    jobs, and all the other time they spent working for DEFENDANT outside of the job assignment they

18    were placed at with DEFENDANT's third-party customers. The finite set of tasks required to be

19    performed by the workers is, when notified via cell phone, travel to DEFENDANT's customers to

20    perform jobs, including but not limited to, residential housekeeping, all in accordance with

21    DEFENDANT's business practices and policies.

22          14.    As a result, stripped of all the legal fictions and artificial barriers to an honest

23    classification of the relationship between PLAINTIFF and all the other members of the CALIFORNIA

24    CLASS on the one hand, and DEFENDANT on the other hand, PLAINTIFF and all the other members

25    of the CALIFORNIA CLASS are and were employees of DEFENDANT and not independent

26    contractors of DEFENDANT and should therefore be properly classified as non-exempt, hourly

27    employees.

28          15.    The finite set of tasks required of PLAINTIFF and the other CALIFORNIA CLASS

1    members as defined by DEFENDANT was executed by them through the performance of non-exempt

2    labor.

3         16.    Although PLAINTIFF and the other CALIFORNIA CLASS members performed non-

4    exempt labor subject to DEFENDANT's complete control over the manner and means of performance,

5    DEFENDANT instituted a blanket classification policy, practice and procedure by which all of these

6    CALIFORNIA CLASS Members were classified as "independent contractors" exempt from

7    compensation for overtime worked, meal breaks and rest breaks, and reimbursement for business

8    related expenses. By reason of this uniform misclassification, the CALIFORNIA CLASS Members

9    were also required to pay DEFENDANT's share of payroll taxes and mandatory insurance premiums.

10   As a result of this uniform misclassification practice, policy and procedure applicable to PLAINTIFF

11   and the other CALIFORNIA CLASS Members who performed this work for DEFENDANT,

12   DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition

13   law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy,

14   practice and procedure which failed to properly classify PLAINTIFF and the other CALIFORNIA

15   CLASS members as employees and thereby failed to pay them wages for all time worked,

16   reimbursement of business related expenses, failed to provide them with meal and rest breaks, and

17   failed to reimburse these employees for the employer's share of payroll taxes and mandatory insurance.

18        17.    DEFENDANT, as a matter of law, has the burden of proving that employees are

19   properly classified and that DEFENDANT otherwise complies with applicable laws. DEFENDANT,

20   as a matter of corporate policy, erroneously and unilaterally classified all the CALIFORNIA CLASS

21   Members as independent contractors in violation of the California Labor Code and regulations

22   promulgated thereunder.

23        i.    **Plaintiff and Other Members of the California Class Were Not Free from**

24             **the Control and Direction of Defendant**

25        18.    DEFENDANT controlled and directed the work performed by PLAINTIFF and the

26   other similarly situated misclassified California workers by, among other things, scheduling hours of

27   work, providing job site information, and issuing written policies and procedures for the performance

28   of work and conduct in the workplace.  Upon hire, the position was represented by DEFENDANT to

1    PLAINTIFF and the other workers as an independent contractor position in exchange for an hourly rate

2    of pay for the time they spend providing labor and services to DEFENDANT's third-party customers.

3      19. To perform their job duties, PLAINTIFF and the other members of the CALIFORNIA

4    CLASS perform work subject to the control of DEFENDANT in that DEFENDANT had the authority

5    to exercise complete control over the work performed and the manner and means in which the work

6    was performed. DEFENDANT provided the customers and DEFENDANT provided the instructions

7    as to how to perform their work.

8      20. California Labor Code § 3357 defines "employee" as "every person in the service of an

9    employer under any appointment or contact of hire or apprenticeship, express or implied, oral or

10   written, whether lawfully or unlawfully employed." Additionally, to the California Labor Code's

11   presumption that workers are employees, the California Supreme Court has determined the most

12   significant factor to be considered in distinguishing an independent contractor from an employee is

13   whether the *employer or principal has control or the right to control the work both as to the work*

14   *performed and the manner and means in which the work is performed.* DEFENDANT heavily

15   controlled both the work performed and the manner and means in which the PLAINTIFF and other

16   workers performed their work in that:

17       (a) PLAINTIFF and other members of the CALIFORNIA CLASS were not

18       involved in a distinct business, but instead were provided with instructions as to how to

19       perform their work and the manner and means in which the work was to be performed

20       by means of DEFENDANT and DEFENDANT's manuals and written instructions;

21       (b) PLAINTIFF and other members of the CALIFORNIA CLASS were

22       continuously provided with training and supervision, including following

23       DEFENDANT's company documents, and received training from DEFENDANT as to

24       how and in what way to perform the services;

25       (c) DEFENDANT set the requirements as to what policies and procedures all of the

26       workers were to follow, including but not limited to, hourly rates and location of

27       assignment;

28       (d) PLAINTIFF and other members of the CALIFORNIA CLASS had no

opportunity for profit or loss because DEFENDANT only paid these workers an hourly rate. DEFENDANT controlled and assigned the workers which tasks were to be performed;

(e)   PLAINTIFF and other members of the CALIFORNIA CLASS performed services and labor which are part of the core of DEFENDANT's principal business and is closely integrated with and essential to the employer's business of services and labor to their customers;

(f)   PLAINTIFF and other members of the CALIFORNIA CLASS performed the work themselves and did not hire others to perform their work for them;

(g)   PLAINTIFF and other members of the CALIFORNIA CLASS did not have the authority to make employment-related personnel decisions;

(h)   PLAINTIFF and other members of the CALIFORNIA CLASS performed their work in a particular order and sequence in accordance with DEFENDANT and DEFENDANT customers company policies; and,

(i)   DEFENDANT had the "right" to control every critical aspect of DEFENDANT labor operation in that DEFENDANT provided the customer, assigned where PLAINTFIFF and other members of the CALIFORNIA CLASS were to go, assigned the hourly rate or flat rate, and step by step instructions to PLAINTIFF and other members of the CALIFORNIA CLASS as to the entire process of working at their assigned locations. PLAINTIFF and other workers provided services and labor for DEFENDANT customers and were not actually in business for themselves.

ii.   **Plaintiff and Other Members of the California Class Did Not Perform Work Outside the Usual Course of Defendant's Business**

21.   DEFENDANT willfully misclassified PLAINTIFF and other members of the CALIFORNIA CLASS who provided DEFENDANT with housekeeping services for DEFENDANT's clients.   In other words, PLAINTIFF and other similarly situated California workers provided DEFENDANT with work and services within the usual course of DEFENDANT's business.

22.   DEFENDANT markets itself to the public, PLAINTIFF and other members of the

1    CALIFORNIA CLASS as a provider of on-demand house cleaning services. As a result, DEFENDANT

2    unquestionably holds itself out to the public, PLAINTIFF and other members of the CALIFORNIA

3    CLASS as a provider of on-demand housekeeping services. Therefore, the performance of

4    DEFENDANT's housekeeping services by PLAINTIFF and other members of the CALIFORNIA

5    CLASS is not outside DEFENDANT'S usual course of business.

6              **iii.**    **Plaintiff and Other Members of the California Class Were Not Engaged in**

7                          **an Independently Established Trade, Occupation, or Business of the Same**

8                          **Nature as the Work Performed for Defendant**

9          23.    PLAINTIFF and the other members of the CALIFORNIA CLASS are not and were not

10   engaged in a customarily independently established trade, occupation or business as the same nature of

11   the work performed.

12   **B.    Meal Period Violations**

13         24.    In California, an employer may not employ an employee for a work period of more than

14   five hours per day without providing the employee with a duty-free meal period of not less than thirty

15   minutes, except that if the total work period per day of the employee is no more than six hours, the

16   meal period may be waived by mutual consent of both the employer and employee. A second duty-free

17   meal period of not less than thirty minutes is required if an employee works more than ten hours per

18   day, except that if the total hours worked is no more than 12 hours, the second duty-free meal period

19   may be waived by mutual consent of the employer and employee only if the first meal period was not

20   waived. Labor Code Section 512.

21         25.    If an employer fails to provide an employee a duty-free meal period in accordance with

22   an applicable IWC Order, the employer must pay one additional hour of pay at the employee's regular

23   rate of pay for each workday that the meal period is not provided. IWC Orders and Labor Code Section

24   226.7. This additional hour is not counted as hours worked for purposes of overtime calculations.

25         26.    From time-to-time during the CLASS PERIOD, as a result of their misclassification as

26   independent contractors and their rigorous work schedules, PLAINTIFF and other CALIFORNIA

27   CLASS members were not provided with a thirty (30) minute duty-free meal period and were not fully

28   relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS members were

1    required from time-to-time to perform work as ordered by DEFENDANT for more than five (5) hours

2    during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to

3    provide PLAINTIFF and CALIFORNIA CLASS members with a second duty-free meal period for

4    some workdays in which these employees were required by DEFENDANT to work ten (10) hours of

5    work. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeited meal breaks

6    without additional compensation and in accordance with DEFENDANT's strict corporate policy and

7    practice. Moreover, PLAINTIFF and other members of the CALIFORNIA CLASS were not provided

8    with one-hour wages in lieu of their legally mandated duty-free meal and rest periods.

9    **C.    Rest Period Violations**

10       27.    The applicable IWC Wage Order requires that employers must authorize and permit

11   nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of

12   each work period. The rest period is based on the total hours worked daily and must be at the minimum

13   rate of a net ten consecutive minutes for each four-hour work period, or major fraction thereof. The

14   Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a

15   "major fraction" of four. A rest period is not required for employees whose total daily work time is less

16   than three and one-half hours. The rest period is counted as time worked and therefore, the employer

17   must pay for such periods.

18       28.    If an employer fails to provide an employee a rest period in accordance with an applicable

19   IWC Order, the employer shall pay the employee one additional hour of pay at the employee's regular

20   rate of pay for each workday that the rest period is not provided. Labor Code Section 226.7. Thus, if

21   an employer does not provide all of the rest periods required in a workday, the employee is entitled to

22   one additional hour of pay for that workday, not one additional hour of pay for each rest period that

23   was not provided during that workday.

24       29.    From time-to-time during the CLASS PERIOD, as a result of their misclassification as

25   independent contractors and their rigorous work schedules PLAINTIFF and other CALIFORNIA

26   CLASS members were also required to work in excess of four (4) hours without being provided ten

27   (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten

28   (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and

second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA CLASS members were also not provided with one-hour wages in lieu thereof. As a result of their misclassification and rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS members were from time-to-time denied their proper rest periods by DEFENDANT and DEFENDANT'S managers.

**D.    Failure to Pay Minimum, Regular and Overtime Wages**

30.    From time-to-time during the CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS members for the actual amount of time these employees work. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required PLAINTIFF and CALIFORNIA CLASS members to work off the clock without paying them for all the time they were under DEFENDANT's control. PLAINTIFF and other CALIFORNIA CLASS Members also worked more than eight hours in a workday and/or forty hours in a workweek, but DEFENDANT failed to pay these employees overtime pay as DEFENDANT only paid a flat rate or a flat hourly rate for all time worked. Consequently, PLAINTIFF and other CALIFORNIA CLASS members forfeited minimum wages and overtime wage compensation by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records. As a result, DEFENDANT failed to compensate PLAINTIFF and the members of the CALIFORNIA CLASS all minimum, regular and overtime wages for all hours worked in violation of Labor Code §§ 1194, 1197, 1197.1, 1198 and 510.

**E.    Failure to Reimburse Necessary and Required Business Expenses**

31.    Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary

1    expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

2    duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the

3    employee, at the time of obeying the directions, believed them to be unlawful."

4        32.    From time-to-time during the CLASS PERIOD, DEFENDANT as a matter of corporate

5    policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and

6    indemnify PLAINTIFF and the other CLASS MEMBERS for required business expenses incurred by

7    PLAINTIFF and other the CLASS MEMBERS in direct consequence of discharging their duties on

8    behalf of DEFENDANT.

9        33.    From time-to-time during the CLASS PERIOD, in the course of their employment

10   PLAINTIFF and other CALIFORNIA CLASS members as a business expense, were required by

11   DEFENDANT to use personal cellular phones, personal vehicles, and personal equipment as a result

12   of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or

13   indemnified by DEFENDANT for the cost associated with the use of the personal cellular phones,

14   personal equipment, and personal vehicles for DEFENDANT's benefit. In order to work for

15   DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members were required to use their

16   personal vehicles to travel to different locations each work shift and were also required to use their

17   personal cell phones to review, receive and accept job assignments and as such it is mandatory to have

18   a cell phone. Additionally, PLAINTIFF and other CALIFORNIA CLASS Members were required to

19   provide their own personal equipment and supplies needed to perform the essential job cleaning duties.

20   As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of

21   the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not

22   limited to, costs related to the use of their personal cellular phones, personal equipment, and personal

23   vehicle on behalf of and for the benefit of DEFENDANT.

24   **F.**    **Wage Statement Violations**

25       34.    California Labor Code Section 226 requires an employer to furnish its employees an

26   accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

27   number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

28   earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

1  employee and only the last four digits of the employee's social security number or an employee

2  identification number other than a social security number, (8) the name and address of the legal entity

3  that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

4  corresponding number of hours worked at each hourly rate by the employee.

5      35.    From time-to-time during the CLASS PERIOD, as a result of, *inter alia,* of

6  DEFENDANT's intentional and willful misclassification of PLAINTIFF and the members of the

7  CALIFORNIA CLASS as independent contractors rather than employees, DEFENDANT issued

8  inaccurate itemized wages statements to PLAINTIFF and the members of the CALIFORNIA CLASS

9  that failed to accurately showing (1) gross wages earned, (2) total hours worked, (3) the number of

10 piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages earned, (6) the

11 inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the

12 last four digits of the employee's social security number or an employee identification number other

13 than a social security number, (8) the name and address of the legal entity that is the employer and, (9)

14 all applicable hourly rates in effect during the pay period and the corresponding number of hours

15 worked at each hourly rate by the employee.

16     36.    As a result, DEFENDANT issued PLAINTIFF and the other members of the

17 CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.   Further,

18 DEFENDANT's violations are knowing and intentional, were not isolated or due to an unintentional

19 payroll error due to clerical or inadvertent mistake.

20 **G.   Unfair Competition**

21     37.    By reason of this conduct applicable to PLAINTIFF and all the CALIFORNIA CLASS

22 members, DEFENDANT committed acts of unfair competition in violation of the California Unfair

23 Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-

24 wide policy, practice and procedure which failed to correctly classify PLAINTIFF and the

25 CALIFORNIA CLASS members as employees. The proper classification of these employees is

26 DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet

27 this burden, DEFENDANT failed to pay all required wages for work performed by PLAINTIFF and

28 other CALIFORNIA CLASS Members and violated the California Labor Code and regulations

**CLASS ACTION COMPLAINT**

1    promulgated thereunder as herein alleged.

2        38.    PLAINTIFF as a worker for DEFENDANT, was classified by DEFENDANT as an

3    independent contractor and thus did not receive pay for all time worked, including minimum and

4    overtime wages. During the CALIFORNIA CLASS PERIOD, PLAINTIFF was also required to

5    perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving

6    a meal or rest break as evidenced by daily time reports for PLAINTIFF. PLAINTIFF therefore forfeited

7    meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict

8    corporate policy and practice which did not provide for mandatory meal and rest breaks. To date,

9    DEFENDANT has not fully paid PLAINTIFF all wages still owed to her or any penalty wages owed

10   to her under California Labor Code § 203. The amount in controversy for PLAINTIFF individually

11   does not exceed the sum or value of $75,000.

12                        **THE CALIFORNIA CLASS**

13       39.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

14   Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action,

15   pursuant to Cal. Code of Civ. Proc. § 382, for violations during the CLASS PERIOD on behalf of the

16   CALIFORNIA CLASS. The amount in controversy for the aggregate claim of CALIFORNIA CLASS

17   Members is under five million dollars ($5,000,000.00).

18       40.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS

19   against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

20       41.    All CALIFORNIA CLASS members who performed and continue to perform this work

21   for DEFENDANT during the CLASS PERIOD are similarly situated in that they are subject to

22   DEFENDANT's policy and practice that required them to perform work without compensation as

23   required by law.

