**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Eduardo Garcia (State Bar #290572)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
egarcia@jcl-lawfirm.com

Attorneys for Plaintiff JEANETTE GOMES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE GOMES, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMEAGLOW INC., a Delaware corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No: 2:22-CV-00835-KJM-KJN<br><br>**CLASS ACTION**<br>**PLAINTIFF'S REQUEST FOR DISMISSAL OF ENTIRE ACTION WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)**<br><br>JUDGE:   KIMBERLY J. MULLER<br><br>Date Action Filed: April 12, 2022<br>Removed: May 17, 2022<br><br>(*San Joaquin County Superior Court, No.* STK-CV-UOE-2022-2619) |

I, Jackland K. Hom, hereby declare:

1. I am an attorney at Zakay Law Group, APLC. I am licensed to practice law in the State of California and am counsel for Plaintiff Jeanette Gomes, along with the JCL Law Firm, APC, in this wage and hour class action filed against Homeaglow, Inc., (hereinafter "Defendant"). I have personal knowledge of the matters set forth and could competently testify thereto if called and sworn as a witness.

2. On April 12, 2022, Plaintiff filed this Class and PAGA action against Defendant alleging the following nine causes of action on behalf of herself, the State of California, and on behalf of all persons similarly situated: (1) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.; (2) Failure to pay minimum Wages in Violation of Cal. Lab. Code §§ 1194, 1197 & 1197.1; (3) Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 510, et seq.; (4) Failure To Provide Required Meal Periods in Violation of Cal. Lab. Code §§ 226.7 & 512 and the Applicable IWC Wage Order; (5) Failure to Provide Required Rest Periods in Violation Of Cal. Lab Code §§ 226.7 & 512 and The Applicable IWC Wage Order; (6) Failure To Provide Accurate Itemized Statements In Violation of Cal. Lab. Code § 226; (7) Failure To Reimburse Employees For Required Expenses In Violation Of Cal. Labor Code § 2802; (8) Failure To Provide Wages When Due In Violation Of Cal. Lab. Code §§ 201, 202 and 203; and (9) Violation Of The Private Attorneys General Act [Labor Code §§ 2698 et seq.] ("PAGA").

3. On May 17, 2022, Defendant removed this action from state court to the Eastern District.

4. Upon filing the complaint, Defendant produced an arbitration agreement by and between Plaintiff and Defendant that purportedly bars Plaintiff from asserting Class and PAGA Claims in this Action in court.

/ / /

/ / /

5. Consequently, Plaintiff has decided to proceed by (1) dismissing the Class Claims from the action without prejudice, (2) dismissing the PAGA cause of action without prejudice, (3) dismissing Plaintiff's individual claims under the California Labor Code without prejudice, (4) and arbitrating Plaintiff's individual claims. No consideration has been provided for the dismissal of the class claims.

6. The Court has not ruled on a motion for class certification. Plaintiff's counsel has not had contact with any putative class members in this action, with the exception of Plaintiff and two other individuals who separately retained Plaintiff's counsel to prosecute similar claims. No mailing, including a Belaire-West notice, was made to the putative class members, nor were there any communications between putative class members and Plaintiff's counsel except as provided hereinabove. Thus, the putative class members were not provided with formal or informal notice of the existence of this action. Plaintiff is not aware of any putative class member who, in reliance of this lawsuit, refrained from bringing a claim against Defendant similar to any of the class allegations asserted by Plaintiff. Therefore, dismissal of this Action without prejudice will not result in prejudice to any of the putative class members.

7. Notwithstanding, nothing herein shall be considered or construed as Plaintiff's abandonment or waiver of her rights to subsequently seek all available remedies in law or at equity to pursue her individual claims, including, but not limited to, those arising under California Law or the applicable IWC Wage Order.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

8. Pursuant to Fed. R. Civ. P. 41(a)(1), Plaintiff respectfully requests that this Action be dismissed in its entirety without prejudice.

I declare under the penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct. Executed this 19th day of July 2022, at San Diego, California.

Zakay Law Group, APLC

By: /s/ *Jackland K. Hom*
Jackland K. Hom, Esq.

Attorneys for Plaintiff
Jeanette Gomes