24       42.    During the CLASS PERIOD, DEFENDANT violated the rights of the PLAINTIFF and

25   the CALIFORNIA CLASS members under California law, without limitation, in the following

26   manners:

27           (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

28   17200, *et seq.* the ("UCL"), in that DEFENDANT, while acting as employer, devised and implemented

                                  14

1    a scheme whereby PLAINTIFF and the CALIFORNIA CLASS members are forced to unlawfully,

2    unfairly and deceptively shoulder the cost of DEFENDANT'S wages for all unpaid wages, business

3    related expenses, and DEFENDANT's share of employment taxes, social security taxes, unemployment

4    insurance and workers' compensation insurance;

5       (b) Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

6    17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively having in place company policies,

7    practices and procedures that uniformly misclassified PLAINTIFF and the CALIFORNIA CLASS

8    members as independent contractors;

9       (c) Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

10   17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively failing to have in place a company

11   policy, practice and procedure that accurately determined the amount of working time spent by

12   PLAINTIFF and the CALIFORNIA CLASS members performing non-exempt employee labor;

13      (d) Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

14   17200, *et seq.* the ("UCL"), by failing to provide PLAINTIFF and the other members of the

15   CALIFORNIA CLASS with all legally required meal and rest breaks;

16      (e) Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§

17   17200, *et seq.* the ("UCL") by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

18   the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job

19   duties; and,

20      (f) Committing an act of unfair competition in violation of the UCL, by violating

21   Cal. Lab. Code §§ 510, *et seq.*, by failing to pay the correct overtime pay to PLAINTIFF and the

22   members of the CALIFORNIA CLASS who were improperly classified as exempt, and retaining the

23   unpaid overtime to the benefit of DEFENDANT.

24     43. As a result of DEFENDANT's policies, practices and procedures, there are numerous

25   questions of law and fact common to all CALIFORNIA CLASS members who worked for during the

26   CLASS PERIOD. These questions include, but are not limited, to the following:

27      (a) Whether PLAINTIFF and other CALIFORNIA CLASS members were

28   misclassified as independent contractors by DEFENDANT;

(b)     Whether the PLAINTIFF and the CALIFORNIA CLASS members all afforded all the protections of the California Labor Code that apply when properly classified as non-exempt employees;

(c)     Whether DEFENDANT's policies, practices and pattern of conduct described in this Complaint was and is unlawful;

(d)     Whether DEFENDANT unlawfully failed to pay their share of state and federal employment taxes as required by state and federal tax laws;

(e)     Whether DEFENDANT's policy, practice and procedure of classifying the CALIFORNIA CLASS members as independent contractors exempt from hourly wages laws for all time worked and failing to pay the CALIFORNIA CLASS members all amounts due violates applicable provisions of California State law;

(f)     Whether DEFENDANT unlawfully failed to keep and furnish the CALIFORNIA CLASS members with accurate records of all time worked;

(g)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct; and,

(h)     Whether DEFENDANT's conduct was willful.

44.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply to every CALIFORNIA CLASS member;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the CALIFORNIA CLASS members, was classified as an independent contractor upon hiring based on the defined corporate policies and practices and labors under DEFENDANT'S procedure that failed to properly classify the PLAINTIFF and the

**16**

1   CALIFORNIA CLASS members. PLAINTIFF sustained economic injury as a result of DEFENDANT's
2   employment practices. PLAINTIFF and the CALIFORNIA CLASS members were and are similarly or
3   identically harmed by the same unlawful, unfair, deceptive and persuasive pattern of misconduct
4   engaged in by DEFENDANT by deceptively telling all the CALIFORNIA CLASS members that they
5   were not entitled to minimum wages, the employer's share of payment of payroll taxes and mandatory
6   insurance, and reimbursement for business expenses based on the defined corporate policies and
7   practices, and unfairly failed to pay these employees who were improperly classified as independent
8   contractors; and,

9           (d)      The representative PLAINTIFF will fairly and adequately represent and protect
10  the interest of the CALIFORNIA CLASS, and has retained counsel who is competent and experienced
11  in Class Action litigation. There are no material conflicts between the claims of the representative
12  PLAINTIFF and the CALIFORNIA CLASS members that would make class certification inappropriate.
13  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the
14  CALIFORNIA CLASS.

15          45.     In addition to meeting the statutory prerequisites to a Class Action, this Action is properly
16  maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

17          (a)      Without class certification and determination of declaratory, injunctive, statutory
18  and other legal questions within the class format, prosecution of separate actions by individual members
19  of the CALIFORNIA CLASS will create the risk of:

20                  (i)      Inconsistent or varying adjudications with respect to individual members
21  of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties
22  opposing the CALIFORNIA CLASS; and/or,

23                  (ii)     Adjudication with respect to individual members of the CALIFORNIA
24  CLASS which would as a practical matter be dispositive of the interests of the other members not party
25  to the adjudication or substantially impair or impeded their ability to protect their interests.

26          (b)      The parties opposing the CALIFORNIA CLASS have acted on grounds generally
27  applicable to the CALIFORNIA CLASS making appropriate class-wide relief with respect to the
28  CALIFORNIA CLASS as a whole in that DEFENDANT uniformly classified and treated the

1    CALIFORNIA CLASS Members as independent contractors and, thereafter, uniformly failed to take

2    proper steps to determine whether the CALIFORNIA CLASS members were properly classified as

3    independent contractors, and thereby denied these employees' wages and payments for business

4    expenses and the employer's share of payroll taxes and mandatory insurance as required by law.

5                    (i)     With respect to the First Cause of Action, the final relief on behalf of the

6    CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the

7    PLAINTIFF seeks declaratory relief holding that DEFENDANT's policies and practices constitute

8    unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct

9    declared to constitute unfair competition.

10                (c)     Common questions of law and fact exist as to members of the CALIFORNIA

11   CLASS with respect to the practices and violations of California and federal law as listed above, and

12   predominate over any question affecting only individual members, and a Class Action is superior to

13   other available methods for the fair and efficient adjudication of the controversy, including consideration

14   of:

15                    (i)     The interest of the CALIFORNIA CLASS members in individually

16   controlling the prosecution or defense of separate actions;

17                    (ii)    The extent and nature of any litigation concerning the controversy already

18   commenced by or against members of the CALIFORNIA CLASS;

19                    (iii)   In the context of wage litigation because as a practical matter a substantial

20   number of individual CALIFORNIA CLASS members will avoid asserting their legal rights out of fear

21   of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or

22   with a subsequent employer, the Class Action is the only means to assert their claims through a

23   representative;

24                    (iv)    The desirability or undesirability of concentration the litigation of the

25   claims in the particular forum;

26                    (v)     The difficulties likely to be encountered in the management of a Class

27   Action; and,

28                    (vi)    The basis of DEFENDANT'S policies and practices applied to all the

**18**

1   CALIFORNIA CLASS members.

2        46.    The Court should permit this Action to be maintained as a Class Action pursuant to Cal.

3   Code of Civ. Proc. § 382 because:

4            (a)    The questions of law and fact common to the CALIFORNIA CLASS

5   predominate over any question affecting only individual members;

6            (b)    A Class Action is superior to any other available method for the fair and efficient

7   adjudication of the claims of the members of the CALIFORNIA CLASS;

8            (c)    The CALIFORNIA CLASS members are so numerous that it is impractical to

9   bring all CALIFORNIA CLASS members before the Court;

10           (d)    PLAINTIFF, and the CALIFORNIA CLASS Members, will not be able to obtain

11  effective and economic legal redress unless the action is maintained as a Class Action;

12           (e)    There is a community of interest in obtaining appropriate legal and equitable

13  relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining

14  adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon

15  the CALIFORNIA CLASS;

16           (f)    There is a community of interest in ensuring that the combined assets and

17  available insurance of DEFENDANT are sufficient to adequately compensate the CALIFORNIA

18  CLASS members for any injuries sustained;

19           (g)    DEFENDANT has acted or has refused to act on grounds generally applicable to

20  the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the

21  CLASS as a whole;

22           (h)    The members of the CALIFORNIA CLASS are readily ascertainable from the

23  business records of DEFENDANT; and,

24           (i)    Class treatment provides manageable judicial treatment calculated to bring an

25  efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of

26  DEFENDANT's conduct as to the CALIFORNIA CLASS Members.

27       47.    DEFENDANT maintain records from which the Court can ascertain and identify by

28  name and job title, each of DEFENDANT's employees who have been intentionally subjected to

**19**
**CLASS ACTION COMPLAINT**

1  DEFENDANT's corporate policies, practices and procedures as herein alleged. PLAINTIFF will seek
2  leave to amend the complaint to include any additional job titles of similarly situated employees when
3  they have been identified.

4  **THE CALIFORNIA LABOR SUB-CLASS**

5      48.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth
6  Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA
7  CLASS who are or previously were employed by DEFENDANT in California as independent
8  contractors (the "CALIFORNIA LABOR SUB-CLASS) at any time during the period three (3) years
9  prior to the filing of the Complaint and ending on the date as determined by the Court (the
10  "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc § 382. The
11  amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is
12  under five million dollars ($5,000,000.00).

13      49.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation
14  of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC")
15  Wage Order requirements intentionally, knowingly, and willfully, on the basis of job title alone and
16  without regard to the actual overall requirements of the job, systematically classified PLAINTIFF and
17  the other members of the CALIFORNIA LABOR SUBCLASS as independent contractors in order to
18  avoid the payment of all wages, and in order to avoid the obligations under the applicable California
19  Labor Code provisions. To the extent equitable tolling operates to toll claims by the CALIFORNIA
20  LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD
21  should be adjusted accordingly.

22      50.    DEFENDANT maintain records from which the Court can ascertain and identify by job
23  title each of DEFENDANT'S employees who as CALIFORNIA LABOR SUB-CLASS Members
24  have been systematically, intentionally and uniformly misclassified as independent contractors as a
25  matter of DEFENDANT's corporate policy, practices and procedures. PLAINTIFF will seek leave to
26  amend the complaint to include these additional job titles when they have been identified.

27      51.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all
28  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

**CLASS ACTION COMPLAINT**

1    52.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under

2    California law by:

3          (a)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by misclassifying and

4    thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the

5    correct minimum wages for which DEFENDANT is liable;

6          (b)    Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby failing

7    to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime

8    pay for a workday longer than eight (8) hours and/or a workweek longer than forty (40) hours for which

9    DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

10          (c)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF

11    and the other members of the CALIFORNIA LABOR SUBCLASS with all legally required off-duty,

12    uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

13          (d)    Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the

14    members of the CALIFORNIA LABOR SUB-CLASS who were improperly classified as independent

15    contractors with an accurate itemized statement in writing showing the gross wages earned, the net

16    wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount

17    of time worked at each hourly rate by the employee;

18          (e)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the

19    CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of

20    their job duties; and,

21          (f)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an

22    employee is discharged or quits from employment, the employer must pay the employee all wages due

23    without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner

24    required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have

25    terminated their employment.

26    53.    This Class Action meets the statutory prerequisites for the maintenance of a Class

27    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

28          (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so

1  numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and

2  the disposition of their claims as a class will benefit the parties and the Court;

3          (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

4  are raised in this Complaint are common to the CALIFORNIA LABOR 19 SUB-CLASS and will apply

5  to every member of the CALIFORNIA LABOR SUB-CLASS;

6          (c)    The claims of the representative PLAINTIFF are typical of the claims of each

7  member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all other members of the

8  CALIFORNIA LABOR SUB-CLASS was improperly classified as an independent contractor and was

9  thus denied minimum wage pay and meal and rest breaks, among other things, as a result of

10  DEFENDANT's systematic classification practices. PLAINTIFF and all other members of the

11  CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's

12  violations of the laws of California; and,

13          (d)    The representative PLAINTIFF will fairly and adequately represent and protect

14  the interest of the CALIFORNIA LABOR SUB-CLASS and has retained counsel who are competent

15  and experienced in Class Action litigation. There are no material conflicts between the claims of the

16  representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would

17  make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will

18  vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

19      54.    In addition to meeting the statutory prerequisites to a Class Action, this action is

20  properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

21          (a)    Without class certification and determination of declaratory, injunctive,

22  statutory and other legal questions within the class format, prosecution of separate actions by individual

23  members of the CALIFORNIA LABOR SUBCLASS will create the risk of: 1) Inconsistent or varying

24  adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which

25  would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR

26  SUB-CLASS; or, 2) Adjudication with respect to individual members of the CALIFORNIA LABOR

27  SUB-CLASS which would as a practical matter be dispositive of interests of the other members not

28  party to the adjudication or substantially impair or impede their ability to protect their interests.

1          (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or

2     refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making

3     appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in

4     that the DEFENDANT uniformly classified and treated the members of the CALIFORNIA LABOR

5     SUB-CLASS as independent contractors and, thereafter, uniformly failed to take proper steps to

6     determine whether the CALIFORNIA LABOR SUBCLASS Members were properly classified as

7     independent contractors, and thereby denied these employees the protections afforded to them under

8     the California Labor Code;

9          (c)    Common questions of law and fact predominate as to the members of the

10    CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as

11    listed above, and predominate over any question affecting only individual CALIFORNIA LABOR

12    SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and

13    efficient adjudication of the controversy, including consideration of:

14         i)    The interests of the members of the CALIFORNIA LABOR SUB-

15    CLASS in individually controlling the prosecution or defense of separate actions in that the substantial

16    expense of individual actions will be avoided to recover the relatively small amount of economic losses

17    sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the

18    substantial expense and burden of individual prosecution of this litigation;

19         ii)    Class certification will obviate the need for unduly duplicative litigation

20    that would create the risk of:

21         A.    Inconsistent or varying adjudications with respect to individual

22    members of the CALIFORNIA LABOR SUBCLASS, which would establish incompatible standards

23    of conduct for the DEFENDANT; and/or,

24         B.    Adjudications with respect to individual members of the

25    CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the

26    other members not parties to the adjudication or substantially impair or impede their ability to protect

27    their interests;

28         iii)    In the context of wage litigation because a substantial number of

CLASS ACTION COMPLAINT

1   individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of

2   fear of retaliation by DEFENDANT, which may adversely affect an individual's job with

3   DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims

4   through a representative; and,

5   iv) A class action is superior to other available methods for the fair and

6   efficient adjudication of this litigation because class treatment will obviate the need for unduly and

7   unnecessary duplicative litigation that is likely to result in the absence of certification of this action

8   pursuant to Cal. Code of Civ. Proc. § 382.

9   55. This Court should permit this action to be maintained as a Class Action pursuant to Cal.

10  Code of Civ. Proc. § 382 because:

11  (a) The questions of law and fact common to the CALIFORNIA LABOR SUB-

12  CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS

13  Members;

14  b) A Class Action is superior to any other available method for the fair and efficient

15  adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the

16  context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-

17  CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse

18  impact on their employment;

19  (c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that

20  it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

21  (d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members,

22  will not be able to obtain effective and economic legal redress unless the action is maintained as a Class

23  Action;

24  (e) There is a community of interest in obtaining appropriate legal and equitable

25  relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining

26  adequate compensation for the damages and injuries which DEFENDANT'S actions have inflicted

27  upon the CALIFORNIA LABOR SUB-CLASS;

28  (f) There is a community of interest in ensuring that the combined assets of

**CLASS ACTION COMPLAINT**

1  DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR

2  SUB-CLASS for the injuries sustained;

3         (g)     DEFENDANT has acted or refused to act on grounds generally applicable to the

4  CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect

5  to the CALIFORNIA LABOR SUB-CLASS as a whole;

6         (h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily

7  ascertainable from the business records of DEFENDANT; and,

8         (i)     Class treatment provides manageable judicial treatment calculated to bring a

9  efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the

10  conduct of DEFENDANT.

11  **JURISDICTION AND VENUE**

12      56.    This Court has jurisdiction over this Action pursuant to California Code of Civil

13  Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is

14  brought as a Class Action on behalf PLAINTIFF and on behalf of similarly situated employees of

15  DEFENDANT pursuant to Cal. Code of Civ. Proc. Section 382.

16      57.    Venue is proper in this Court pursuant to Cal. Code of Civ. Proc. Sections 395 and 395.5,

17  because DEFENDANT (i) currently maintains and at all relevant times maintained its principal offices

18  and facilities in this County and/or conducts substantial business in this County, and (ii) committed the

19  wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and

20  CALIFORNIA LABOR SUB-CLASS.

21

22  / / /

23

24  **FIRST CAUSE OF ACTION**

25  **For Unlawful, Unfair and Deceptive Business Practices**

26  **[Cal. Bus. & Prof. Code §§ 17200, _et seq._]**

27  **(By PLAINTIFF and the CALIFORNIA CLASS Against All DEFENDANT)**

28      58.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

1  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

2      59.    DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code §

3  17021.

4      60.    Section 17200 of the California Business & Professions Code defines unfair competition

5  as any unlawful, unfair or fraudulent business act or practice. Section 17200 applies to violations of

6  labor laws in the employment context. Section 17203 authorizes injunctive, declaratory and/or other

7  equitable relief with respect to unfair competition as follows:

8              Any person who engages, has engaged, or proposes to engage in unfair

9              competition may be enjoined in any court of competent jurisdiction. The

10             court may take such orders or judgments, including the appointment of a

11             receiver, as may be necessary to prevent the use or employment by any

12             person of any practice which constitutes unfair competition, as defined in

13             this chapter, or as may be necessary to restore to any person in interest any

14             money or property, real or personal, which may have been acquired by

15             means of such unfair competition.

16             California Business & Professions Code § 17203.

17     61.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a

18  business practice which violates California law, including but not limited to the applicable Industrial

19  Wage Orders, the California Labor Code including Sections 204, 210, 221, 226.7, 226.8, 510, 512,

20  1194, 1197, 1197.1, 1198, & 2802, and California Code of Regulations § 11090, for which this Court

21  should issue declaratory, injunctive, and other equitable relief, pursuant to Cal. Bus. & Prof § 17203,

22  as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including

23  restitution of wages wrongfully withheld, business expenses wrongfully withheld and for the payment

24  of the employer's share of income taxes, social security taxes, unemployment insurance and workers'

25  compensation insurance.

26     62.    By the conduct alleged herein DEFENDANT has obtained valuable property, money,

27  and services from PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived

28  them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

1  DEFENDANT so as to allow DEFENDANT to unfairly compete. Declaratory and injunctive relief is

2  necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not

3  afford adequate and complete relief.

4      63.   All the acts described herein as violations of, among other things, the California Labor

5  Code, California Code of Regulations and the Industrial Welfare Commission Wage Orders, were

6  unlawful, were in violation of public policy, were immoral, unethical, oppressive, and unscrupulous,

7  and were likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business

8  practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq.*

9      64.   By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent

10  in that DEFENDANT's policy and practice was to represent to the CALIFORNIA CLASS Members

11  that they were not entitled to overtime and minimum wages, payment for payroll taxes or mandatory

12  insurance and other benefits as required by California law, when in fact these representations were false

13  and likely to deceive and for which this Court should issue injunctive and equitable relief, pursuant to

14  Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

15      65.   By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

16  deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members

17  of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

18      66.   PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

19  do, seek such relief as may be necessary to restore to them the money and property which

20  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

21  CLASS have been deprived, by means of the above described unlawful and unfair business practices,

22  including earned but unpaid wages for all time worked.

23      67.   PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

24  and do, seek a declaration that the described business practices were unlawful, unfair and deceptive,

25  and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful

26  and unfair business practices in the future.

27      68.   By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and

28  deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally

1    required meal and rest breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as

2    required by Cal. Lab. Code §§ 226.7 and 512.

3        69.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

4    CALIFORNIA CLASS member, minimum wages, payment for the employer's share of payroll taxes

5    and mandatory insurance, and one (1) hour of pay for each workday in which an off-duty meal period

6    was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday

7    in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

8        70.    PLAINTIFF further demands on behalf of herself and each member of the

9    CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not timely

10   provided as required by law.

11       71.    By and through the unlawful and unfair business practices described herein,

12   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other

13   members of the CALIFORNIA CLASS, including earned wages for all time worked and has deprived

14   them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these

15   employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete

16   against competitors who comply with the law.

17       72.    All the acts described herein as violations of, among other things, the Industrial Welfare

18   Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are

19   unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are

20   deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal.

21   Bus. & Prof. Code §§ 17200 *et seq*.

22       73.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

23   do, seek such relief as may be necessary to restore to them the money and property which

24   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

25   CLASS have been deprived, by means of the above described unlawful and unfair business practices.

26       74.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to,

27   and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and

28   that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and

1   unfair business practices in the future.

2        75.   PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

3   and/or adequate remedy at law that will end the unlawful and unfair business practices of

4   DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result

5   of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of

6   the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic

7   harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair

8   business practices.

9                          **SECOND CAUSE OF ACTION**

10                       **For Failure to Pay Minimum Wages**

11                    **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

12   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

13        76.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

14   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

15   Complaint.

16        77.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring

17   a claim for DEFENDANT'S willful and intentional violations of the California Labor Code and the

18   Industrial Welfare Commission requirements for DEFENDANT'S failure to accurately calculate and

19   pay minimum wages to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members.

20        78.   Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public

21   policy, an employer must timely pay its employees for all hours worked.

22        79.   Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

23   commission is the minimum wage to be paid to employees, and the payment of a less wage than the

24   minimum so fixed in unlawful.

25        80.   Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

26   including minimum wage compensation and interest thereon, together with the costs of suit.

27        81.   DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members

28   of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked.

1    As set forth herein, DEFENDANT'S policy and practice was to unlawfully and intentionally deny

2    timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR

3    SUB-CLASS.

4        82.    DEFENDANT'S uniform pattern of unlawful wage and hour practices manifested,

5    without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

6    implementing a policy and practice that denied accurate compensation to PLAINTIFF and the other

7    members of the CALIFORNIA LABOR SUB-CLASS regarding minimum wage pay.

8        83.    In committing these violations of the California Labor Code, DEFENDANT inaccurately

9    calculate the correct time worked and consequently underpays the actual time worked by PLAINTIFF

10   and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal

11   attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor

12   Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

13       84.    As a direct result of DEFENDANT'S unlawful wage practices as alleged herein,

14   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive the

15   correct minimum wage compensation for their time worked for DEFENDANT.

16       85.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other

17   members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were

18   entitled to, constituting a failure to pay all earned wages.

19       86.    By virtue of DEFENDANT'S unlawful failure to accurately pay all earned compensation

20   to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time

21   they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have

22   suffered and will continue to suffer an economic injury in amounts which are presently unknown to

23   them and which will be ascertained according to proof at trial.

24       87.    DEFENDANT knew or should have known that PLAINTIFF and the other members of

25   the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked.

26   DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay

27   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members for their labor and

28   DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the

1   CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

2       88.     In performing the acts and practices herein alleged in violation of California labor laws,

3   and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time

4   worked and provide them with the requisite compensation, DEFENDANT acted and continues to act

5   intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the

6   CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or

7   the consequences to them, and with the despicable intent of depriving them of their property and legal

8   rights, and otherwise causing them injury in order to increase company profits at the expense of these

9   employees.

10      89.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

11   therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as

12   the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California

13   Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined

14   to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their

15   employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore

16   these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

17   penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.

18   DEFENDANT'S conduct as alleged herein was willful, intentional and not in good faith. Further,

19   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover

20   statutory costs.

21

22   / / /

23

24                          **THIRD CAUSE OF ACTION**

25                          **For Failure to Pay Overtime Wages**

26                          **[Cal. Lab. Code §§ 510, 1194, & 1198]**

27   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

28      90.     PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members reallege and

                                          **31**

1    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

2        91.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT failed to pay

3    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members overtime wages for the time they

4    worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 &

5    1198, even though PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members were regularly

6    required to work, and did in fact work, overtime that DEFENDANT never recorded as evidenced by

7    DEFENDANT'S business records and witnessed by DEFENDANT'S employees.

8        92.    By virtue of DEFENDANT'S unlawful failure to pay compensation to PLAINTIFF and

9    the CALIFORNIA CLASS Members for all overtime worked by these employees, PLAINTIFF and

10   CALIFORNIA LABOR SUB-CLASS Members have suffered, and will continue to suffer, an

11   economic in amounts which are presently unknown to them and which can be ascertained according to

12   proof at trial.

13       93.    DEFENDANT knew or should have known that PLAINTIFF and the CALIFORNIA

14   CLASS Members were misclassified as independent contractors and DEFENDANT elected, either

15   through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of

16   corporate policy, practice and procedure.

17       94.    PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members therefore request

18   recovery of all compensation according to proof, interest, costs, as well as the assessment of any

19   statutory penalties against DEFENDANT in a sum as provided by the California Labor Code and/or

20   other statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA

21   LABOR SUB-CLASS Members who have terminated their employment, these employees would also

22   be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein.

23   Further, PLAINTIFF and the CALIFORNIA LABOR SUBCLASS Members are entitled to seek and

24   recover statutory costs.

25       95.    In performing the acts and practices herein alleged in violation of California labor laws,

26   and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime

27   worked and provide them with the requisite overtime compensation, DEFENDANT acted and

28   continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase corporate profits at the expense of these employees.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Required Meal Periods

### [Cal. Lab. Code §§ 226.7 & 512]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)

96.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

97.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, from time to time, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT'S failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT'S business records. As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT'S strict corporate policy and practice.

98.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one

1    additional hour of compensation at each employee's regular rate of pay for each workday that a meal

2    period was not provided.

3          99.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

4    LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek

5    all wages earned and due, interest, penalties, expenses and costs of suit.

6                                    **FIFTH CAUSE OF ACTION**

7                        **For Failure to Provide Required Rest Periods**

8                                **[Cal. Lab. Code §§ 226.7 & 512]**

9    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

10         100.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

11   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

12   Complaint.

13         101.    From time to time, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

14   Members were required to work in excess of four (4) hours without being provided ten (10) minute rest

15   periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for

16   some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10)

17   minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest

18   period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and

19   other CALIFORNIA LABOR SUBCLASS Members were also not provided with one-hour wages in

20   lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA

21   LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT

22   and DEFENDANT'S managers.

23         102.    88. DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

24   IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

25   Members who were not provided a rest period, in accordance with the applicable Wage Order, one

26   additional hour of compensation at each employee's regular rate of pay for each workday that rest

27   period was not provided.

28         103.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

1  LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek

2  all wages earned and due, interest, penalties, expenses and costs of suit.

### SIXTH CAUSE OF ACTION

#### For Failure to Provide Accurate Itemized Statements

#### [Cal. Lab. Code § 226]

#### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)

7  104.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

8  reallege and incorporate by this reference, as though fully set forth herein, the prior of this Complaint.

9  105.   California Labor Code Section 226 requires an employer to furnish its employees an

10  accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the

11  number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages

12  earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

13  employee and only the last four digits of the employee's social security number or an employee

14  identification number other than a social security number, (8) the name and address of the legal entity

15  that is the employer and, (9) all applicable hourly rates in effect during the pay period and the

16  corresponding number of hours worked at each hourly rate by the employee.

17  106.   From time-to-time during the CALIFORNIA LABOR SUB-CLASS PERIOD,

18  DEFENDANT issued inaccurate itemized wages statements to PLAINTIFF and the members of the

19  CALIFORNIA LABOR SUB-CLASS that failed to accurately showing (1) gross wages earned, (2)

20  total hours worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all

21  deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,

22  (7) the name of the employee and only the last four digits of the employee's social security number or

23  an employee identification number other than a social security number, (8) the name and address of the

24  legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay period and

25  the corresponding number of hours worked at each hourly rate by the employee.

26  107.   As a result, DEFENDANT issued PLAINTIFF and the other members of the

27  CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.   Further,

28  DEFENDANT'S violations are knowing and intentional, were not isolated or due to an unintentional

1   payroll error due to clerical or inadvertent mistake.

2   108.   DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226,

3   causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS.

4   These damages include, but are not limited to, costs expended calculating the true amount of time

5   worked and the amount of employment taxes which were not properly paid to state and federal tax

6   authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members

7   of the CALIFORNIA LABOR SUB-CLASS elect to recover liquidated damages of $50.00 for the

8   initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay

9   period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no

10  event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR

11  SUB-CLASS herein).

12  **SEVENTH CAUSE OF ACTION**

13  **For Failure to Reimburse Employees for Required Expenses**

14  **[Cal. Lab. Code § 2802]**

15  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

16  109.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and

17  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 79 of this Complaint.

18  110.   Cal. Lab. Code § 2802 provides, in relevant part, that:

19          An employer shall indemnify his or her employee for all necessary

20          expenditures or losses incurred by the employee in direct consequence of

21          the discharge of his or her duties, or of his or her obedience to the directions

22          of the employer, even though unlawful, unless the employee, at the time of

23          obeying the directions, believed them to be unlawful.

24  111.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to

25  indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

26  required expenses incurred in the discharge of their job duties for DEFENDANT'S benefit. Specifically,

27  DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members

28  for expenses which included, but were not limited to, the cost associated with the use of their personal

cellular phones, personal equipment, and personal vehicles for DEFENDANT'S benefit.  In order to work for DEFENDANT, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required to use their personal vehicles to travel and to use DEFENDANT'S mobile application and as such it is mandatory to have a cell phone that is compatible with DEFENDANT'S mobile application. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which included, but were not limited to, the costs related to the use of their personal cellular phones, personal equipment, and personal vehicles all on behalf of and for the benefit of DEFENDANT.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are also not reimbursed or indemnified by DEFENDANT for the cost associated with using their personal vehicles while driving for DEFENDANT.  Moreover, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also required to provide their own cleaning supplies and equipment necessary to perform the essential job duties.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to travel all on behalf of and for the benefit of DEFENDANT.  These expenses are necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT'S conduct to assert any waiver of this expectation. Although these expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

112.   PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## EIGHTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [Cal. Lab. Code §§ 201, 202 and 203]

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All DEFENDANT)**

113.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

114.    Cal. Lab. Code § 200 states that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

115.    Cal. Lab. Code § 201 states, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

116.    Cal. Lab. Code § 202 states, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within72 hours of the notice of quitting.

117.    There was no definite term in PLAINTIFF's or any other CALIFORNIA LABOR SUB-

1  CLASS Members' employment contract.

2      118.   Cal. Lab. Code § 203 states:

3          If an employer willfully fails to pay, without abatement or reduction, in

4          accordance with Sections 201, 201.5, 202, and 205.5, any wages of an

5          employee who is discharged or who quits, the wages of the employee shall

6          continue as a penalty from the due date thereof at the same rate until paid

7          or until an action therefor is commenced; but the wages shall not continue

8          for more than 30 days.

9      119.   The employment of PLAINTIFF and many other CALIFORNIA LABOR SUB-CLASS

10  Members has terminated, yet as to those individuals whose employment terminated, DEFENDANT did

11  not timely tender payment of all wages owed as required by law.

12      120.   Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of

13  the CALIFORNIA LABOR SUB-CLASS whose employment terminated, PLAINTIFF demands thirty

14  days of pay as penalty for not paying all wages due at time of termination for all individuals in the

15  CALIFORNIA LABOR SUB-CLASS who terminated employment during the CALIFORNIA LABOR

16  SUB-CLASS PERIOD plus interest and statutory costs as allowed.

17                      **PRAYER FOR RELIEF**

18      WHEREFORE, PLAINTIFF prays for judgment against each DEFENDANT, jointly and

19  severally, as follows:

20      1.   On behalf of the CALIFORNIA CLASS:

21          A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA

22  CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

23          B)   An order temporarily, preliminarily and permanently enjoining and restraining

24  DEFENDANT from engaging in similar unlawful conduct as set forth herein;

25          C)   An order requiring DEFENDANT to pay minimum and overtime wages and all

26  sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the

27  CALIFORNIA CLASS; and,

28          D)   Restitutionary disgorgement of DEFENDANT'S ill-gotten gains into a fluid fund

1    for restitution of the sums incidental to DEFENDANT'S violations due to PLAINTIFF and to the other

2    members of the CALIFORNIA CLASS.

3        2.      On behalf of the CALIFORNIA LABOR SUB-CLASS:

4               A)      That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth

5    Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to

6    Cal. Code of Civ. Proc. § 382;

7               B)      Compensatory damages, according to proof at trial, including compensation due

8    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable

9    CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

10             C)      The wages of all terminated individuals in the CALIFORNIA LABOR SUB-

11    CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is

12    commenced, in accordance with Cal. Lab. Code § 203;

13             D)      The greater of all actual damages or fifty dollars ($50) for the initial pay period

14    in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA

15    LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty

16    of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

17             E)      Meal and rest period compensation pursuant to California Labor Code Section

18    226.7 and the applicable IWC Wage Order;

19             F)      The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

20    LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

21             G) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197.

22

23

24

25

26

27

28

**40**

**CLASS ACTION COMPLAINT**

3. On all claims:

   A)    An award of interest, including prejudgment interest at the legal rate;

   B)    Such other and further relief as the Court deems just and equitable; and,

   C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §226, §1194, and/or §2802.


Dated: January 28, 2022                              Respectfully Submitted,
                                                     JCL LAW FIRM, A.P.C.


                                                     By: _____
                                                     Jean-Claude Lapuyade
                                                     Attorneys for PLAINTIFF

## **DEMAND FOR JURY TRIAL**

PLAINTIFF demands a jury trial on all issues triable to a jury.


Dated: January 28, 2022                              Respectfully Submitted,
                                                     JCL LAW FIRM, A.P.C.


                                                     By: _____
                                                     Jean-Claude Lapuyade
                                                     Attorneys for PLAINTIFF

**CLASS ACTION COMPLAINT**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Homeqnion, Inc.
c/o Registered Agents, Inc.
1401 21st St., Suite R
Sacramento, CA 95811

9590 9402 7020 1225 2851 81

2. Article Number (Transfer from service label)

7021 2720 0000 9972 5450

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

aomos  1.28.22

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# EXHIBIT 2

1   ANDREW M. SPURCHISE, Bar No. 245998
    aspurchise@littler.com
2   LITTLER MENDELSON, P.C.
3   900 Third Avenue
    New York, New York 10022.3298
4   Telephone: 212.583.9600
    Facsimile: 212.832.2719
5
    Anthony G. Ly, Bar No. 228883
6   aly@littler.com
    LITTLER MENDELSON, P.C.
7   2049 Century Park East
    5th Floor
8   Los Angeles, California  90067.3107
    Telephone:    310.553.0308
9   Fax No.:      310.553.5583
10  Attorneys for Defendant
    HOMEAGLOW INC.,
11

FILED
SUPERIOR COURT-STOCKTON

2022 MAY 16  AM 10: 03

BRANDON E. RILEY, CLERK
By JESSICA CAYO
DEPUTY

12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                           COUNTY OF SAN JOAQUIN

14

15  JEANETTE GOMES, an individual, on behalf      Case No.  STK-CV-UOE-2022-2619
    of herself, and on behalf of all persons
16  similarly situated,                            **DEFENDANT'S ANSWER TO CLASS AND**
                                                   **REPRESENTATIVE ACTION COMPLAINT**
17                  Plaintiff,
                                                   ASSIGNED FOR ALL PURPOSES TO JUDGE
18          v.                                     JAYNE LEE, DEPT. 610
19
    HOMEALGOW INC., a Delaware
20  corporation; and DOES 1 through 30,
    Inclusive;
21
                    Defendant.                     Trial Date: None Set
22                                                 Complaint Filed:   April 12, 2022

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1    HOMEAGLOW INC. ("Defendant") hereby provides its Answer to the Class and

2    Representative Complaint filed by Plaintiff Jeanette Gomes ("Plaintiff") as follows:

3                                 G**ENERAL DENIAL**

4    Defendant generally denies each and every material allegation contained in the Complaint

5    pursuant to Section 431.30 of the California Code of Civil Procedure, and denies that Plaintiff, any

6    alleged "aggrieved employees," and/or the putative class members were injured or damaged as alleged

7    or at all.

8                               **AFFIRMATIVE DEFENSES**

9    Defendant asserts the following affirmative defenses designated, collectively, as "Affirmative

10   Defenses." Defendant has not yet completed a thorough investigation or completed discovery of all

11   facts and circumstances of the subject matter of the Complaint, and accordingly, reserves the right to

12   amend, modify, revise, or supplement its Answer, and to plead such further defenses and take such

13   further actions as it may deem proper and necessary in its defense upon completion of said

14   investigation and study. Defendant's designation of defenses as "affirmative" is not intended in any

15   way to alter Plaintiff's burden of proof with regard to any element of her causes of action. Defendant

16   also expressly denies the existence of: (1) any putative class of persons that Plaintiff purports to

17   represent in this lawsuit; and (2) any "aggrieved employees" as defined by Plaintiff. Defendant

18   incorporates (as if fully set forth herein) this express denial with each and every reference to

19   "Plaintiff." Without waiving or excusing Plaintiff's burden of proof or admitting that Defendant has

20   any burden of proof whatsoever, Defendant asserts the following separate and distinct defenses and

21   Affirmative Defenses:

22                            **FIRST AFFIRMATIVE DEFENSE**

23                              **(Arbitration – Exclusive Remedy)**

24   1.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

25   and each and every cause of action alleged therein, fails, in whole or in part, to the extent Plaintiff,

26   the putative class members, and/or alleged "aggrieved employees" contracted to submit all claims

27   and disputes against Defendant to binding arbitration on an individual basis only, therefore, their

28   exclusive remedy is through final and binding arbitration.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (Claims Subject to Arbitration on Individual Basis)

2.     As a separate and distinct defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because some or all of the alleged members of the putative class Plaintiff seeks to represent and/or the allegedly aggrieved employees she seeks to represent are bound by an arbitration agreement governed by the Federal Arbitration Act ("FAA") with a class, collective and representative action waiver requiring that the claims alleged in Plaintiff's complaint be resolved through individual arbitration and not via a class or representative action. Defendant does not waive the right to enforce the signed arbitration agreements of alleged members of the putative class and the alleged group of aggrieved employees, including Plaintiff's signed agreement.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

3.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to state facts sufficient to constitute a cause of action upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

### (No Employment Relationship)

4.     As a separate and distinct affirmative defense, Defendant alleges that each and every claim alleged in the Complaint is barred because at all times relevant, it did not employ Plaintiff, the putative class members or alleged "aggrieved employees" Plaintiff seeks to represent, within the meaning of the Labor Code, Labor Code section 18, the wage orders of the Industrial Welfare Commission, or any other basis, and were properly classified as independent contractors under any applicable legal standard.

## FIFTH AFFIRMATIVE DEFENSE

### (Not A Hiring Entity)

5.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported cause of action therein, is barred in whole or in part because Defendant is not a hiring entity, and/or Plaintiff, the putative class members, and/or the alleged "aggrieved employees"

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

did not provide any service to Defendant, and/or the ABC test cannot otherwise be applied to the relationship between Defendant and Plaintiff such that Labor Code § 2775(b)(3) applies.

## SIXTH AFFIRMATIVE DEFENSE

### (Independent Contractor)

6.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported cause of action therein, is barred to the extent that Plaintiff cannot bring claims that may only be brought by employees, including but not limited to claims under California Labor Code sections 204, 210, 226, 1194, 1194.2, 2802, California Code of Regulations (8 Cal. Code Regs., Tit. 8 § 11090), and California Industrial Welfare Commission Wage Order No. 9, because Plaintiff, the putative class members, and/or the alleged "aggrieved employees" are and have been properly classified as an independent contractor under the multifactor test set forth in *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations* (1989) 48 Cal. 3d 341 and the ABC test set forth in *Dynamex Operations W. v. Super. Ct.* (2018) 4 Cal. 5th 903.

## SEVENTH AFFIRMATIVE DEFENSE

### (Misclassification – Reasonable And Good Faith Belief)

7.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported cause of action therein, is barred to the extent that Defendant acted with a reasonable and good faith belief that it complied with its obligations, if any, under the California Labor Code, specifically including sections 226, 226.3, 226.7, and 226.8 thereof, as to Plaintiff, the putative class members, and/or the "alleged aggrieved" employees and Defendant's potential belief that Plaintiff, the putative class members, and/or alleged "aggrieved employees" were properly classified.

## EIGHTH AFFIRMATIVE DEFENSE

### (AB 5 Exemptions)

8.     As a separate and distinct affirmative defense, Defendant alleges that assuming *arguendo* Defendant is subject to AB 5, Defendant is exempt from AB 5 under the Occupational Exemption, Professional Services Exemption, Referral Agency Exemption, and/or the Narrow Business-to-Business Exemption.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

4

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**

**(Cal. Lab. Code § 2775 Impairs Obligation of Contracts)**

9.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, brought on behalf of herself and the purported class members and alleged aggrieved employees she seeks to represent, or some of them, are barred, in whole or in part, because any finding of liability under California Labor Code Section 2775 would violate Article I, Section 10 of the United States Constitution, and of Article I, Section 9 of the California Constitution, because California Labor Code Section 2775 would substantially impair existing contracts between Defendant and independent contractors.

**TENTH AFFIRMATIVE DEFENSE**

**(Cal. Lab. Code § 2775 Violates Equal Protection)**

10.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, brought on behalf of herself and the purported class members and alleged aggrieved employees she seeks to represent, or some of them, are barred, in whole or in part, because any finding of liability under California Labor Code Section 2775 would violate the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and of Article I, Section 3(b)(4) of the California Constitution, because AB 5 denies Defendant equal protection of the law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Cal. Lab. Code § 2775 Violates Right to Liberty)**

11.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, brought on behalf of herself and the purported class members and alleged aggrieved employees she seeks to represent, or some of them, are barred, in whole or in part, because any finding of liability under California Labor Code Section 2775 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Ninth Amendment to the United States Constitution, Article I, Sections 1 and 7 of the California Constitution, and the California Constitution's Baby Ninth Amendment, because California Labor Code Section 2775 infringes the rights of Defendant and independent contractors to pursue their chosen profession, which is an essential component of liberty, property, happiness, and privacy.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

5

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust)**

12.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff, the putative class members, and/or alleged "aggrieved employees" failed to exhaust appropriate internal remedies or otherwise properly perfect a right of action against Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Stay of Action)**

13.     As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, should be stayed pending the United States Supreme Court decision in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 734 (2021).

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

14.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

15.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of waiver.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

16.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each claim set forth therein, or some of them, are barred by the equitable doctrine of consent.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

17.　As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of estoppel and/or judicial estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

18.　As a separate and distinct affirmative defense, Defendant alleges that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of laches.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

19.　As a separate and distinct affirmative defense, Defendant alleges that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of unclean hands.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

20.　As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred, or any recover should be reduced, pursuant to the avoidable consequences doctrine. Defendant is informed and believes and on that basis alleges that Plaintiff, the putative class members, and/or the alleged "aggrieved employees" that Plaintiff seeks to represent unreasonably failed to use the preventative and corrective opportunities provided to them by Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not all, of the harm that Plaintiff, the putative class members, and/or alleged "aggrieved employees" allegedly suffered.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

7

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

21.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from seeking relief under each and every cause of action asserted in the Complaint to the extent such causes of action are based on acts or event which occurred outside the applicable statute of limitation, including, but not limited to, those set forth in California Code of Civil Procedure sections 337, 338(a), 339, 340, and 343, California Labor Code sections 203(b), 226, and 2802, 2699.3, and/or California Business & Professions Code section 17208. To the extent that Plaintiff, the putative class members, and/or alleged "aggrieved employees" attempt to rely on policies, practices or conduct that are outside the applicable statute of limitations, such evidence is barred, and no damages or penalties can be awarded, including under PAGA, based upon such conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (PAGA – No Standing)

22.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis allege, that Plaintiff lacks standing to pursue the claims alleged in the Complaint on behalf of herself, the putative class members, and/or the alleged "aggrieved employees."

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Acts or Omissions)

23.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, cannot be maintained against Defendant because the alleged losses or harms sustained, if any, resulted from the acts or omissions of Plaintiff, the putative class members, and/or the alleged "aggrieved employees."

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

24.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action therein, is barred in whole or in part, as Plaintiff, the putative class members, and/or the alleged "aggrieved employees" have not suffered and will not suffer irreparable

1    harm because of any of the alleged conduct of Defendant, and on that basis, there is no entitlement

2    to injunctive or other relief.

3                          **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

4                                   **(No Knowledge)**

5         25.    As a separate and distinct affirmative defense, Defendant alleges that that the

6    Complaint, and each and every alleged cause of action therein, or some of them, are barred in whole

7    or in part, because if Plaintiff, the putative class members, and/or any of the alleged "aggrieved

8    individuals" "worked" hours for which compensation was not paid, Defendant had no knowledge, or

9    reason to know, of such "work" and such "work" was undertaken without its consent or permission.

10   Based upon the foregoing, the finding of damages or imposition of penalties for any alleged violations

11   would be improper.

12                         **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

13                 **(Failure to Comply With Reasonable Directions)**

14        26.    As a separate and distinct affirmative defense, Defendant alleges that any recovery on

15   Plaintiff's Complaint as a whole, or on each purported cause of action alleged therein, is barred by

16   California Labor Code sections 2854 and 2856 to the extent Plaintiff, the putative class members,

17   and/or the alleged "aggrieved employees" failed to use ordinary care and diligence in the performance

18   of their duties and failed to comply substantially with the reasonable directions of Defendant.

19                        **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

20                            **(Not "Hours Worked")**

21        27.    As a separate and distinct affirmative defense, Defendant is informed and believes and

22   on that basis alleges that a reasonable opportunity for investigation and discovery will reveal that

23   some or all or certain hours claimed by Plaintiff, the putative class members, and/or the alleged

24   "aggrieved employees" are not "hours worked" within the meaning of any Wage Order(s) of

25   California Industrial Welfare Commission and/or under applicable California law such that

26   compensation need not be paid for such hours.

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

9

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2

### (Failure to Mitigate)

3    28.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff, the

4    putative class members, and the alleged "aggrieved employees" are barred from recovering any civil

5    penalties, or any recovery must be reduced, by virtue of their failure to exercise reasonable diligence

6    to mitigate any alleged damages and/or penalties.

7

## TWENTY-NINTH AFFIRMATIVE DEFENSE

8

### (Failure to Take Meal Breaks Provided Under the Law)

9    29.    As a separate and distinct affirmative defense, Defendant alleges on the belief that

10   further discovery may disclose information supporting such affirmative defense, that the Complaint,

11   and the allegations contained therein regarding meal breaks, are barred because Plaintiff, the putative

12   class members, and/or the alleged "aggrieved employees" that Plaintiff seeks to represent have no

13   right to penalties under California Labor Code section 226.7. To the extent, if any, that Plaintiff, the

14   putative class members, and/or the alleged "aggrieved employees" did not take any meal break

15   permitted by law, the failure was because they: (1) failed to take breaks that were provided to them

16   in compliance with California law; (2) chose not to take meal breaks that were authorized and

17   permitted; or (3) waived their right to meal breaks under California Labor Code section 512(a).

18

## THIRTIETH AFFIRMATIVE DEFENSE

19

### (Failure to Take Rest Breaks Provided Under the Law)

20   30.    As a separate and distinct affirmative defense, Defendant alleges on the belief that

21   further discovery may disclose information supporting such affirmative defense, that the Complaint,

22   and the allegations regarding rest breaks contained therein, are barred because Plaintiff, the putative

23   class members, and/or the alleged "aggrieved employees" she seeks to represent have no right to a

24   premium payment under California Labor Code section 226.7. To the extent, if any, that Plaintiff, the

25   putative class members, and/or the alleged "aggrieved employees" did not take any permitted rest

26   break, the failure was because they: (1) failed to take breaks that were provided to them in compliance

27   with California law; (2) chose not to take rest breaks that were provided.

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

10

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(No Reason to Know of Expense)**

31.     As a separate and distinct affirmative defense, Defendant alleges that any claim for penalties pursuant to Labor Code section 2802 is barred, in whole or in part, because Defendant did not know, and had no reason to know, of the unreimbursed expenses claimed.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(No Injury – Labor Code 226)**

32.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges that the Complaint, and Plaintiff's claim for alleged violation of California Labor Code Section 226(a) is barred because Plaintiff, the putative class members, and/or the alleged "aggrieved employees" she seeks to represent, have not suffered any injury from any alleged failure by Defendant to comply with California Labor Code Section 226(a).

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No Knowing and Intentional Failure – Labor Code 226)**

33.     As a separate and distinct affirmative defense, Defendant alleges, Plaintiff's Complaint is barred, in whole or in part, because even assuming arguendo that Plaintiff, the putative class members, and/or the alleged "aggrieved employees" were not provided with proper itemized wage statements of wages and deductions, they are not entitled to recover damages and penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith – No Willful Failure to Comply)**

34.     As a separate and distinct affirmative defense, Defendant is informed and believes and on that basis alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because any claims for damages or penalties under California Business and Professions Code section 17200, *et. seq*., or California Labor Code sections 201 to 203, 226, 226.7, 226.8, 510, 512, 1194 or any IWC Wage Order fail because Defendant did not willfully fail to comply

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

with the provisions of the California Labor Code, the applicable Wage Order, or the California Business & Professions Code, instead acting in good faith and with reasonable grounds for believing it did not violate them.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Reasonable Interpretation of Applicable Law)

35. As a separate and distinct affirmative defense, Defendant is informed and believes and on that basis alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because Defendant acted in good faith belief that it was in compliance with all applicable statutes, laws, and regulations concerning payment of wages and any other compensation owed to Plaintiff, the putative class members, and alleged "aggrieved employees."  Defendant did not willfully violate California or local law, or any other law.  Defendant acted in good faith reliance upon a reasonable interpretation of applicable law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Dispute)

36. As a separate and distinct affirmative defense, Defendant is informed and believes and on that basis alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because there exists a *bona fide* dispute as to whether further compensation is actually due to Plaintiff, the putative class members, and/or the alleged "aggrieved employees" Plaintiff seeks to represent and, if so, as to the amount of such further compensation.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Willful or Intentional Failure to Pay)

37. As a separate and distinct affirmative defense, Defendant is informed and believes and on that basis alleges that the Complaint, and the allegations regarding waiting time contained therein, is barred because Defendant acted in good faith, Defendant did not willfully or intentionally fail to pay any such additional compensation to Plaintiff, the putative class members, and/or the alleged "aggrieved employees," and that a good faith dispute exists over whether wages are owed.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

12

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1

2

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Waiting Time Penalties – Absent or Avoided Payment)**

3      38.      As a separate and distinct affirmative defense, Defendant is informed and believes that

4    further discovery may disclose information supporting such affirmative defense, and on that basis

5    alleges that the Complaint, and the allegations contained therein regarding waiting time penalties, are

6    barred because Plaintiff, the putative class members, and/or the alleged aggrieved employees Plaintiff

7    seeks to represent secreted or absented themselves to avoid payment of wages, thereby relieving their

8    alleged employer(s) of liability for waiting time penalties under the Labor Code, including but not

9    limited to section 203.

10

11

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Waiting Time Penalties – Refused Payment)**

12      39.      As a separate and distinct affirmative defense, Defendant is informed and believes that

13    further discovery may disclose information supporting such affirmative defense, and on that basis

14    alleges that the Complaint, and the allegations contained therein regarding waiting time penalties,

15    cannot be maintained against Defendant because Plaintiff, the putative class members, and/or the

16    alleged "aggrieved employees" Plaintiff seeks to represent refused payment fully tendered to them

17    by Defendant, thereby relieving Defendant of liability for waiting time penalties under the Labor

18    Code, including but not limited to section 203.

19

20

**FORTIETH AFFIRMATIVE DEFENSE**

**(*De Minimis*)**

21      40.      As a separate and distinct affirmative defense, Defendant is informed and believes that

22    further discovery may disclose information supporting such affirmative defense, and on that basis

23    alleges that Plaintiff, the putative class members, and/or the alleged "aggrieved employees" Plaintiff

24    seeks to represent are barred from recovering under the Complaint to the extent any alleged unpaid

25    work time or unpaid overtime was of a small, irregular amount of time so as to be disregarded as "*de*

26    *minimis*."

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

13

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Collateral Estoppel)**

41.     As a separate and distinct affirmative defense, Defendant is informed and believes that further discovery may disclose information supporting such affirmative defense, and on that basis alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of estoppel to the extent any putative class members and/or the alleged "aggrieved employees" that Plaintiff seeks to represent have litigated or will litigate issues raised by the Complaint prior to adjudication of those issues in the instant action.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Release)**

42.     As a separate and distinct affirmative defense, Defendant is informed and believes that further discovery may disclose information supporting such affirmative defense, and on that basis alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred to the extent that Plaintiff, the putative class members, and/or the alleged "aggrieved employees" she seeks to represent, or some of them, have released Defendant from any liability and/or acknowledged an accord and satisfaction of the claims alleged in the Complaint, and are, therefore, not aggrieved.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Limitation on Recovery – Initial Violation Only)**

43.     As a separate and distinct affirmative defense, Defendant alleges that, assuming, *arguendo*, that penalties are awarded against Defendant, insofar as Defendant has not been cited by the Labor Commissioner, or received a judgment against it in a court of law, with respect to Plaintiff or the alleged aggrieved employees' Labor Code claims, any civil penalties awarded under the Labor Code must be limited to those penalties applicable to an initial violation.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Set-Off for Unearned Compensation)**

44.     As a separate and distinct affirmative defense, Defendant alleges that Defendant is entitled to a set-off for amounts Plaintiff, the putative class members, and/or the alleged "aggrieved

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

14

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

employees" owe Defendant for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Third Party Contribution)

45.     As a separate and distinct affirmative defense, Defendant alleges that any damages alleged by Plaintiff, the class members, and/or the alleged "aggrieved employees" if proven true, were caused in whole or in part by the conduct of persons or entities other than Defendant, and any recovery obtained by Plaintiff, the class members, and/or the alleged "aggrieved employees" must be apportioned accordingly.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Class Action – Class Definition)

46.     As a separate and distinct affirmative defense, Defendant alleges that each and every cause of action therein, is barred in whole or in part because Plaintiff's proposed class definitions are vague and overly broad, and otherwise fail to satisfy the requirements for maintaining a class action.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Class Action)

47.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action set forth therein as a representative or class action, fails because: (a) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (b) Plaintiff's claims are not representative or typical of the claims of the putative class members; (c) Plaintiff and the putative class counsel are not adequate representatives for the putative class; and/or (d) a well-defined community of interest in the questions of law and/or fact affecting Plaintiff and the putative class members does not exist.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Class and Representative Action – Lack of Manageability)

48.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, or some of them, cannot proceed as a class action or as a representative action because the type, nature, and degree of alleged violations require

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

15

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1   highly individualized inquiries and/or the resolution of issues and/or questions required for a

2   determination of liability, damages, and/or defenses cannot be fairly or efficiently tried, rendering the

3   claims unmanageable.

4                    **FORTY-NINTH AFFIRMATIVE DEFENSE**

5                 **(Class Action – Violation of Due Process)**

6          49.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

7   and each and every cause of action set forth therein, is barred because the Certification of a class, as

8   applied to the facts and circumstances of this case, would constitute a denial of Defendant's due

9   process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the

10  United States Constitution and the California Constitution.

11                    **FIFTIETH AFFIRMATIVE DEFENSE**

12                 **(PAGA – Unconstitutional Delegation)**

13         50.     As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint is

14  barred, in whole or in part, because PAGA represents an unconstitutional delegation of the State of

15  California's prosecutorial role to non-elected officials.

16                    **FIFTY-FIRST AFFIRMATIVE DEFENSE**

17                 **(PAGA – Unconstitutionally Vague)**

18         51.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint

19  and each cause of action are barred because PAGA is unconstitutionally vague and overbroad as

20  applied to the facts, circumstances of this case.

21                    **FIFTY-SECOND AFFIRMATIVE DEFENSE**

22                 **(PAGA – Due Process)**

23         52.     As a separate and distinct affirmative defense, Defendant alleges that the award of

24  penalties as requested by Plaintiff would violate Defendant's procedural and substantive and

25  procedural due process rights (vis-à-vis the Fourteenth Amendment of the United States Constitution

26  and the Due Process and Equal Protection Clauses in Article 1 of the California Constitution). *See,*

27  *e.g., Timbs v. Indiana*, 139 S. Ct. 682 (2019); *State Farm Mutual Automobile Insurance Company v.*

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

16

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

*Campbell*, 538 U.S. 408 (2003); *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

### FIFTY-THIRD AFFIRMATIVE DEFENSE

### (PAGA – Separation of Powers)

53.     As a separate and distinct affirmative defense, Defendant alleges that any claims based on PAGA are barred, in whole or in part, because the prosecution of this matter as a representative action under PAGA, and/or an award of penalties pursuant to the PAGA, would violate the constitutionally-based separation of powers doctrine by impermissibly usurping prosecutorial authority assigned to the executive branch of government and impermissibly delegated by the PAGA to private attorneys without essential safeguards, including continuing oversight or control by the executive branch.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (PAGA – No Penalties for Alleged Violations After Submission of the LWDA Notice)

54.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from seeking civil penalties after submission of her notices with the Labor & Workforce Development Agency ("LWDA") because plaintiffs cannot recover any penalties for a claim under the Labor Code Private Attorneys General Act of 2004 for any alleged violations occurring after the date of his/her notice to the LWDA. *See Bodega Latina Corp. v. Labor Commissioner of the State of California*, Los Angeles County Superior Court, BS162695 at *7 (filing on Jan. 3, 2018) ("The PAGA notice in this case was required to be sent prior to filing the lawsuit for violations occurring prior to 2009. . . . Clearly, the Private Attorneys General did not contemplate that a notice sent in 2009 and a decision made **at that time** not to investigate **past** violations, would preclude the DLSE from investigating claims and issuing citations for violations that occur years later. Such a conclusion would be unjust, would undermine the purposes for which the DLSE exists and would violate the public policy of this state to determine and assess employer for violations of the Labor Code.").

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

17

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### (PAGA – Claims Not Suitable on a Representative Basis)

55.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for penalties under PAGA are not suitable for determination/litigation on a representative basis particularly given the diversity in the group of alleged "aggrieved employees."

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (PAGA – Failure to Exhaust PAGA Prerequisites)

56.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint is barred, in whole or in part, based on Plaintiff's failure to comply with the pre-filing notice and exhaustion requirements set forth in California Labor Code section 2699.3, or any other provision of the California Labor Code.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (PAGA – Claims Exceed Scope of Notice)

57.     As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint is barred, in whole or in part, because assuming *arguendo* that Plaintiff did exhaust their administrative remedies with the LWDA, the Labor Code and /or Wage Order violations asserted in the Complaint exceed the scope of the Labor Code and Wage Order violations identified in Plaintiff's notice to the LWDA.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (PAGA – No Jury Trial)

58.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the alleged "aggrieved employees" are not entitled to a jury trial in connection with their claims under PAGA, and instead, must adjudicate their claims by way of a bench trial. *See Hodge v. Sup. Ct.*, 145 Cal. App. 4th 278, 287 (2006).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

18

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

**(PAGA – Stacking of Penalties Impermissible)**

59.     As a separate and distinct affirmative defense, Defendant alleges that the claim brought by Plaintiff and/or the alleged "aggrieved employees" for penalties under the PAGA are impermissible because stacking of penalties is unsupported by law.

**SIXTIETH AFFIRMATIVE DEFENSE**

**(PAGA – Penalties Unconstitutional)**

60.     As a separate and distinct affirmative defense, Defendant alleges that to the extent Plaintiff and/or the alleged claims seek civil or statutory penalties, such claims violate the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and also violate Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines. *See State Farm Mutual Insurance Company v. Campbell*, 538 U.S. 408 (2003).

**SIXTY-FIRST AFFIRMATIVE DEFENSE**

**(PAGA – Substantial Compliance)**

61.     As a separate and distinct affirmative defense, Defendant alleges that any claim for civil penalties pursuant to the PAGA predicated on the Labor Code, or any applicable Wage Order, must fail because and to the extent Defendant substantially complied with the applicable laws, statutes, regulations, and applicable Wage Orders. For the same reason, should the Court find a violation of the Labor Code occurred, and such violation gives rise to potential penalties, the Court must exercise its discretion and significantly discount or eliminate any potential penalties owed by Defendant due to its good faith efforts to comply with the Labor Code and/or substantial compliance with the Labor Code.

**SIXTY-SECOND AFFIRMATIVE DEFENSE**

**(Unfair Business Practices – Adequate Remedies at Law)**

62.     As a separate and distinct affirmative defense, Defendant alleges that claims for equitable relief of Plaintiff and the putative class members are barred, in whole or in part, on the grounds that adequate remedies at law exist.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

19

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

1

## RESERVATION OF ADDITIONAL DEFENSES

2    Defendant reserves the right to amend this answer should it later discover facts demonstrating

3  the existence of new and/or additional affirmative defenses and/or should a change in the law support

4  the inclusion of new and/or additional distinct defenses.

5

## PRAYER FOR RELIEF

6  WHEREFORE, Defendant prays:

7    1. No class be certified, and that this Court dismiss Plaintiff's Complaint in its entirety, with

8  prejudice;

9    2.  Plaintiff, the putative class, and the alleged "aggrieved employees" take nothing by this

10  action;

11    3. That this Court enter judgment in favor of Defendant and against Plaintiff, and the putative

12  class, and the alleged "aggrieved employees";

13    4. That this Court award Defendant its attorneys' fees and costs as permitted by law; and

14    5. That this Court award Defendant any such other relief it deems just and proper.

15

16  Dated: May 13, 2022

17                           LITTLER MENDELSON, P.C.

18

19                           _____
                            Anthony G. Ly
20                           Andrew M. Sprchise

21                           Attorneys for Defendant
                            HOMEAGLOW INC.,

22

23

24

25

26

27

28

20

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On May 16, 2022, I served the within document(s):

**DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT**

☐    **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

     ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

     ☒   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Los Angeles, California**.

☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    **By messenger service.** by personal service I caused such envelope to be delivered to **County Legal** for delivery to the address below.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

21

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

☐   **By fax transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐   **By electronic service.**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay, Esq.
Jackland K. Hom, Esq.
Julieann Alvarado, Esq.
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
E-mail: shani@zakaylaw.com
jackland@zakaylaw.com
Attorneys for Plaintiff

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade, Esq.
Eduardo Garcia, Esq.
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 16, 2022 at Los Angeles, California.

_____
Madison Edwards, III

4866-9783-0942.7 / 114736-1002

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

22

DEFENDANT'S ANSWER TO CLASS AND REPRESENTATIVE ACTION COMPLAINT

# EXHIBIT 3

# JAMS Comprehensive Arbitration Rules & Procedures

*Effective June 1, 2021*

We understand that there is a lot on the line in arbitration. We know attorneys count on JAMS to provide highly skilled arbitrators who use JAMS Managed Arbitration Process to save time and money. JAMS offers efficiency, speed, and results.

If another arbitration provider was written into your contract, **call an experienced JAMS Case Manager** to discuss having your case administered by JAMS.

Download a PDF version here. A summary of the June 1, 2021 revisions may be found here.

## Related Links

- Arbitration Services at JAMS
- Submit a Case

## Table of Contents

- Rule 1. Scope of Rules
- Rule 2. Party Self-Determination and Emergency Relief Procedures
- Rule 3. Amendment of Rules
- Rule 4. Conflict with Law
- Rule 5. Commencing an Arbitration
- Rule 6. Preliminary and Administrative Matters
- Rule 7. Number and Neutrality of Arbitrators; Appointment and Authority of Chairperson
- Rule 8. Service
- Rule 9. Notice of Claims
- Rule 10. Changes of Claims
- Rule 11. Interpretation of Rules and Jurisdictional Challenges
- Rule 12. Representation

- Rule 13. Withdrawal from Arbitration

- Rule 14. *Ex Parte* Communications

- Rule 15. Arbitrator Selection, Disclosures and Replacement

- Rule 16. Preliminary Conference

- Rule 16.1. Application of Expedited Procedures

- Rule 16.2. Where Expedited Procedures Are Applicable

- Rule 17. Exchange of Information

- Rule 18. Summary Disposition of a Claim or Issue

- Rule 19. Scheduling and Location of Hearing

- Rule 20. Pre-Hearing Submissions

- Rule 21. Securing Witnesses and Documents for the Arbitration Hearing

- Rule 22. The Arbitration Hearing

- Rule 23. Waiver of Hearing

- Rule 24. Awards

- Rule 25. Enforcement of the Award

- Rule 26. Confidentiality and Privacy

- Rule 27. Waiver

- Rule 28. Settlement and Consent Award

- Rule 29. Sanctions

- Rule 30. Disqualification of the Arbitrator as a Witness or Party and Exclusion of Liability

- Rule 31. Fees

- Rule 32. Bracketed (or High-Low) Arbitration Option

- Rule 33. Final Offer (or Baseball) Arbitration Option

- Rule 34. Optional Arbitration Appeal Procedure

## Rule 1. Scope of Rules

(a) The JAMS Comprehensive Arbitration Rules and Procedures ("Rules") govern binding Arbitrations of disputes or claims that are administered by JAMS and in which the Parties agree to use these Rules or, in the absence of such agreement, any disputed claim or counterclaim that exceeds $250,000, not including interest or attorneys' fees, unless other Rules are prescribed.

(b) The Parties shall be deemed to have made these Rules a part of their Arbitration Agreement ("Agreement") whenever they have provided for Arbitration by JAMS under its Comprehensive Rules or for Arbitration by JAMS without specifying any particular JAMS Rules and the disputes or claims meet the criteria of the first paragraph of this Rule.

(c) The authority and duties of JAMS as prescribed in the Agreement of the Parties and in these Rules shall be carried out by the JAMS National Arbitration Committee ("NAC") or the office of JAMS General Counsel or their designees.

(d) JAMS may, in its discretion, assign the administration of an Arbitration to any of its Resolution Centers.

(e) The term "Party" as used in these Rules includes Parties to the Arbitration and their counsel or representatives.

(f) "Electronic filing" (e-filing) means the electronic transmission of documents to JAMS for the purpose of filing via the Internet. "Electronic service" (e-service) means the electronic transmission of documents to a Party, attorney or representative under these Rules.

## Rule 2. Party Self-Determination and Emergency Relief Procedures

(a) The Parties may agree on any procedures not specified herein or in lieu of these Rules that are consistent with the applicable law and JAMS policies (including, without limitation, Rules 15(i), 30 and 31). The Parties shall promptly notify JAMS of any such Party-agreed procedures and shall confirm such procedures in writing. The Party-agreed procedures shall be enforceable as if contained in these Rules.

(b) When an Arbitration Agreement provides that the Arbitration will be non-administered or administered by an entity other than JAMS and/or conducted in accordance with rules other than JAMS Rules, the Parties may agree to modify that Agreement to provide that the Arbitration will be administered by JAMS and/or conducted in accordance with JAMS Rules.

(c) Emergency Relief Procedures. These Emergency Relief Procedures are available in Arbitrations filed and served after July 1, 2014, and where not otherwise prohibited by law. Parties may agree to opt out of these Procedures in their Arbitration Agreement or by subsequent written agreement.

(i) A Party in need of emergency relief prior to the appointment of an Arbitrator may notify JAMS and all other Parties in writing of the relief sought and the basis for an Award of such relief. This Notice shall include an explanation of why such relief is needed on an expedited basis. Such Notice shall be given by email or personal delivery. The Notice must include a statement certifying that all other Parties have been notified. If all other Parties have not been notified, the Notice shall include an explanation of the efforts made to notify such Parties.

(ii) JAMS shall promptly appoint an Emergency Arbitrator to rule on the emergency request. In most cases

the appointment of an Emergency Arbitrator will be done within 24 hours of receipt of the request. The Emergency Arbitrator shall promptly disclose any circumstance likely, based on information disclosed in the application, to affect the Arbitrator's ability to be impartial or independent. Any challenge to the appointment of the Emergency Arbitrator shall be made within 24 hours of the disclosures by the Emergency Arbitrator. JAMS will promptly review and decide any such challenge. JAMS' decision shall be final.

(iii) Within two business days, or as soon as practicable thereafter, the Emergency Arbitrator shall establish a schedule for the consideration of the request for emergency relief. The schedule shall provide a reasonable opportunity for all Parties to be heard taking into account the nature of the relief sought. The Emergency Arbitrator has the authority to rule on his or her own jurisdiction and shall resolve any disputes with respect to the request for emergency relief.

(iv) The Emergency Arbitrator shall determine whether the Party seeking emergency relief has shown that immediate loss or damage will result in the absence of emergency relief and whether the requesting Party is entitled to such relief. The Emergency Arbitrator shall enter an order or Award granting or denying the relief, as the case may be, and stating the reasons therefor.

(v) Any request to modify the Emergency Arbitrator's order or Award must be based on changed circumstances and may be made to the Emergency Arbitrator until such time as an Arbitrator or Arbitrators are appointed in accordance with the Parties' Agreement and JAMS' usual procedures. Thereafter, any request related to the relief granted or denied by the Emergency Arbitrator shall be determined by the Arbitrator(s) appointed in accordance with the Parties' Agreement and JAMS' usual procedures.

(vi) In the Emergency Arbitrator's discretion, any interim Award of emergency relief may be conditioned on the provision of adequate security by the Party seeking such relief.

## Rule 3. Amendment of Rules

JAMS may amend these Rules without notice. The Rules in effect on the date of the commencement of an Arbitration (as defined in Rule 5) shall apply to that Arbitration, unless the Parties have agreed upon another version of the Rules.

## Rule 4. Conflict with Law

If any of these Rules, or modification of these Rules agreed to by the Parties, is determined to be in conflict with a provision of applicable law, the provision of law will govern over the Rule in conflict, and no other Rule will be affected.

## Rule 5. Commencing an Arbitration

(a) The Arbitration is deemed commenced when JAMS issues a Commencement Letter based upon the existence of one of the following:

(i) A post-dispute Arbitration Agreement fully executed by all Parties specifying JAMS administration or use of i　　MS Rules; or

(ii) A pre-dispute written contractual provision requiring the Parties to arbitrate the dispute or claim and specifying JAMS administration or use of any JAMS Rules or that the Parties agree shall be administered by JAMS; or

(iii) A written confirmation of an oral agreement of all Parties to participate in an Arbitration administered by JAMS or conducted pursuant to any JAMS Rules; or

(iv) The Respondent's failure to timely object to JAMS administration, where the Parties' Arbitration Agreement does not specify JAMS administration or JAMS Rules; or

(v) A copy of a court order compelling Arbitration at JAMS.

(b) The issuance of the Commencement Letter confirms that requirements for commencement have been met, that JAMS has received all payments required under the applicable fee schedule and that the Claimant has provided JAMS with contact information for all Parties together with evidence that the Demand for Arbitration has been served on all Parties.

(c) If a Party that is obligated to arbitrate in accordance with subparagraph (a) of this Rule fails to agree to participate in the Arbitration process, JAMS shall confirm in writing that Party's failure to respond or participate, and, pursuant to Rule 22(j), the Arbitrator, once appointed, shall schedule, and provide appropriate notice of, a Hearing or other opportunity for the Party demanding the Arbitration to demonstrate its entitlement to relief.

(d) The date of commencement of the Arbitration is the date of the Commencement Letter but is not intended to be applicable to any legal requirement, such as the statute of limitations; any contractual limitations period; or any claims notice requirement. The term "commencement," as used in this Rule, is intended only to pertain to the operation of this and other Rules (such as Rules 3, 13(a), 17(a) and 31(a)).

## Rule 6. Preliminary and Administrative Matters

(a) JAMS may convene, or the Parties may request, administrative conferences to discuss any procedural matter relating to the administration of the Arbitration.

(b) If no Arbitrator has yet been appointed, at the request of a Party and in the absence of Party agreement, JAMS may determine the location of the Hearing, subject to Arbitrator review. In determining the location of the Hearing, such factors as the subject matter of the dispute, the convenience of the Parties and witnesses, and the relative resources of the Parties shall be considered.

(c) If, at any time, any Party has failed to pay fees or expenses in full, JAMS may order the suspension or termination of the proceedings. JAMS may so inform the Parties in order that one of them may advance the required payment. If one Party advances the payment owed by a non-paying Party, the Arbitration shall proceed, and the Arbitrator may allocate the non-paying Party's share of such costs, in accordance with Rules 24(f) and 31(c). An administrative suspension shall toll any other time limits contained in these Rules or the Parties' Agreement.

(d) JAMS does not maintain an official record of documents filed in the Arbitration. If the Parties wish to have any documents returned to them, they must advise JAMS in writing within thirty (30) calendar days of the conclusion of the Arbitration. If special arrangements are required regarding file maintenance or document

retention, they must be agreed to in writing, and JAMS reserves the right to impose an additional fee for such special arrangements. Documents that are submitted for e-filing are retained for thirty (30) calendar days following the conclusion of the Arbitration.

(e) Unless the Parties' Agreement or applicable law provides otherwise, JAMS, if it determines that the Arbitrations so filed have common issues of fact or law, may consolidate Arbitrations in the following instances:

(i) If a Party files more than one Arbitration with JAMS, JAMS may consolidate two or more of the Arbitrations into a single Arbitration.

(ii) Where a Demand or Demands for Arbitration is or are submitted naming Parties already involved in another Arbitration or Arbitrations pending under these Rules, JAMS may decide that the new case or cases shall be consolidated into one or more of the pending proceedings and referred to one of the Arbitrators or panels of Arbitrators already appointed.

(iii) Where a Demand or Demands for Arbitration is or are submitted naming Parties that are not identical to the Parties in the existing Arbitration or Arbitrations, JAMS may decide that the new case or cases shall be consolidated into one or more of the pending proceedings and referred to one of the Arbitrators or panels of Arbitrators already appointed.

When rendering its decision, JAMS will take into account all circumstances, including the links between the cases and the progress already made in the existing Arbitrations.

Unless applicable law provides otherwise, where JAMS decides to consolidate a proceeding into a pending Arbitration, the Parties to the consolidated case or cases will be deemed to have waived their right to designate an Arbitrator as well as any contractual provision with respect to the site of the Arbitration.

(f) Where a third party seeks to participate in an Arbitration already pending under these Rules or where a Party to an Arbitration under these Rules seeks to compel a third party to participate in a pending Arbitration, the Arbitrator shall determine such request, taking into account all circumstances he or she deems relevant and applicable.

## Rule 7. Number and Neutrality of Arbitrators; Appointment and Authority of Chairperson

(a) The Arbitration shall be conducted by one neutral Arbitrator, unless all Parties agree otherwise. In these Rules, the term "Arbitrator" shall mean, as the context requires, the Arbitrator or the panel of Arbitrators in a tripartite Arbitration.

(b) In cases involving more than one Arbitrator, the Parties shall agree on, or, in the absence of agreement, JAMS shall designate, the Chairperson of the Arbitration Panel. If the Parties and the Arbitrators agree, a single member of the Arbitration Panel may, acting alone, decide discovery and procedural matters, including the conduct of hearings to receive documents and testimony from third parties who have been subpoenaed, in advance of the Arbitration Hearing, to produce documents.

(c) Where the Parties have agreed that each Party is to name one Arbitrator, the Arbitrators so named shall be       al and independent of the appointing Party, unless the Parties have agreed that they shall be non-neutral.

## Rule 8. Service

(a) JAMS or the Arbitrator may at any time require electronic filing and service of documents in an Arbitration, including through the JAMS Electronic Filing System. If JAMS or the Arbitrator requires electronic filing and service, the Parties shall maintain and regularly monitor a valid, usable and live email address for the receipt of documents and notifications. Any document filed via the JAMS Electronic Filing System shall be considered as filed when the transmission to the JAMS Electronic Filing System is complete. Any document e-filed by 11:59 p.m. (of the sender's time zone) shall be deemed filed on that date.

(b) Every document filed with the JAMS Electronic Filing System shall be deemed to have been signed by the Arbitrator, Case Manager, attorney or declarant who submits the document to the JAMS Electronic Filing System, and shall bear the typed name, address and telephone number of a signing attorney.

(c) Delivery of e-service documents through the JAMS Electronic Filing System shall be considered as valid and effective service and shall have the same legal effect as an original paper document. Recipients of e-service documents shall access their documents through the JAMS Electronic Filing System. E-service shall be deemed complete when the Party initiating e-service or JAMS completes the transmission of the electronic document(s) to the JAMS Electronic Filing System for e-filing and/or e-service.

(d) If an electronic filing and/or service via JAMS Electronic Filing System does not occur due to technical error in the transmission of the document, the Arbitrator or JAMS may, for good cause shown, permit the document to be filed and/or served *nunc pro tunc* to the date it was first attempted to be transmitted electronically. In such cases a Party shall, absent extraordinary circumstances, be entitled to an order extending the date for any response or the period within which any right, duty or other act must be performed.

(e) For documents that are not filed electronically, service by a Party under these Rules is effected by providing one signed copy of the document to each Party and two copies in the case of a sole Arbitrator and four copies in the case of a tripartite panel to JAMS. Service may be made by hand-delivery, overnight delivery service or U.S. mail. Service by any of these means is considered effective upon the date of deposit of the document.

(f) In computing any period of time prescribed or allowed by these Rules for a Party to do some act within a prescribed period after the service of a notice or other paper on the Party and the notice or paper is served on the Party only by U.S. mail, three (3) calendar days shall be added to the prescribed period. If the last day for the performance of any act that is required by these Rules to be performed within a specific time falls on a Saturday, Sunday or other legal holiday, the period is extended to and includes the next day that is not a holiday.

## Rule 9. Notice of Claims

(a) Each Party shall afford all other Parties reasonable and timely notice of its claims, affirmative defenses or counterclaims. Any such notice shall include a short statement of its factual basis. No claim, remedy, counterclaim or affirmative defense will be considered by the Arbitrator in the absence of such prior notice

Case 2:22-cv-00835-KJM-KJN   Document 7-4   Filed 07/05/22   Page 124 of 138

to the other Parties, unless the Arbitrator determines that no Party has been unfairly prejudiced by such lack of formal notice or all Parties agree that such consideration is appropriate notwithstanding the lack of prior notice.

(b) Claimant's notice of claims is the Demand for Arbitration referenced in Rule 5. It shall include a statement of the remedies sought. The Demand for Arbitration may attach and incorporate a copy of a Complaint previously filed with a court. In the latter case, Claimant may accompany the Complaint with a copy of any Answer to that Complaint filed by any Respondent.

(c) Within fourteen (14) calendar days of service of the notice of claim, a Respondent may submit to JAMS and serve on other Parties a response and a statement of any affirmative defenses, including jurisdictional challenges, or counterclaims it may have. JAMS may grant reasonable extensions of time to file a response or counterclaim prior to the appointment of the Arbitrator.

(d) Within fourteen (14) calendar days of service of a counterclaim, a Claimant may submit to JAMS and serve on other Parties a response to such counterclaim and any affirmative defenses, including jurisdictional challenges, it may have.

(e) Any claim or counterclaim to which no response has been served will be deemed denied.

(f) Jurisdictional challenges under Rule 11 shall be deemed waived, unless asserted in a response to a Demand or counterclaim or promptly thereafter, when circumstances first suggest an issue of arbitrability.

## Rule 10. Changes of Claims

After the filing of a claim and before the Arbitrator is appointed, any Party may make a new or different claim against a Party or any third party that is subject to Arbitration in the proceeding. Such claim shall be made in writing, filed with JAMS and served on the other Parties. Any response to the new claim shall be made within fourteen (14) calendar days after service of such claim. After the Arbitrator is appointed, no new or different claim may be submitted, except with the Arbitrator's approval. A Party may request a hearing on this issue. Each Party has the right to respond to any new or amended claim in accordance with Rule 9(c) or (d).

## Rule 11. Interpretation of Rules and Jurisdictional Challenges

(a) Once appointed, the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules and conduct of the Arbitration Hearing. The resolution of the issue by the Arbitrator shall be final.

(b) Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

(c) Disputes concerning the appointment of the Arbitrator shall be resolved by JAMS.

(d) The Arbitrator may, upon a showing of good cause or *sua sponte*, when necessary to facilitate the Arbitration, extend any deadlines established in these Rules, provided that the time for rendering the Award may be altered only in accordance with Rules 22(i) or 24.

## Rule 12. Representation

(a) The Parties, whether natural persons or legal entities such as corporations, LLCs or partnerships, may be represented by counsel or any other person of the Party's choice. Each Party shall give prompt written notice to the Case Manager and the other Parties of the name, address, telephone number and email address of its representative. The representative of a Party may act on the Party's behalf in complying with these Rules.

(b) Changes in Representation. A Party shall give prompt written notice to the Case Manager and the other Parties of any change in its representation, including the name, address, telephone number and email address of the new representative. Such notice shall state that the written consent of the former representative, if any, and of the new representative, has been obtained and shall state the effective date of the new representation.

(c) The Arbitrator may withhold approval of any intended change or addition to a Party's legal representative(s) where such change or addition could compromise the ability of the Arbitrator to continue to serve, the composition of the Panel in the case of a tripartite Arbitration or the finality of any Award (on the grounds of possible conflict or other like impediment). In deciding whether to grant or withhold such approval, the Arbitrator shall have regard to the circumstances, including the general principle that a Party may be represented by a legal representative chosen by that Party, the stage that the Arbitration has reached, the potential prejudice resulting from the possible disqualification of the Arbitrator, the efficiency resulting from maintaining the composition of the Panel (as constituted throughout the Arbitration), the views of the other Party or Parties to the Arbitration and any likely wasted costs or loss of time resulting from such change or addition.

## Rule 13. Withdrawal from Arbitration

(a) No Party may terminate or withdraw from an Arbitration after the issuance of the Commencement Letter (see Rule 5), except by written agreement of all Parties to the Arbitration.

(b) A Party that asserts a claim or counterclaim may unilaterally withdraw that claim or counterclaim without prejudice by serving written notice on the other Parties and the Arbitrator. However, the opposing Parties may, within seven (7) calendar days of service of such notice, request that the Arbitrator condition the withdrawal upon such terms as he or she may direct.

## Rule 14. *Ex Parte* Communications

(a) No Party may have any *ex parte* communication with a neutral Arbitrator, except as provided in section (b) of this Rule. The Arbitrator(s) may authorize any Party to communicate directly with the Arbitrator(s) by email or other written means as long as copies are simultaneously forwarded to the JAMS Case Manager and the other Parties.

(b) A Party may have *ex parte* communication with its appointed neutral or non-neutral Arbitrator as necessary to secure the Arbitrator's services and to assure the absence of conflicts, as well as in connection with the selection of the Chairperson of the arbitral panel.

Case 2:22-cv-00835-KJM-KJN   Document 7-4   Filed 07/05/22   Page 126 of 138

(c) The Parties may agree to permit more extensive *ex parte* communication between a Party and a non-neutral Arbitrator. More extensive communication with a non-neutral Arbitrator may also be permitted by applicable law and rules of ethics.

## Rule 15. Arbitrator Selection, Disclosures and Replacement

(a) Unless the Arbitrator has been previously selected by agreement of the Parties, JAMS may attempt to facilitate agreement among the Parties regarding selection of the Arbitrator.

(b) If the Parties do not agree on an Arbitrator, JAMS shall send the Parties a list of at least five (5) Arbitrator candidates in the case of a sole Arbitrator and at least ten (10) Arbitrator candidates in the case of a tripartite panel. JAMS shall also provide each Party with a brief description of the background and experience of each Arbitrator candidate. JAMS may add names to or replace any or all names on the list of Arbitrator candidates for reasonable cause at any time before the Parties have submitted their choice pursuant to subparagraph (c) below.

(c) Within seven (7) calendar days of service upon the Parties of the list of names, each Party may strike two (2) names in the case of a sole Arbitrator and three (3) names in the case of a tripartite panel, and shall rank the remaining Arbitrator candidates in order of preference. The remaining Arbitrator candidate with the highest composite ranking shall be appointed the Arbitrator. JAMS may grant a reasonable extension of the time to strike and rank the Arbitrator candidates to any Party without the consent of the other Parties.

(d) If this process does not yield an Arbitrator or a complete panel, JAMS shall designate the sole Arbitrator or as many members of the tripartite panel as are necessary to complete the panel.

(e) If a Party fails to respond to a list of Arbitrator candidates within seven (7) calendar days after its service, or fails to respond according to the instructions provided by JAMS, JAMS shall deem that Party to have accepted all of the Arbitrator candidates.

(f) Entities or individuals whose interests are not adverse with respect to the issues in dispute shall be treated as a single Party for purposes of the Arbitrator selection process. JAMS shall determine whether the interests between entities or individuals are adverse for purposes of Arbitrator selection, considering such factors as whether they are represented by the same attorney and whether they are presenting joint or separate positions at the Arbitration.

(g) If, for any reason, the Arbitrator who is selected is unable to fulfill the Arbitrator's duties, a successor Arbitrator shall be chosen in accordance with this Rule. If a member of a panel of Arbitrators becomes unable to fulfill his or her duties after the beginning of a Hearing but before the issuance of an Award, a new Arbitrator will be chosen in accordance with this Rule, unless, in the case of a tripartite panel, the Parties agree to proceed with the remaining two Arbitrators. JAMS will make the final determination as to whether an Arbitrator is unable to fulfill his or her duties, and that decision shall be final.

(h) Any disclosures regarding the selected Arbitrator shall be made as required by law or within ten (10) calendar days from the date of appointment. Such disclosures may be provided in electronic format, provided that JAMS will produce a hard copy to any Party that requests it. The Parties and their representatives shall disclose to JAMS any circumstance likely to give rise to justifiable doubt as to the Arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result

Case 2:22-cv-00835-KJM-KJN    Document 7-4    Filed 07/05/22    Page 127 of 138

of the Arbitration or any past or present relationship with the Parties or their representatives. The obligation of the Arbitrator, the Parties and their representatives to make all required disclosures continues throughout the Arbitration process.

(i) At any time during the Arbitration process, a Party may challenge the continued service of an Arbitrator for cause. The challenge must be based upon information that was not available to the Parties at the time the Arbitrator was selected. A challenge for cause must be in writing and exchanged with opposing Parties, who may respond within seven (7) calendar days of service of the challenge. JAMS shall make the final determination as to such challenge. Such determination shall take into account the materiality of the facts and any prejudice to the Parties. That decision will be final.

(j) Where the Parties have agreed that a Party-appointed Arbitrator is to be non-neutral, that Party-appointed Arbitrator is not obliged to withdraw if requested to do so only by the Party that did not appoint that Arbitrator.

## Rule 16. Preliminary Conference

At the request of any Party or at the direction of the Arbitrator, a Preliminary Conference shall be conducted with the Parties or their counsel or representatives. The Preliminary Conference may address any or all of the following subjects:

(a) The exchange of information in accordance with Rule 17 or otherwise;

(b) The schedule for discovery as permitted by the Rules, as agreed by the Parties or as required or authorized by applicable law;

(c) The pleadings of the Parties and any agreement to clarify or narrow the issues or structure the Arbitration Hearing;

(d) The scheduling of the Hearing and any pre-Hearing exchanges of information, exhibits, motions or briefs;

(e) The attendance of witnesses as contemplated by Rule 21;

(f) The scheduling of any dispositive motion pursuant to Rule 18;

(g) The premarking of exhibits, the preparation of joint exhibit lists and the resolution of the admissibility of exhibits;

(h) The form of the Award; and

(i) Such other matters as may be suggested by the Parties or the Arbitrator.

The Preliminary Conference may be conducted telephonically and may be resumed from time to time as warranted.

## Rule 16.1. Application of Expedited Procedures

(a) If these Expedited Procedures are referenced in the Parties' Agreement to arbitrate or are later agreed to by all Parties, they shall be applied by the Arbitrator.

(b) The Claimant or Respondent may opt into the Expedited Procedures. The Claimant may do so by indicating the election in the Demand for Arbitration. The Respondent may opt into the Expedited Procedures by so indicating in writing to JAMS with a copy to the Claimant served within fourteen (14) days of receipt of the Demand for Arbitration. If a Party opts into the Expedited Procedures, the other side shall indicate within seven (7) calendar days of notice thereof whether it agrees to the Expedited Procedures.

(c) If one Party elects the Expedited Procedures and any other Party declines to agree to the Expedited Procedures, each Party shall have a client or client representative present at the first Preliminary Conference (which should, if feasible, be an in-person conference), unless excused by the Arbitrator for good cause.

## Rule 16.2. Where Expedited Procedures Are Applicable

(a) The Arbitrator shall require compliance with Rule 17(a) prior to conducting the first Preliminary Conference. Each Party shall confirm in writing to the Arbitrator that it has so complied or shall indicate any limitations on full compliance and the reasons therefor.

(b) Document requests shall (1) be limited to documents that are directly relevant to the matters in dispute or to its outcome; (2) be reasonably restricted in terms of time frame, subject matter and persons or entities to which the requests pertain; and (3) not include broad phraseology such as "all documents directly or indirectly related to." The Requests shall not be encumbered with extensive "definitions" or "instructions." The Arbitrator may edit or limit the number of requests.

(c) E-discovery shall be limited as follows:

(i) There shall be production of electronic documents only from sources used in the ordinary course of business. Absent a showing of compelling need, no such documents are required to be produced from backup servers, tapes or other media.

(ii) Absent a showing of compelling need, the production of electronic documents shall normally be made on the basis of generally available technology in a searchable format that is usable by the requesting Party and convenient and economical for the producing Party. Absent a showing of compelling need, the Parties need not produce metadata, with the exception of header fields for email correspondence.

(iii) The description of custodians from whom electronic documents may be collected should be narrowly tailored to include only those individuals whose electronic documents may reasonably be expected to contain evidence that is material to the dispute.

(iv) Where the costs and burdens of e-discovery are disproportionate to the nature of the dispute or to the amount in controversy, or to the relevance of the materials requested, the Arbitrator may either deny such requests or order disclosure on the condition that the requesting Party advance the reasonable cost of production to the other side, subject to the allocation of costs in the final Award.

(v) The Arbitrator may vary these Rules after discussion with the Parties at the Preliminary Conference.

(d) Depositions of percipient witnesses shall be limited as follows:

(i) The limitation of one discovery deposition per side (Rule 17(b)) shall be applied by the Arbitrator, unless it is determined, based on all relevant circumstances, that more depositions are warranted. The Arbitrator shall consider the amount in controversy, the complexity of the factual issues, the number of Parties and the diversity of their interests, and whether any or all of the claims appear, on the basis of the pleadings, to have sufficient merit to justify the time and expense associated with the requested discovery.

(ii) The Arbitrator shall also consider the additional factors listed in the JAMS Recommended Arbitration Discovery Protocols for Domestic Commercial Cases.

(e) Expert depositions, if any, shall be limited as follows: Where written expert reports are produced to the other side in advance of the Hearing, expert depositions may be conducted only by agreement of the Parties or by order of the Arbitrator for good cause shown.

(f) Discovery disputes shall be resolved on an expedited basis.

(i) Where there is a panel of three Arbitrators, the Parties are encouraged to agree, by rule or otherwise, that the Chair or another member of the panel be authorized to resolve discovery issues, acting alone.

(ii) Lengthy briefs on discovery matters should be avoided. In most cases, the submission of brief letters will sufficiently inform the Arbitrator with regard to the issues to be decided.

(iii) The Parties should meet and confer in good faith prior to presenting any issues for the Arbitrator's decision.

(iv) If disputes exist with respect to some issues, that should not delay the Parties' discovery on remaining issues.

(g) The Arbitrator shall set a discovery cutoff not to exceed seventy-five (75) calendar days after the Preliminary Conference for percipient discovery and not to exceed one hundred five (105) calendar days for expert discovery (if any). These dates may be extended by the Arbitrator for good cause shown.

(h) Dispositive motions (Rule 18) shall not be permitted, except as set forth in the JAMS Recommended Arbitration Discovery Protocols for Domestic Commercial Cases or unless the Parties agree to that procedure.

(i) The Hearing shall commence within sixty (60) calendar days after the cutoff for percipient discovery. Consecutive Hearing days shall be established unless otherwise agreed by the Parties or ordered by the Arbitrator. These dates may be extended by the Arbitrator for good cause shown.

(j) The Arbitrator may alter any of these Procedures for good cause.

## Rule 17. Exchange of Information

(a) The Parties shall cooperate in good faith in the voluntary and informal exchange of all non-privileged documents and other information (including electronically stored information ("ESI")) relevant to the dispute or claim immediately after commencement of the Arbitration. They shall complete an initial exchange of all relevant, non-privileged documents, including, without limitation, copies of all documents in their possession

or control on which they rely in support of their positions, and names of individuals whom they may call as witnesses at the Arbitration Hearing, within twenty-one (21) calendar days after all pleadings or notice of claims have been received. The Arbitrator may modify these obligations at the Preliminary Conference.

(b) Each Party may take one deposition of an opposing Party or of one individual under the control of the opposing Party. The Parties shall attempt to agree on the time, location and duration of the deposition. If the Parties do not agree, these issues shall be determined by the Arbitrator. The necessity of additional depositions shall be determined by the Arbitrator based upon the reasonable need for the requested information, the availability of other discovery options and the burdensomeness of the request on the opposing Parties and the witness.

(c) As they become aware of new documents or information, including experts who may be called upon to testify, all Parties continue to be obligated to provide relevant, non-privileged documents to supplement their identification of witnesses and experts and to honor any informal agreements or understandings between the Parties regarding documents or information to be exchanged. Documents that were not previously exchanged, or witnesses and experts that were not previously identified, may not be considered by the Arbitrator at the Hearing, unless agreed by the Parties or upon a showing of good cause.

(d) The Parties shall promptly notify JAMS when a dispute exists regarding discovery issues. A conference shall be arranged with the Arbitrator, either by telephone or in person, and the Arbitrator shall decide the dispute. With the written consent of all Parties, and in accordance with an agreed written procedure, the Arbitrator may appoint a special master to assist in resolving a discovery dispute.

(e) In a consumer or employment case, the Parties may take discovery of third parties with the approval of the Arbitrator.

## Rule 18. Summary Disposition of a Claim or Issue

The Arbitrator may permit any Party to file a Motion for Summary Disposition of a particular claim or issue, either by agreement of all interested Parties or at the request of one Party, provided other interested Parties have reasonable notice to respond to the request. The Request may be granted only if the Arbitrator determines that the requesting Party has shown that the proposed motion is likely to succeed and dispose of or narrow the issues in the case.

## Rule 19. Scheduling and Location of Hearing

(a) The Arbitrator, after consulting with the Parties that have appeared, shall determine the date, time and location of the Hearing. The Arbitrator and the Parties shall attempt to schedule consecutive Hearing days if more than one day is necessary.

(b) If a Party has failed to participate in the Arbitration process, and the Arbitrator reasonably believes that the Party will not participate in the Hearing, the Arbitrator may set the Hearing without consulting with that Party. The non-participating Party shall be served with a Notice of Hearing at least thirty (30) calendar days prior to the scheduled date, unless the law of the relevant jurisdiction allows for, or the Parties have agreed to, shorter notice.

Case 2:22-cv-00835-KJM-KJN Document 7-4 Filed 07/05/22 Page 131 of 138

(c) The Arbitrator, in order to hear a third-party witness, or for the convenience of the Parties or the witnesses, may conduct the Hearing at any location. Any JAMS Resolution Center may be designated a Hearing location for purposes of the issuance of a subpoena or subpoena *duces tecum* to a third-party witness.

## Rule 20. Pre-Hearing Submissions

(a) Except as set forth in any scheduling order that may be adopted, at least fourteen (14) calendar days before the Arbitration Hearing, the Parties shall file with JAMS and serve and exchange (1) a list of the witnesses they intend to call, including any experts; (2) a short description of the anticipated testimony of each such witness and an estimate of the length of the witness' direct testimony; (3) any written expert reports that may be introduced at the Arbitration Hearing; and (4) a list of all exhibits intended to be used at the Hearing. The Parties should exchange with each other copies of any such exhibits to the extent that they have not been previously exchanged. The Parties should pre-mark exhibits and shall attempt to resolve any disputes regarding the admissibility of exhibits prior to the Hearing.

(b) The Arbitrator may require that each Party submit a concise written statement of position, including summaries of the facts and evidence a Party intends to present, discussion of the applicable law and the basis for the requested Award or denial of relief sought. The statements, which may be in the form of a letter, shall be filed with JAMS and served upon the other Parties at least seven (7) calendar days before the Hearing date. Rebuttal statements or other pre-Hearing written submissions may be permitted or required at the discretion of the Arbitrator.

## Rule 21. Securing Witnesses and Documents for the Arbitration Hearing

At the written request of a Party, all other Parties shall produce for the Arbitration Hearing all specified witnesses in their employ or under their control without need of subpoena. The Arbitrator may issue subpoenas for the attendance of witnesses or the production of documents either prior to or at the Hearing pursuant to this Rule or Rule 19(c). The subpoena or subpoena *duces tecum* shall be issued in accordance with the applicable law. Pre-issued subpoenas may be used in jurisdictions that permit them. In the event a Party or a subpoenaed person objects to the production of a witness or other evidence, the Party or subpoenaed person may file an objection with the Arbitrator, who shall promptly rule on the objection, weighing both the burden on the producing Party and witness and the need of the proponent for the witness or other evidence.

## Rule 22. The Arbitration Hearing

(a) The Arbitrator will ordinarily conduct the Arbitration Hearing in the manner set forth in these Rules. The Arbitrator may vary these procedures if it is determined to be reasonable and appropriate to do so.

(b) The Arbitrator shall determine the order of proof, which will generally be similar to that of a court trial.

(c) The Arbitrator shall require witnesses to testify under oath if requested by any Party, or otherwise at the discretion of the Arbitrator.

(d) Strict conformity to the rules of evidence is not required, except that the Arbitrator shall apply applicable law relating to privileges and work product. The Arbitrator shall consider evidence that he or she finds relevant and material to the dispute, giving the evidence such weight as is appropriate. The Arbitrator may be guided in that determination by principles contained in the Federal Rules of Evidence or any other applicable rules of evidence. The Arbitrator may limit testimony to exclude evidence that would be immaterial or unduly repetitive, provided that all Parties are afforded the opportunity to present material and relevant evidence.

(e) The Arbitrator shall receive and consider relevant deposition testimony recorded by transcript or videotape, provided that the other Parties have had the opportunity to attend and cross-examine. The Arbitrator may in his or her discretion consider witness affidavits or other recorded testimony even if the other Parties have not had the opportunity to cross-examine, but will give that evidence only such weight as he or she deems appropriate.

(f) The Parties will not offer as evidence, and the Arbitrator shall neither admit into the record nor consider, prior settlement offers by the Parties or statements or recommendations made by a mediator or other person in connection with efforts to resolve the dispute being arbitrated, except to the extent that applicable law permits the admission of such evidence.

(g) The Arbitrator has full authority to determine that the Hearing, or any portion thereof, be conducted in person or virtually by conference call, videoconference or using other communications technology with participants in one or more geographical places, or in a combined form. If some or all of the witnesses or other participants are located remotely, the Arbitrator may make such orders and set such procedures as the Arbitrator deems necessary or advisable.

(h) When the Arbitrator determines that all relevant and material evidence and arguments have been presented, and any interim or partial Awards have been issued, the Arbitrator shall declare the Hearing closed. The Arbitrator may defer the closing of the Hearing until a date determined by the Arbitrator in order to permit the Parties to submit post-Hearing briefs, which may be in the form of a letter, and/or to make closing arguments. If post-Hearing briefs are to be submitted or closing arguments are to be made, the Hearing shall be deemed closed upon receipt by the Arbitrator of such briefs or at the conclusion of such closing arguments, whichever is later.

(i) At any time before the Award is rendered, the Arbitrator may, *sua sponte* or on application of a Party for good cause shown, reopen the Hearing. If the Hearing is reopened, the time to render the Award shall be calculated from the date the reopened Hearing is declared closed by the Arbitrator.

(j) The Arbitrator may proceed with the Hearing in the absence of a Party that, after receiving notice of the Hearing pursuant to Rule 19, fails to attend. The Arbitrator may not render an Award solely on the basis of the default or absence of the Party, but shall require any Party seeking relief to submit such evidence as the Arbitrator may require for the rendering of an Award. If the Arbitrator reasonably believes that a Party will not attend the Hearing, the Arbitrator may schedule the Hearing as a telephonic Hearing and may receive the evidence necessary to render an Award by affidavit. The notice of Hearing shall specify if it will be in person or telephonic.

Case 2:22-cv-00835-KJM-KJN   Document 7-4   Filed 07/05/22   Page 133 of 138

(k) Any Party may arrange for a stenographic record to be made of the Hearing and shall inform the other Parties in advance of the Hearing. No other means of recording the proceedings shall be permitted absent agreement of the Parties or by direction of the Arbitrator.

(i) The requesting Party shall bear the cost of such stenographic record. If all other Parties agree to share the cost of the stenographic record, it shall be made available to the Arbitrator and may be used in the proceeding.

(ii) If there is no agreement to share the cost of the stenographic record, it may not be provided to the Arbitrator and may not be used in the proceeding, unless the Party arranging for the stenographic record agrees to provide access to the stenographic record either at no charge or on terms that are acceptable to the Parties and the reporting service.

(iii) If the Parties agree to the Optional Arbitration Appeal Procedure (Rule 34), they shall, if possible, ensure that a stenographic or other record is made of the Hearing and shall share the cost of that record.

(iv) The Parties may agree that the cost of the stenographic record shall or shall not be allocated by the Arbitrator in the Award.

## Rule 23. Waiver of Hearing

The Parties may agree to waive the oral Hearing and submit the dispute to the Arbitrator for an Award based on written submissions and other evidence as the Parties may agree.

## Rule 24. Awards

(a) The Arbitrator shall render a Final Award or a Partial Final Award within thirty (30) calendar days after the date of the close of the Hearing, as defined in Rule 22(h) or (i), or, if a Hearing has been waived, within thirty (30) calendar days after the receipt by the Arbitrator of all materials specified by the Parties, except (1) by the agreement of the Parties; (2) upon good cause for an extension of time to render the Award; or (3) as provided in Rule 22(i). The Arbitrator shall provide the Final Award or the Partial Final Award to JAMS for issuance in accordance with this Rule.

(b) Where a panel of Arbitrators has heard the dispute, the decision and Award of a majority of the panel shall constitute the Arbitration Award.

(c) In determining the merits of the dispute, the Arbitrator shall be guided by the rules of law agreed upon by the Parties. In the absence of such agreement, the Arbitrator shall be guided by the rules of law and equity that he or she deems to be most appropriate. The Arbitrator may grant any remedy or relief that is just and equitable and within the scope of the Parties' Agreement, including, but not limited to, specific performance of a contract or any other equitable or legal remedy.

(d) In addition to a Final Award or Partial Final Award, the Arbitrator may make other decisions, including interim or partial rulings, orders and Awards.

(e) Interim Measures. The Arbitrator may grant whatever interim measures are deemed necessary, including injunctive relief and measures for the protection or conservation of property and disposition of disposable goods. Such interim measures may take the form of an interim or Partial Final Award, and the Arbitrator may

Case 2:22-cv-00835-KJM-KJN   Document 7-4   Filed 07/05/22   Page 134 of 138

require security for the costs of such measures. Any recourse by a Party to a court for interim or provisional relief shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

(f) The Award of the Arbitrator may allocate Arbitration fees and Arbitrator compensation and expenses, unless such an allocation is expressly prohibited by the Parties' Agreement. (Such a prohibition may not limit the power of the Arbitrator to allocate Arbitration fees and Arbitrator compensation and expenses pursuant to Rule 31(c).)

(g) The Award of the Arbitrator may allocate attorneys' fees and expenses and interest (at such rate and from such date as the Arbitrator may deem appropriate) if provided by the Parties' Agreement or allowed by applicable law. When the Arbitrator is authorized to award attorneys' fees and must determine the reasonable amount of such fees, he or she may consider whether the failure of a Party to cooperate reasonably in the discovery process and/or comply with the Arbitrator's discovery orders caused delay to the proceeding or additional costs to the other Parties.

(h) The Award shall consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, as to each claim. Unless all Parties agree otherwise, the Award shall also contain a concise written statement of the reasons for the Award.

(i) After the Award has been rendered, and provided the Parties have complied with Rule 31, the Award shall be issued by serving copies on the Parties. Service may be made by U.S. mail. It need not be sent certified or registered.

(j) Within seven (7) calendar days after service of a Partial Final Award or Final Award by JAMS, any Party may serve upon the other Parties and file with JAMS a request that the Arbitrator correct any computational, typographical or other similar error in an Award (including the reallocation of fees pursuant to Rule 31(c) or on account of the effect of an offer to allow judgment), or the Arbitrator may *sua sponte* propose to correct such errors in an Award. A Party opposing such correction shall have seven (7) calendar days thereafter in which to file and serve any objection. The Arbitrator may make any necessary and appropriate corrections to the Award within twenty-one (21) calendar days of receiving a request or fourteen (14) calendar days after his or her proposal to do so. The Arbitrator may extend the time within which to make corrections upon good cause. The corrected Award shall be served upon the Parties in the same manner as the Award.

(k) The Award is considered final, for purposes of either the Optional Arbitration Appeal Procedure pursuant to Rule 34 or a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service if no request for a correction is made, or as of the effective date of service of a corrected Award.

## Rule 25. Enforcement of the Award

Proceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1, *et seq.*, or applicable state law. The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof.

## Rule 26. Confidentiality and Privacy

(a) JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding and the Award, including the Hearing, except as necessary in connection with a judicial challenge to or enforcement of an Award, or unless otherwise required by law or judicial decision.

(b) The Arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets or other sensitive information.

(c) Subject to the discretion of the Arbitrator or agreement of the Parties, any person having a direct interest in the Arbitration may attend the Arbitration Hearing. The Arbitrator may exclude any non-Party from any part of a Hearing.

## Rule 27. Waiver

(a) If a Party becomes aware of a violation of or failure to comply with these Rules and fails promptly to object in writing, the objection will be deemed waived, unless the Arbitrator determines that waiver will cause substantial injustice or hardship.

(b) If any Party becomes aware of information that could be the basis of a challenge for cause to the continued service of the Arbitrator, such challenge must be made promptly, in writing, to the Arbitrator or JAMS. Failure to do so shall constitute a waiver of any objection to continued service by the Arbitrator.

## Rule 28. Settlement and Consent Award

(a) The Parties may agree, at any stage of the Arbitration process, to submit the case to JAMS for mediation. The JAMS mediator assigned to the case may not be the Arbitrator or a member of the Appeal Panel, unless the Parties so agree, pursuant to Rule 28(b).

(b) The Parties may agree to seek the assistance of the Arbitrator in reaching settlement. By their written agreement to submit the matter to the Arbitrator for settlement assistance, the Parties will be deemed to have agreed that the assistance of the Arbitrator in such settlement efforts will not disqualify the Arbitrator from continuing to serve as Arbitrator if settlement is not reached; nor shall such assistance be argued to a reviewing court as the basis for vacating or modifying an Award.

(c) If, at any stage of the Arbitration process, all Parties agree upon a settlement of the issues in dispute and request the Arbitrator to embody the agreement in a Consent Award, the Arbitrator shall comply with such request, unless the Arbitrator believes the terms of the agreement are illegal or undermine the integrity of the          ration process. If the Arbitrator is concerned about the possible consequences of the proposed

Case 2:22-cv-00825-KJM-KJN    Document 7-4    Filed 07/05/22    Page 136 of 138

Consent Award, he or she shall inform the Parties of that concern and may request additional specific information from the Parties regarding the proposed Consent Award. The Arbitrator may refuse to enter the proposed Consent Award and may withdraw from the case.

## Rule 29. Sanctions

The Arbitrator may order appropriate sanctions for failure of a Party to comply with its obligations under any of these Rules or with an order of the Arbitrator. These sanctions may include, but are not limited to, assessment of Arbitration fees and Arbitrator compensation and expenses; assessment of any other costs occasioned by the actionable conduct, including reasonable attorneys' fees; exclusion of certain evidence; drawing adverse inferences; or, in extreme cases, determining an issue or issues submitted to Arbitration adversely to the Party that has failed to comply.

## Rule 30. Disqualification of the Arbitrator as a Witness or Party and Exclusion of Liability

(a) The Parties may not call the Arbitrator, the Case Manager or any other JAMS employee or agent as a witness or as an expert in any pending or subsequent litigation or other proceeding involving the Parties and relating to the dispute that is the subject of the Arbitration. The Arbitrator, Case Manager and other JAMS employees and agents are also incompetent to testify as witnesses or experts in any such proceeding.

(b) The Parties shall defend and/or pay the cost (including any attorneys' fees) of defending the Arbitrator, Case Manager and/or JAMS from any subpoenas from outside parties arising from the Arbitration.

(c) The Parties agree that neither the Arbitrator, nor the Case Manager, nor JAMS is a necessary Party in any litigation or other proceeding relating to the Arbitration or the subject matter of the Arbitration, and neither the Arbitrator, nor the Case Manager, nor JAMS, including its employees or agents, shall be liable to any Party for any act or omission in connection with any Arbitration conducted under these Rules, including, but not limited to, any disqualification of or recusal by the Arbitrator.

## Rule 31. Fees

(a) Each Party shall pay its *pro rata* share of JAMS fees and expenses as set forth in the JAMS fee schedule in effect at the time of the commencement of the Arbitration, unless the Parties agree on a different allocation of fees and expenses. JAMS' agreement to render services is jointly with the Party and the attorney or other representative of the Party in the Arbitration. The non-payment of fees may result in an administrative suspension of the case in accordance with Rule 6(c).

(b) JAMS requires that the Parties deposit the fees and expenses for the Arbitration from time to time during the course of the proceedings and prior to the Hearing. The Arbitrator may preclude a Party that has failed to deposit its *pro rata* or agreed-upon share of the fees and expenses from offering evidence of any affirmative claim at the Hearing.

(c) The Parties are jointly and severally liable for the payment of JAMS Arbitration fees and Arbitrator compensation and expenses. In the event that one Party has paid more than its share of such fees,

compensation and expenses, the Arbitrator may award against any other Party any such fees, compensation and expenses that such Party owes with respect to the Arbitration.

(d) Entities or individuals whose interests are not adverse with respect to the issues in dispute shall be treated as a single Party for purposes of JAMS' assessment of fees. JAMS shall determine whether the interests between entities or individuals are adverse for purpose of fees, considering such factors as whether the entities or individuals are represented by the same attorney and whether the entities or individuals are presenting joint or separate positions at the Arbitration.

## Rule 32. Bracketed (or High-Low) Arbitration Option

(a) At any time before the issuance of the Arbitration Award, the Parties may agree, in writing, on minimum and maximum amounts of damages that may be awarded on each claim or on all claims in the aggregate. The Parties shall promptly notify JAMS and provide to JAMS a copy of their written agreement setting forth the agreed-upon minimum and maximum amounts.

(b) JAMS shall not inform the Arbitrator of the agreement to proceed with this option or of the agreed-upon minimum and maximum levels without the consent of the Parties.

(c) The Arbitrator shall render the Award in accordance with Rule 24.

(d) In the event that the Award of the Arbitrator is between the agreed-upon minimum and maximum amounts, the Award shall become final as is. In the event that the Award is below the agreed-upon minimum amount, the final Award issued shall be corrected to reflect the agreed-upon minimum amount. In the event that the Award is above the agreed-upon maximum amount, the final Award issued shall be corrected to reflect the agreed-upon maximum amount.

## Rule 33. Final Offer (or Baseball) Arbitration Option

(a) Upon agreement of the Parties to use the option set forth in this Rule, at least seven (7) calendar days before the Arbitration Hearing, the Parties shall exchange and provide to JAMS written proposals for the amount of money damages they would offer or demand, as applicable, and that they believe to be appropriate based on the standard set forth in Rule 24(c). JAMS shall promptly provide copies of the Parties' proposals to the Arbitrator, unless the Parties agree that they should not be provided to the Arbitrator. At any time prior to the close of the Arbitration Hearing, the Parties may exchange revised written proposals or demands, which shall supersede all prior proposals. The revised written proposals shall be provided to JAMS, which shall promptly provide them to the Arbitrator, unless the Parties agree otherwise.

(b) If the Arbitrator has been informed of the written proposals, in rendering the Award, the Arbitrator shall choose between the Parties' last proposals, selecting the proposal that the Arbitrator finds most reasonable and appropriate in light of the standard set forth in Rule 24(c). This provision modifies Rule 24(h) in that no written statement of reasons shall accompany the Award.

(c) If the Arbitrator has not been informed of the written proposals, the Arbitrator shall render the Award as if

Case 2:22-cv-00835-KJM-KJN   Document 7-4   Filed 07/05/22   Page 138 of 138

pursuant to Rule 24, except that the Award shall thereafter be corrected to conform to the closest of the last proposals and the closest of the last proposals will become the Award.

(d) Other than as provided herein, the provisions of Rule 24 shall be applicable.

## Rule 34. Optional Arbitration Appeal Procedure

The Parties may agree at any time to the JAMS Optional Arbitration Appeal Procedure. All Parties must agree in writing for such procedure to be effective. Once a Party has agreed to the Optional Arbitration Appeal Procedure, it cannot unilaterally withdraw from it, unless it withdraws, pursuant to Rule 13, from the Arbitration.

## Local Solutions. Global Reach. ™

JAMS successfully resolves business and legal disputes by providing efficient, cost-effective and impartial ways of overcoming barriers at any stage of conflict. JAMS offers customized, in-person, virtual and hybrid dispute resolution services through a combination of first class client service, the latest technology, top-notch facilities, and highly trained mediators and arbitrators.

## Fees & Costs

- Arbitration Schedule of Fees & Costs ›

*NOTICE: These Rules are the copyrighted property of JAMS. They cannot be copied, reprinted or used in any way without permission of JAMS, unless they are being used by the parties to an arbitration as the rules for that arbitration. If they are being used as the rules for an arbitration, proper attribution must be given to JAMS. If you wish to obtain permission to use our copyrighted materials, please contact JAMS at 949-224-1810.*